## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (*Joint Administration Pending*) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE REJECTION DATE, (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, AND (II) GRANTING RELATED RELIEF**

> THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR LEASE(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).

Optio Rx, LLC and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**," or the "**Company**"), hereby move (this "**Motion**"), pursuant to sections 105(a), 362(d), 365(a), and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216).  The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Proposed Order**"), (i) authorizing the Debtors to (a) reject certain unexpired leases (including any guarantees thereof and any amendments or modifications thereto or assignments or subleases thereof, collectively, the "**Leases**") of nonresidential real property located at the addresses set forth on <u>**Schedule 1**</u> to <u>**Exhibit A**</u> attached hereto (collectively, the "**Properties**"), effective as of the Rejection Date (*as defined below*), (b) abandon certain Remaining Property (*as defined below*) at the Properties, effective as of the Rejection Date, and (ii) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Leo LaFranco in Support of Chapter 11 Petitions and First Day Papers* (the "**First Day Declaration**"),[2] and further respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested in this Motion are sections 105(a), 362(d), 365(a), and 554(a) of the Bankruptcy Code, and Bankruptcy Rules 6006 and 6007.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"),

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **BACKGROUND**

4.    On June 7, 2024 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these cases (the "**Chapter 11 Cases**").  The Debtors have requested that the Chapter 11 Cases be jointly administered for administrative purposes only.

5.    The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

7.    The Debtors operate in four primary specialty pharmacy business segments, including: (i) clinically focused retail dermatology pharmacies; (ii) compounding pharmacies; (iii) hospice pharmacies; and (iv) fertility treatments.  In addition, the Debtors provide prescription fulfilling services to long term care facilities, among other things.  The Debtors currently operate in 18 locations, located in 7 states and service more than 100,000 patients.  A significant percentage of the Debtors' operations involve the direct shipment of medications from its Retail Pharmacies, Compounding Pharmacies, Hospice Pharmacies, the Fertility Pharmacy, and in connection with the veterinary compounding, to the respective customers.

8.     Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First Day Declaration, filed contemporaneously with this Motion and incorporated herein by reference.

## A.     THE DEBTORS' LEASES.

9.     The Debtors leased office space at The Crossings of Oak Brook, 1420 Kensington Road, Suite 102, Oak Brook, Illinois, 60523 for use as their corporate headquarters pursuant to that certain Office Lease with Adventus US Realty #4 LP ("**Adventus**"), dated May 31, 2022 (the "**Adventus Lease**").  Under the Adventus Lease, the Debtors pay to Adventus, as landlord, approximately $6,458.00 per month for rent.  The Adventus Lease is set to terminate on August 31, 2025.  As of the Petition Date, the Debtors are current on rent owed to Adventus through May 31, 2024.

10.     The Debtors also lease space in Crestview, Florida for the operation of a pharmacy pursuant to that certain Agreement of Lease with Corner Storage Crestview, LLC ("**Corner Storage**"), dated February 1, 2022 (as amended, the "**Crestview Lease**").  Under the Crestview Lease, the Debtors pay to Corner Storage, as landlord, approximately $3,300.00 per month in rent. The Crestview Lease, subject to an option to renew, is set to terminate on January 31, 2027.  As of the Petition Date, the Debtors are current on rent owed to Corner Storage through May 31, 2024.

11.     Finally, the Debtors lease space in Bayside, New York for the operation of a pharmacy pursuant to that certain Agreement of Lease with Able Motor Cars Corp. ("**Able**"), dated September 1, 2019 (as amended, the "**Bayside Lease**").  Under the Bayside Lease, the Debtors pay to Able, as landlord, approximately $10,528.00 per month in rent.  The Bayside Lease is set to terminate on August 31, 2029.  As of the Petition Date, the Debtors are current on rent owed to Able through May 31, 2024.

12.     Prior to the Petition Date, the Debtors (a) relocated their corporate headquarters and vacated the property subject to the Adventus Lease, and (b) shut down and vacated the pharmacy that was subject to the Bayside Lease.  The Debtors are in the process of vacating the property subject to the Crestview Lease, which they expect to be completed no later than June 30, 2024.

