## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Objection Deadline: TBD** |

### DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE PETITION DATE

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR CONTRACT(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACT(S).**

Optio Rx, LLC and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

"**Bankruptcy Rules**"), authorizing the Debtors to (a) reject certain executory contracts set forth on Exhibit 1 to the Order (each, a "**Contract**," and collectively, the "**Contracts**"), effective as of the Petition Date (*as defined below*) and (b) take such action as may be necessary to implement and effectuate the rejection of the Contracts.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Leo LaFranco in Support of Chapter 11 Petitions and First Day Papers* (the "**First Day Declaration**"),[2] and further respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.      The statutory predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

5.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4877-4667-4373, v. 2

## BACKGROUND

I.    THE CHAPTER 11 CASES.

6.    On June 7, 2024(the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The Debtors have requested that the Chapter 11 Cases be jointly administered for administrative purposes only.

7.    The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.    To date, the Office of the United States Trustee for the District of Delaware has not appointed a creditors' committee in the Debtors' chapter 11 cases, nor has any trustee or examiner been appointed therein.

9.    The Debtors operate in four primary specialty pharmacy business segments, including: (i) clinically focused retail dermatology pharmacies; (ii) compounding pharmacies; (iii) hospice pharmacies; and (iv) fertility treatments.  In addition, the Debtors provide prescription fulfilling services to long term care facilities, among other things.  The Debtors currently operate in 18 locations, located in 7 states and service more than 100,000 patients.  A significant percentage of the Debtors' operations involve the direct shipment of medications from its Retail Pharmacies, Compounding Pharmacies, Hospice Pharmacies, the Fertility Pharmacy, and in connection with the veterinary compounding, to the respective customers.

10.    Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First Day Declaration, filed contemporaneously with this Motion and incorporated herein by reference.

## II.   THE CONTRACTS.

11.     The Debtors and their advisors are in the process of reviewing and analyzing the contracts to which the Debtors are parties. Based upon this analysis, the Debtors have determined, in their business judgment, that there is no longer a need for, or benefit to the Debtors or their estates to maintain, the Contracts going forward. Rejection of each of the Contracts as of the Rejection Date would benefit the Debtors' estates.

12.     The Contracts are each employment agreements with certain former employees of Debtor Optio Rx, LLC.  Given that the counterparties to the Contracts are no longer employees of the Debtors, the Contracts do not provide a material benefit to the Debtors' or their estates and are not necessary to the Debtors' reorganization process.  Instead, by rejecting the Contracts, the Debtors are relieving the estates of any potential burdensome liabilities and/or obligations with respect to the Contracts. [3]

## **RELIEF REQUESTED**

13.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit 1**, authorizing the Debtors to (i) reject the Contracts, effective as of the Petition Date and (ii) take such actions as may be necessary to implement and effectuate the rejections of the Contracts. The Debtors and their estates reserve any and all rights to assert that the Contracts are not executory contracts, and nothing included in, or omitted from, this Motion shall impair, prejudice, waive or otherwise affect such rights.

---

[3]    The Debtors do not concede that the Debtors or their estates have any liabilities or obligations with respect to the Contracts or that the counterparties to the Contracts have any claims of any nature or priority against the Debtors or their estates whether arising under, in connection with, or related to the Contracts, the counterparties' former employment by the Debtors or otherwise.  As set forth more fully below, the Debtors reserve and do not waive: (i) all rights, arguments and defenses with respect to any and all claims asserted by any counterparty to the Contracts and (ii) all claims and causes of action of any nature against all counterparties to the Contracts.

- 4 -

4877-4667-4373, v. 2

## BASIS FOR RELIEF REQUESTED

**I.**  **REJECTION OF THE CONTRACTS REFLECTS THE DEBTORS' BUSINESS JUDGMENT.**

14.  The Debtors have determined that the Contracts are not integral to the Debtors'
chapter 11 efforts, are not otherwise beneficial to the Debtors' estates and present potentially
burdensome liabilities and/or obligations. Accordingly, the Debtors' decision to reject the
Contracts is a proper exercise of business judgment, and the rejection should be approved.

