**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>Optio Rx, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Joint Administered) |
|---|---|

**SCHEDULES OF ASSETS AND LIABILITIES FOR SBH MEDICAL, LTD. (CASE NO. 24-11201)**

1 The Debtors in these Chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compouding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |

# GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## INTRODUCTION

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") filed by OptioRx, LLC and its affiliated debtors (collectively, the "**Debtors**" or the "**Company**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), were prepared in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The Schedules and Statements have been signed by Leo LaFranco, Chief Financial Officer ("**CFO**") of the Company. Mr. LaFranco has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. LaFranco has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. LaFranco necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.**

The Company was formed in 2018. By 2020, the Company had acquired nineteen (19) pharmacies, some of which were purchased as part of multi-pharmacy groups. The accounting functions associated with these acquisitions have not been integrated and remain extremely complex. To support the domestic accounting functions, the Company has relied heavily on an outside accounting group based in India.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. The Schedules and Statements reflect the Debtors' reasonably best efforts to report their assets and liabilities, based on their current books and records. The Debtors cannot be certain, however, that their books and records and/or these Schedules and Statements are valid, complete, accurate, or reliable. Among other things:

1.  The Company's annual financials have historically been audited, albeit reports for fiscal year 2022 and 2023 were issued with Going Concern language and thus not issued with clean audit opinions.

2.  Many of the procedures required to complete the annual audit report are completed during the audit process but are not maintained throughout the year on either a monthly or quarterly basis.

3.  The Company's accounting staff has been significantly reduced over the last year (from 16 full time individuals down to its current level of 3 full time individuals with some technical support in India).

4.  As result of the streamlined accounting staff, controls and oversight into the accuracy of accounting information, and safeguarding of assets, have been compromised.

# GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **GENERAL RESERVATION OF RIGHTS.** Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("**Claim**") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **DESCRIPTION OF CASE AND "AS OF" INFORMATION DATE.** On June 7, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors continue to operate their business and manage their assets as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. Unless otherwise stated herein, assets and liabilities are reported as of May 31, 2024.

3. **BASIS OF PRESENTATION.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4. **TOTALS.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or

"undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

5. **EXCLUDED ASSETS AND LIABILITIES.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including but not limited to certain lease assets and related lease liabilities and certain accrued liabilities. The Debtors have also excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist. Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

6. **AMENDMENTS AND SUPPLEMENTS; ALL RIGHTS RESERVED.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist. The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

7. **REFERENCES.** References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

8. **BOOK VALUE.** Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of its net book values as of May 31, 2024. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded in the Debtors' books and/or from supporting documentation. Net book values may vary, sometimes materially, from market values. The Debtors do not intend to amend these Schedules and Statements to reflect market values.

9. **PAID CLAIMS.** The Bankruptcy Court authorized the Debtors to pay certain outstanding prepetition Claims—including, but not limited to, payments to employees, taxes, critical vendors, and shippers and warehousemen—pursuant to various "first day" orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities as of the Petition Date may have been reduced by post-petition payments made on account of prepetition liabilities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date, after incorporating invoices received post-petition for prepetition services. In addition, to the extent the Debtors later pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing Claim objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

10. **RECHARACTERIZATION.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or

designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate prior to any plan or disclosure statement being filed.

11. **Claims of Third-Party Entities.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

12. **Liabilities.** The Debtors allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available, and further research is conducted, particularly with respect to the Debtors' payable accounts, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtors reserve all rights to- amend the Schedules and Statements as they deem appropriate.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

13. **Guarantees and Other Secondary Liability Claims.** Where guarantees have been identified, they have been included in the relevant liability Schedule for the Debtors affected by such guarantee. The Debtors have also listed such guarantees on the applicable Schedule H. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or be unenforceable.

14. **Intercompany Claims.** The intercompany receivable/payable balances between the Debtors are set forth on Schedule A/B or Schedule E/F, as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

15. **INTELLECTUAL PROPERTY RIGHTS.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

16. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The Debtors have not estimated value of executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

17. **CLAIMS DESCRIPTION.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

18. **CAUSES OF ACTION.** Despite their reasonable efforts, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

19. **UNDETERMINED AMOUNTS.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

20. **LIENS.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

21. **EMPLOYEE ADDRESSES.** Current employee, former employee, and director addresses have been removed from entries listed throughout the Schedules and Statements, where applicable.

22. **ESTIMATES.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

23. **CREDITS AND ADJUSTMENTS.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

24. **SETOFFS.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, filebacks, negotiations and/or disputes between the Debtors and their vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules. Setoffs include DIR fees by which Managed Care payors adjust prior payments at the time of subsequent payments, these fees are not known until the time of adjudication and are common practice for Medicare payments and other managed care payors.

