## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*[1] | Case No. 24-11188 (TMH) |
| Debtors. | (Joint Administered) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## CONCIERGE PHARMACY LLC (CASE NO. 24-11211)

---

1 The Debtors in these Chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compouding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*[1] | Case No. 24-11188 (TMH) |
| Debtors. | (Joint Administered) |

## STATEMENT OF FINANCIAL AFFAIRS FOR CONCIERGE PHARMACY LLC (CASE NO. 24-11211)

---

1 The Debtors in these Chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compouding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216).  The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### INTRODUCTION

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") filed by OptioRx, LLC and its affiliated debtors (collectively, the "**Debtors**" or the "**Company**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), were prepared in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The Schedules and Statements have been signed by Leo LaFranco, Chief Financial Officer ("**CFO**") of the Company. Mr. LaFranco has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. LaFranco has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. LaFranco necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.**

The Company was formed in 2018. By 2020, the Company had acquired nineteen (19) pharmacies, some of which were purchased as part of multi-pharmacy groups. The accounting functions associated with these acquisitions have not been integrated and remain extremely complex. To support the domestic accounting functions, the Company has relied heavily on an outside accounting group based in India.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. The Schedules and Statements reflect the Debtors' reasonably best efforts to report their assets and liabilities, based on their current books and records. The Debtors cannot be certain, however, that their books and records and/or these Schedules and Statements are valid, complete, accurate, or reliable. Among other things:

1. The Company's annual financials have historically been audited, albeit reports for fiscal year 2022 and 2023 were issued with Going Concern language and thus not issued with clean audit opinions.

2. Many of the procedures required to complete the annual audit report are completed during the audit process but are not maintained throughout the year on either a monthly or quarterly basis.

3. The Company's accounting staff has been significantly reduced over the last year (from 16 full time individuals down to its current level of 3 full time individuals with some technical support in India).

4. As result of the streamlined accounting staff, controls and oversight into the accuracy of accounting information, and safeguarding of assets, have been compromised.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1.  **GENERAL RESERVATION OF RIGHTS.** Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("**Claim**") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.  **DESCRIPTION OF CASE AND "AS OF" INFORMATION DATE.** On June 7, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors continue to operate their business and manage their assets as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. Unless otherwise stated herein, assets and liabilities are reported as of May 31, 2024.

3.  **BASIS OF PRESENTATION.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4.  **TOTALS.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or

- 3 -

"undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

5.  **EXCLUDED ASSETS AND LIABILITIES.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including but not limited to certain lease liabilities and related lease liabilities and certain accrued liabilities. The Debtors have also excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist. Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

6.  **AMENDMENTS AND SUPPLEMENTS; ALL RIGHTS RESERVED.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist. The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

7.  **REFERENCES.** References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

8.  **BOOK VALUE.** Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of its net book values as of May 31, 2024. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded in the Debtors' books and/or from supporting documentation. Net book values may vary, sometimes materially, from market values. The Debtors do not intend to amend these Schedules and Statements to reflect market values.

9.  **PAID CLAIMS.** The Bankruptcy Court authorized the Debtors to pay certain outstanding prepetition Claims—including, but not limited to, payments to employees, taxes, critical vendors, and shippers and warehousemen—pursuant to various "first day" orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities as of the Petition Date may have been reduced by post-petition payments made on account of prepetition liabilities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date, after incorporating invoices received post-petition for prepetition services. In addition, to the extent the Debtors later pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing Claim objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

10. **RECHARACTERIZATION.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or

- 4 -

designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate prior to any plan or disclosure statement being filed.

11.    **CLAIMS OF THIRD-PARTY ENTITIES.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates.  Therefore, to the extent that the Debtors have classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

12.    **LIABILITIES.** The Debtors allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available, and further research is conducted, particularly with respect to the Debtors' payable accounts, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtors reserve all rights to- amend the Schedules and Statements as they deem appropriate.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

13.    **GUARANTEES AND OTHER SECONDARY LIABILITY CLAIMS.** Where guarantees have been identified, they have been included in the relevant liability Schedule for the Debtors affected by such guarantee. The Debtors have also listed such guarantees on the applicable Schedule H. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or be unenforceable.

