IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: August 1, 2024, at 1:00 p.m. (Eastern Time)<br>Objection Deadline: July 25, 2024, at 4:00 p.m. (Eastern Time) |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
RICHARDS, LAYTON & FINGER, P.A., AS SPECIAL LITIGATION
COUNSEL EFFECTIVE AS OF JUNE 19, 2024**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this application (the "**Application**") pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order authorizing the retention and employment of Richards, Layton & Finger, P.A. ("**RLF**") as special litigation counsel to the Debtors effective as of June 19, 2024 (the "**Retention Date**"). The facts and circumstances supporting this Application are set forth

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

herein, in the declaration of Kelly E. Farnan (the "**Farnan Declaration**"), attached hereto as **Exhibit A**, which is incorporated herein by reference. In support of this Application, the Debtors respectfully state as follows.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b), and 5002, and Local Rule 2014-1.

## BACKGROUND

4. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4882-1429-9338, v. 3

6.     On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67]. No trustee or examiner has been appointed in the Chapter 11 Cases.

7.     On or about June 17, 2024, Skin Medicinals LLC ("**SM**") commenced an adversary proceeding styled *Skin Medicinals LLC v. Optio Rx, LLC, Ben David, Aurn Suresh Kumar, and Lisa Bassett Ippolito*, Adversary No. 24-50079 (TMH) (the "**SM Adversary Proceeding**"). In connection with the SM Adversary Proceeding, SM seeks in part, a preliminary injunction among other relief.

8.     Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

## RELIEF REQUESTED

9.     By this Application, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, authorizing the employment and retention of RLF as their special litigation counsel in connection with the SM Adversary Proceeding in these Chapter 11 Cases effective as of June 19, 2024.

## RLF'S QUALIFICATIONS

10.    The Debtors seek to retain RLF because of the firm's extensive experience with complex commercial and intellectual property litigation in Delaware state and federal courts, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Accordingly, the Debtors have determined that RLF has the

resources and experience necessary to represent them in these cases in connection with the SM Adversary Proceeding. The Debtors believe that RLF's employment is in the best interest of the Debtors, their estates and their creditors. Thus, the Debtors desire that RLF represent them in connection with the SM Adversary Proceeding.

## SCOPE OF EMPLOYMENT

11. RLF will serve as counsel to the Debtors in connection with the SM Adversary Proceeding. RLF's services will include all aspects of the litigation, including preliminary analysis, investigation, interviewing prospective witnesses and persons with knowledge of the facts, document review, legal research, discovery, motions, court proceedings, trial and appeal.

## PROFESSIONAL COMPENSATION

12. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). RLF intends to apply for compensation for professional services rendered in connection with the SM Adversary Proceeding subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by RLF. RLF has advised the Debtors that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtors are as follows:

| PROFESSIONAL | RATE PER HOUR |
|---|---|
| Jeff Moyer, Director | $1,095.00 |
| Chad Shandler, Director | $1,050.00 |
| Kelly Farnan, Director | $1,050.00 |

4882-1429-9338, v. 3

| PROFESSIONAL | RATE PER HOUR |
|---|---:|
| Katharine Mowery, Director | $995.00 |
| Sara Metzler, Associate | $775.00 |
| Edmond Kim, Associate | $625.00 |
| Jessica Blau, Associate | $525.00 |
| Paralegals | $395.00 |
| Case Management Assistants | $295.00 |

13. Other attorneys and paralegals will render services to the Debtors as needed. The Debtors understand that the hourly rates set forth above are subject to periodic adjustments in the ordinary course of business.

14. The hourly rates set forth above are RLF's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate RLF for its work and to cover fixed and routine overhead expenses. It is RLF's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. RLF will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients, subject to this Court's approval of such expenses pursuant to the Bankruptcy Code, such Bankruptcy Rules as may from time to time be applicable, such Local Rules as may from time to

time be applicable, and such procedures as may be fixed by order of this Court. RLF believes that failure to charge these expenses would require the firm to increase its current hourly rates.

15. RLF intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Farnan Declaration and related documents, as well as any monthly fee statements or interim or final fee applications.

16. Other than as set forth herein, there is no proposed arrangement to compensate RLF. RLF has not shared, nor agreed to share: (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of RLF; or (b) any compensation another person or party has received or may receive.

17. By separate application, the Debtors will ask the Court to approve the retention of (a) Chipman Brown Cicero & Cole, LLP as Debtors' counsel; (b) Paladin Management Group as financial advisor; and (c) Stretto, Inc. as administrative advisor. The Debtors may also file motions or applications to employ additional professionals and/or ordinary course professionals. RLF will work closely with the Debtors' other professionals to avoid any unnecessary duplication of effort.

## DISINTERESTEDNESS

18. To the best of the Debtors' knowledge and as disclosed herein and in the Farnan Declaration: (a) RLF is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RLF does not hold or represent an interest adverse to the Debtors' estates; and (c) RLF's partners and associates have no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Farnan Declaration.

## BASIS FOR RELIEF

19. Section 327(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

20. Moreover, Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

21. The Debtors have selected RLF to represent them in the SM Adversary Proceeding because of the firm's extensive experience with complex commercial and intellectual property litigation in Delaware state and federal courts, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Thus, the Debtors believe that RLF is the best qualified law firm to act as counsel for the Debtors in connection with the SM Adversary Proceeding. As set forth in the Farnan Declaration: (a) RLF does not represent or hold any interest adverse to the Debtors or their estates; and (b) RLF constitutes a "disinterested person" for purposes of section 327(a) of the Bankruptcy Code. Accordingly, the Debtors submit that retention of RLF effective as of June 19, 2024 is in the best interests of the Debtors, their estates, their creditors, and all other parties-in-interest.

## BANKRUPTCY RULE 5002

22. As set forth in the Farnan Declaration, no partner or associate of RLF is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of

Delaware, the attorney for the U.S. Trustee assigned to these Chapter 11 Cases or any other employee of the U.S. Trustee. Accordingly, the appointment of RLF is not prohibited by Bankruptcy Rule 5002.

### REQUEST FOR APPROVAL OF RETENTION OF RLF EFFECTIVE AS OF JUNE 19, 2024

23. The Debtors request that RLF's retention be made effective as of June 19, 2024 in order to allow RLF to be compensated for the work it performs for the Debtors as of and following the Retention Date and prior to the Court's consideration of this Application. On the Retention Date, RLF turned its attention to urgent matters including, but not limited to, preparation for an emergency preliminary injunction hearing. The Debtors submit that under the circumstances, and to avoid irreparable harm to the Debtors' estates that may occur if RLF is not immediately retained, retroactive approval to the Retention Date is warranted. *See, e.g., Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988), cert. denied, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent as of a prior date was not an abuse of discretion).

### NOTICE AND NO PRIOR REQUEST

24. Notice of this Application will be provided to the following parties, or to their counsel: (a) the Office of the United States Trustee for the District of Delaware, (b) the Committee or its proposed counsel, (c) counsel to the DIP lenders, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

25. No prior request for the relief sought in this Application has been made to this or any other court.

4882-1429-9338, v. 3

- 9 -

**WHEREFORE**, the Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated:  July 11, 2024    **OPTIO RX, LLC**

By:   /s/ *Leo LaFranco*
Leo LaFranco
Chief Financial Officer