**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: August 1, 2024, at 1:00 p.m. (Eastern Time)<br>Objection Deadline: July 25, 2024, at 4:00 p.m. (Eastern Time) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**APPROVING PROCEDURES FOR THE RETENTION AND**
**COMPENSATION OF ORDINARY COURSE PROFESSIONALS**

OptioRx, LLC and its affiliated debtors (collectively, the "**Debtors**" or the "**Company**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**" and, if entered, the "**Order**"), granting the relief described below. In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of the Chapter 11 Cases and related proceedings is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are sections 105(a), 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"). Such relief is also appropriate in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2014-1.

## BACKGROUND

5. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these

Chapter 11 Cases [Docket No. 67].[2]  No trustee or examiner has been appointed in the Chapter 11 Cases.

8. A description of the Debtors' businesses and reasons for filing these Chapter 11 Cases is set forth in detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

## RELIEF REQUESTED

9. By this Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, the Debtors request entry of an order approving procedures for the retention and compensation of certain professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") effective as of the Retention Date (defined below), without the submission of separate retention applications or entry of separate retention orders for each such Ordinary Course Professional.

## THE ORDINARY COURSE PROFESSIONALS

10. The Debtors employ a limited number of Ordinary Course Professionals to provide services in matters unrelated to the Chapter 11 Cases.  A non-exclusive list of Ordinary Course Professionals that the Debtors employ as of the Petition Date is attached hereto as **Exhibit B** (the "**Ordinary Course Professionals List**").[3]  The Debtors seek to continue employing such Ordinary Course Professionals in the same manner and for the same purposes as the Ordinary Course Professionals were retained before the Petition Date.  In the past, the Ordinary Course

---

[2] The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

[3] The Debtors may require the services of additional Ordinary Course Professionals while the Chapter 11 Cases are active.  If the Debtors seek to retain additional Ordinary Course Professionals during the Chapter 11 cases, then such additional professionals will comply with the practices and requirements set forth herein and the Debtors shall file a Supplemental Notice of Ordinary Course Professionals (*as defined herein*).

Professionals have rendered services primarily related to specialized legal services, tax services, and auditing services.

11. The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interests of their estates and their stakeholders. The Ordinary Course Professionals have a great deal of background knowledge, expertise, and familiarity with the Debtors and their businesses. Thus, the Debtors believe that the continued employment of the Ordinary Course Professionals, many of whom are already familiar with the Debtors' businesses and affairs, is necessary to avoid disruption of the Debtors' businesses.

12. Furthermore, the relief requested will save the Debtors' estates the substantial expense associated with applying for separate court approval for the employment of each Ordinary Course Professional. The requested relief also will avoid the incurrence of substantial additional fees relating to the preparation and prosecution of interim and final fee applications. Likewise, the procedures outlined below will relieve the Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

**THE PROPOSED PROCEDURES FOR RETENTION AND COMPENSATION OF <u>ORDINARY COURSE PROFESSIONALS</u>**

13. By this Motion, the Debtors request that the Court approve the following procedures for retention and payment of the Ordinary Course Professionals:

(a) Within fifteen (15) days of the later of the entry of an order granting the relief requested in this Motion or the date on which the retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (the "**Ordinary Course Professional Declaration**"), substantially in the form attached hereto as **<u>Exhibit C</u>**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates. In addition, each Ordinary Course Professional shall periodically update its Ordinary Course Professional Declaration to the extent necessary to reflect new facts or circumstances relevant to their retention.

(b) The Debtors' attorneys shall promptly file each Ordinary Course Professional Declaration with the Court and serve such documents on the following parties (collectively, the "**Reviewing Parties**"):

    i. The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Jonathan W. Lipshie, Esquire (jon.lipshie@usdoj.gov); and

    ii. counsel to the Committee appointed in these cases.

(c) The Reviewing Parties shall then have ten (10) days following such service (the "**Objection Deadline**") to notify the Debtors, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration. The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(d) If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph 13(c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced providing services to the Debtors (the "**Retention Date**").

(e) If an objection is asserted by a Reviewing Party in accordance with paragraph 13(c) above and such objection is not resolved within ten (10) days of the Objection Deadline (the "**Resolution Deadline**"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least fourteen (14) days from the Resolution Deadline (unless otherwise agreed to by the Debtors and the objecting Reviewing Party). No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional has been retained in accordance with these procedures.

(f) Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors are authorized, but not directed to pay each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, 100% of the post-Retention Date fees and disbursements incurred; *provided*, *however*, that for each Ordinary Course Professional, the total fees incurred and paid, excluding costs, expenses and disbursements, shall not exceed the monthly fee and expense cap for that Ordinary Course Professional set forth in **Exhibit B** (the "**Monthly Cap**").

