# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Related to D.I. 200** |

## FIRST SUPPLEMENTAL DECLARATION OF EVAN T. MILLER IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF SAUL EWING LLP AS COUNSEL TO THE COMMITTEE EFFECTIVE AS OF JUNE 26, 2024

Evan T. Miller hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the law firm of Saul Ewing LLP ("Saul Ewing"), which maintains offices for the practice of law at 1201 N. Market Street, Suite 2300, Wilmington, DE 19801, as well as in Philadelphia, Pittsburgh, Harrisburg, and Chesterbrook, Pennsylvania; Newark and Princeton, New Jersey; New York, New York; Baltimore, Maryland; Boston, Massachusetts; Chicago, Illinois; Minneapolis, Minnesota; Fort Lauderdale, Miami, and West Palm Beach, Florida; Los Angeles and Orange County, California; and Washington, D.C.

2. I am authorized to submit this declaration (the "Supplemental Declaration") in further support of the *Application of the Official Committee of Unsecured Creditors for an Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

*Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Counsel, Effective as of June 26, 2024* [D.I. 200] (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

3. I submit this declaration by way of further supplement to the *Declaration of Evan T. Miller in Support of the Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Counsel, Effective as of June 26, 2024* (the "Initial Declaration") filed in connection with the Application, and attached as Exhibit B to such application.

4. Attached as Schedule 1 to the Initial Declaration is a list of potential parties in interest in the Chapter 11 Cases (the "Potential Parties in Interest List"). As noted in the Initial Declaration, all of the entities on the Potential Parties in Interest List were searched through Saul Ewing's computer system and circulated to all attorneys at Saul Ewing to determine whether Saul Ewing has any relationship therewith.

5. Schedule 2 to the Initial Declaration disclosed that Saul Ewing had a connection with Philip Altman, Jacob's Pill's Inc., and PIA Holdings, Inc. (collectively, "Altman and its Affiliates") prior to the filing of the above-captioned case (the "Chapter 11 Case"). Saul Ewing previously represented Altman and its Affiliates when the Debtors stopped making payments on a seller note arising from the Debtors' purchase of a pharmacy from Altman and its Affiliates because the Debtors were in default on their senior lending obligations.

6. Saul Ewing's engagement began in approximately November 2022 and primarily involved in (a) trying to obtain information from the Debtors regarding the default on their senior

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

loan; and (b) denying and responding to certain communications by the Debtors. Saul Ewing's services to Altman and its Affiliates largely ceased in approximately August 2023, and its engagement was essentially over when the Chapter 11 Case was filed on June 7, 2024. At that time, Mark Minuti ("Minuti"), partner at Saul Ewing, reached out to Altman and its Affiliates to advise them of the filing of the Chapter 11 Case. Minuti attended the Debtors' first day hearings. Neither Minuti nor Saul Ewing received any information which would create a conflict in Saul Ewing's representation of the Committee or impair, in any way, the firm's ability to represent the Committee.

7. Moreover, Saul Ewing's termination of services was formally documented and communicated to all relevant parties and the Committee. Saul Ewing informed the Committee of our firm's prior connection with Altman and its Affiliates before the Committee selected Saul Ewing as its counsel. The Committee conducted its due diligence and, after thorough consideration, selected Saul Ewing with full knowledge of its prior relationship with Altman and its Affiliates. Additionally, Altman and its Affiliates hired Damien Tancredi, at Flaster Greenberg, as their counsel in the Chapter 11 Case, prior to Saul Ewing even interviewing as counsel for the Committee.

8. The Initial Declaration provided that Saul Ewing would continue to supplement the Initial Declaration as appropriate upon completion of its additional search and as additional creditors, equity holders, or parties-in-interest are identified in the case. Saul Ewing will continue to supplement its disclosure as is necessary throughout the Chapter 11 Case.

9. Except as otherwise set forth in the Initial Declaration or this Supplemental Declaration, insofar as I have been able to ascertain, the partners, counsel, and associates of Saul Ewing do not have any connection with the Debtors, the Debtors' officers and directors, the

Debtors' creditors, the Debtors' equity security holders, and other known parties in interests or their respective attorneys and accountants.

10. Accordingly, based upon information available to me, Saul Ewing is a "disinterested person" within the meaning of the Bankruptcy Code with respect to the matters upon which Saul Ewing is to be engaged in these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 22, 2024            */s/ Evan T. Miller*
                                         Evan T. Miller