IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. 204** |

### *SUPPLEMENTAL* DECLARATION OF LEO LAFRANCO IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF JUNE 19, 2024

I, Leo LaFranco, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I have been employed with Optio Rx, LLC ("**Optio Rx**" and together with certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**," or the "**Company**") since 2022, when I joined the Company to become its Chief Financial Officer ("**CFO**"). I hold a BBA in Accounting from the University of Notre Dame and an MBA from the University of Chicago, Booth School of Business. I am also a certified public accountant.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

2. In my capacity as CFO of the Debtors, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, competent to testify, and authorized to submit this declaration on behalf of the Debtors.

3. I submit this declaration (the "**Supplemental Declaration**") in further support of the *Application of Debtors for Entry of an Order Authorizing Retention and Employment of Richards, Layton & Finger, P.A. as Special Litigation Counsel Effective as of June 19, 2024* [Docket No. 204] (the "**Application**") filed on July 11, 2024.[2]

4. This Supplemental Declaration is intended to supplement, but not replace, the *Declaration of Leo LaFranco in Support of Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of Richards, Layton & Finger, P.A. as Special Litigation Counsel Effective as of June 19, 2024* (the "**Original Declaration**").

5. Except as otherwise noted, all facts in this Supplemental Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

6. The Debtors recognize that a comprehensive review process is necessary when selecting and managing litigation counsel to ensure that the professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-restructuring engagements.

7. Considering the expedited time frame in connection with the SM Adversary Proceeding and pending preliminary injunction hearing, the Debtors received proposals from, and

---

[2] Capitalized terms used but not defined in this Supplemental Declaration shall have the meanings ascribed to them in the Application.

interviewed, two separate law firms. By comparison, the proposal received from RLF was superior in several ways, including that RLF's estimated fees were lower, and the other firm insisted on all estimated fees being paid in advance by the Debtors.

8. As provided in the Original Declaration, the Debtors seek to retain RLF because of the firm's extensive experience with complex commercial and intellectual property litigation in Delaware state and federal courts, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Accordingly, the Debtors have determined that RLF has the resources and experience necessary to represent them in these cases in connection with the SM Adversary Proceeding. The Debtors believe that RLF's employment is in the best interest of the Debtors, their estates and their creditors. Thus, the Debtors desire that RLF represent them in connection with the SM Adversary Proceeding.

9. RLF has informed the Debtors that their hourly rates for bankruptcy representations are comparable to (a) the hourly rates they charge for the non-bankruptcy representations: and (b) the rates of other comparably skilled professionals in the nation marketplace for legal services. Having had experience with large law firms, I can verify the rates charged by RLF in connection with the representation are within the range typically charged by similar firms in complex matters.

10. The Debtors recognize that in large Chapter 11 Cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and RLF. The Debtors also recognize that it is their responsibility to closely monitor the billing practices of RLF and their other professionals to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations considering the exigencies and other circumstances of these Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the regular invoices submitted by RLF.

- 4 -

11. As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these Chapter 11 Cases and ensure the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with RLF, will use the budgeting process to provide guidance on the time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: Northbrook, Illinois
      July 25, 2024

By: */s/ Leo LaFranco*
Name: Leo LaFranco
Title: Chief Financial Officer, Optio Rx, LLC