# EXHIBIT B

**(Blackline)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. 118** |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PALADIN MANAGEMENT GROUP, LLC AS FINANCIAL ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the Debtors to employ and retain Paladin Management Group, LLC ("**Paladin**"), as financial advisors to the Debtors effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and pursuant to the terms and conditions of the Engagement Letter, subject to the limitations and modifications provided for herein; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that Paladin does not hold or represent an interest adverse to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon the record of the hearing (if any held) to consider the relief requested in the Application, the Avila Declaration, filed contemporaneously with the Application, and all proceedings had before this Court; and that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a) and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Paladin as their financial advisor, effective as of the Petition Date, on the terms set forth in the Engagement Letter, a copy of which is attached as <u>Exhibit C</u> to the Application.

3. <u>Notwithstanding anything contained in the Application, the Engagement Letter, or any documents ancillary thereto,</u> Paladin shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections ~~328,~~ 330, and 331 of the Bankruptcy Code (as applicable) and

applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

    4.    Paladin is authorized without further order of the Court to reserve and apply amounts from the prepetition Retainer that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Paladin for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

    5.    Notwithstanding anything contained in the Application, the Engagement Letter, or any documents ancillary thereto, Paladin shall not be compensated or reimbursed for, or in connection with, the defense of its fee applications.

    6.    ~~5.~~ The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of the Debtors' Chapter 11 Cases to the following:

(a) ~~Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Paladin for any claims arising from, related to, or in connection with the services to be provided by Paladin as specified in the Application, but not for any claim arising from, related to, or in connection with Paladin's postpetition performance of any other services other than those in connection with the engagement~~ No Indemnified Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such ~~post-petition~~ services and the indemnification ~~therefor~~, contribution or reimbursement therefore are approved by this Court~~;~~.

(b) ~~Notwithstanding any provisions of the Engagement Letter to the contrary, the~~ The Debtors shall have no obligation to indemnify ~~Paladin~~ any Indemnified Party, or provide contribution or reimbursement to ~~Paladin (i)~~ any Indemnified Party, for any claim or expense ~~that~~ to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from ~~Paladin's bad faith, self-dealing, breach of fiduciary duty (if any)~~ any Indemnified Party's gross negligence, willful misconduct or ~~gross negligence,~~ bad faith; (ii) for a contractual dispute in which the Debtors ~~alleges the~~ allege breach of Paladin's contractual obligations ~~if the~~, unless this Court determines that indemnification, contribution~~,~~ or reimbursement would ~~not~~ be permissible pursuant to *In re United Artists Theatre Company*, ~~et. al.,~~ 315 F.3d 217 (3d Cir. 2003)~~,~~; or (iii) ~~for any claim or expense that is~~ settled prior to a judicial

3

determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by ~~the~~this Court, after notice and a hearing pursuant to subparagraph (c)~~, infra,~~ hereof to be a claim or expense for which ~~Paladin r~~the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order~~; and~~.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in ~~these cases~~the Chapter 11 Cases (that order having become a final order no longer subject to appeal)~~,~~ and (ii) the entry of an order closing ~~these~~the Chapter 11 Cases, ~~Paladin~~ an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the ~~Application,~~ Engagement Letter (as modified by this Order), including~~,~~ without limitation, the advancement of defense costs, ~~Paladin~~the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to ~~Paladin~~the Indemnified Party before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which ~~the~~this Court shall have jurisdiction over any request for fees and expenses by ~~Paladin~~any Indemnified Party for indemnification, contribution and/or reimbursement, and not ~~as~~ a provision limiting the duration of the Debtors' obligation to ~~Paladin~~indemnify, or make contributions or reimbursements to, the Indemnified Party.  All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution and/or reimbursement.

7. Any limitation of liability contained in the Application, the Engagement Letter, or any documents ancillary thereto shall not apply as to any losses, claims, damages or liabilities for which Paladin would not be entitled to indemnification pursuant to this Order.

8. ~~6.~~ Paladin shall provide ten (10) business days' advance notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. ~~7.~~ The Debtors and Paladin are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

4

10.    ~~8.~~ Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

11.    ~~9.~~ To the extent the Application, the Avila Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12.    ~~10.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    ~~11. This~~Notwithstanding anything contained in the Application, the Engagement Letter, or any documents ancillary thereto, the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4887-1087-4833, v. ~~1~~2

Document comparison by Workshare Compare on Thursday, July 25, 2024 12:33:48 PM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4887-1087-4833/1 |
| Description | OptioRx - As Filed PFO Re Paladin Management Group's Retention Application |
| Document 2 ID | netdocuments://4887-1087-4833/2 |
| Description | OptioRx - As Filed PFO Re Paladin Management Group's Retention Application |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 46 |
| Deletions | 43 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 89 |