IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. 116** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHIPMAN BROWN CICERO & COLE, LLP AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order, pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the retention and employment of Chipman Brown Cicero & Cole, LLP ("**CBCC**") as counsel to the Debtors effective as of the Petition Date; the Court, having reviewed the Application, the Chipman Declaration and the LaFranco Declaration, finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

§§ 157 and 1334, that this is a core matter pursuant to 28 U.S.C. § 157(b)(2), that notice of the Application was sufficient under the circumstances, and that no further notice need be given; and the legal and factual bases set forth in the Application established just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth herein, the Application is GRANTED.

2. Pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Rules 2014(a), 2016(b) and 5002, and Local Rule 2014-1, the Debtors are authorized to retain and employ CBCC as counsel effective as of the Petition Date.

3. CBCC shall be compensated in accordance with the procedures set forth in the Application, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.

4. CBCC shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

5. CBCC shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in the Chapter 11 Cases before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6. To the extent that there may be any inconsistency between the terms of the Application, the Chipman Declaration, and this Order, the terms of this Order shall govern.

7. Notwithstanding anything in the Application to the contrary, CBCC shall not be entitled to recover any attorney fees or expenses for defending its fee applications in these cases.

8. CBCC shall make reasonable efforts to avoid the duplication of services provided by any of the Debtors' other retained Professionals in these Chapter 11 Cases.

9. The terms of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

**Dated: July 29th, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

4863-1228-1286, v. 2