IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| | (Jointly Administered) |
| Debtors.[1] | **Related Docket No. 117** |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), authorizing the Debtors to retain and appoint Stretto, Inc. ("**Stretto**") as administrative advisor ("**Administrative Advisor**") effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, all as more fully set forth in the Application; and upon the Betance Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms of the Engagement Agreement attached to the Application as Exhibit B, the Application is approved as set forth herein.

2. The Debtors are authorized to retain Stretto as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Stretto is authorized to take such other action as may be reasonable or necessary to comply with all duties set forth in the Application.

4860-5299-6817, v. 2

4. Stretto shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date as Administrative Advisor in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The indemnification provisions included in the Engagement Agreement are approved, subject to the following

(a) No Indemnified Party (as that term is defined in the Engagement Agreement) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

(b) The Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Party's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Stretto's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Party for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party. All parties in interest shall retain the right to object to any

demand by any Indemnified Party for indemnification, contribution and/or reimbursement.

6. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

7. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13. Notwithstanding anything contained in the Application, the Engagement Agreement, or any documents ancillary thereto, the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 29th, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**