**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket No. 205** |

**ORDER APPROVING PROCEDURES FOR THE RETENTION**
**AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections

105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule

2014-1, approving procedures for the retention and compensation of Ordinary Course

Professionals, as more fully described in the Motion; and the Court having jurisdiction to consider

the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

*Reference from the United States District Court for the District of Delaware*, dated February 29,

2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C.

§ 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

consideration of the Motion and the requested relief being a core proceeding that the Court can

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and

opportunity for a hearing on the Motion having been given to the Notice Parties, and it appearing

that no other or further notice need be provided; and the Court having reviewed and considered

the Motion and the First Day Declaration; and the Court having held, if necessary, a hearing on

the Motion (the "**Hearing**"); and the Court having found that the legal and factual bases set forth

in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the

Court having determined that the relief requested in the Motion being in the best interests of the

Debtors, their creditors, their estates, and all other parties in interest; and upon all of the

proceedings had before the Court; and after due deliberation thereon and sufficient cause appearing

therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is GRANTED, as set forth herein.

2.      To the extent deemed necessary or appropriate by the Debtors, the Debtors are

authorized, but not directed, to employ, in their sole discretion, the Ordinary Course

Professionals, set forth on **Exhibit 1** attached hereto as such may be supplemented in

accordance with the procedures set forth in paragraph 2(o), effective as of the Retention Date,

and to compensate such Ordinary Course Professionals pursuant to the following procedures:

(a)     Within five (5) days of the later of the entry of an order granting the relief
        requested in this Motion or the date on which the retained Ordinary Course
        Professional commences services for the Debtors, each Ordinary Course
        Professional shall provide the Debtors' attorneys with a declaration (the
        "**Ordinary Course Professional Declaration**"), substantially in the form
        attached hereto as **Exhibit 2**, certifying that the Ordinary Course
        Professional is disinterested.  In addition, each Ordinary Course
        Professional shall periodically update its Ordinary Course Professional
        Declaration to the extent necessary to reflect new facts or circumstances
        relevant to their retention.

(b)     The Debtors' attorneys shall promptly file each Ordinary Course Professional Declaration with the Court and serve such documents on the following parties (collectively, the "**Reviewing Parties**"):

  (i)     The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jonathan W. Lipshie, Esquire (jon.lipshie@usdoj.gov); and

  (ii)    *Proposed* counsel to the Official Committee of Unsecured Creditors:

(c)     The Reviewing Parties shall then have fourteen (14) days following such service (the "**Objection Deadline**") to notify the Debtors, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration.  The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(d)     If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph 2(c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced providing post-petition services to the Debtors (the "**Retention Date**").

(e)     If an objection is asserted by a Reviewing Party in accordance with paragraph 2(c) above and such objection is not resolved within fourteen (14) days of the Objection Deadline (the "**Resolution Deadline**"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least fourteen (14) days from the Resolution Deadline (unless otherwise agreed to by the Debtors and the objecting Reviewing Party).  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional has been retained in accordance with these procedures.

(f)     Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors are authorized, but not directed to make monthly payments each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, 100% of the post-Retention Date fees and disbursements incurred in providing services to the Debtors; *provided*, *however*, that for each Ordinary Course Professional, the total fees incurred and paid, excluding costs, expenses and disbursements, shall not exceed the monthly fee and expense cap for that Ordinary Course Professional set forth

- 3 -

in **Exhibit B** to the Motion (the "**Monthly Cap**"); *provided further, however,* that, prior to payment, the Debtors shall provide copies of the Ordinary Course Professional's invoices to (i) the U.S. Trustee, and (ii) counsel for the Committee, who may object to payment of the Ordinary Course Professionals invoices within five (5) business days of receipt of the invoices, with any objection to be considered by the Court at the next regularly scheduled omnibus hearing if not otherwise resolved. If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

(g)     If an Ordinary Course Professional seeks payment of an amount that is more than the applicable Monthly Cap in a given period, such Ordinary Course Professional will be required to, on or about the 20th day of the month following the period for which the additional fees and disbursements are being sought, serve a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and any applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court ("**Fee Application**") for the full amount of fees and disbursements sought in such month on the Reviewing Parties; *provided, however,* that the Monthly Cap may be increased for an Ordinary Course Professional for a given period by agreement among the Debtors and the Reviewing Parties; *provided further* that, if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenth-of-an-hour increments, and indicates that to be the case in its Ordinary Course Professional Declaration, the requirements of Local Rule 2016-2 may be waived to permit said Ordinary Course Professional to submit time records in other reasonable time increments and set forth a description of the services rendered and the professionals rendering such services on behalf of the Debtors. In connection with any invoices or Fee Application filed by an Ordinary Course Professional that is an attorney, that Ordinary Course Professional shall make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013, and any orders addressing interim compensation.

