## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: September 13, 2024, at 10:00 a.m. (Eastern Time)**<br>**Objection Deadline: August 20, 2024, at 4:00 p.m. (Eastern Time)** |

## DEBTORS' MOTION TO ENFORCE THE
## AUTOMATIC STAY AND FOR RELATED RELIEF

Optio Rx, LLC ("**Optio**") and its affiliated debtors and debtors-in-possession (collectively,

"**Debtors**") in the above-captioned chapter 11 cases, respectfully request entry of an order,

pursuant to sections 362(a)(1) and 362(k) of title 11 of the United States Code (the "**Bankruptcy**

**Code**") and substantially in the form attached hereto as **Exhibit 1**, (i) enforcing the automatic stay

against state court plaintiff Rinku Patel ("**Patel**"), (ii) declaring Patel's state court action void *ab*

*initio*, and (iii) awarding the Debtors attorneys' fees and expenses against Patel and any other party

that may be responsible for having willfully violated the automatic stay.  In support of their Motion,

the Debtors state as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

## PRELIMINARY STATEMENT

1.      Commencing an action against a chapter 11 debtor in state court is a quintessential and unambiguous violation of the automatic stay.  Optio's former Chief Executive Officer, Patel, did just that when she commenced an action in Cook County, Illinois (the "**State Court Action**"), seeking damages against Optio *after* Optio sought relief under chapter 11 of the Bankruptcy Code. Patel's violation was willful; Patel, through her counsel, admits she knew when she filed her State Court Action that it violated 11 U.S.C. § 362(a)(1) because she included a footnote in her complaint conceding she had not yet sought relief from the automatic stay in this Court.  By the time she filed her complaint, the Debtors had also repeatedly served Patel with notice of their chapter 11 cases.  And Patel's counsel also had been advised of the bankruptcy proceeding and automatic stay, including in an email dated July 3, 2024, but on the same day declared her intent to ignore the notice and file Patel's State Court Action, nonetheless.  (A copy of the July 3, 2024 email string is attached hereto as **Exhibit 3**.)

2.      By this Motion, the Debtors seek an Order (i) enforcing the automatic stay pursuant to section 362(a)(1) of the Bankruptcy Code against Patel, (ii) declaring the State Court Action void *ab initio*, and (iii) awarding the Debtors their costs and attorneys' fees pursuant to section 362(a)(1) of the Bankruptcy Code because Patel concedes she violated the automatic stay when she filed her State Court Action.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

- 2 -

4.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      Venue of the Chapter 11 Cases and related proceedings is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are set forth in sections 362(a)(1) and 363(k) of the Bankruptcy Code.

## BACKGROUND

### THE DEBTORS' CHAPTER 11 CASES

5.      On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.

6.      The Debtors are authorized to continue operating their businesses and are managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].   No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      A description of the Debtors' businesses and reasons for filing these Chapter 11 Cases is set forth in detail in the Declaration of Leo LaFranco in Support of First Day Pleadings [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

4888-4373-5764, v. 1

<u>**Patel Willfully Violates the Automatic Stay by Filing the State Court Action**</u>

9.  According to the complaint she filed in the State Court Action (the "**Complaint**"), Patel entered an "Employment Agreement" with Optio on December 10, 2021 and became Optio's Chief Executive Officer.  (A copy of the Complaint, filed July 22, 2024, is attached hereto as **<u>Exhibit 2</u>**.)  Although Optio's corporate manager signed the Employment Agreement on Optio's behalf, the only parties to the Employment Agreement are Optio (as the employer) and Patel (as the "**Employee**").  (Complaint, Ex. A.)  Indeed, under the Employment Agreement Patel signed, and which "sets forth the entire agreement and understanding of the Parties with regard to the employment of Employee by the Company," Optio was the only employer and was entitled to terminate Patel "at any time, with or without cause, and with or without notice."  (Complaint, Ex. A ¶¶(1)(b), 15.)

10.  According to the State Court Complaint, Patel discovered certain "regulatory issues" which, after advising Optio's board members, Patel claims led to her termination on February 5, 2024.

