## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. 119** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM
## COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Optio Rx, LLC and certain of its affiliates, the debtors

and debtors in possession in the above-captioned cases (collectively, the "**Debtors,**" or the

"**Company**"), for entry of an order (this "**Order**") pursuant to sections 105(a), 330, and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, establishing procedures for

interim compensation and reimbursement of the expenses of professionals; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216).  The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

with Article III of the United States Constitution; and venue of this proceeding and the Motion

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion

having been given under the particular circumstances; and it appearing that no other or further

notice is necessary; and it appearing that the relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation

thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Except as otherwise provided in an order of this Court authorizing the retention of

a Professional, Professionals may seek interim payment of compensation and reimbursement of

expenses in accordance with the following Compensation Procedures:

(a)      On or about the 15th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"), and serve a copy of such Monthly Fee Application by electronic or first class mail on the following parties: (i) proposed counsel to the Debtors, *Chipman Brown Cicero & Cole, LLP*, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (*Attn*: William E. Chipman, Jr., Esquire (chipman@chipmanbrown.com); David W. Carickhoff, Esquire (carickhoff@chipmanbrown.com); Mark D. Olivere, Esquire (olivere@chipmanbrown.com); and Alan M. Root, Esquire (root@chipmanbrown.com)); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801 (*Attn*: Jonathan W. Lipshie, Esquire (jon.lipshie@usdoj.gov); (iii) counsel to the DIP Lenders, *DLA Piper LLP (US)*, 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (*Attn*: Stuart Brown, Esquire (stuart.brown@dlapiper.com); and (iv) proposed counsel to the Committee, *Saul Ewing LLP*, (a) 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801 (*Attn*: Evan T. Miller, Esquire (evan.miller@saul.com) and Nicholas Smargiassi, Esquire (nicholas.smargiassi@saul.com), (b) 161 North Clark Street, Suite 4200, Chicago, Illinois 60601 (*Attn*: Michelle G. Novick, Esquire (michelle.novick@saul.com); and (c) 701 Brickell Avenue, Suite 1700, Miami,

Florida 33131 (*Attn*: Jorge Garcia, Esquire (jorge.garcia@saul.com) (collectively, the "**Notice Parties**"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including June 30, 2024.

(b)    Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "**CNO**") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses not subject to an Objection pursuant to subparagraph (c) below.

(c)    If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "**Incremental Amount**") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d)    With respect to the first three-month period after the Petition Date, and each subsequent three-month period, each Professional shall file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "**Interim Fee Period**") pursuant to Section 331 of the Bankruptcy Code. The

- 3 -

Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before October 15, 2024, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including August 31, 2024. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twenty-first day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e)     The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f)     The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g)     Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(h)     Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i)     Professionals shall file final applications for compensation and reimbursement (collectively, the "**Final Fee Applications**") by such deadline as may be established in a confirmed Chapter 11 plan or in an order of the Court. All Final

Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

(j)    Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "**Hearing Notice**") must be served upon only the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.    The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee application).

4.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.    The Court retains jurisdiction over any matter arising from or related to this Order, including its interpretation, construction, implementation, and enforcement.

*Thomas M. Horan*

**Dated: July 31st, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**