## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | <u>Hearing Date</u>: September 13, 2024 at 10:00 a.m. (ET) <br> <u>Obj. Deadline</u>: August 14, 2024 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS, OPTIO RX, LLC, *ET AL.*, FOR THE ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO JUNE 27, 2024**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby submits this application (the "<u>Application</u>") for entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing the employment and retention of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "<u>A&M</u>"), as financial advisor to the Committee, effective as of June 27, 2024. In support of this Application, the Committee relies on the declaration of Richard Newman (the "<u>Newman Declaration</u>"), attached hereto as **Exhibit B** incorporated herein by reference, and respectfully states as follows:

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/OptioRX

**JURISDICTION**

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The statutory bases for the relief requested herein are Bankruptcy Code sections 328 and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3.      On June 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.      The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request has been made for the appointment of a trustee or an examiner.

5.      On June 21, 2024 (the "Formation Date"), the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. The *Notice of Appointment of Committee of Unsecured Creditors* was filed on June 21, 2024 [Docket No. 67], followed by the *Amended Notice of Appointment of Creditors' Committee* filed on June 25, 2024 [Docket No. 81], and a second *Amended Notice of Appointment of Creditors' Committee* filed on July 1, 2024 [Docket No. 103].

6.      On June 27, 2024, the Committee selected A&M to provide financial advisory services to the Committee.

## RELIEF REQUESTED

7.      By this Application, the Committee requests entry of an order, in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 328 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), approving the employment and retention of A&M as financial advisor to the Committee in these chapter 11 cases.

8.      The Committee requests that A&M's retention be approved *nunc pro tunc* to June 27, 2024.

9.      The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10.      The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their

52725469.3

estates. Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## **SCOPE OF SERVICES**

11.     The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, A&M will provide such advisory services to the Committee and its legal advisors as A&M and the Committee deem appropriate and feasible over course of these chapter 11 cases, including but not limited to the following:

(a)     Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b)     Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, Monthly Operating Reports, and Periodic Reports;

(c)     Assist in the review of the Debtors' cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d)     Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e)     Assist in the review of the Debtors' proposed key employee retention plan and key employee incentive plan, if required;

(f)     Attend meetings with the Debtors, the Debtors' lenders and creditors, potential investors, the Committee and any other official committees organized in these chapter 11 cases, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(g)     Assist in the review of any tax issues;

(h)     Assist in the investigation and pursuit of causes of actions;

(i)     Assist in tracing and pursuing assets, as requested;

(j)     Assist in the review of the claims reconciliation and estimation process;

(k)     Assist in the review of the Debtors' business plan;

(l)     Assist in the review of the sales or dispositions of the Debtors' assets, including allocation of sale proceeds;

(m)    Assist in the valuation of the Debtors' intellectual property, if required;

(n)     Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases; and

(o)     Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 cases.

12.     In order for A&M to perform the services set forth above, it will be necessary for A&M personnel to have access to certain books, records and reports of the Debtors and to have discussions with the Debtors' personnel. Accordingly, the Committee understands that, to the extent A&M is not given the Debtors' cooperation or access to the Debtors' personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

13.     Because of the limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited. It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtors or the Committee. A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M or reviewing any other areas unless specifically requested by the Committee.

14.     The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous factors can affect the actual results of the Debtors' operations, which may materially and adversely differ from those projections and other forward-looking statements.

15.     All advice (written or oral) provided by A&M to the Committee in connection with the services provided herein is intended solely for the benefit and use of the Committee.

16.     In the provision of services to the Committee, it is expected that the Committee and third parties will provide to A&M certain personally identifiable information or other personal data regarding employees, creditors and other constituents, the processing or transfer of which may be subject to Data Protection Laws.  "Data Protection Laws" means all applicable U.S. and foreign national, federal, state and/or local laws, rules, regulations or other binding instruments in relation to the processing or protection of personal data, including, but not limited to, the EU General Data Protection Regulation (GDPR). In furtherance thereof, the Committee acknowledges and agrees: it is expected that such information (and work product containing such information) will be transferred by A&M, on behalf of the Committee, to third parties including other agents and professionals of the Committee acting within this matter (i.e., the Committee's counsel and  other advisors) as well as, at the Committee's direction, other constituents in the Debtors' cases, including but not limited to creditors and their representatives as well as any applicable judicial, regulatory or governmental bodies; and, that A&M's transfer of such data directly to third parties (rather than by the Committee to a third party) is for the Committee's convenience and such transfers shall always be deemed to be on the Committee's behalf.  Without limiting the foregoing, each party agrees to comply with Data Protection Laws in connection with the services being provided by A&M to the Committee.

