# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket No. 76, 257, 258** |

## ORDER (I) APPROVING *AMENDED* DISCLOSURE STATEMENT, (II) DETERMINING DATES, PROCEDURES, AND FORMS APPLICABLE TO SOLICITATION PROCESS, (III) ESTABLISHING VOTE TABULATION PROCEDURES, AND (IV) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF THE *AMENDED* PLAN

Upon consideration of the *Motion for Entry of an Order (I) Approving Debtors' Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to the Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Plan* (the "**Motion**")[2] pursuant to sections 105(a), 1125, and 1126 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, 3018, and 3020; and it appearing that adequate and sufficient notice of the Motion and the hearing on the Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

Reorganization of Optio Rx, LLC, *et al.* (the "**Disclosure Statement**") having been provided and no other or further notice need be provided, and all objections to the Motion and the Disclosure Statement having been resolved, overruled by the Court, withdrawn or rendered moot; and following due deliberation, and just cause existing for the relief requested in the Motion:

**THE COURT HEREBY FINDS:**

 A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

 B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

 C. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code;

 D. Notice of the hearing on the Disclosure Statement and the Motion was sufficient; and

 E. The relief requested in the Motion is in the best interest of the Debtors, their estates, and other parties-in-interest.

**THE COURT HEREBY ORDERS AND ADJUDGES THAT:**

 1. The Motion is GRANTED as set forth herein.

 2. The Disclosure Statement is hereby APPROVED in all respects.

 3. The following dates and deadlines are hereby APPROVED:

| EVENT | PROPOSED DATE/DEADLINE |
|---|---|
| Voting Record Date | August 7, 2024 |
| Solicitation Commencement Date | Within three (3) business days following the entry of the Disclosure Statement Order |
| Rule 3018(a) Motion Deadline | August 14, 2024 |
| Plan Supplement Deadline | August 27, 2024 |
| Voting Deadline | September 3, 2024 |

- 3 -

| Event | Proposed Date/Deadline |
|---|---|
| Plan Objection Deadline | September 3, 2024 |
| Deadline to File Confirmation Brief | September 10, 2024 |
| Deadline to File Voting Report | September 10, 2024 |
| Confirmation Hearing | September 13, 2024 |

4. The Publication Notice is hereby APPROVED. On or about **August 6, 2024**, the Debtors shall publish the Publication Notice on one occasion in the National Edition of the New York Times.

5. The record date for determining the holders of claims and interests entitled to receive solicitation packages and/or notices, as more particularly provided in this Order is **August 7, 2024, at 5:00 p.m. (*prevailing* Eastern Time)** (the "**Voting Record Date**"). Only holders of claims and interests as of the Voting Record Date are entitled to the voting and notice rights provided for herein.

6. The date by which the ballots cast to accept or reject the Plan must be received by **September 3, 2024, at 5:00 p.m. (*prevailing* Eastern Time) (the "Voting Deadline")**. The Debtors may extend the Voting Deadline in favor of any voter, any class of voters, or all of the voters without further order of the Court. Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for in this Order, shall not be counted.

7. The forms of ballots attached to the Motion are approved, subject in all cases to the right of the Debtors to make additional correcting, conforming, and formatting changes to such forms of ballots, so long as such changes are non-material.

8. As soon as practicable, but in no event later than three (3) business days after the entry of this Order (the "**Solicitation Commencement Date**"), the Debtors shall commence the

solicitation and noticing process by placing the solicitation materials and notices approved in this Order in the mail, first-class postage prepaid.

9. The solicitation materials to be transmitted on or before the Solicitation Commencement Date to those holders as of the Voting Record Date of claims in classes entitled to vote on the Plan, as described in paragraph 11 below, shall include the following: (i) notice of the Confirmation Hearing and objection deadline; (ii) the Disclosure Statement; (iii) the Plan (appended to the Disclosure Statement); (iv) an appropriate ballot; (v) the Disclosure Statement Order; (vi) a pre-addressed return envelope; and (vii) the letter prepared by the Unsecured Creditors Committee (the "**Committee Letter**," and together with (i)-(v), the "**Solicitation Package**").

