# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: September 13, 2024, at 10:00 a.m. (Eastern Time)<br>Objection Deadline: August 28, 2024, at 4:00 p.m. (Eastern Time) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME FOR THE DEBTORS TO COMPLY WITH 11 U.S.C. § 345(b)

Optio Rx, LLC ("**Optio**") and its affiliated debtors and debtors-in-possession (collectively, "**Debtors**") in the above-captioned chapter 11 cases, by and through their undersigned counsel, hereby submit this motion (this "**Motion**"), pursuant to sections 105 and 345(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (as amended or modified, the "**Bankruptcy Code**") for entry of an order extending the Debtors' time to comply with section 345(b) of the Bankruptcy for approximately an additional sixty (60) days through and including October 15, 2024. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these

Chapter 11 Cases [Docket No. 67].[2]  No trustee or examiner has been appointed in the Chapter 11 Cases.

7. Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

8. On June 9, 2024, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations; (II) Modifying Certain Deposit Requirements; and (III) Authorizing Continuance of Intercompany Transactions and Honoring Certain Related Prepetition Obligations* [Docket No. 8] (the "**Cash Management Motion**").

9. On June 11, 2024, the Court entered the *Interim Order (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations; (II) Modifying Certain Deposit Requirements; and (III) Authorizing Continuance of Intercompany Transactions and Honoring Certain Related Prepetition Obligations* [Docket No. 38] (the "**Interim Cash Management Order**").  Pursuant to Interim Cash Management Order, the Debtors were granted a 30-day extension of time to comply with the requirements of section 345(b) of the Bankruptcy Code.

10. On July 1, 2024, the Court entered the *Final Order (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations; (II) Modifying Certain Deposit Requirements; and (III)*

---

[2] The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

*Authorizing Continuance of Intercompany Transactions and Honoring Certain Related Prepetition Obligations* [Docket No. 128] (the "**Final Cash Management Order**"). Pursuant to Final Cash Management Order, the Debtors were granted a 45-day extension of time to comply with the requirements of section 345(b) of the Bankruptcy Code.

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending their time to comply with section 345(b) of the Bankruptcy Code through and including October 15, 2024. Such an extension would be without prejudice to the Debtors' rights to request further extensions.

## BASIS FOR RELIEF

12. Prior to the Petition Date, the Debtors employed a cash management system to collect, transfer, and disburse the funds generated by the Debtors' business operations (the "**Cash Management System**"). To avoid any further disruption caused by these Chapter 11 Cases and to maximize the value of the Debtors' estates, the Court entered the Interim and Final Cash Management Orders, allowing the Debtors to maintain their well-developed, long-standing Cash Management System.

13. The Debtors' Cash Management System is comprised of approximately 48 bank accounts (the "**Bank Accounts**"), which are held at Capital One Bank, N.A., Frost Bank, Hancock Whitney Bank, JPMorgan Chase Bank, N.A., KeyBank, PNC Bank, N.A., Webster Bank, and Wintrust Bank, N.A. (the "**Banks**") and are designed to accommodate different business divisions and to collect, organize, and track various forms of cash receipts and disbursements. A complete list of the Bank Accounts was attached as **Exhibit D** to the Cash Management Motion. All of the Debtors' Banks are FDIC insured and, except for Frost Bank

and Wintrust Bank, N.A. ("**Wintrust**"), all Banks are recognized as authorized depositories ("**Authorized Depositories**") under the U.S. Trustee Guidelines.

14. As set forth in the Final Cash Management Order, Wintrust is unwilling to enter into a Uniform Depository Agreement with the Office of the United States Trustee. While Wintrust is FDIC insured, there may be occasion where the Debtors' funds in Wintrust Bank Accounts exceed the FDIC insured limits.

15. As the Debtors have over 100,000 customers paying into various Bank Accounts, including Wintrust Bank Accounts, it would be extremely disruptive to close the Wintrust Bank Accounts or any other Bank Accounts not subject to a Uniform Depository Agreement with the Office of the United States Trustee at this critical time.

16. As the Court is aware, the Debtors have a confirmation hearing scheduled on September 13, 2024, to approve the *Debtors' Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 257] (the "**Plan**"). The relief requested herein is designed to enable the Debtors to maintain their existing Cash Management System through a Plan effective date.

17. Courts may waive compliance with section 345(b) of the Bankruptcy Code, and ultimately the U.S. Trustee Guidelines, for "cause." In evaluating whether "cause" exists, courts have considered a number of factors, including, among others, the sophistication and size of a debtor's business, the amounts of the investments involved, bank ratings, the complexity of the case, the debtor's safeguards for the funds, the debtor's ability to reorganize in the face of failure of one or more of the financial institutions, the benefit to the debtor of a waiver of the section 345(b) requirements, the potential harm to the estate, and the reasonableness of such a waiver under the circumstances. *See In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn.

1999). Here, these factors warrant a modification of the requirements of section 345 of the Bankruptcy Code to the extent the Cash Management System does not already strictly comply with its requirements.

18. The Debtors submit that the Company's corporate structure relies on a complex, centralized Cash Management System implicating multiple Bank Accounts on a daily basis. All Banks are FDIC insured and, except for Frost Bank and Wintrust, all Banks are recognized as Authorized Depositories under the U.S. Trustee Guidelines. However, because all of the Bank Accounts are vital to the Debtors' Cash Management System, the Debtors submit that requiring the Debtors to transfer these funds to other banks or new accounts would be unduly burdensome to the Debtors' operations, which must seamlessly operate across jurisdictions. Therefore, the Debtors submit that ample cause exists to waive the U.S. Trustee Guidelines and allow all the Debtors to continue to maintain the Bank Accounts.

19. To the extent the Cash Management System and the Bank Accounts do not strictly comply with section 345 of the Bankruptcy Code, the Debtors request that they be permitted to maintain their Bank Accounts in accordance with their existing practices, through and including October 15, 2024, without prejudice to the Debtors' right to seek further modifications or extensions of time. Congress recognized that strict compliance with the requirements of section 345(b) in large chapter 11 cases such as these is not only unnecessary, but may indeed be inconsistent with section 345(a), which permits a debtor in possession to make such investments of money of the estate "as will yield the maximum reasonable net return on such money." Thus, in 1994, to avoid "needlessly handcuff[ing] larger, more sophisticated debtors," Congress amended section 345(b) to provide that its strict investment requirements

- 7 -

may be waived or modified if the Court so orders "for cause."  140 Cong. Rec. H10767 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks).

**BRIDGE ORDER NOT REQUIRED**

20.     Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the Debtors' time to comply with section 345(b) of the Bankruptcy Code is automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order.  See Del. Bankr. L.R. 9006-2.

**NOTICE AND NO PRIOR REQUEST**

18.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) counsel to the DIP Lenders; and (d) any party that has requested notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

19.     No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court: (i) grant the relief requested in the Motion; and (ii) grant such further relief as is just and proper.

Dated: August 14, 2024  
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ David W. Carickhoff
William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:    chipman@chipmanbrown.com
        carickhoff@chipmanbrown.com
        olivere@chipmanbrown.com
        root@chipmanbrown.com

*Counsel for Debtors and Debtors in Possession*