# EXHIBIT A

**Proposed Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 269 and \_\_\_\_** |

<u>**ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS
FINANCIAL ADVISOR *NUNC PRO TUNC* TO JUNE 27, 2024**</u>

Upon the application (the "<u>Application</u>")[2] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "<u>A&M</u>"), as financial advisor to the Committee, effective as of June 27, 2024; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/OptioRX.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

**ORDERED** that:

1. The Application is approved as set forth therein.

2. In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M *nunc pro tunc* to June 27, 2024, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

3. The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions. The indemnification provisions included in the Application are approved subject to the following:

(a) A&M shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

(b) The Debtors' estates shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from A&M's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of A&M's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order.

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, A&M believes that it is entitled to the payment of any amounts by the Debtors' estates on account of the Debtors' estates' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, A&M must file an application therefor in this Court, and the Debtors' estates may not pay and is under no obligation to reserve any such amounts to A&M before the entry of an order by this Court approving the payment or reserve. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' estates' obligation to indemnify, or make contributions or reimbursements to, A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution and/or reimbursement.

    4. A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the Interim Compensation Order and the U.S. Trustee Guidelines.

    5. Notwithstanding anything to the contrary in the Application or the Newman Declaration, A&M shall not seek reimbursement of any fees or costs arising from the defense of any of A&M's fee applications in these cases.

6. A&M shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

8. The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.