**B.     THE DEBTORS' REMAINING PROPERTY.**

13.     In connection with the Debtors' use of the Properties subject to the Leases, the Debtors currently own certain furniture, fixtures, and equipment (collectively, the "**Remaining Property**").  In the Debtors' business judgment, the Debtors have determined that the cost of removing the Remaining Property from the Properties, including the cost associated with liquidating the Remaining Property, outweighs any monetary returns.  Accordingly, the Debtors have determined that abandoning the Remaining Property is in the best interests of the Debtors, their estates, and their creditors.

**RELIEF REQUESTED**

14.     By this Motion, the Debtors respectfully request entry of the Proposed Order, (i) authorizing the Debtors to (A) reject the Leases set forth on **Schedule 1** to **Exhibit A** attached hereto, effective as of the date set forth on **Schedule 1** to the Proposed Order (the "**Rejection Date**"), (B) abandon the Remaining Property effective as of the Rejection Date, and (ii) granting related relief.  The Debtors reserve all rights to modify the schedule of Leases, including by removing one or more Leases from **Schedule 1**, without prejudice to their rights to reject such Leases at a later date.

4887-6288-7871, v. 4

## BASIS FOR RELIEF

**I.     THIS COURT SHOULD AUTHORIZE THE REJECTION OF THE LEASES UNDER SECTION 365(a) OF THE BANKRUPTCY CODE AS A REASONABLE EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.**

15.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization.").

16.     The standard applied by courts to determine whether the assumption or rejection of an unexpired nonresidential lease should be authorized is the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate. *See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected… is one of business judgment."); *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

- 6 -

17.     In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject leases.  *See Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc.* (*In re Fed. Mogul Global, Inc.*), 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

18.     The Debtors' rejection of the Leases is within the Debtors' business judgment and will serve the best interests of their estates.  As set forth in the First Day Declaration and proposed Plan, through the bankruptcy process, the Debtors are restructuring their core business operations.  As part of this restructuring, prior to the Petition Date the Debtors relocated their corporate headquarters and vacated the property subject to the Adventus Lease and the Bayside Lease.  Further, the Debtors are in the process of vacating the property subject to the Crestview Lease, which they expect to be completed no later than June 30, 2024.  Accordingly, the Leases no longer provide any value to the Debtors and their estates.  The Debtors are requesting authority to reject the Leases to avoid the incurrence of any additional, unnecessary administrative expenses in connection with the restructuring.  For the foregoing reasons, the Debtors believe that rejecting the Leases is a reasonable exercise of their business judgment and should be approved.

## II.    THIS COURT SHOULD AUTHORIZE THE REJECTION OF THE LEASE EFFECTIVE AS OF THE REJECTION DATE.

19.     The Debtors seek to reject the Leases effective as of the Rejection Date in order to avoid paying any unnecessary expenses related to the Leases.  A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or

other expenses.  *See, e.g.*, *Thinking Machines Corp. v. Mellon Fin.  Servs. Corp.* (*In re Thinking Machines Corp.*), 67 F.3d 1021, 1028–29 (1st Cir. 1995) ("In the section 365 context… bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re DBSI, Inc.*, 409 B.R. 720, 734 n.4 (Bankr. D. Del. 2009) ("Under appropriate circumstances, [a] Court may enter a lease rejection order with an effective date earlier than the date the order is entered."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (finding that "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)" and granting retroactive relief to the date on which the debtors surrendered the premises to their landlords); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection *nunc pro tunc* permitted to the date of the motion or the date the premises surrendered).