15.  Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the
court's approval, may assume or reject any executory contract or unexpired lease of the debtor."
11 U.S.C. § 365(a). "Courts may use § 365 to free a [debtor] from burdensome duties that hinder
its reorganization." *In re Exide Techs*., 607 F.3d 957, 967 (3d Cir. 2010); *NLRB* v. *Bildisco &
Bildisco* (*In re Bildisco*), 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract
is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the
debtor's estate from burdensome obligations that can impede a successful reorganization.").

16.  The Debtors' rejection of an executory contract is governed by the "business
judgment" standard, which requires a debtor to have determined that the requested rejection would
benefit its estate. *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The
usual test for rejection of an executory contract is simply whether rejection would benefit the
estate, the 'business judgment' test."); *Sharon Steel Corp*. v. *Nat'l Fuel Gas Distrib. Corp*., 872
F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise
of the debtor's business judgment when the bankruptcy court found that such rejection would
benefit the debtors' estate); *see also In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003)
("In general, motions to reject executory contracts are evaluated under the business judgment

test."); *In re HQ Glob. Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) ("Under the business judgment standard, the sole issue is whether the rejection benefits the estate.").

17.    In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject contracts. *See, e.g.*, *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126 ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice."). Courts defer to a debtor's business judgment in rejecting an executory contract, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB*, 465 U.S. at 523 (recognizing "business judgment" standard used to approve rejection of executory contracts).

18.    Moreover, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)). Section 105(a) therefore provides additional authority for the Court to grant the relief requested herein.

19.    The Debtors submit that rejection of the Contracts is within the Debtors' business judgment, and an appropriate step in furtherance of their efforts to preserve and maximize the value

of their estates for all stakeholders. The Debtors evaluated the Contracts in consultation with their professional advisors and determined that any benefits provided by these Contracts do not equal or exceed the potential costs and/or obligations associated with the Contracts.

20.     The Contracts are not necessary for the administration of the Debtors' chapter 11 cases and are not necessary or beneficial to the Debtors' reorganization efforts.

21.     Accordingly, the decision to reject the Contracts is a proper exercise of the Debtors' business judgment, and rejection of the Contracts therefore should be approved pursuant to section 365(a) of the Bankruptcy Code.

II.     **DEEMING EACH CONTRACT REJECTED EFFECTIVE AS OF THE PETITION DATE IS APPROPRIATE.**

22.     The Debtors also respectfully submit that it is appropriate for the Court to deem the Contracts rejected effective as of the Petition Date.

23.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See SCS Co.* v. *Peter J. Schmitt Co.*, 1995 WL 1772010, at *2 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection); *see also In re Rupari Holding Corp.*, 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017) (authorizing rejection of employment agreements as of prior retroactive date).

24.     Courts in this district and elsewhere have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date before entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004)

(stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

25.    Furthermore, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26.    In this instance, the balance of the equities favors the rejection of the Contracts effective as of the Petition Date. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary administrative costs for Contracts that do not provide any benefits to the Debtors and their estates. The Debtors anticipate filing a motion to establish a bar date in these Chapter 11 Cases and the Contract counterparties shall have until the date fixed by this Court to file any and all claims for damages arising from the Debtors' rejection of the Contracts.

27.    Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Carbonlite* Holdings *LLC*, 21-10527 (JTD) (July 14, 2021) [D.I. 714] (authorizing debtors to reject certain executory contracts effective as of the rejection date); *In re Lighthouse Resources Inc.*, 20-13056 (JTD) (Jan. 26, 2021) [D.I. 270] (authorizing debtors to reject certain executory contracts and unexpired leases effective as of the rejection date); *In re Lucky's Market Parent Company, LLC*, 20-10166 (JTD) (April 9, 2020) [D.I. 587] (same); *In re THG Holdings LLC*, 29-11689 (JTD) (Oct. 10, 2019) [D.I. 343] (same).