25. **GLOBAL NOTES CONTROL.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

26. **CONFIDENTIALITY.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

## SPECIFIC DISCLOSURES APPLICABLE TO SCHEDULES

27. **CLASSIFICATIONS.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

28. **SCHEDULE A/B.** Except as otherwise noted, the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable) as of May 31, 2024. The Debtors have not obtained independent valuation of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in each the Schedules and Statements.

29. **SCHEDULE A/B 2.** The retail pharmacies maintain cash in their registers. Daily reporting of balances are not maintained and the precise amounts of cash in the register is unknown at Petition Date.

30. **SCHEDULE A/B 3.** Bank account balances were obtained from bank detail as of the end of business on Petition Date.

31. **SCHEDULE A/B 11.** Accounts Receivable — Balances (including provisions for uncollectible accounts) are maintained in the general ledger system in the aggregate and rolled forward based on receipt and sales data. An Accounts Receivable aging is maintained by the third-party accounting team located in India, although such aging has not historically been relied upon because of accuracy issues. Due to the lack of an aging report,, the entire net Account Receivable balance is scheduled in the less than 90-day category, although a portion of that is older than ninety (90) days. This amount is reported as of May 31, 2024 and does not include Intercompany balances.

32. **SCHEDULE A/B 15.** Equity interests in subsidiaries and affiliates arise from common stock ownership. For purposes of these Schedules, the value of the Debtors' interests is undetermined. The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with the Disclosure Statement.

33. **SCHEDULE A/B 21-24.** An outside inventory firm typically completes physical counts at a select group of retail pharmacy locations on a quarterly basis. Most of the retail pharmacy locations had physical inventory counts completed either in (i) December 2023 or (ii) March 2024. There are a handful of compounding pharmacy locations with typically smaller inventory levels, whereby physical inventory counts have not been completed in the last two years. As a result of the aforementioned weaknesses in the account reporting function, values from the most recent independent inventory counts, where available, were used in Schedule 21-24. To the extent independent physical count values were not available, balances were derived from the Company's perpetual inventory system..

34. **SCHEDULE A/B 25.** Balances reflect product purchases for twenty (20) days prior to the Petition Date.

35. **SCHEDULE A/B 39/40.** Office Furniture and Fixtures were combined in the balances reflected in Schedule A/B 39 as of May 31, 2024.

36.     **SCHEDULE A/B 60-64.**  Intellectual property is listed in Schedule A/B 60-64 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from its net book value.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

37.     **SCHEDULE A/B 72.** Interests in Net Operating Losses ("**NOLs**"). Certain of the Debtors may have the ability to take advantage of NOLs at the State level, which amounts may be accumulated for more than one tax year.  For combined or consolidated returns, the value of NOLs is reported at the parent level (not a Debtor). The Debtors may have the ability to claim NOLs for subsequent years, but no amounts have been estimated.

38.     **SCHEDULE A/B 74/75.**  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.  In the ordinary course of its business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds or potential warranty Claims against its suppliers.  Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

39.     **SCHEDULE A/B 73.** Interests in Insurance Policies or Annuities. A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing Debtors to (I) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder, and (II) Renew, Revise, Extend, Supplement, Change, or Enter into New Insurance Policies* [Docket No. 12]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Accordingly, such policies are not listed on Schedule A/B, Part 11.  All current insurance policies are listed in response to Schedule A/B 73.

40.     **SCHEDULE A/B 77.**  Details of intercompany receivable balances between the Debtors are set forth on Schedule A/B 77 and receivables are classified as current assets. The detail in Schedule A/B 77 by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.  The detail for the corresponding intercompany payable balances is reflected in Schedule E/F.

41.     **SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS.** The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each

Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before June 7, 2024.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Secured Vendors are included herein for the Debtor with the largest outstanding balance as of Petition Date. The remaining Debtors that have pledged security to a specific vendor are included as Co-Debtors on Schedule H. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors have made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

42. **SCHEDULE E/F — CREDITORS HOLDING UNSECURED CLAIMS.** The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. Further, on June 26, 2024, the Bankruptcy Court entered the *Final Order Authorizing Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits* [Docket No. 101], authorizing the Debtor to pay or honor certain prepetition obligations with respect to employee wages and other compensation, reimbursable employee expenses and similar benefits. Also on June 26, 2024, the Bankruptcy Court entered the *Final Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Related Obligations* [Docket No. 98].