14.    **INTERCOMPANY CLAIMS.** The intercompany receivable/payable balances between the Debtors are set forth on Schedule A/B or Schedule E/F, as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

- 5 -

15. **INTELLECTUAL PROPERTY RIGHTS.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

16. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The Debtors have not estimated value of executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

17. **CLAIMS DESCRIPTION.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

18. **CAUSES OF ACTION.** Despite their reasonable efforts, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

19. **UNDETERMINED AMOUNTS.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

20. **LIENS.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

- 6 -

21.    **EMPLOYEE ADDRESSES.** Current employee, former employee, and director addresses have been removed from entries listed throughout the Schedules and Statements, where applicable.

22.    **ESTIMATES.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

23.    **CREDITS AND ADJUSTMENTS.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

24.    **SETOFFS.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, filebacks, negotiations and/or disputes between the Debtors and their vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.  Setoffs include DIR fees by which Managed Care payors adjust prior payments at the time of subsequent payments, these fees are not known until the time of adjudication and are common practice for Medicare payments and other managed care payors.

25.    **GLOBAL NOTES CONTROL.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

26.    **CONFIDENTIALITY.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

## SPECIFIC DISCLOSURES APPLICABLE TO SCHEDULES

27.    **CLASSIFICATIONS.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

- 7 -

28.     **SCHEDULE A/B.**  Except as otherwise noted, the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable) as of May 31, 2024.  The Debtors have not obtained independent valuation of these assets.  The actual value of the assets listed may differ significantly from the amounts reflected in each the Schedules and Statements.

29.     **SCHEDULE A/B 2.** The retail pharmacies maintain cash in their registers.  Daily reporting of balances are not maintained and the precise amounts of cash in the register is unknown at Petition Date.

30.     **SCHEDULE A/B 3.** Bank account balances were obtained from bank detail as of the end of business on Petition Date.

31.     **SCHEDULE A/B 11.**  Accounts Receivable — Balances (including provisions for uncollectible accounts) are maintained in the general ledger system in the aggregate and rolled forward based on receipt and sales data. An Accounts Receivable aging is maintained by the third-party accounting team located in India, although such aging has not historically been relied upon because of accuracy issues.  Due to the lack of an aging report,, the entire net Account Receivable balance is scheduled in the less than 90-day category, although a portion of that is older than ninety (90) days.  This amount is reported as of May 31, 2024 and does not include Intercompany balances.

32.     **SCHEDULE A/B 15.**  Equity interests in subsidiaries and affiliates arise from common stock ownership. For purposes of these Schedules, the value of the Debtors' interests is undetermined.  The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with the Disclosure Statement.

33.     **SCHEDULE A/B 21-24.**  An outside inventory firm typically completes physical counts at a select group of retail pharmacy locations on a quarterly basis.  Most of the retail pharmacy locations had physical inventory counts completed either in (i) December 2023 or (ii) March 2024.  There are a handful of compounding pharmacy locations with typically smaller inventory levels, whereby physical inventory counts have not been completed in the last two years.  As a result of the aforementioned weaknesses in the account reporting function, values from the most recent independent inventory counts, where available, were used in Schedule 21-24. To the extent independent physical count values were not available, balances were derived from the Company's perpetual inventory system..

34.     **SCHEDULE A/B 25.**  Balances reflect product purchases for twenty (20) days prior to the Petition Date.

35.     **SCHEDULE A/B 39/40.**  Office Furniture and Fixtures were combined in the balances reflected in Schedule A/B 39 as of May 31, 2024.

36.     **SCHEDULE A/B 60-64.**  Intellectual property is listed in Schedule A/B 60-64 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from its net book value.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

37.     **SCHEDULE A/B 72.** Interests in Net Operating Losses ("**NOLs**"). Certain of the Debtors may have the ability to take advantage of NOLs at the State level, which amounts may be accumulated for more than one tax year.  For combined or consolidated returns, the value of NOLs is reported at the parent level (not a Debtor). The Debtors may have the ability to claim NOLs for subsequent years, but no amounts have been estimated.