(g) If an Ordinary Course Professional seeks payment of an amount that is more than the applicable Monthly Cap in a given period, such Ordinary Course Professional will be required to, on or about the 20th day of the month following the period for

which the additional fees and disbursements are being sought, serve a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and any applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court ("**Fee Application**") for the full amount of fees and disbursements sought in such month on the Reviewing Parties; *provided, however*, that the Monthly Cap may be increased for an Ordinary Course Professional for a given period by agreement among the Debtors and the Reviewing Parties; *provided further* that, if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenth-of-an-hour increments, and indicates that to be the case in its Ordinary Course Professional Declaration, the requirements of Local Rule 2016-2 may be waived to permit said Ordinary Course Professional to submit time records in other reasonable time increments and set forth a description of the services rendered and the professionals rendering such services on behalf of the Debtors. In connection with any invoices or Fee Application filed by an Ordinary Course Professional that is an attorney, that Ordinary Course Professional shall make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013.

  i. If any Reviewing Party has an objection to the compensation or reimbursement sought in a particular Fee Application, such party shall, within fourteen (14) calendar days following the service of the relevant Fee Application (the "**Fee Application Objection Deadline**"), serve upon the Debtors, the Ordinary Course Professional whose Fee Application is objected to, and the other Reviewing Parties, a written objection setting forth the nature of the objection and the amount of fees or expenses at issue. The Debtors may extend the Fee Application Objection Deadline as to any Reviewing Party without further order of the Court.

  ii. If the Debtors do not receive an objection to a particular Fee Application on or prior to the Fee Application Objection Deadline, the Debtors shall promptly thereafter pay all fees and expenses identified in such Fee Application to which no objection has been served in accordance with paragraph 13(g)(i) above.

  iii. If the Debtors receive an objection to a particular Fee Application served in accordance with paragraph 13(g)(i) above on or prior to the Fee Application Objection Deadline, they shall withhold payment of that portion of the Fee Application to which the objection is directed and promptly thereafter pay the remainder of the fees and disbursements unless the Court, upon notice and a hearing, directs payment to be made.

  iv. If the parties to an objection are able to resolve their dispute, and if the applicable Ordinary Course Professional serves upon the Reviewing Parties a statement indicating that the objection is withdrawn and describing in

        detail the terms of the resolution, then the Debtors shall promptly thereafter pay that portion of the Fee Application no longer subject to an objection.

        v. All objections served in accordance with these procedures and not resolved by the relevant parties shall be preserved and presented to the Court on notice.

(h) At three-month intervals during the pendency of the Chapter 11 Cases (each, a "**Quarter**"), beginning with the three-month interval which commences on the Petition Date and ending on August 31, 2024, the Debtors shall file with the Court and serve on the Reviewing Parties, no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount of fees and expenses incurred for each Ordinary Course Professional during each month of the reported Quarter; (iii) the aggregate amounts of fees and expenses paid for each Ordinary Course Professional during each month of the reported Quarter; and (iv) all post-petition payments made to that Ordinary Course Professional through the reported Quarter.

(i) The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Cases, provided that the Debtors and such Ordinary Course Professionals comply with these procedures.

(j) If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professional Lists during the Chapter 11 Cases, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant Ordinary Course Professional Declarations within thirty (30) days of such additional Ordinary Course Professional commencing work for the Debtors.

(k) If no objection to the Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Debtors' counsel as set forth above, so as to be actually received within fourteen (14) days after the service thereof, the list set forth in the Supplemental Notice of Ordinary Course Professionals will be deemed approved by the Court and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

## BASIS FOR RELIEF REQUESTED

14. Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. 11 U.S.C. § 327.

In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, whether the entity must be retained by express approval of the Court, courts generally consider whether such entity is involved in the debtor's actual restructuring effort, rather than the debtor's ongoing business. *See, e.g., In re The Dairy Dozen-Milnor, LLP*, 441 B.R. 918, 922 (Bankr. D.N.D. 2010); *In re Bartley Lindsay Co.*, 137 B.R. 305, 308 (Bankr. D. Minn. 1991); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."); *In re SageCrest II, LLC*, Case No. 08-50754, 2010 Bankr. LEXIS 1645, at *23 (Bankr. D. Conn. May 18, 2010), aff'd, 2011 U.S. Dist. LEXIS 3517 (D. Conn. Jan. 14, 2011); *In re Cyrus II P'ship*, Case No. 05-39857, 2008 WL 3003824, at *2-3 (Bankr. S.D. Tex. July 31, 2008); *see also* 11 U.S.C. § 363(c) (permitting the debtors to "enter into transactions . . . in the ordinary course of business, without notice or a hearing."). In making this determination, courts often consider the following factors:

(a) whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b) whether the entity is involved in negotiating the terms of a plan of reorganization;

(c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business;

(d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e) the extent of the entity's involvement in the administration of the debtor's estate; and

(f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, Case No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981) ("For the purposes of section 327(a), 'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceeding."); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (finding that only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

15. The foregoing factors must be considered in the totality when determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. *See First Merchs.*, Case No. 97-1500, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered *in toto*.").