(h)     If any Reviewing Party has an objection to the compensation or reimbursement sought in a particular Fee Application, such party shall, within fourteen (14) calendar days following the service of the relevant Fee Application (the "**Fee Application Objection Deadline**"), serve upon the Debtors, the Ordinary Course Professional whose Fee Application is objected to, and the other Reviewing Parties, a written objection setting forth the nature of the objection and the amount of fees or expenses at issue. The Debtors may extend the Fee Application Objection Deadline as to any Reviewing Party without further order of the Court.

- 4 -

(i)     If the Debtors do not receive an objection to a particular Fee Application on or prior to the Fee Application Objection Deadline, the Debtors shall promptly thereafter pay all fees and expenses identified in such Fee Application to which no objection has been served in accordance with paragraph 2(g)(i) above.

(j)     If the Debtors receive an objection to a particular Fee Application served in accordance with paragraph 2(g)(i) above on or prior to the Fee Application Objection Deadline, they shall withhold payment of that portion of the Fee Application to which the objection is directed and promptly thereafter pay the remainder of the fees and disbursements unless the Court, upon notice and a hearing, directs payment to be made.

(k)     If the parties to an objection are able to resolve their dispute, and if the applicable Ordinary Course Professional serves upon the Reviewing Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly thereafter pay that portion of the Fee Application no longer subject to an objection.

(l)     All objections served in accordance with these procedures and not resolved by the relevant parties shall be preserved and presented to the Court on notice.  Fees and expenses subject to objection will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code.

(m)     At three-month intervals during the pendency of the Chapter 11 Cases (each, a "**Quarter**"), beginning with the three-month interval which commences on the Petition Date and ending on August 31, 2024, the Debtors shall file with the Court and serve on the Reviewing Parties, no later than thirty (30) days after the end of such Quarter, a statement (a "**Quarterly Statement**") that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amount of fees and expenses incurred for each Ordinary Course Professional during each month of the reported Quarter; (iii) the aggregate amounts of fees and expenses paid for each Ordinary Course Professional during each month of the reported Quarter; and (iv) all post-petition payments made to that Ordinary Course Professional through the reported Quarter.  The obligation to file Quarterly Statements shall terminate upon confirmation of a chapter 11 plan, provided that a Quarterly Statement shall be filed with respect to the final period on such confirmation date.

(n)     The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Cases, provided that the Debtors and such Ordinary Course Professionals comply with these procedures.

4861-2904-3154, v. 2

(o)    If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professional Lists during the Chapter 11 Cases, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals, which amendment shall list the names of additional Ordinary Course Professionals and a brief description of the services to be rendered (including if a law firm, the area of law and the amount of the applicable cap) (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant Ordinary Course Professional Declarations within thirty (30) days of such additional Ordinary Course Professional commencing work for the Debtors.

3.    If no objection to the Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Debtors' counsel as set forth above, so as to be actually received within fourteen (14) days after the service thereof, the list set forth in the Supplemental Notice of Ordinary Course Professionals will be deemed approved by the Court and without the need for a hearing or further Court order.  Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

4.    The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

5.    All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

6.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

7.    This Order is without prejudice to the Debtors' right to request modification of the Monthly Caps.

8.    If any Ordinary Course Professional exceeds the applicable caps set forth in Paragraph 2(f) above, or any other applicable incremental amount agreed to by all of the Reviewing Parties, by more than $5,000 during any three month period more than twice, then

- 6 -

such Ordinary Course Professional must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 3301 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and, as to any Ordinary Course Professional that is a law firm, such Ordinary Course Professional shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, both in connection with its retention application and its interim and final fee applications to be filed in the Chapter 11 Cases.

9.      The form of Ordinary Course Professional Declaration is approved.

10.     Except for law firms that represented the Debtors prior to the Petition Date and that have been employed pursuant to this Order, all Ordinary Course Professionals shall, once their employment is effective pursuant to this Order, be deemed to have waived any and all pre-petition claims they may have against the Debtors and their estates and must include a statement of disinterestedness in their Ordinary Course Professional Declaration.

11.     All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4861-2904-3154, v. 2

12.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

13.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

14.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims or defenses of the Debtors' rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

15.     Notwithstanding anything contained herein, to the extent the Debtors are authorized to make payments or transfers pursuant to this Order, the Debtors' and the estates' rights and potential claims with respect to any third party that may be responsible to the Debtors or the Debtors' estates for all or any portion of such payments or transfers and such third party's claims, counterclaims, and defenses in respect of the same are hereby fully preserved.

16.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

4861-2904-3154, v. 2

17.    Notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Thomas M. Horan*

**Dated: July 29th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**