11.  On June 9, 2024, the Debtors served Patel by overnight mail with Notice of filing the Debtors' Chapter 11 Cases.  [Docket No. 67].

12.  On June 11, 2024, the Debtors served Patel with *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Petition Date* (the "**First Omnibus Motion**") and *Notice of Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Petition Date* (the "**Notice**").  [Docket No. 61.]  Among the contracts the Debtors sought to reject was Optio's Employment Agreement with Patel.  [Docket No 15.]  The Notice set forth the

- 4 -

July 1, 2024 hearing date for the First Omnibus Motion as well as the June 24, 2024 date by which objections were due.  [Docket No. 42.]

13.    The First Omnibus Motion explained to Patel that the Debtors intend to file a motion to establish a bar date for Patel to file any and all claims for damages arising from the Debtors' rejection of her Employment Contract.  [Docket No. 15 ¶27.]  The First Omnibus Motion also explained to Patel that if she wished to assert a claim, that she is required to "file with the Debtors' claims and noticing agent a proof of claim before the deadline specified in the bar date notice to be filed by the Debtors with the Court."  [*Id*. ¶4.]  The Debtors filed their motion to set a bar date on June 17, 2024.  [Docket No. 57.]

14.    Although another former employee complied with the Notice and filed a limited objection to the First Omnibus Motion [Docket No. 73], Patel never filed an objection.

15.    On June 26, 2024, the Court entered an order granting the First Omnibus Motion. [Docket No. 96.]  Patel was served with the Order on the same day.  [Docket No. 138.]

16.    Also on June 26, 2024, the Debtors filed their *Notice of Bar Date*.  [Docket No. 105.]  The Notice of Bar Date was served on Patel on July 1, 2024.  [Docket No. 197.]  The Notice of Bar Date with which Patel was served made clear that "[a]ny person or entity that holds a claim that arises from the rejection of an executory contract," including Patel, "must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors."

17.    By July 3, 2024, Patel, through her counsel, had circulated a draft of the State Court Action complaint against Optio and others.  On July 3, 2024, Patel, through her counsel, was again notified of the Debtors' Chapter 11 Cases, warned that any State Court Action would be "subject

to the automatic stay provisions of the U.S. Bankruptcy Code," and was urged "to reconsider your position and to drop any pending or contemplated claims against the named defendants." (Exhibit 3 hereto.)

18.     Despite knowing of the Debtors' Chapter 11 Cases for over one month, and knowing that the Employment Agreement had been ordered rejected, and knowing the mechanism through which she could assert any claims against Optio attributable to her rejected Employment Agreement or otherwise, and being warned that any State Court Action would be subject to the automatic stay, Patel never sought relief from the automatic stay and instead commenced the State Court Action on July 22, 2024 seeking damages associated with her termination.

19.     In the Complaint, Patel named Optio as a defendant, along with CBC Pharma Holdco LLC, Insperity Holdings, Pharmacy Management LLC and certain members of Pharmacy Management LLC's board of directors and another person affiliated with Loan Admin Co., LLC, the prepetition and DIP Agent for the secured prepetition and DIP lenders. CBC Pharma HoldCo LLC was Optio's managing member at the time the Employment Agreement was entered, Insperity Holdings is allegedly a Professional Employer Organization, and Pharmacy Management LLC has been Optio's managing member since September 2022.

20.     In Counts I through III of the Complaint in the State Court Action, Patel asserts damages claims for unpaid compensation under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. (the "**IWPCA**").

21.     In Count IV of the Complaint in the State Court Action, Patel asserts a claim for damages under Illinois Whistleblower Act, 740 ILCS 174/1 et esq. (the "**Whistleblower Act**") and demands reinstatement as Optio's CEO.

- 6 -

22.     In Count V of the Complaint in the State Court Action, Patel asserts a claim for damages for retaliatory discharge.

23.     And in Counts VI-IX of the Complaint in the State Court Action, Patel asserts damages claims associated with her Employment Agreement and employment by Optio.