17.     Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to, or have business associations with, other entities or people which had, have or may have

relationships with the Committee members or other interested parties.  The Firm will not be

prevented or restricted by virtue of providing the services to the Committee from providing

unrelated services to other entities or individuals, including entities or individuals whose interests

may be in competition or conflict with the Committee members, provided the Firm makes

appropriate arrangements to ensure that the confidentiality of information is maintained.

## PROFESSIONAL COMPENSATION

18.    The Committee has agreed to the following compensation, in addition to certain

indemnification obligations described below, for the services to be provided by A&M in these

chapter 11 cases:

(a)    <u>Hourly Rates:</u> A&M will be paid by the Debtors for the services of A&M professionals at the following hourly rates, subject to periodic adjustments:

| a. | Managing Directors | $1,075 - $1,525 |
| b. | Directors | $825 - $1,075 |
| c. | Associates | $625 - $825 |
| d. | Analysts | $425 - $625 |

(b)    Expense Reimbursement: A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges.

19.    The proposed order provides that A&M shall file applications for interim and final

allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in

Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and

any applicable orders and procedures of this Court, including the *Motion for Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Filed by*

*Optio Rx,* LLC (the "Interim Compensation Order") [Docket No. 119].

- 7 -

### INDEMNIFICATION PROVISIONS

20.     The Committee has agreed that neither A&M nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of A&M contemplated hereunder except for any such liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of A&M.

21.     As part of the overall compensation payable to A&M, subject to paragraphs 23 and 24 below, the Committee has agreed to request that the Court require the Debtors to indemnify, defend and hold harmless A&M and its affiliates and their respective personnel ("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's engagement and to request that this Court enter an order approving such indemnification obligation.

22.     In addition,  subject to paragraphs 23 and 24 below, in the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of, or in connection with, A&M's engagement and its personnel's role hereunder, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Committee requests that the Court approve the Debtors' obligation to reimburse the Indemnified Party for its out-of-pocket expenses, including the reasonable fees and

- 8 -

52725469.3

expenses of its counsel, and to compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

(a)     The Debtors shall have no obligation to indemnify A&M for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from A&M's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to A&M's bad faith, gross negligence or willful misconduct but determined by this Court, after notice and a hearing pursuant to paragraph 24 below, to be a claim or expense for which A&M is not entitled to receive indemnity under the terms of this Application.

23.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.

24.     The Committee respectfully submits that these indemnification provisions are reasonable for financial advisory engagements both out of court and in chapter 11 cases. Accordingly, as part of this Application, the Committee requests that this Court approve the indemnification provisions.

52725469.3

## NO DUPLICATION OF SERVICES

25.     The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases. Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee, Saul Ewing LLP, and the other professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

26.     The Committee believes that A&M has no connection with the Debtors, their creditors, or other parties in interest, except as otherwise set forth in the Newman Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Newman Declaration, A&M does not represent any other entity having an adverse interest in connection with the chapter 11 cases.

27.     A&M has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, A&M will supplement its disclosure to this Court.

28.     A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## NO PRIOR REQUEST

29.     No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

30.     Notice of this Application will be provided to the following parties or their respective counsel to: (a) the Debtors and their counsel; (b) the U.S. Trustee, Attn: Andrew R.

Vara; (c) the United States Attorney's Office for the District of Delaware; (d) the Committee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: July 31, 2024

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF OPTIO RX, LLC.,** *et al.*

By: _____

Greg Savino, solely in his capacity as Chair of the Committee and not in his individual or any other capacity

- 11 -

52725469.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al*., | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
|  | <u>Hearing Date</u>: September 13, 2024 at 10:00 a.m. (ET)<br><u>Obj. Deadline</u>: August 14, 2024 at 4:00 p.m. (ET) |

<u>**NOTICE OF APPLICATION**</u>

      **PLEASE TAKE NOTICE** that on July 31, 2024, the Official Committee of Unsecured Creditors of Optio Rx, LLC, *et al*. (the "<u>Committee</u>") filed the *Application of the Official Committee of Unsecured Creditors of the Debtors, Optio Rx, LLC, et al., for the Entry of an Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisor Nunc Pro Tunc to June 27, 2024* (the "<u>Application</u>").