10. The following holders of claims are entitled to vote on the Plan and thus to receive the Solicitation Package:

(a) Any Holder, as of the Voting Record Date, of a Claim in Classes 1, 5, 7 and 9 —

    (i) who has filed a timely proof of Claim (or untimely proof of Claim that has been Allowed as timely by the Court on or before the Voting Record Date), in the amount asserted in such proof of Claim, provided that such proof of Claim (i) has not been disallowed by an order of the Court entered on or before the Voting Record Date, (ii) is not the subject of an objection to the entirety of the Claim pending as of the Voting Record Date (with voting permitted only with respect to any amount thereof that is not subject to objection), (iii) has not been reduced by order of the Court or is not subject to an objection pending before the Court for reduction (with voting permitted only in the reduced or proposed reduced amount and/or classification), (iv) does not allege a Claim that is wholly unliquidated (with voting permitted only with respect to the amount thereof that is fixed); or

    (ii) who has not filed a timely proof of Claim but which Claim is scheduled in the Debtors' Schedules, or any amendments thereto, but is not designated therein as contingent, unliquidated, or disputed or listed therein as zero or unknown in amount, in the amount set forth in the schedules, or any amendments thereto; *provided, however*, that any Holder who has not filed a timely proof of Claim but which Claim is scheduled in the Debtors' Schedules, or any amendments thereto, as contingent, unliquidated, or disputed or listed therein as zero or unknown in amount, may vote, but their

vote shall only be in the amount of $1, unless the Holder files a Rule 3018 Motion in accordance with paragraph 15 below (in which such vote shall be in the amount determined by the Court in accordance with such paragraph).

11. Voting creditors who have filed duplicate claims, or who have asserted guarantee or other multi-Debtor claims for the same underlying liability that are classified in the same Class, shall be entitled to receive only one Solicitation Package and one Ballot for voting their claims with respect to that Class.

12. Voting creditors who filed amended Claims after the Voting Record Date shall be entitled to vote only the Claim evidenced by their initial timely proof of Claim, unless the initial proof of Claim has been disallowed.

13. Nothing in this Order affects the Debtors' right (or any other party's right, if applicable) to object to any proof of claim after the Voting Record Date or the Voting Deadline; *provided*, *however*, any objection to a proof of claim for voting purposes shall be filed on or before **August 16, 2024**.

14. Holders of Claims that are (i) asserted as wholly unliquidated, (ii) asserted in an untimely proof of claim (unless allowed as timely prior to the Voting Record Date), or (iii) asserted in a proof of claim as to which an objection to the entirety of the Claim is pending as of the Voting Record Date (collectively, the "**Disputed Claimants**") are not permitted to vote unless either (i) an agreement is reached with the Debtors regarding the classification and amount of such Claim for voting purposes, or (ii) the Court enters an order granting a Rule 3018 Motion not later than five days prior to the Voting Deadline. **August 14, 2024, at 4:00 p.m. (*prevailing* Eastern Time)** is hereby established as the deadline for Rule 3018 Motions to be filed with the Court and served upon the Debtors' counsel (the "**Rule 3018 Motion Deadline**"). If any Disputed Claimant files and serves a Rule 3018 Motion by **August 14, 2024, at 4:00 p.m. (*prevailing* Eastern Time)**, the Court will hold a hearing on the Rule 3018 Motion on **August 20, 2024, at 11:00 a.m. (*prevailing*

**Eastern Time)** and enter an order (the "**Rule 3018 Order**") to determine whether such Disputed Claimant should be allowed to vote on the Plan, and the amount of such claim for voting purposes.

15.     The Debtors shall mail, first-class postage prepaid, on or before the Solicitation Commencement Date, to the Disputed Claimants, the Disputed Claimant Package as described in the Motion.

16.     The Debtors shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to the Disputed Claimants a notice in substantially the form attached to the Motion as **Exhibit C** (the "**Notice of Disputed Claim Status**"), the Disclosure Statement and the Plan (appended to the Disclosure Statement), in lieu of a Solicitation Package.  The Notice of Disputed Claims Status satisfies the requirements of Bankruptcy Rule 3017(d).

17.     No Solicitation Packages or other notices approved in this Order shall be transmitted to (i) holders of claims listed on the schedules, or any amendments thereto, that have already been paid in full during these Chapter 11 Cases, (ii) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address, or (iii) any holder of a claim that was disallowed in full by order of this Court.

18.     Notwithstanding anything set forth herein, the Debtors shall provide notice of the Confirmation Hearing as well as the deadline for filing objections thereto to all parties in interest as required by Bankruptcy Rule 2002.

4866-0223-0719, v. 10

19. On or as soon as practicable after the Solicitation Commencement Date, the Debtors shall mail to the U.S. Trustee for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved by this Court.

20. On or as soon as practicable after the Solicitation Commencement Date, the Debtors shall mail the Confirmation Hearing Notice to holders of claims listed on the schedules, or any amendments thereto, as contingent, unliquidated or disputed or as zero or unknown in amount who did not file proofs of claim.

21. Unless otherwise directed by the Court, the Voting and Claims Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

   (a) Subject to paragraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the ease maybe, of the Plan.