20.     When principles of equity so dictate, courts may permit *nunc pro tunc* rejection to the date on which the counterparty to the lease was given definitive notice of the debtor's intent to reject.  *See In re KDA Grp., Inc.*, Case No. 16-21821-GLT, 2017 WL 4216563, at *4 (Bankr. W.D. Pa. Sept. 20, 2017) ("[M]any courts within the Third Circuit have adopted the notion that a lease may be retroactively rejected when principles of equity so dictate.") (quotations omitted); *In re Fleming Cos.*, 304 B.R. at 96 ("[T]o grant *nunc pro tunc* rejection, the Debtors must have stated an unequivocal intent to reject the leases.").  Courts in this jurisdiction have previously considered the question of retroactive rejection of unexpired leases.  *See In re Namco Cybertainment, Inc.*, Case No. 98-00173 (PJW) (Bankr. D. Del. Feb. 6, 1998).  In *Namco*, the court permitted retroactive rejection on the conditions that (a) the property (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord or lessor, (b) the motion was filed and served on the landlord or lessor, (c) the official committee consented to the relief

requested in the motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing (collectively, the "**Namco Factors**").

21.     Here, the Debtors submit that the Court should authorize the rejection of the Leases effective as of the Rejection Date. There is no remaining benefit to the Debtors' estates from the Leases as the Debtors are restructuring and have already vacated, or are in the process of vacating, the Properties. On the other hand, requiring the Debtors to continue to perform under the Leases after the Rejection Date could impose onerous obligations on the Debtors and their estates, to the detriment of the Debtors' stakeholders. The Debtors submit that the filing and service of this Motion fulfills the purpose of the Namco Factors—establishing an unequivocal relinquishment— under the circumstances. The filing of this Motion serves to underscore and reiterate the Debtors' unequivocal intent to abandon their interest in the premises of the Properties. Without a retroactive date of rejection, the Debtors may incur unnecessary administrative charges for Leases that are not necessary to the Debtors' wind down efforts. Moreover, the lease counterparties under the Leases will not be unduly prejudiced by rejection effective as of the Rejection Date because, on the date hereof, the Debtors have served this Motion on each lessor and/or their agents or representatives, thereby advising the lessors that the Debtors intend to reject the Leases effective as of the Rejection Date. Furthermore, on or before the Rejection Date, the Debtors will have relinquished the keys to the premises of the Leases and abandoned the Properties, and, in conjunction therewith, indicated that they are unequivocally surrendering possession as a result thereof.

22.     In light of the foregoing, the Debtors respectfully submit that the rejection of the Leases under section 365(a) of the Bankruptcy Code effective as of the Rejection Date is a sound exercise of the Debtors' business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.

4887-6288-7871, v. 4

III.    **THIS COURT SHOULD AUTHORIZE THE DEBTORS TO ABANDON THE REMAINING PROPERTY UNDER SECTION 554(A) OF THE BANKRUPTCY CODE.**

23.    Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  In abandoning property under section 554, "the debtor 'need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon." *In re Contract Research Sols., Inc.*, Case No. 12-11004 (KJC), 2013 Bankr. LEXIS 1784, at *11 (Bankr. D. Del. May 1, 2013).  The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare.  *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

24.    To facilitate the Debtors' abandonment of the Remaining Property, the Debtors also request authorization under section 362(d) of the Bankruptcy Code, which permits a modification of the automatic stay for "cause," to the extent necessary to permit the relevant landlords or lessors to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors.

## <u>RESERVATION OF RIGHTS</u>

25.    Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

## REQUEST FOR IMMEDIATE RELIEF AND WAIVER OF STAY

26.     In addition, by this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED R. BANKR. P. 6004(h).  As set forth above, the Debtors require immediate relief to continue ordinary business operations for the benefit of all parties in interest.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) to the extent that it applies.

27.     Similarly, for the reasons stated above, the Debtors request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed applicable.

## NOTICE

28.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (c) counsel to the proposed DIP Lenders; (d) the lease counterparties; and (e) any party that has requested notice under Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice of this Motion is required.

4887-6288-7871, v. 4

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, and grant such other and further relief as the Court may deem just and proper.