- 8 -

III.     COMPLIANCE WITH BANKRUPTCY RULE 6006(F).

28.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

29.     Nothing in this Motion: (a) is intended or shall be deemed to an admission as to the validity of any  asserted claim against the Debtors or their estates (including any claims asserted by any counterparties to the Contracts whether arising under, in connection with, or related to the Contracts, the counterparties' former employment by the Debtors or otherwise); (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any party (including the counterparties to the Contracts); or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.

## NO PRIOR REQUEST

30.     No prior request for the relief sought in the motion has been made to this or any other court.

## NOTICE

31.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the parties included on the Debtors' consolidated list of

4877-4667-4373, v. 2

thirty (30) largest unsecured creditors; (c) counsel to the proposed DIP Lenders; (d) the

counterparties to the Contracts; and (e) any party that has requested notice under Bankruptcy Rule

2002.  The Debtors respectfully submit that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant

such other and further relief as is just and proper.

Dated: June 9, 2024
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

     /s/ Alan M. Root
William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:      chipman@chipmanbrown.com
             carickhoff@chipmanbrown.com
             olivere@chipmanbrown.com
             root@chipmanbrown.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

- 10 -

# **<u>EXHIBIT A</u>**

## (*Proposed* Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No.** |

## ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE PETITION DATE

Upon the Motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") authorizing the Debtors to (i) reject certain executory contracts set forth on **Exhibit 1** to this Order (the "**Contracts'**), effective as of the Petition Date and (ii) take such actions as may be necessary to implement and effectuate the rejection of the Contracts; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED.

2.       Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, each of the Contracts set forth on **Exhibit 1** attached hereto is hereby rejected effective as of the Petition Date.

3.       Within two (2) business days after entry of this Order, the Debtors shall serve a copy of this Order and the attached **Exhibit 1** on the counterparties under the Contracts.

4.       If a Contract counterparty wishes to assert a claim arising from the rejection of the Contract, the Contract counterparty shall file with the Debtors' claims and noticing agent a proof of claim before the deadline specified in the bar date notice to be filed by the Debtors with the Court.  The bar date notice will be made available on the website of the Debtors' claim and noticing agent.  The proof of claim form and instructions for submission may also be obtained at the same website.

5.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or

- 2 -

amount of any particular claim asserted against a Debtor entity (including any claims asserted by any counterparties to the Contracts whether arising under, in connection with, or related to the Contracts, the counterparties' former employment by the Debtors or otherwise); (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay a particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) to waive or otherwise affect the rights of the Debtors or their estates with respect to any claims or causes of action against any party (including the counterparties to the Contracts)or (f) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) are valid and the Debtors' and all other parties-in-interest rights are expressly reserved to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

6.      By entry of this Order, the Debtors do not waive (i) any claims or causes of action that they may have against any counterparty to the Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Contracts or (ii) the right to object to any claim filed by any Contract counterparty, whether or not such claims arise under, are related to the rejection of, or are independent of the Contracts.  Moreover, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract was terminated, expired, or otherwise not an executory contract as of the Petition Date.

7.      The requirements in Bankruptcy Rule 6006 are satisfied.

8.      The terms and conditions of this Order are effective immediately and enforceable upon its entry and any stay under Bankruptcy Rule 6006 or otherwise is hereby waived.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

- 3 -

10.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation or enforcement of this Order.

4877-4667-4373, v. 2

# <u>EXHIBIT 1</u>

**(List of Contracts)**

# Contracts[1]

| # | NON-DEBTOR COUNTERPARTY | DEBTOR COUNTERPARTY | NON-DEBTOR COUNTERPARTY ADDRESS | DESCRIPTION OF AGREEMENT |
|---|---|---|---|---|
| 1 | Patel, Rinku | Optio Rx, LLC | 1424 Oak Bluff Lane Lemont, IL 640439 | Employment Agreement dated as of December 10, 2021 |
| 2 | Wank, Marc | Optio Rx, LLC | 7051 Highway 70 South #310 Nashville, TN 37221 | Employment Agreement dated as of April 29, 2018 |

---

[1]    The Contracts listed herein include all amendments, modifications, and addenda thereto.