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the Debtors. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date.

The Debtors may pay additional Claims listed on Schedule E/F during the chapter 11 cases pursuant to orders of the Bankruptcy Court and reserve all rights to update Schedule E/F to reflect such payments. In addition, certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

43. **SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** While reasonable efforts have been made to ensure the accuracy of Schedule G, the Debtors' business is complex, and inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, indemnity agreements, subordination, non-disturbance agreements, supplemental agreements,

amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtors reserves all rights in that regard, including without limitation the right to assert that any agreement is not executory, has expired pursuant to its terms, is severable in whole or in part, or was terminated prepetition.

44.    **SCHEDULE H — CO-DEBTORS.** Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of its business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of its business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they may not have been set forth individually on Schedule H.

Schedule H also reflects guarantees by the Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

## SPECIFIC DISCLOSURES APPLICABLE TO STATEMENTS

45.    **QUESTION 3 AND 4.** For certain creditors receiving payment, the Debtors maintain multiple addresses for such vendor. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3.

46. **Question 3.** Question 3 includes any disbursement or other transfer made by the Debtors except for those made to employees.

47. **Question 4**. For purposes of the Schedules and Statements, the Debtors define insiders as individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the Debtors so as to dictate corporate policy and the disposition of assets. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

48. **Question 7.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

49. **Question 10.** The Debtors have made best efforts to collect applicable and responsive information, however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

50. **Question 26d.** The Debtors have supplied financial statements and reports in the ordinary course of business to certain third parties under confidentiality agreements. Such third parties include restructuring professionals, and administrative agents under the Debtors' debt facilities.

51. **Question 27.** An outside inventory firm typically completes physical counts at a select group of retail pharmacy locations on a quarterly basis. Most of the retail pharmacy locations have had a physical inventory count completed either in (i) December 2023 or (ii) March 2024. There are a handful of compounding pharmacy locations (Enovex Pharmacy, Healthy Choice Compounding, and The Pet Apothecary) with typically smaller inventory levels than the traditional pharmacy retail locations, whereby physical inventory counts have not been completed in the last two (2) years.

52. **Question 30.** For this question, please reference Statement of Financial Affairs, Question 4.

**Fill in this information to identify the case:**

**Debtor name: SBH Medical, Ltd.**

**United States Bankruptcy Court for the: District of Delaware**

**Case number: 24-11201**

☐ **Check if this is an amended filing**

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from Schedule A/B | Undetermined |
| 1b. **Total personal property:** Copy line 91A from Schedule A/B | $3,115,748.00 |
| 1c. **Total of all property:** Copy line 92 from Schedule A/B | $3,115,748.00 |

| | |
|---|---|
| **2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D) Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D | $127,600,000.00 |

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---|
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of Schedule E/F | $0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | $80,949,254.00 |

| | |
|---|---|
| **4. Total Liabilities** Lines 2 + 3a + 3b | $208,549,254.00 |

**Fill in this information to identify the case:**

**Debtor name: SBH Medical, Ltd.**

**United States Bankruptcy Court for the: District of Delaware**

**Case number: 24-11201**

☐ **Check if this is an amended filing**

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | | | | **Current value of debtor's interest** |
|---|---|---|---|---|
| **2. Cash on hand** | | | | |
| 2.1 | | | | Cash in Register - Unknown |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | | |
| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1 | Key Bank | Deposit Account | 5934 | $129,313.00 |
| 3.2 | Key Bank | Deposit Account | 5942 | $5,223.00 |
| 3.3 | Wintrust Bank | Unused | 2122 | $0.00 |
| **4. Other cash equivalents** *(Identify all)* | | | | |
| 4.1 | | | | None |
| **5. Total of Part 1** | | | | |
| Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | | | | $134,536.00 |

## Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Description | Current value of debtor's interest |
|---|---|---|
| **7. Deposits, including security deposits and utility deposits** | Description, including name of holder of deposit | |
| 7.1 | Security Deposit - Landlord | $31,841.00 |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** | Description, including name of holder of prepayment | |
| 8.1 | Annual Dues - Alliance for Pharmacy Compounding | $667.00 |
| 8.2 | Prepaid Rent - Lonicera Fund III, LLC | $97,319.00 |
| 8.3 | Prepaid Wireless - Primex Wireless | $1,677.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81. $131,504.00

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

**11. Accounts receivable**

| | | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | $1,600,026.00 | – | $310,867.00 | = ........ ➔ | $1,289,159.00 |
| 11b. | Over 90 days old: | | – | | = ........ ➔ | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. $1,289,159.00