38.     **SCHEDULE A/B 74/75.**  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.   In the ordinary course of its business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds or potential warranty Claims against its suppliers.   Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

39.     **SCHEDULE A/B 73.** Interests in Insurance Policies or Annuities. A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing Debtors to (I) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder, and (II) Renew, Revise, Extend, Supplement, Change, or Enter into New Insurance Policies* [Docket No. 12]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Accordingly, such policies are not listed on Schedule A/B, Part 11.  All current insurance policies are listed in response to Schedule A/B 73.

40.     **SCHEDULE A/B 77.**  Details of intercompany receivable balances between the Debtors are set forth on Schedule A/B 77 and receivables are classified as current assets. The detail in Schedule A/B 77 by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.  The detail for the corresponding intercompany payable balances is reflected in Schedule E/F.

41.     **SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS.** The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each

Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before June 7, 2024.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Secured Vendors are included herein for the Debtor with the largest outstanding balance as of Petition Date. The remaining Debtors that have pledged security to a specific vendor are included as Co-Debtors on Schedule H. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors have made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

42.    **SCHEDULE E/F — CREDITORS HOLDING UNSECURED CLAIMS.** The Bankruptcy Court
has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled
to priority under the applicable provisions of the Bankruptcy Code.  Further, on June 26,
2024, the Bankruptcy Court entered the *Final Order Authorizing Debtors to Pay
Prepetition Wages, Compensation, and Employee Benefits* [Docket No. 101], authorizing
the Debtor to pay or honor certain prepetition obligations with respect to employee wages
and other compensation, reimbursable employee expenses and similar benefits.  Also on
June 26, 2024, the Bankruptcy Court entered the *Final Order (I) Authorizing Debtors to
Pay Certain Prepetition Taxes and Related Obligations* [Docket No. 98].

The Debtors have used reasonable efforts to report all general unsecured Claims against
the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the
Petition Date; however, inadvertent errors or omissions may have occurred.  The Claims
listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the
date on which a Claim arose is an open issue of fact.  In addition, the Claims of individual
creditors for, among other things, goods or services are listed as either the lower of the
amounts invoiced by such creditor or the amounts entered on the Debtors' books and
records and may not reflect credits, rebates, or allowances due from such creditors to the
Debtors.  The Claims and amounts listed in respect of certain trade payables reflect
amounts owed as of the Petition Date.

The Debtors may pay additional Claims listed on Schedule E/F during the chapter 11 cases
pursuant to orders of the Bankruptcy Court and reserve all rights to update Schedule E/F
to reflect such payments.  In addition, certain Claims listed on Schedule E/F may be entitled
to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F also contains information regarding pending litigation involving the Debtors.
The dollar amount of potential Claims associated with any such pending litigation is listed
as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules
and Statements.  Some of the litigation Claims listed on Schedule E/F may be subject to
subordination pursuant to section 510 of the Bankruptcy Code.  Schedule E/F also includes
potential or threatened legal disputes that are not formally recognized by an administrative,
judicial, or other adjudicative forum due to certain procedural conditions that
counterparties have yet to satisfy.

43.    **SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** While reasonable
efforts have been made to ensure the accuracy of Schedule G, the Debtors' business is
complex, and inadvertent errors, omissions, or overinclusion may have occurred. Each
lease and contract listed in Schedule G may include one or more ancillary documents,
including any underlying assignment and assumption agreements, amendments,
supplements, full and partial assignments, renewals and partial releases, which may not be
listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain
certain renewal options, guarantees of payment, options to purchase, rights of first refusal,
and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth
on Schedule G. In addition, the Debtors may have entered into various other types of
agreements in the ordinary course of business, such as financing agreements, indemnity
agreements, subordination, non-disturbance agreements, supplemental agreements,

- 11 -

amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtors reserves all rights in that regard, including without limitation the right to assert that any agreement is not executory, has expired pursuant to its terms, is severable in whole or in part, or was terminated prepetition.