16. The Debtors submit that the Ordinary Course Professionals' employment relates only indirectly to the Debtors' restructuring efforts. In light of the fact that the Ordinary Course Professionals will not be involved in administering the Chapter 11 Cases, the Debtors believe that the Ordinary Course Professionals are not "professionals" whose retention must be approved by the Court under section 327 of the Bankruptcy Code. Specifically, the Ordinary Course Professionals will provide services in connection with the Debtors' ongoing businesses, such services that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested herein to establish clear mechanisms for the retention and payment of the Ordinary Course Professionals and thereby avoid any subsequent controversy with respect thereto. Moreover, the Debtors submit that, in light of the additional cost associated with the preparation of retention applications for professionals who will

receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtors request that the Court dispense with any requirement of individual employment applications and retention orders for each Ordinary Course Professional.

17. The Debtors do not believe that any of the Ordinary Course Professionals hold unsecured claims against the Debtors for prepetition services rendered to the Debtors. However, to the extent that they do, the Debtors do not believe that any Ordinary Course Professional has an interest adverse to the Debtors or their estates with respect to the matters for which they are to be employed, and thus all of the Ordinary Course Professionals that the Debtors propose to retain meet the applicable retention requirements under section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.[4]

18. Other than the Ordinary Course Professionals, all professionals employed by the Debtors during the Chapter 11 Cases will be retained by the Debtors pursuant to separate retention applications. Such professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of the Court.

19. Finally, relief similar to that requested herein has been granted in other large chapter 11 cases by courts in this jurisdiction. *See, e.g.*, *In re Francesca's Holdings Corporation*, Case No. 20-13076 (BLS) (Bankr. D. Del. Dec. 8, 2020); *In re Northwest Hardwood, Inc.*, Case No. 20-13005 (CSS) (Bankr. D. Del. Nov. 24, 2020); *In re Chaparral Energy, Inc.*, Case No. 20-11947 (MFW) (Bankr. D. Del. Aug. 24, 2020); *In re Skillsoft Corp.*, Case No. 20- 11532 (MFW)

---

[4] To the extent that any Ordinary Course Professional holds a prepetition claim against the Debtors, such claims are not being waived as a condition to being designated as Ordinary Course Professionals by the Debtors.

(Bankr. D. Del. July 6, 2020) (D.I. 162); *In re Libbey Glass Inc.*, Case No. 20-11439 (LSS) (Bankr. D. Del. July 1, 2020) (D.I. 222); *In re Exide Holdings, Inc.*, Case No. 20-11157 (CSS) (Bankr. D. Del. June 26, 2020) (D.I. 385); *In re The Hertz Corporation*, Case No. 20-11218 (MFW) (Bankr. D. Del. June 24, 2020) (D.I. 547); *In re Akorn, Inc.*, Case No. 20-11177 (KBO) (Bankr. D. Del. June 23, 2020) (D.I. 222); *In re RentPath Holdings, Inc.*, Case No. 20-10312 (BLS) (Bankr. D. Del. Mar. 10, 2020) (D.I. 174).

## **RESERVATION OF RIGHTS**

20.  Nothing contained herein is intended or should be construed as, or deemed to constitute (a) an admission as to the amount, basis for, or validity of any agreement or claim against the Debtors under the Bankruptcy Code or applicable nonbankruptcy law; (b) a waiver or impairment of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of the type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or applicable law. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **NOTICE**

21.  Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Attorney for the District of Delaware; (iii)

proposed counsel for the Committee; (iv) counsel to the DIP Lenders; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the motion and such other relief as may be appropriate.

Dated: July 11, 2024  
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)  
David W. Carickhoff (No. 3715)  
Mark D. Olivere (No. 4291)  
Alan M. Root (No. 5427)  
Hercules Plaza  
1313 North Market Street, Suite 5400  
Wilmington, Delaware 19801  
Telephone: (302) 295-0191  
Email: chipman@chipmanbrown.com  
carickhoff@chipmanbrown.com  
olivere@chipmanbrown.com  
root@chipmanbrown.com

*Proposed Counsel for Debtors and Debtors in Possession*