24.     Having previously received Notice of the Debtors' chapter 11 case, Notice that the Employment Agreement had been ordered rejected, Notice of the Bar Date, and a warning that any complaint filed against Optio would subject to the automatic stay, Patel conceded in Footnote 1 of the Complaint in the State Court Action that "[o]n June 7, 2024, OptioRx filed for Chapter 11 bankruptcy protection in U.S. Bankruptcy Court for the District of Delaware captioned Optio Rx, 24-11188.  Plaintiff will be seeking to lift the automatic stay as to OptioRx."

## BASIS FOR RELIEF REQUESTED

### THE LEGAL STANDARDS APPLICABLE TO THIS MOTION

25.     Section 362(a)(1) of the Bankruptcy Code provides that a debtor's petition immediately "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ."  11 U.S.C. § 362(a)(1).

26.     The automatic stay serves a "two-fold" purpose.  *In re Denby-Peterson*, 941 F.3d 115, 122 (3d Cir. 2019).  *First*, the automatic stay serves to "protect the debtor, by stopping all collection efforts, harassment, and foreclosure actions, thereby giving the debtor a respite from creditors and a chance to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him [or her] into bankruptcy[.]"  *Id*. (internal quotations and citations omitted).  And *second*, the automatic stay "protect[s] creditors by preventing particular creditors

from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors." *Id.* Patel's automatic stay violation implicates both purposes.

27.     Actions taken in violation of the automatic stay are "generally void *ab initio*." *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 628 (D. Del. 2018). Accordingly, not only is Patel's State Court Action violative of the automatic stay, but the action is void and the state court in the State Court Action lacks authority to proceed further because the stay immediately applies to "all entities." 11 U.S.C. § 362(a); *see id.* § 101(15) (defining "entity" as including any "governmental unit" of a state); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) ("Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor."). And although Patel indicates that she may one day seek relief from the automatic stay, courts should only grant such *nunc pro tunc* relief "when the action was taken without knowledge of the bankruptcy filing, and cause to grant relief from the stay would have otherwise existed." *Wells Fargo Bank N.A. v. Johnson*, No. CIV. 11-1205-SLR, 2012 WL 1203427, at *2 (D. Del. Apr. 4, 2012); *see In re Coletta*, 336 F. App'x 202, 205 (3d Cir. 2009) (in deciding whether to annul automatic stay, "[t]wo of the most pertinent factors are whether a creditor violated the automatic stay inadvertently and in ignorance of a pending bankruptcy and whether the debtor acted in bad faith").

28.     Indeed, it is the rare case where willfully filing a separate action against the Debtor post-petition will be ratified. As the Third Circuit has repeatedly confirmed,

> "It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed. Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional."

- 8 -

*Denby-Peterson*, 941 F.3d at 123 (quoting *In re Lansdale Family Rest., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992)); *see In re Lansaw*, 853 F.3d 657, 664 n.4 (3d Cir. 2017) (same). The core question concerning whether *nunc pro tunc* relief should be considered if ever requested, accordingly, is whether Patel had knowledge that the Debtors' petitions had been filed when she commenced her action against Optio. It is undisputed Patel had knowledge.

29.    Section 362(k) of the Bankruptcy Code sets forth the consequences for a willful violation of the automatic stay. Except for one exception that is inapplicable, Section 362(k) provides that "an individual injured by any willful violation" of the automatic stay is entitled to "actual damages, including costs and attorneys' fees . . . ." 11 U.S.C. § 362(k). Although the provision refers to an "individual," the Third Circuit interprets the scope of Section 362(k) as including corporate debtors. *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 329 (3d Cir. 1990); *see In re Healthcare Real Est. Partners, LLC,* 639 B.R. 294, 300–01 (Bankr. D. Del. 2022) (Section 362(k) "'applicable to a corporate debtor'") (quoting *Atl. Bus.*, 901 F.2d at 329); *In re Orleans Homebuilders, Inc.*, No. 10-10684 PJW, 2011 WL 841071, at *13 (Bankr. D. Del. Mar. 8, 2011) ("The term 'individual' in this section includes corporate debtors.").