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application must be made in writing, filed with the Clerk of the Bankruptcy Court, and served upon the undersigned counsel to the Committee, so as to actually be received by or before **August 14, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Objection Deadline</u>")

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Application shall be held on **September 13, 2024 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Thomas M. Horan, United States Bankruptcy Court for the District of Delaware, at 824 Market Street, 3rd Floor, Courtroom 7, Wilmington, DE 19801.

      IF NO OBJECTION OR RESPONSE TO THE APPLICATION IS TIMELY FILED, SERVED, AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/OptioRX

Dated:  July 31, 2024
        Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Nicholas Smargiassi (DE Bar No. 7265)
1201 N. Market St, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6864
evan.miller@saul.com
nicholas.smargiassi@saul.com

-and-

Michelle G. Novick, Esq. (admitted *pro hac vice*)
**SAUL EWING LLP**
161 North Clark St., Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
michelle.novick@saul.com

-and-

Jorge Garcia (admitted *pro hac vice*)
**SAUL EWING LLP**
701 Brickell Avenue, Suite 1700
Miami, FL 33131
Telephone: (305) 428-4500
jorge.garcia@saul.com

*Counsel to the Official Committee of Unsecured
Creditors of Optio Rx, LLC, et.al.*

**Exhibit A**
**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al*., | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. _____** |

**ORDER AUTHORIZING EMPLOYMENT AND**
**RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS**
**FINANCIAL ADVISOR *NUNC PRO TUNC* TO JUNE 27, 2024**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as financial advisor to the Committee, effective as of June 27, 2024; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/OptioRX.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

- - 1 - -

**ORDERED** that:

1.     The Application is approved as set forth therein.

2.     In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M *nunc pro tunc* to June 27, 2024, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

3.     The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved.

4.     A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the Interim Compensation Order.

5.     Notwithstanding anything to the contrary in the Application or the Newman Declaration, A&M shall not seek reimbursement of any fees or costs arising from the defense of any of A&M's fee applications in these cases.

6.     A&M shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

- 2 -

52725469.3

7.     To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

8.     The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.

**Exhibit B**
**(Declaration)**

52725469.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[3] | (Jointly Administered) |

**DECLARATION IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF OPTIO RX, LLC., *ET AL.*, FOR ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION OF**
**ALVAREZ & MARSAL NORTH AMERICA, LLC**
**AS FINANCIAL ADVISORS *NUNC PRO TUNC* TO JUNE 27, 2024**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Richard Newman, declare under penalty of perjury that:

1.     I am a Managing Director with Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), a financial advisory services firm with numerous offices throughout the country.  I submit this Declaration on behalf of A&M (this "Declaration") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Optio Rx, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for an order authorizing the employment and retention of A&M as financial advisor under the terms and

---

[3] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/OptioRX.

conditions set forth in the Application.[4] Except as otherwise noted,[5] I have personal knowledge of the matters set forth herein.

## DISINTERESTEDNESS AND ELIGIBILITY

2.      A&M, together with its professional service provider affiliates (the "Firm"), utilizes certain procedures to determine the Firm's relationships, if any, to the parties that may have a connection to the Debtors. In implementing the Firm's procedures, the following actions were taken to identify the Firm's relationships with such parties:

(a)      In connection with the preparation of this Declaration, A&M requested and obtained from the Debtors the list of potentially interested parties in the Debtors' Chapter 11 cases. The Debtors provided A&M with a list categorized as follows: Debtors; Related Entities; Officers & Directors; Equity Holders; Secured Parties; Litigation; Significant Creditors; Banks; Utilities; Insurance Providers; Chapter 11 Professionals; Bankruptcy Judges — District of Delaware; Staff of Official of the United States Trustee, Region 3; Regulatory and Governmental Entities; Contract Counterparties, which list is attached as Exhibit 1 hereto (the "Potential Parties in Interest").