   (b) The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any ballot timely received that is cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan; (v) any unsigned ballot; (vi) any Ballot submitted by facsimile, telecopy, or electronic mail; or (vii) any Ballot not cast in accordance with the procedures approved in this Order.

   (c) Any Ballot cast for a Claim designated as unliquidated, disputed, or as zero or unknown in amount and for which (i) no agreement with the Debtors has been reached regarding the classification and amount of such Claim for voting purposes, or (ii) no Bankruptcy Rule 3018(a) Order has been entered no later than five (5) days prior to the Voting Deadline allowing the Claim for voting purposes shall be counted as a vote for a claim in the amount of $1.00.

   (d) Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last dated valid ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Debtors' right (or the right of any other party, if applicable) to object to the validity of the last dated

valid ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated ballot for all purposes.

(e) Claim splitting shall not be permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan.

(f) Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting and Claims Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the claim to which it relates and the aggregate principal amount represented by such claim, (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (iv) be received by the Voting and Claims Agent prior to the Voting Deadline.

(g) Ballots sent via facsimile or electronic mail transmission shall not be counted for voting purposes.

22. To the extent a Class has no members, such Class shall not be counted for voting purposes. If a Class has members but no votes to accept or reject the Plan are received by any members of a particular Class, such Class shall be deemed to have accepted the Plan.

23. The Debtors are authorized to provide notification of defects in filed ballots and an opportunity to cure same to voters, but shall not be under any duty to do so, nor shall the Debtors or any other person or entity incur any liability for failure to provide such notification.

24. The hearing to consider confirmation of the Plan shall be held on **September 13, 2024, at 10:00 a.m. (*prevailing* Eastern Time)**, before the Honorable Thomas M. Horan, United States Bankruptcy Court of the District of Delaware, 824 Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801, *provided*, *however*, that the hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by (a) the filing of a notice with respect to such postponement, which notice can be the agenda of the hearing with respect to confirmation of the Plan, and (b) service of such notice, in accordance with the orders of this Court, on all parties requesting notice under Bankruptcy Rule 2002.

4866-0223-0719, v. 10

25. Objections (including any accompanying briefs), if any, to confirmation of the Plan or proposed modifications to the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection to confirmation of the Plan or proposed modification to the Plan; and (iv) be filed, together with proof of service, so as to be **received no later than 4:00 p.m. (*prevailing* Eastern Time) on September 3, 2024,** by the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on each of the following parties: (i) DEBTORS, 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60061 (*Attn:* Leo LaFranco, Chief Financial Officer); (ii) COUNSEL TO THE DEBTORS, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (*Attn*: William E. Chipman, Jr., Esquire and Mark D. Olivere, Esquire); (iii) COUNSEL TO THE DIP LENDERS, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (*Attn:* Stuart Brown, Esquire); (iv) OFFICE OF THE UNITED STATES TRUSTEE, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (*Attn:* Jonathan W. Lipshie, Esquire); and (v) COUNSEL TO THE COMMITTEE, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801 (*Attn:* Evan T. Miller, Esquire).

26. Any objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered and may be overruled.

27. Replies, if any, to any objection to confirmation of, or proposed modifications to, the Plan shall be filed and served so that they are actually **received no later than 4:00 p.m. (*prevailing* Eastern Time) on September 10, 2024** by the Court and the objecting party.

4866-0223-0719, v. 10

28. The deadline for submission of the certification of votes (the "**Voting Report**") shall be **September 10, 2024, at 12:00 p.m. (*prevailing* Eastern Time)**.

29. The Notice of Non-Voting Status, which is attached as **Exhibit D** to the Motion, is approved. The Debtors shall mail the Notice of Non-Voting Status and the Committee Letter to Non-Voting Holders in lieu of transmitting a Solicitation Package to each such Holder.

30. The form of notice of the confirmation hearing date and objection deadline, which is attached as **Exhibit E** to the Motion, (the "**Confirmation Hearing Notice**") is approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages.

31. The form of publication notice of the confirmation hearing date and objection deadline, which is attached as **Exhibit F** to the Motion (the "**Publication Notice**") is approved.

32. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related documents without further Order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to its mailing to parties in interest.

33. The Debtors and the Voting and Claims Agent respectfully are authorized to send any documents or notices required under the Motion or this Order in an electronic format, including by sending the recipients of such documents or notices a compact disc or flash drive containing the required papers in an electronic format. Upon request by any party in interest, the Debtors' counsel will provide hard copies of any such document or notice at its expense.

4866-0223-0719, v. 10

34. The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Order.

*[Signature: Thomas M. Horan]*

**Dated: August 1st, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**