Dated: June 9, 2024
    Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**


*/s/ Alan M. Root*
—————————————————
William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:      chipman@chipmanbrown.com
           carickhoff@chipmanbrown.com
           olivere@chipmanbrown.com
           root@chipmanbrown.com

*Proposed Counsel for Debtors and
Debtors in Possession*

4887-6288-7871, v. 4

# EXHIBIT A

## (*Proposed* Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (*Joint Administration Pending*) |
| | **Related Docket No.** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE REJECTION DATE AND (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, AND (II) GRANTING RELATED RELIEF**

This matter coming before the Court upon the motion (the "**Motion**"),[2] (i) authorizing the Debtors to (a) reject certain unexpired leases (including any amendments or modifications thereto or assignments or subleases thereof, collectively, the "**Leases**") of nonresidential real property located at the addresses set forth on **Schedule 1** attached hereto (collectively, the "**Properties**"), and (b) abandon certain furniture, fixtures, equipment, and other assets at the Properties (collectively, the "**Remaining Property**"), each effective as of the date set forth on **Schedule 1** attached hereto (the "**Rejection Date**"), and (ii) granting related relief, all as further described in the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2]    Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion being adequate and appropriate under the particular circumstances; the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at the hearing; after due deliberation, and good and sufficient cause having been shown and in order to avoid immediate and irreparable harm to the Debtors and their estates,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, the Leases set forth on the attached **Schedule 1** are rejected effective as of the Rejection Date.  Any personal property located at the Properties after the Rejection Date is deemed abandoned.

3.      The Debtors are authorized, but not directed, to abandon any Remaining Property located at the Properties subject to the Leases, in the Debtors' sole discretion, free and clear of all liens, claims, encumbrances, and rights of third parties with such abandonment being effective as of the Rejection Date.  The counterparties under the Leases are authorized to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors.  The automatic stay is modified to the extent necessary to allow the disposition of any Remaining Property.

4.      Within two (2) business days after entry of this Order, the Debtors shall serve a copy of this Order and the attached **Schedule 1** on the counterparties under the Leases.

- 2 -

5.       After the Rejection Date, any counterparty to a Lease may relet or otherwise use or dispose of the premises that were the subject of such Lease without limitation or further obligation to the Debtor.  The counterparty to any rejected Lease is granted relief from the automatic stay to take all actions necessary to take possession of the Premises and enforce its rights under the Lease.

6.       If a Lease counterparty wishes to assert a claim arising from the rejection of the Lease, the Lease counterparty shall file with the Debtors' claims and noticing agent a proof of claim before the deadline specified in the bar date notice to be filed by the Debtors with the Court. The bar date notice will be made available on the website of the Debtors' claim and noticing agent. The proof of claim form and instructions for submission may also be obtained at the same website.

7.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay a particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law other than a claim in respect to an interest in the Remaining Property; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) are valid and the Debtors' and all other parties-in-interest rights are expressly reserved to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

4866-5020-3839, v. 4

8.      By entry of this Order, the Debtors do not waive any claims that they may have against any counterparty to the Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Leases.

9.      Nothing herein shall prejudice the rights of the Debtors or any other party-in-interest to argue that any of the Leases were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

10.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b), as the relief granted by this Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

11.     Notice of the Motion is deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are waived by such notice.

12.     The terms and conditions of this Order are effective immediately and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# <u>SCHEDULE 1</u>

## (LEASES)

# Optio Rx, LLC, *et al.*
## LEASES

| Counterparty Name | Counterparty Address | Debtor Counterparty | Contract Description | Property Address | Rejection Date |
|---|---|---|---|---|---|
| Adventus US Realty #4 LP | 1660-999 West Hastings Street, Vancouver, BC V6C 2W2 Attn:  President | Optio Rx, LLC | Lease | The Crossings of Oak Brook 1420 Kensington Road Oak Brook, Illinois 60523 | June 7, 2024 |
| Corner Storage Crestview, LLC | 1110 North Ferdon Boulevard Crestview, Florida 32536 | Crestview Pharmacy, LLC | Lease | 1116 North Ferdon Boulevard Crestview, Florida 32536 | July 1, 2024 |
| Able Motor Cars Corp. | 1230 Mamaroneck Avenue Suite 200 White Plains, New York 10605 | Baybridge Pharmacy, LLC | Lease | 208-48/46 Cross Island Parkway 2nd Floor Bayside, New York 11360 | June 7, 2024 |