## Part 4: Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| | | Valuation method | Current value |
|---|---|---|---|
| 14.1 | | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| | Name of entity: | % of ownership: | Valuation method | Current value |
|---|---|---|---|---|
| 15.1 | | | | $0.00 |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| | | Valuation method | Current value |
|---|---|---|---|
| 16.1 | | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. $0.00

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| **19. Raw materials** | | | | | |
| 19.1 | Active & Mixing Ingredients for Compounding | 12/21/2023 | $102,841.00 | N/A | Undetermined |
| **20. Work in progress** | | | | | |
| 20.1 | None | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | | |
| 21.1 | IV/Infusion Bags | 12/21/2023 | $156,918.00 | N/A | Undetermined |
| 21.2 | Other Pharmaceuticals | 12/21/2023 | $72,219.00 | N/A | Undetermined |
| **22. Other inventory or supplies** | | | | | |
| 22.1 | Thermometers & Gloves | 12/21/2023 | $69,947.00 | N/A | Undetermined |
| 22.2 | Other Misc Supplies | 12/21/2023 | $77,210.00 | N/A | Undetermined |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84. Undetermined

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☑ Yes Book value $95,175.27 Valuation method Book Value Current value $95,175.27

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85. $0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value ____ Valuation method ____ Current value ____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 Wire Shelving,Refrigerator Cart,Bench Storage,Castlers and Mobile Table | $20,868.24 | N/A | Undetermined |
| 39.2 Table & Chairs and Mobile training Table | $8,707.36 | N/A | Undetermined |
| 39.3 Eight Full Cubicles | $1,668.68 | N/A | Undetermined |
| **40. Office fixtures** | | | |
| 40.1 None | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 (2) Ohaus Electronic balances/scales | $579.35 | N/A | Undetermined |
| 41.2 (3) Dell Laptops | $0.00 | N/A | Undetermined |
| 41.3 (8) 6000 CMS IOD Protocol Pumps - from Moog Medical Devices Group, inv #20CINV029980 | $2,248.24 | N/A | Undetermined |
| 41.4 6000 CMS IOD Protocol Library Mit form MOOG Medical Devices, inv #21CINV038794 | $1,764.45 | N/A | Undetermined |
| 41.5 Air Science USA - Purair Ductless Hood, inv #53601 | $401.10 | N/A | Undetermined |
| 41.6 Air Science USA - Purair Ductless Hood, inv #55545 | $515.70 | N/A | Undetermined |

| No. | Description | Amount | | |
|---|---|---|---|---|
| 41.7 | Air Science USA LLC: - Purair Ducless Fune Hood, Biological Safety Cabinet , Inv 70105 06-15-2022 | $16,841.01 | N/A | Undetermined |
| 41.8 | Baxter Healthcare Corp - 4207 - Repeater Pump, Inv 74722226 04-13-2022 | $2,476.67 | N/A | Undetermined |
| 41.9 | Bright Edge Solutions - Server Switch for Server Project | $0.00 | N/A | Undetermined |
| 41.10 | Dell Optiflex SFF desktop workstation | $0.00 | N/A | Undetermined |
| 41.11 | Dell PowerEdge R340 Server from Bright Edge Solutions, inv #0004547 | $0.00 | N/A | Undetermined |
| 41.12 | Dell Technologies - Optiplex 3000 Micro & Dell 24 Monitor (6 Each) - Inv 10622830765 10-18-2022 | $2,443.25 | N/A | Undetermined |
| 41.13 | Dell Vostro Notebook 5590 - purchased on Vince's First Bank card | $0.00 | N/A | Undetermined |
| 41.14 | Epson TM-C3400A ColorInkjet Label Printer | $0.00 | N/A | Undetermined |
| 41.15 | Epson TM-C3400A ColorInkjet Label Printer | $0.00 | N/A | Undetermined |
| 41.16 | Fixed asset - Tablet presses for SBH (transfer from OptioRx to SBH Ltd) till July 2023 | $11,026.51 | N/A | Undetermined |
| 41.17 | GA Bussiness Purchaser - INSCOM | $8,170.00 | N/A | Undetermined |
| 41.18 | GA Bussiness Purchaser - INSCOM Burglar System | $5,267.50 | N/A | Undetermined |
| 41.19 | GA Bussiness Purchaser- INSCOM bill of Security System | $10,750.00 | N/A | Undetermined |
| 41.20 | GA Bussiness Purchaser- INSCOM Deposit | $600.00 | N/A | Undetermined |
| 41.21 | Hood collars for negative pressure attachment | $1,094.38 | N/A | Undetermined |
| 41.22 | I/T - BEST BUY | $1,007.98 | N/A | Undetermined |
| 41.23 | LFA Machines DFS LLC - RTP 9 Rotary Tablet Press | $497.69 | N/A | Undetermined |
| 41.24 | LFA Machines DFS LLC - RTP Tooling - Flat Face Beveled Edge | $299.82 | N/A | Undetermined |
| 41.25 | Medtel Communication | $2,690.25 | N/A | Undetermined |