44.    **SCHEDULE H — CO-DEBTORS.** Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of its business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of its business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they may not have been set forth individually on Schedule H.

Schedule H also reflects guarantees by the Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

## SPECIFIC DISCLOSURES APPLICABLE TO STATEMENTS

45.    **QUESTION 3 AND 4.** For certain creditors receiving payment, the Debtors maintain multiple addresses for such vendor. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3.

46.     **QUESTION 3.**  Question 3 includes any disbursement or other transfer made by the Debtors except for those made to employees.

47.     **QUESTION 4.** For purposes of the Schedules and Statements, the Debtors define insiders as individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the Debtors so as to dictate corporate policy and the disposition of assets. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

48.     **QUESTION 7.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

49.     **QUESTION 10.** The Debtors have made best efforts to collect applicable and responsive information, however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

50.     **QUESTION 26d.** The Debtors have supplied financial statements and reports in the ordinary course of business to certain third parties under confidentiality agreements. Such third parties include restructuring professionals, and administrative agents under the Debtors' debt facilities.

51.     **QUESTION 27.** An outside inventory firm typically completes physical counts at a select group of retail pharmacy locations on a quarterly basis.  Most of the retail pharmacy locations have had a physical inventory count completed either in (i) December 2023 or (ii) March 2024. There are a handful of compounding pharmacy locations (Enovex Pharmacy, Healthy Choice Compounding, and The Pet Apothecary) with typically smaller inventory levels than the traditional pharmacy retail locations, whereby physical inventory counts have not been completed in the last two (2) years.

52.     **QUESTION 30.** For this question, please reference Statement of Financial Affairs, Question 4.

4872-4210-3757, v. 3

**Fill in this information to identify the case:**

Debtor name: Concierge Pharmacy LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-11211

☐ **Check if this is an amended filing**

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2024    to    5/31/2024 | ☐ Operating a business<br>☐ Other<br>Sale of Product | $4,287,716.00 |
| For prior year: | From 1/1/2023    to    12/31/2023 | ☐ Operating a business<br>☐ Other<br>Sale of Product | $9,668,719.00 |
| For the year before that: | From 1/1/2022    to    12/31/2022 | ☐ Operating a business<br>☐ Other<br>Sale of Product | $8,527,105.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From    to    Filing Date | | |
| For prior year: | From    to | | |
| For the year before that: | From    to | | |

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1<br><br>See SOFA 3 Attachment | | $2,519,083.80 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>Relationship to debtor | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 4.2<br><br>Relationship to debtor | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | | | |
| See Global Notes | Last 4 digits of account number | | |

---

**Part 3:**  **Legal Actions or Assignments**

---

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 | | | |
| Name<br><br>Case number | | Name<br><br>Street<br><br>City   State   Zip | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 | | |
| Custodian's name and address<br><br>Street<br><br>City   State   Zip | Case title<br><br>Case number<br><br>Date of order or assignment | Court name and address<br>Name<br><br>Street<br><br>City   State   Zip |

Concierge Pharmacy LLC
Name

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | |

Recipient's name
_____

Street
_____

City _____ State ___ Zip ____

**Recipient's relationship to debtor**
_____

## Part 5: Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss. If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |

**Email or website address**
_____

**Who made the payment, if not debtor?**
_____

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| **Trustee** | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property  by sale, trade, or any other means  made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

**Part 7:**   **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1 | | | | |
| Street | | | From | to |
| City | State | Zip | | |

<table>
<tr><td>**Part 8:**</td><td>**Health Care Bankruptcies**</td></tr>
</table>

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☐ No. Go to part 9.