**THE COURT SHOULD ENFORCE THE AUTOMATIC STAY AGAINST PATEL, DECLARE THE STATE COURT ACTION VOID *AB INITIO* AND AWARD STATUTORY DAMAGES**

30.    Patel concedes to have willfully commenced the State Court Action in violation of the automatic stay. After the Petition Date, the Debtors notified Patel of the commencement of the Bankruptcy Case, of the Debtors' request to reject the Employment Agreement, of the Court's order rejecting the Employment Agreement, of the Bar Date and of the method for properly submitting a claim attributable to the rejected Employment Agreement or any other claim. [Docket Nos. 57, 61, 67, 197.] Patel, through her counsel, was also notified that her proposed State Court Action, if filed, would violate the automatic stay. (Exhibit 3 hereto.)

31.     Despite knowing of the Debtors' petitions, and even after having received notice of the manner in which claims against Optio attributable to the Employment Agreement or otherwise must be resolved, Patel commenced the State Court Action on July 25, 2024, admitted the action contravened the automatic stay and admitted that she had not yet filed a motion for relief from the automatic stay.  (Complaint at fn. 1.)  Patel's actions were willful.

32.     Indeed, the Complaint names Optio as the principal defendant.  For instance, Counts I through III seek damages claims for unpaid compensation under the IWPCA, but the IWPCA only authorizes recovery of compensation from an "employer" under "'an employment contract or agreement.'"  *Cox v. Zalas*, No. 14-CV-10456, 2019 WL 4412802, at *1 (N.D. Ill. Sept. 15, 2019) (quoting *Landers-Scelfo v. Corporate Office Sys., Inc*., 827 N.E.2d 1051, 1058 (Ill. 2005)).  Patel is the "Employee" and Optio is the employer under the Employment Agreement, which also makes clear that it "sets forth the entire agreement and understanding of the Parties with regard to the employment of Employee by the Company and supersedes any and all prior agreements, arrangements and understandings, written or oral, pertaining to the subject matters hereof."  (Complaint, Ex. A.)  At most, the Complaint concludes that other named defendants are "joint employers," but of course that conclusory allegation standing alone is insufficient.  *Bruger v. Olero, Inc*., No. 19 C 2277, 2023 WL 6290090, at *9 (N.D. Ill. Sept. 27, 2023) ("spare facts and conclusional assertions" insufficient to sustain a claim based upon joint employer liability).

33.     The Count IV Whistleblower Act and the Count V retaliatory discharge claims suffer the same problems.  Patel may only collect under these causes of action, if ultimately proven, from her employer which, given the Employment Agreement and without any other specific factual allegations otherwise, was Optio.  *See Sloan v. Cnty. of Macon, Illinois*, 630 F. Supp. 3d

993, 998 (C.D. Ill. 2022) (plaintiff "must have had an employment relationship" with defendant), *appeal dismissed*, No. 22-2998, 2022 WL 19731519 (7th Cir. Dec. 14, 2022).

34.     And recovery on the breach of contract claims in Counts VI-IX may only be sought against parties in privity of contract. *Glen Flora Dental Ctr., Ltd. v. First Eagle Bank*, 487 F. Supp. 3d 722, 740 (N.D. Ill. 2020) ("Illinois law requires a party claiming breach of contract to allege that she was a party to a contract, in privity with a party to a contract, or an intended third-party beneficiary."). Patel's Employment Agreement was with Optio.

35.     Because there is no dispute that Patel violated the automatic stay, the Court should enforce the stay, order Patel to cease prosecution of the State Court Action and declare the State Court Action void *ab initio*. And because there is no dispute that Patel's violation of the automatic stay was willful, the Court should order Patel to reimburse the Debtors' actual damages under 11 U.S.C. § 362(k), namely the Debtors' attorney's fees and costs associated with the present Motion.

## **NOTICE**

36.     Notice of this Motion will be provided to: (i) Patel; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel for the Committee; (iv) counsel to Loan Admin Co, LLC; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

4888-4373-5764, v. 1

## NO PRIOR REQUEST

37.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested in the Motion and such other relief as may be appropriate.

Dated:  July 30, 2024
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*

William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Email:          chipman@chipmanbrown.com
            carickhoff@chipmanbrown.com
            olivere@chipmanbrown.com
            root@chipmanbrown.com

*Counsel for Debtors and*
*Debtors in Possession*

4888-4373-5764, v. 1