(b)      A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "Client Database"). The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

---

4 Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

5 Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

(c)     An email was issued to all Firm professionals requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or the Firm on the one hand, and certain significant Potential Parties in Interest or the Debtors, on the other hand,[6] (ii) any known connections or representation by the respondent and/or the Firm of any of those Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why A&M may be unable to represent the Committee.

(d)     Based on such review, known connections between the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Declaration.  These connections are listed in <u>Exhibit 2</u> annexed hereto.

3.     Based on the results of its review, A&M does not have a relationship with any of the parties on <u>Exhibit 1</u> in connection with these proceedings except as otherwise described below.

4.     In addition to the relationships described on <u>Exhibit 2</u>, I note the following:

(a)     A&M's affiliate, Alvarez & Marsal Transaction Advisory Group, LLC, was engaged to provide financial due diligence related to a debt funding for which Debtor Optio RX, LLC was the subject company.  That engagement ended in May 2021.

(b)     JPMorgan Chase Bank, N.A., together with certain of its affiliates (collectively, "<u>JPMC</u>") is a Potential Parties in Interest. Under a credit facility (the "<u>Credit Facility</u>") to A&M's parent company Alvarez & Marsal Holdings, LLC: JPMC is a lender and the

---

6 In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or other parties in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest.  If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estate. It is also noted that in the course of our review it came to A&M's attention that A&M personnel hold de minimis investments, representing not more than 0.01% of the equity interests in the related entity, in various parties in interest, including but not limited to JP Morgan Chase Bank, NA and Microsoft.

syndication agent; and of the joint lead arrangers and joint book runners. JPMC receives certain customary and negotiated fees and reimbursement of expenses in connection with its roles under the Credit Facility.

5.      A&M has provided and reasonably expects to continue to provide services unrelated to the Debtors' cases for the various entities shown on <u>Exhibit 2</u>. Except as otherwise described herein, A&M's assistance to these parties has been, and will be, related to providing various business advisory, performance improvement, financial restructuring, interim management, litigation support, investigatory or other consulting services in matters unrelated to the Debtors' Chapter 11 cases.  To the best of my knowledge, no services adverse to the rights of the Committee have been provided to these parties in interest, nor does A&M's involvement in these cases compromise its ability to continue such consulting services.

6.      Further, as part of its diverse practice, A&M appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases.  Also, A&M has performed in the past, and may perform in the future, advisory services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings.  In addition, A&M has in the past, currently is, and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors' Chapter 11 cases.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create any interest materially adverse to the Committee herein in matters upon which A&M is to be employed, and none are in connection with these cases.

52725469.3

7.      A&M is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the A&M engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

8.      To the best of my knowledge, A&M does not have any current connection with the employees within the U.S. Trustee's office in this District.

9.      To the best of my knowledge, A&M does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

10.     A&M will apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court, and guidelines established by the Office of the United States Trustee.

11.     According to A&M's books and records, during the ninety-day period prior to the Debtors' petition date, A&M performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

12.     To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these Chapter 11 cases.

52725469.3

13.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated:   July 31, 2024
             Chicago, Illinois                                    */s/ Richard Newman*
                                                                     Richard Newman, Managing Director

- 10 -

**Exhibit 1**
**Potential Parties in Interest[7]**

Debtors
- Optio Rx, LLC
- Braun Pharma, LLC
- HCP Pharmacy LLC
- Pet Apothecary, LLC
- The Pet Apothecary, LLC
- Crestview Holdings, LLC
- Crestview Pharmacy, LLC
- Dr. Ike's PharmaCare LLC
- Enovex Pharmacy LLC
- H&H Pharmacy LLC
- SMC Pharmacy LLC
- SMC Lyons Holdings LLC
- SBH Medical LLC
- SBH Medical, Ltd.
- Rose Pharmacy RM LLC
- Rose Pharmacy SA LLC
- Rose Pharmacy SF LLC
- Baybridge Pharmacy, LLC
- Central Pharmacy, LLC
- Pro Pharmacy, LLC
- Healthy Choice Compounding LLC
- Healthy Choice Compounding LLC
- Oakdell Compounding Pharmacy, LLC
- Concierge Pharmacy LLC
- FirstCare Pharmacy LLC
- EasyCare Pharmacy LLC
- PrimeCare Pharmacy, LLC