| | | | | |
|---|---|---|---|---|
| 41.26 | Microwave & accessories for appliances - SBH- Trf from Optio | $970.61 | N/A | Undetermined |
| 41.27 | PCCA Invoice - I3168387 EA UNGUATOR EMP | $2,511.75 | N/A | Undetermined |
| 41.28 | Pill counter for SBH - Trf from Optio | $3,699.72 | N/A | Undetermined |
| 41.29 | PioneerRX TSC Thermal Transfer Printer with cable | $2,781.53 | N/A | Undetermined |
| 41.30 | Pneumatic tube sealer from IMPAK, proforma inv #SO-0048715 | $1,674.60 | N/A | Undetermined |
| 41.31 | Salo Solutions - New Server Migration | $0.00 | N/A | Undetermined |
| 41.32 | Salo Solutions inv #1446990 for support and system migration | $0.00 | N/A | Undetermined |
| 41.33 | Salo Solutions inv #1446996 for support and system migration | $0.00 | N/A | Undetermined |
| 41.34 | Team Burkhart inv #0023108, for Dell server additional memory and hard drive | $0.00 | N/A | Undetermined |
| 41.35 | Team Burkhart inv #0023109, for Dell server migration and configuration | $0.00 | N/A | Undetermined |
| 41.36 | Team Burkhart inv #0023126, for Dell server additional components and configuration | $0.00 | N/A | Undetermined |
| 41.37 | Washer/Dryer/ Refrigerator SBH- Trf from Optio | $2,105.96 | N/A | Undetermined |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| | | | | |
|---|---|---|---|---|
| 42.1 | None | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

Undetermined

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 None | | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 None | | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 Leasehold Improvements | $1,121,837.00 | N/A | Undetermined |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87. Undetermined

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 9: Real Property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 7654 Crosswoods Dr, Columbus, OH 43235 | None | $0.00 | None | Undetermined |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88. Undetermined

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 None | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 None | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 Board of Pharmacy License - Alaska | $0.00 | None | Undetermined |
| 62.2 Board of Pharmacy License - Connecticut | $0.00 | None | Undetermined |
| 62.3 Board of Pharmacy License - Delaware | $0.00 | None | Undetermined |
| 62.4 Board of Pharmacy License - Florida | $0.00 | None | Undetermined |
| 62.5 Board of Pharmacy License - Hawaii | $0.00 | None | Undetermined |
| 62.6 Board of Pharmacy License - Hawaii | $0.00 | None | Undetermined |
| 62.7 Board of Pharmacy License - Illinois | $0.00 | None | Undetermined |
| 62.8 Board of Pharmacy License - Indiana | $0.00 | None | Undetermined |
| 62.9 Board of Pharmacy License - Kentucky | $0.00 | None | Undetermined |
| 62.10 Board of Pharmacy License - Michigan | $0.00 | None | Undetermined |
| 62.11 Board of Pharmacy License - New Jersey | $0.00 | None | Undetermined |

| | | | |
|---|---|---|---|
| 62.12 Board of Pharmacy License - New York | $0.00 | None | Undetermined |
| 62.13 Board of Pharmacy License - North Carolina | $0.00 | None | Undetermined |
| 62.14 Board of Pharmacy License - Ohio | $0.00 | None | Undetermined |
| 62.15 Board of Pharmacy License - Pennsylvania | $0.00 | None | Undetermined |
| 62.16 Board of Pharmacy License - Rhode Island | $0.00 | None | Undetermined |
| 62.17 Board of Pharmacy License - South Dakota | $0.00 | None | Undetermined |
| 62.18 Board of Pharmacy License - Wisconsin | $0.00 | None | Undetermined |

**63. Customer lists, mailing lists, or other compilations**

| | | | |
|---|---|---|---|
| 63.1 Customer List | $0.00 | None | Undetermined |

**64. Other intangibles, or intellectual property**

| | | | |
|---|---|---|---|
| 64.1 Acquired Intangible | $362,250.00 | N/A | Undetermined |

**65. Goodwill**

| | | | |
|---|---|---|---|
| 65.1 Acquired Goodwill | $4,860,280.00 | N/A | Unknown |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89. Undetermined