☑ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |
| Street<br>23215 Hawthorne Blvd, Suite B | Retail Pharmacy | N/A |
| City  Torrance  State  CA  Zip  90505 | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider<br>Same as facility address | **How are records kept?**<br>Check all that apply:<br>☑ Electronically<br>☐ Paper |

<table>
<tr><td>**Part 9:**</td><td>**Personally Identifiable Information**</td></tr>
</table>

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.  Names, Addresses, Email Addresses and Patient Insurance Information

　　　Does the debtor have a privacy policy about that information?

　　　☐ No

　　　☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

　　　☐ No. Go to Part 10.

　　　☐ Yes. Fill in below:

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| | |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br> Name _____ <br> Street _____ <br> City ____ State ____ Zip ____ | _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other <br> _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 <br> Name _____ <br> Street _____ <br> City ____ State ____ Zip ____ | Address _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 <br> Name _____ <br> Street _____ <br> City ____ State ____ Zip ____ | Address _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

**Part 11:**   **Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:**   **Details About Environmental Information**

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 | Name | | ☐ Pending |
| Case Number | Street | | ☐ On appeal |
| | City        State   Zip | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 | Name | | |
| Name | | | |
| Street | Street | | |
| City   State   Zip | City        State   Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

<div style="background:black; color:white">**Part 13:**</div> **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From    to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| DLC, 125 S. Wacker Dr., 27th Floor, Chicago, IL 60606 | From 2/12/2023    to 9/29/2023 |
| 26a.2 | |
| Leo LaFranco, 3701 Commercial Avenue, Suite 14, Northbrook, IL, 60062 | From 5/2/2022    to Present |
| 26a.3 | |
| Matthew Thomas Keating, 3701 Commercial Avenue, Suite 14, Northbrook, IL, 60062 | From 5/30/2023    to Present |
| 26a.4 | |
| Soni Brothers Outsourcing Solutions, 1114, 11th Floor, Maple Trade Centre, Nr. Surdhara Circle, Thaltej, Ahmedabad, Gujarat, 380052, India | From 8/1/2022    to Present |
| 26a.5 | |
| Charles Francis Murdent, 1122 South Plum Tree Lane, Palatine, IL, 60067 | From 10/03/2022    to 01/03/2023 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26b.1** RSM US, 200 S Wacker Dr., Chicago, IL, 60606 | From 06/07/2022    to Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** Leo LaFranco, 3701 Commercial Avenue, Suite 14, Northbrook, IL, 60062 | |
| **26c.2** Matthew Thomas Keating, 1232 Ashton Ln, Naperville, IL, 60540-0308 | |
| **26c.3** Soni Brothers Outsourcing Solutions, 1114, 11th Floor, Maple Trade Centre, Nr. Surdhara Circle, Thaltej, Ahmedabad, Gujarat, 380052, India | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| **26d.1** AVES Capital Management Lp, 150 N Riverside Plz Ste 5200, Chicago, IL, 60606 |
| **26d.2** Brex, 650 S 500 W Suite 300 , Salt Lake City, UT, 84101 |
| **26d.3** Caprice Capital Partners, 1230 Rosecrans Ave , Manhattan Beach, CA, 90266 |
| **26d.4** Insperity, 19001 Crescent Springs Dr , Kingwood, TX, 77339 |
| **26d.5** MCCP Investment Partners, 2204 Atlantic St., Stamford, CT, 6902 |
| **26d.6** RSM , 801 Nicollet Mall Suite 1100 , Minneapolis, MN, 55402 |

26d.7

Triangle HealthCare Advisor, 3 Grant Square #111 , Hindsdale, IL, 60521

26d.8

USI , 222 S. Riverside Plaza, Suite 900, Chicago, IL, 60606

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 3rd Party Provider - RGIS, Inc. | 12/14/2023 | $871,710 (Cost) |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|

27.1

Leo LaFranco, 3701 Commercial Avenue, Suite 14, Northbrook, IL, 60062

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 3rd Party Provider - RGIS, Inc. | 3/26/2024 | $967,321 (Cost) |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|