Related Entities

- CBC Pharma HoldCo, LLC
- Pharmacy Management LLC

Officers & Directors

- Butler, Ryan

- David, Ben
- Klotz, Kelly
- Kumar, Arun Suresh
- LaFranco, Leo
- Patel, Rinku

Equity Holders

- CBC Pharma HoldCo, LLC

Secured Parties

- Amerisource Bergen Drug Corporation
- Anda Inc.
- ASD Specialty Healthcare, LLC
- CapitalSouth SBIC Fund IV, L.P.
- Cardinal Health 110 LLC (dba ParMed)
- H.D. Smith, LLC
- H.D. Smith Wholesale Drug Company
- Integrated Commercialization Solutions LLC
- Loan Admin Co LLC
- MC Credit Partners
- McKesson Corporation
- M K Pharmacy, Inc.
- PioneerRx
- Youn, Kim Rose

Litigation

- Ballard, Victoria
- Barber, Kyndall
- Barnett, Claudia
- Caprice Capital Partners LLC
- Cold Bore Capital Management LLC
- Davey, Amanda
- Densman, Christopher Neil
- Densman, Jennifer Reshay

---

[7] This schedule was prepared by the Debtors, and the Committee is not certifying that information.

- Henderson, Bryan
- Meeks, Morgan
- Salerno, Kristen
- Skin Medicinals LLC
- Stafford, Ellen
- Waites, Kari
- Wank, Marc H.
- Zepeda, Sergio

Significant
Creditors

- 119 Kent LLC
- 121 Central Pharmacy Corp.
- 1908 Santa Monica LLC
- Able Motor Cars Corp.
- Adventus US realty 4 LP
- Akron Generics LLC
- Altium Healthcare Inc.- Tri State Distribution
- Altman, Philip
- American Electric Power
- American Flyer Distribution
- Amerisourcebergen Drug Corp.
- Amneal Pharmaceuticals
- Anda Inc.
- Arcutis Biotherapeutics Inc.
- ARL Bio Pharma
- Armitra Properties Inc.
- Arrive On Time Delivery
- Aves Management LLC
- Bachster Courier
- Baxter Healthcare Corp.
- Baybridge Pharmacy Corp.
- Beradelli, Brian
- BHM Capital, Inc.
- Bingodel
- BPI Labs
- Brex Mastercard
- Buller, Elizabeth
- Calibration Consultants, Ltd.
- Cardinal Health at Home
- Cardinal Health Opti Freight
- Carson, John J.
- Castleborn Investments
- Cerner Corp.

- Cision US Inc.
- CityMedRx LLC
- Clean Harbors Environmental Services, Inc.
- Coldphase Corporation
- Columbia Gas
- Columbus Specialty Nursing LLC
- Commercial Air Systems Inc.
- Constancy, Brooks, Smith & Prophete, LLP
- Contec Inc.
- Delco Pharmacy Corp.
- Deliver IT LLC
- Dr. Ike, Inc. (dba Dr. Ike's PharmaCare)
- DrugLift
- Dzhragatspanyan, Ayk
- Fagron Inc.
- Federal Express
- Forte Bio-Pharma LLC
- GLS Freight
- Hasafa, Batool
- Healthcare Control Infection Solution
- Henderson, Bryan
- H&H Pharmacy, Inc. (dba Dr. Ike's Pharmacy #1)
- Hirsh, Robert
- Insperity PEO Services
- International Filter Products
- Mayne Pharma
- McKesson Corporation
- Medtel Communications
- Microsoft
- Oak Drugs Inc.
- OCPLP, Inc.
- Optum
- P.C.C.A., INC
- PIA Holdings, Inc.
- PioneerRx
- Pitney Bowes Global Financial Services LLC
- RSM US LLP
- Rush Properties, Inc.
- Sameday Critical LLC
- Savino, Greg
- Shariati, Afshan
- Siegel, Jordana