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☑ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

**71. Notes receivable**
Description (include name of obligor)

71.1 None — total face amount — doubtful or uncollectible amount = → $0.00

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 None Tax year $0.00

**73. Interests in insurance policies or annuities**

73.1 None $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 Unknown Undetermined

Nature of Claim

Amount requested

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 $0.00

Nature of Claim

Amount requested

**76. Trusts, equitable or future interests in property**

76.1 None $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| | Description | Current value of debtor's interest |
|---|---|---|
| 77.1 | Intercompany Note Receivable from Braun Pharma LLC (24-11189) | $1,017,562.00 |
| 77.2 | Intercompany Note Receivable from FirstCare Pharmacy (24-11212) | $87,809.00 |
| 77.3 | Intercompany Note Receivable from H&H Pharmacy (24-11197) | $430,000.00 |
| 77.4 | Intercompany Note Receivable from Healthy Choice Compounding (24-11208) | $25,178.00 |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. $1,560,549.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $134,536.00 | | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $131,504.00 | | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $1,289,159.00 | | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | | |
| **84. Inventory.** Copy line 23, Part 5. | Undetermined | | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | Undetermined | | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | Undetermined | | |
| **88. Real property. Copy line 56, Part 9.** | | ➔ | Undetermined |
| **89. Intangibles and intellectual property.**. Copy line 66, Part 10. | Undetermined | | |
| **90. All other assets.** Copy line 78, Part 11. | $1,560,549.00 | | |
| **91. Total. Add lines 80 through 90 for each column** | 91a. $3,115,748.00 | | 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92. $3,115,748.00

**Fill in this information to identify the case:**

**Debtor name: SBH Medical, Ltd.**

**United States Bankruptcy Court for the: District of Delaware**

**Case number: 24-11201**

☐ **Check if this is an amended filing**

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

### Part 1: List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|
| 2.1 | $127,600,000.00 | Undetermined |

Loan Admin Co LLC, as Collateral Agent, 2200 Atlantic Street, Suite 501, Stamford, CT, 06902

**Date debt was incurred?**
6/28/2019

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.
Unknown

**Describe debtor's property that is subject to the lien:**
All assets

**Describe the lien**
Credit Agreement

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed

2.2

Amerisource Bergen Drug Corporation, 1300 Morris Drive, Chesterbrook, PA, 19087

**Describe debtor's property that is subject to the lien:**
Personal Property

Unknown

Undetermined

**Describe the lien**
Secured trade vendor

**Date debt was incurred?**
43935

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.
Unknown

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $127,600,000.00

## Part 2: List Others to Be Notified for a Debt That You Already Listed

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**
**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 Loan Admin Co LLC, as Collateral Agent,c/o DLA Piper LLP,Attn: Stuart M. Brown & Matthew S. Sarna, 1201 North Market Street, Suite 2100, Wilmington, DE, 19801 | | |

| Fill in this information to identify the case: |
|---|
| Debtor name: SBH Medical, Ltd. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number: 24-11201 |

☐ **Check if this is an amended filing**

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | | $0.00 |
| | **Date or dates debt was incurred** | **Basis for the claim:** | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** ☐ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_) | | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1

Aves Management LLC, 150 North Riverside Plaza, Suite 5200, Chicago, IL, 60606

**As of the petition filing date, the claim is:** $75,965,870.00
*Check all that apply.*
- [x] Contingent
- [x] Unliquidated
- [x] Disputed

**Date or dates debt was incurred**
09/25/2020

**Basis for the claim:**
Mezzanine Debt

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.2

Dr. Ike's PharmaCare LLC, 1111 North Brand Boulevard, Suite 101, Glendale, CA, 91202

**As of the petition filing date, the claim is:** $392,318.00
*Check all that apply.*
- [x] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
Intercompany Payable

**Is the claim subject to offset?**
- [ ] No
- [x] Yes

3.3

Optio Rx, LLC, 3701 Commercial Avenue, Suite 14, Northbrook, IL, 60062

**As of the petition filing date, the claim is:** $4,552,798.00
*Check all that apply.*
- [x] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
Intercompany Payable

**Is the claim subject to offset?**
- [ ] No
- [x] Yes

3.4

SBH Medical LLC, 311 South Wacker Drive, Suite 2640, Chicago, IL, 60606

**Date or dates debt was incurred**
Various

**As of the petition filing date, the claim is:** $38,268.00
*Check all that apply.*

- [x] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Intercompany Payable

**Is the claim subject to offset?**

- [ ] No
- [x] Yes

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line<br>☐ Not listed. Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $80,949,254.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $80,949,254.00 |

| Fill in this information to identify the case: |
|---|
| Debtor name: SBH Medical, Ltd. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number: 24-11201 |