27.2

Leo LaFranco, 3701 Commercial Avenue, Suite 14, Northbrook, IL, 60062

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Ben David, 3701 Commercial Avenue, Suite 14, Northbrook, IL 60062 | CEO | 0 |
| 28.2 Leo LaFranco, 3701 Commercial Avenue, Suite 14, Northbrook, IL 60062 | CFO | 0 |
| 28.3 SMC Lyons Holdings LLC, 311 South Wacker Drive Suite 2640 Chicago, Illinois 60606 | Shareholder | 100 |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1    Patel, Rinku, Address on File | Former CEO | From 2/1/2022    to 2/6/2024 |
| 29.2    Charter, Andrew, Address on File | Former Chief Pharmacy Officer | From 10/19/2022    to 2/26/2024 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Address | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| AMERISOURCE BERG PA | PO Box 100565 | Pasadena | CA | 91189-0565 | 03/11/2024 | $7,810.12 | Trade |
| AMERISOURCE BERG PA | PO Box 100565 | Pasadena | CA | 91189-0565 | 03/25/2024 | $2,302.27 | Trade |
| AMERISOURCE BERG PA | PO Box 100565 | Pasadena | CA | 91189-0565 | 04/10/2024 | $735.64 | Trade |
| AMERISOURCE BERG PA | PO Box 100565 | Pasadena | CA | 91189-0565 | 04/25/2024 | $2,035.89 | Trade |
| AMERISOURCE BERG PA | PO Box 100565 | Pasadena | CA | 91189-0565 | 05/10/2024 | $8,128.11 | Trade |
| AMERISOURCE BERG PA | PO Box 100565 | Pasadena | CA | 91189-0565 | 05/28/2024 | $1,563.94 | Trade |
| | | | | | **AMERISOURCE BERG PA Total** | **$22,575.97** | |
| | | | | | | | |
| ANDA, INC. AC | PO Box 930219 | Atlanta | GA | 31193-0219 | 03/13/2024 | $8,258.37 | Trade |
| ANDA, INC. AC | PO Box 930219 | Atlanta | GA | 31193-0219 | 04/11/2024 | $8,478.11 | Trade |
| ANDA, INC. AC | PO Box 930219 | Atlanta | GA | 31193-0219 | 05/13/2024 | $6,573.07 | Trade |
| | | | | | **ANDA, INC. AC Total** | **$23,309.55** | |
| | | | | | | | |
| ARCUTIS BIOTHERAPEUTICS INC | 3027 Townsgate Rd #300 | Westlake Village | CA | 91361 | 03/18/2024 | $59,845.50 | Trade |
| ARCUTIS BIOTHERAPEUTICS INC | 3027 Townsgate Rd #300 | Westlake Village | CA | 91361 | 04/18/2024 | $103,732.20 | Trade |
| ARCUTIS BIOTHERAPEUTICS INC | 3027 Townsgate Rd #300 | Westlake Village | CA | 91361 | 05/17/2024 | $79,794.00 | Trade |
| ARCUTIS BIOTHERAPEUTICS INC | 3027 Townsgate Rd #300 | Westlake Village | CA | 91361 | 05/31/2024 | $55,855.80 | Trade |
| | | | | | **ARCUTIS BIOTHERAPEUTICS INC Total** | **$299,227.50** | |
| | | | | | | | |
| Armitra Properties Inc | 23211 Hawthorne Blvd, Suite 300 | Torrance | CA | 90505 | 03/26/2024 | $5,552.72 | Lease |