- Sony Brothers Outsourcing Solutions Pvt. Ltd.
- Spee-Dee Delivery Service Inc.
- Stericycle, Inc.
- TC Pharmacy Corporation
- TTH Corporation
- TTTT Pharmacy Corporation
- Unishippers
- United Delivery Service Ltd.
- Universal Pharmaceutical Services, Inc. (dba ENOVEX Pharmacy)
- UPS
- Virtus Pharmaceuticals LLC
- Wil ow Birch

Banks

- BMO Harris Bank, N.A.
- Capital One Bank NA
- Frost Bank
- Hancock Whitney
- JP Morgan Chase Bank, NA
- Key Bank
- PNC Bank
- Sterling National Bank
- Wintrust Bank

Utilities

- 8x8
- Accent Communication Services Inc.
- American Electric Power
- AT&T
- Breezeline
- CenturyLink
- City of Crestview
- City of Glendale – Property Tax
- City of Glendale Water Utility
- City of Santa Fe Springs Water Utility
- City Public Service CPS
- Coachella Valley Water District
- Cogent Energy Systems
- Columbia Gas
- Comcast
- CoMed

- ConEd of New York
- County of Los Angeles, Department of Treasurer and Tax Collector
- Eagle Disposal
- eFax Corporate
- Essman Electric, LLC
- Faxage
- Forest Equities Inc.
- FPL Northwest FL
- Frontier Communication
- Global Messaging Network
- GohaykLR LLC
- GoTo Communication
- Imperial Irrigation District
- Iron Mountain
- LIPA DirectPay
- Lumen
- Los Angeles Department of Water & Power
- Medical BioWaste Solutions
- Medtel Communications LLC
- National Grid
- Nicor Gas
- Optimum
- Paper Recycling and Shredding Specialists
- PaperTiger
- Peoples Gas
- PioneerRx
- PRIMO Water
- Proshred North
- Proshred Security
- Ring Central
- Shredders, The
- Shred-It USA
- Southern California Edison
- Southern California Shredding
- Sparkletts
- Spectrum Business
- Stericycle, Inc.
- Suburban Carting Co.
- Telovox Leasing
- Texas BioWaste
- Trilogy Medwaste Southeast LLC
- Vonage
- Vow Corporation

- 3 -

- Waste Management
- WastePro
- WE Energies
- Williams Data Management
- WM Corporate Services, Inc.

Insurance Providers

- ARK (Underwriters at Lloyds, London)
- Cobbs Allen Capital, LLC (dba CAC Specialty)
- Evanston Insurance Company
- Houston Specialty Insurance Company
- Liberty Mutual Insurance Company
- Liberty Mutual Fire Insurance Company
- Skyward Specialty Insurance Group
- Travelers Casualty & Surety Co. of America
- USI Insurance Services LLC
- Voyager Indemnity Insurance Company
- Taxing Authorities
- Alabama Department of Revenue
- California Department of Tax & Fee Administration
- California Franchise Tax Board
- City of Los Angeles Office of Finance
- City of Santa Ana Business Tax Section
- City of Santa Monica Revenue Division
- City of Torrance Business License Division
- County of Los Angeles, Assessor East District Office
- County of Los Angeles, Assessor South District Office
- Florida Department of Revenue
- Illinois Department of Revenue
- Los Angeles County Tax Collector
- New York State Department of Taxation and Finance
- Ohio Department of Taxation
- Okaloosa County Property Appraiser
- Okaloosa County Tax Collector
- Orange County Office of the Assessor
- Texas Comptroller of Public Accounts
- Utah State Tax Commission

- Wisconsin Department of Revenue

Chapter 11 Professionals

- Bentley Associates L.P.
- Chipman Brown Cicero & Cole, LLP DLA Piper LLP (US)
- Paladin Management Group Stretto, Inc.