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

### Schedule G: Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | Lease Agreement | Lilymac, LLC 26711 Northwestern Hwy, Ste 125 Southfield, MI 48033 |
| | **State the term remaining** | 71 Months | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

**Debtor name: SBH Medical, Ltd.**

**United States Bankruptcy Court for the: District of Delaware**

**Case number: 24-11201**

☐ **Check if this is an amended filing**

# Official Form 206H

## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 SBH Medical LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.2 Rose Pharmacy SF LLC | 125 McCann Drive Santa Fe Springs, California 90670 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.3 Rose Pharmacy SA LLC | 1220 West Hemlock Way #110 Santa Ana, California 92707 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.4 Rose Pharmacy RM LLC | 35400 Bob Hope Drive Suite 207 Ranch Mirage, California 92270 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |

| No. | Codebtor | Address | Creditor | D | E/F | G |
|---|---|---|---|---|---|---|
| 2.5 | Pro Pharmacy, LLC | 71 East Old Country Road Hicksville, New York 11801 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.6 | PrimeCare Pharmacy, LLC | 32144 Agoura Road Suite 101 Westlake Village, California 91361 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.7 | Pet Apothecary, LLC | Pet Apothecary, LLC | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.8 | Oakdell Compounding Pharmacy, LLC | 7220 Louis Pasteur Dr Ste 168 San Antonio TX, 78229 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.9 | Healthy Choice Compounding LLC | 250 Clearbrook Road Elmsford, New York 10523 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.10 | Healthy Choice Compounding LLC | 250 Clearbrook Road Elmsford, New York 10523 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.11 | HCP Pharmacy LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.12 | H&H Pharmacy LLC | 7640 Tampa Avenue Suite E Reseda, California 91335 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.13 | FirstCare Pharmacy LLC | 18555 Ventura Boulevard Suite A Tarzana, California 91356 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |

| | | | |
|---|---|---|---|
| 2.14 Enovex Pharmacy LLC | 1111 North Brand Boulevard Unit M Glendale, California 91202 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.15 EasyCare Pharmacy LLC | 7320 Woodlake Avenue Suite 100 West Hills, California 91307 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.16 Dr. Ike's PharmaCare LLC | 1111 North Brand Boulevard Suite 101 Glendale, California 91202 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.17 Crestview Pharmacy, LLC | 1116 North Ferdon Boulevard Okaloosa County, Florida 32536 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.18 Crestview Holdings, LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.19 Concierge Pharmacy LLC | 23215 Hawthorne Boulevard Suite B Torrance, California | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.20 Central Pharmacy, LLC | 121 Kent Avenue Brooklyn, New York 11249 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.21 Braun Pharma, LLC | 1919 North Clybourn Avenue Chicago, Illinois 60614 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |
| 2.22 Baybridge Pharmacy, LLC | 20848 Cross Island Parkway Bayside, New York 11360 | Loan Admin Co LLC - Collateral Agent | ☑ D ☐ E/F ☐ G |

| No. | Name | Address | Co-debtor creditor | D | E/F | G |
|---|---|---|---|---|---|---|
| 2.23 | Optio Rx, LLC | 3701 Commercial Avenue, Suite 14, Northbrook, IL 60062 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.24 | SMC Lyons Holdings LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.25 | SMC Pharmacy LLC | 1908 Santa Monica Boulevard Suite 4 Santa Monica, California 90404 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.26 | The Pet Apothecary, LLC | 407 West Silver Spring Drive Milwaukee, Wisconsin 53217 | Loan Admin Co LLC - Collateral Agent | ☑ | ☐ | ☐ |
| 2.27 | Dr. Ike's PharmaCare LLC | 1111 North Brand Boulevard Suite 101 Glendale, California 91202 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.28 | H&H Pharmacy LLC | 7640 Tampa Avenue Suite E Reseda, California 91335 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.29 | SMC Pharmacy LLC | 1908 Santa Monica Boulevard Suite 4 Santa Monica, California 90404 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.30 | FirstCare Pharmacy LLC | 18555 Ventura Boulevard Suite A Tarzana, California 91356 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.31 | EasyCare Pharmacy LLC | 7320 Woodlake Avenue Suite 100 West Hills, California 91307 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |

| No. | Codebtor | Address | Creditor | D | E/F | G |
|---|---|---|---|---|---|---|
| 2.32 | Concierge Pharmacy LLC | 23215 Hawthorne Boulevard Suite B Torrance, California | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.33 | PrimeCare Pharmacy, LLC | 32144 Agoura Road Suite 101 Westlake Village, California 91361 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.34 | Rose Pharmacy SF LLC | 125 McCann Drive Santa Fe Springs, California 90670 | Amerisourcebergen Drug Corp | ☑ | ☐ | ☐ |
| 2.35 | SBH Medical LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Aves Management LLC | ☐ | ☑ | ☐ |
| 2.36 | Rose Pharmacy SF LLC | 125 McCann Drive Santa Fe Springs, California 90670 | Aves Management LLC | ☐ | ☑ | ☐ |
| 2.37 | Rose Pharmacy SA LLC | 1220 West Hemlock Way #110 Santa Ana, California 92707 | Aves Management LLC | ☐ | ☑ | ☐ |
| 2.38 | Rose Pharmacy RM LLC | 35400 Bob Hope Drive Suite 207 Ranch Mirage, California 92270 | Aves Management LLC | ☐ | ☑ | ☐ |
| 2.39 | Pro Pharmacy, LLC | 71 East Old Country Road Hicksville, New York 11801 | Aves Management LLC | ☐ | ☑ | ☐ |
| 2.40 | PrimeCare Pharmacy, LLC | 32144 Agoura Road Suite 101 Westlake Village, California 91361 | Aves Management LLC | ☐ | ☑ | ☐ |

| | | | |
|---|---|---|---|
| 2.41 Pet Apothecary, LLC | Pet Apothecary, LLC | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.42 Oakdell Compounding Pharmacy, LLC | 7220 Louis Pasteur Dr Ste 168 San Antonio TX, 78229 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.43 Healthy Choice Compounding LLC | 250 Clearbrook Road Elmsford, New York 10523 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.44 Healthy Choice Compounding LLC | 250 Clearbrook Road Elmsford, New York 10523 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.45 HCP Pharmacy LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.46 H&H Pharmacy LLC | 7640 Tampa Avenue Suite E Reseda, California 91335 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.47 FirstCare Pharmacy LLC | 18555 Ventura Boulevard Suite A Tarzana, California 91356 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.48 Enovex Pharmacy LLC | 1111 North Brand Boulevard Unit M Glendale, California 91202 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.49 EasyCare Pharmacy LLC | 7320 Woodlake Avenue Suite 100 West Hills, California 91307 | Aves Management LLC | ☐ D ☑ E/F ☐ G |

| No. | Name | Address | Co-debtor | Schedule |
|---|---|---|---|---|
| 2.50 | Dr. Ike's PharmaCare LLC | 1111 North Brand Boulevard Suite 101 Glendale, California 91202 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.51 | Crestview Pharmacy, LLC | 1116 North Ferdon Boulevard Okaloosa County, Florida 32536 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.52 | Crestview Holdings, LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.53 | Concierge Pharmacy LLC | 23215 Hawthorne Boulevard Suite B Torrance, California | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.54 | Central Pharmacy, LLC | 121 Kent Avenue Brooklyn, New York 11249 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.55 | Braun Pharma, LLC | 1919 North Clybourn Avenue Chicago, Illinois 60614 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.56 | Baybridge Pharmacy, LLC | 20848 Cross Island Parkway Bayside, New York 11360 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.57 | Optio Rx, LLC | 3701 Commercial Avenue, Suite 14, Northbrook, IL 60062 | Aves Management LLC | ☐ D ☑ E/F ☐ G |
| 2.58 | SMC Lyons Holdings LLC | 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Aves Management LLC | ☐ D ☑ E/F ☐ G |

| | | | |
|---|---|---|---|
| 2.59<br>SMC Pharmacy LLC | 1908 Santa Monica Boulevard Suite 4 Santa Monica, California 90404 | Aves Management LLC | ☐ D<br>☑ E/F<br>☐ G |
| 2.60<br>The Pet Apothecary, LLC | 407 West Silver Spring Drive Milwaukee, Wisconsin 53217 | Aves Management LLC | ☐ D<br>☑ E/F<br>☐ G |

**Fill in this information to identify the case:**

**Debtor name: SBH Medical, Ltd.**

**United States Bankruptcy Court for the: District of Delaware**

**Case number: 24-11201**

☐ **Check if this is an amended filing**

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.**

**I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:**

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________________

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 7/3/2024 | /s/ Leo LaFranco |
| Executed on | Signature of individual signing on behalf of debtor |
| | Leo LaFranco |
| | Printed name |
| | Chief Financial Officer |
| | Position or relationship to debtor |