| Armitra Properties Inc | 23211 Hawthorne Blvd, Suite 300 | Torrance | CA | 90505 | 04/25/2024 | $5,552.72 | Lease |
| Armitra Properties Inc | 23211 Hawthorne Blvd, Suite 300 | Torrance | CA | 90505 | 05/31/2024 | $5,552.72 | Lease |
| | | | | | **Armitra Properties Inc Total** | **$16,658.16** | |
| | | | | | | | |
| CityMedRx LLC - 6187 | 97-17 64th Road | Rego Park | NY | 11374 | 04/02/2024 | $10,972.50 | Trade |
| CityMedRx LLC - 6187 | 97-17 64th Road | Rego Park | NY | 11374 | 04/04/2024 | $924.00 | Trade |
| CityMedRx LLC - 6187 | 97-17 64th Road | Rego Park | NY | 11374 | 06/07/2024 | $10,843.40 | Trade |
| | | | | | **CityMedRx LLC - 6187 Total** | **$22,739.90** | |
| | | | | | | | |
| Dermavant Sciences Inc | PO Box 736560 | Dallas | TX | 75373-6560 | 03/28/2024 | $88,224.50 | Trade |
| Dermavant Sciences Inc | PO Box 736560 | Dallas | TX | 75373-6560 | 04/12/2024 | $25,207.00 | Trade |
| Dermavant Sciences Inc | PO Box 736560 | Dallas | TX | 75373-6560 | 04/18/2024 | $25,207.00 | Trade |
| Dermavant Sciences Inc | PO Box 736560 | Dallas | TX | 75373-6560 | 04/25/2024 | $25,207.00 | Trade |
| Dermavant Sciences Inc | PO Box 736560 | Dallas | TX | 75373-6560 | 05/02/2024 | $25,207.00 | Trade |
| | | | | | **Dermavant Sciences Inc Total** | **$189,052.50** | |
| | | | | | | | |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 03/19/2024 | $113.71 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 03/22/2024 | $17,134.87 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 04/25/2024 | $11,849.28 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 05/06/2024 | $1,918.39 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 05/17/2024 | $10,401.09 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 05/20/2024 | $5,798.39 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 06/04/2024 | $19,211.13 | Trade |
| FFF Enterprises Inc - 9450 | PO Box 840150 | Los Angeles | CA | 90084-0150 | 06/07/2024 | $9,102.65 | Trade |
| | | | | | **FFF Enterprises Inc - 9450 Total** | **$75,529.51** | |
| | | | | | | | |
| Forte Bio-Pharma LLC - 1192 | PO Box 29650, DEPT 880412 | Phoenix | AZ | 85038-9650 | 03/18/2024 | $58,387.98 | Trade |
| Forte Bio-Pharma LLC - 1192 | PO Box 29650, DEPT 880412 | Phoenix | AZ | 85038-9650 | 04/11/2024 | $56,052.46 | Trade |
| Forte Bio-Pharma LLC - 1192 | PO Box 29650, DEPT 880412 | Phoenix | AZ | 85038-9650 | 05/10/2024 | $29,768.43 | Trade |
| Forte Bio-Pharma LLC - 1192 | PO Box 29650, DEPT 880412 | Phoenix | AZ | 85038-9650 | 06/07/2024 | $24,293.38 | Trade |
| | | | | | **Forte Bio-Pharma LLC - 1192 Total** | **$168,502.25** | |

**SOFA 3 ATTACHMENT**

Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Address | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 03/14/2024 | $132,586.30 | Trade |
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 03/22/2024 | $92,073.82 | Trade |
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 04/12/2024 | $88,390.86 | Trade |
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 05/02/2024 | $92,073.82 | Trade |
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 05/17/2024 | $92,073.82 | Trade |
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 06/07/2024 | $92,073.82 | Trade |
| ICS Direct | 12601 Collection Center Drive | Chicago | IL | 60693 | 06/07/2024 | $92,073.82 | Trade |
| | | | | | **ICS Direct Total** | **$681,346.26** | |
| | | | | | | | |
| JG Pharma, Inc - 6370 | PO Box 358074 | Pittsburgh | PA | 15251-5074 | 03/18/2024 | $2,067.69 | Trade |
| JG Pharma, Inc - 6370 | PO Box 358074 | Pittsburgh | PA | 15251-5074 | 03/22/2024 | $509.92 | Trade |
| JG Pharma, Inc - 6370 | PO Box 358074 | Pittsburgh | PA | 15251-5074 | 05/17/2024 | $1,917.88 | Trade |
| JG Pharma, Inc - 6370 | PO Box 358074 | Pittsburgh | PA | 15251-5074 | 05/24/2024 | $2,624.60 | Trade |
| JG Pharma, Inc - 6370 | PO Box 358074 | Pittsburgh | PA | 15251-5074 | 06/07/2024 | $1,019.84 | Trade |
| | | | | | **JG Pharma, Inc - 6370 Total** | **$8,139.93** | |
| | | | | | | | |
| Journey Medical Corporation - 5892 | 9237 East Via de Ventura, Suite 105 | Scottsdale | AZ | 85258 | 04/04/2024 | $9,258.13 | Trade |
| Journey Medical Corporation - 5892 | 9237 East Via de Ventura, Suite 105 | Scottsdale | AZ | 85258 | 05/03/2024 | $2,483.77 | Trade |
| Journey Medical Corporation - 5892 | 9237 East Via de Ventura, Suite 105 | Scottsdale | AZ | 85258 | 06/07/2024 | $1,365.02 | Trade |
| | | | | | **Journey Medical Corporation - 5892 Total** | **$13,106.92** | |
| | | | | | | | |
| Mayne Pharma - 586B | PO Box 603644 | Charlotte | NC | 28260-3644 | 03/29/2024 | $8,788.40 | Trade |
| Mayne Pharma - 586B | PO Box 603644 | Charlotte | NC | 28260-3644 | 04/05/2024 | $12,418.56 | Trade |
| | | | | | **Mayne Pharma - 586B Total** | **$21,206.96** | |
| | | | | | | | |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 03/15/2024 | $64,918.93 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 03/22/2024 | $55,865.09 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 03/29/2024 | $69,637.24 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 04/05/2024 | $42,811.18 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 04/12/2024 | $112,584.18 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 04/19/2024 | $69,022.27 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 04/26/2024 | $48,292.25 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 05/03/2024 | $48,747.25 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 05/10/2024 | $101,655.44 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 05/17/2024 | $57,600.91 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 05/24/2024 | $79,171.45 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 05/31/2024 | $82,179.23 | Trade |
| MCKESSON DRUG AU | PO Box 730477 | Dallas | TX | 75373-0477 | 06/07/2024 | $98,617.18 | Trade |
| | | | | | **MCKESSON DRUG AU Total** | **$931,102.60** | |
| | | | | | | | |
| ParMed XX | PO Box 90272 | Chicago | IL | 60696-0272 | 03/26/2024 | $8,721.82 | Trade |
| ParMed XX | PO Box 90272 | Chicago | IL | 60696-0272 | 04/11/2024 | $4,814.71 | Trade |
| ParMed XX | PO Box 90272 | Chicago | IL | 60696-0272 | 04/26/2024 | $4,950.93 | Trade |
| ParMed XX | PO Box 90272 | Chicago | IL | 60696-0272 | 05/13/2024 | $542.53 | Trade |
| ParMed XX | PO Box 90272 | Chicago | IL | 60696-0272 | 05/28/2024 | $1,297.80 | Trade |
| | | | | | **ParMed XX Total** | **$20,327.79** | |
| | | | | | | | |
| Virtus Pharmaceuticals LLC - 0531 | PO Box 947177 | Atlanta | GA | 30394-7177 | 03/18/2024 | $9,500.00 | Trade |
| Virtus Pharmaceuticals LLC - 0531 | PO Box 947177 | Atlanta | GA | 30394-7177 | 03/26/2024 | $7,448.00 | Trade |
| Virtus Pharmaceuticals LLC - 0531 | PO Box 947177 | Atlanta | GA | 30394-7177 | 05/03/2024 | $9,310.00 | Trade |
| | | | | | **Virtus Pharmaceuticals LLC - 0531 Total** | **$26,258.00** | |
| | | | | | | | |
| | | | | | **Grand Total:** | **$2,519,083.80** | |

In re: Concierge Pharmacy LLC
Case No. 24-11211

**Fill in this information to identify the case:**

Debtor name: Concierge Pharmacy LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-11211

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
7/3/2024

/s/ Leo LaFranco                                          Leo LaFranco

Signature of individual signing on behalf of debtor        Printed name

Chief Financial Officer

Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No

☐ Yes