Bankruptcy Judges — District of Delaware
- Chief Judge John T. Dorsey
- Judge Laurie Selber Silverstein
- Judge Craig T. Goldblatt
- Judge Thomas M. Horan
- Judge Karen B. Owens
- Judge Brendan L. Shannon
- Judge J. Kate Stickles
- Judge Mary F. Walrath
- Judge Ashley M. Chan

Staff of Official of the United States Trustee, Region 3
- Attix, Lauren
- Casey, Linda
- Cooke, Denis
- Cudia, Joseph
- Dice, Holly
- Dortch, Shakima L.
- Fox, Timothy J. Jr.
- Giordano, Diane
- Green, Christine
- Hackman, Benjamin
- Harris, Ramona
- Jones, Nyanquoi
- Leamy, Jane
- McCollum, Hannah M.
- McMahon, Joseph
- Okita, Angelique
- O'Malley, James R.
- Panacio, Michael
- Richenderfer, Linda
- Sarkessian, Juliet
- Schepacarter, Richard
- Serrano, Edith A.

52725469.3

- Sierra-Fox, Rosa
- Wynn, Dion
- Lipshie, Jonathan
- Nyaku, Johnathan

Regulatory and Governmental Entities
- Delaware Department of Justice
- Office of the United States Attorney for the District of Delaware

Contract Counterparties
- 119 Kent LLC & 119 Kent II LLC
- Able Motor Cars Corp.
- Adventus US Realty
- Amitra Properties
- Castleborn Investments
- Corner Storage Crestview, LLC

- Eujodo
- Friedman Management Company
- Garrett Realty & Development Inc.
- GOHAYKLR LLC
- Healthpeak (fka HCP, Inc.)
- Hemlock Way, LLC
- Indermohan Luthra MD
- Lilymac Co.
- Mack-Cali Realty Associates LLC
- Pet Properties
- Rush Properties
- Stevenson Real Estate Services
- TTC Investment, LLC
- Westlake Medical Center
- White Medical Center

**Exhibit 2**
**Connections**

**Optio Rx**

**Current and Former Clients of A&M and/or its Affiliates** [1]

American Electric Power
Amerisource Bergen Drug Corporation
BMO Harris Bank, N.A.
Capital One Bank NA
Caprice Capital Partners LLC
Cardinal Health 110 LLC (dba ParMed)
Cerner Corp.
Cision US Inc.
Clean Harbors Environmental Services, Inc.
Cobbs Allen Capital, LLC (dba CAC Specialty)
Columbia Gas
Fagron Inc
Federal Express
Hancock Whitney
JP Morgan Chase Bank, NA
Key Bank
Liberty Mutual Insurance Company
Loan Admin Co LLC
McKesson Corporation
McMaster-Carr Supply Company
Microsoft
Owens Corning Sales LLC
Pitney Bowes Global Financial Services
PNC Bank
RSM US LLP
Simpson Strong-Tie Company, Inc.
Skyward Specialty Insurance Group
Sterling National Bank
Travelers Casualty & Surety Co. of America
Unishippers
UPS
W.W. Grainger, Inc

Weyerhaeuser NR Company

**Significant Equity Holders of Current and Former A&M Clients** [2]

Amerisource Bergen Drug Corporation
BMO Harris Bank, N.A.
Capital One Bank NA
CapitalSouth SBIC Fund IV, L.P.
Carson, John J.
JP Morgan Chase Bank, NA
Liberty Mutual Insurance Company
MC Credit Partners
McKesson Corporation
Microsoft
Owens Corning Sales LLC
Optum
PNC Bank
RSM US LLP
Travelers Casualty & Surety Co. of America
UPS

**Professionals & Advisors** [3]

BMO Harris Bank, N.A.
Chipman Brown Cicero & Cole, LLP
Constangy, Brooks, Smith & Prophete LLP
DLA Piper LLP (US)
JP Morgan Chase Bank, NA
Pitney Bowes Global Financial Services
PNC Bank
RSM US LLP
Stretto, Inc.

**Significant Joint Venture Partners** [4]

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity

holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

[3] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[4] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

**Optio Rx**

Cerner Corp.
JP Morgan Chase Bank, NA
Microsoft
UPS
Weyerhaeuser NR Company


**A&M Vendors**[5]
BMO Harris Bank, N.A.
Cision US Inc.
Cobbs Allen Capital, LLC (dba CAC
  Specialty)
DLA Piper LLP (US)
Federal Express
JP Morgan Chase Bank, NA
Microsoft
Pitney Bowes Global Financial Services
RSM US LLP
Stretto, Inc.
Travelers Casualty & Surety Co. of America
UPS
USI Insurance Services LLC

---

[5] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates