# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: September 13, 2024, at 10:00 a.m. (Eastern Time)<br>Objection Deadline: September 6, 2024, at 4:00 p.m. (Eastern Time) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

Optio Rx, LLC ("**Optio**") and its affiliated debtors and debtors-in-possession (collectively, "**Debtors**") in the above-captioned chapter 11 cases, by and through their undersigned counsel, hereby submit this motion (this "**Motion**"), pursuant to section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "**Bankruptcy Code**") for entry of an order (i) extending the time to assume or reject unexpired leases of nonresidential real property (the "**Real Property Leases**") for an additional ninety (90) days through and including January 3, 2025, and (ii) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these

Chapter 11 Cases [Docket No. 67].[2]  No trustee or examiner has been appointed in the Chapter 11 Cases.

7. On June 24, 2024, the Debtors filed the *Motion for Entry of an Order (I) Approving Debtors' Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to the Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Plan* [Docket No. 76].

8. On July 29, 2024, the Debtors filed the *Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 257] (the "**Plan**") and the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 258] (the "**Disclosure Statement**").

9. On August 1, 2024, the Court entered the *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276]. The hearing to consider confirmation of the Plan is scheduled for September 13, 2024.

10. Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

---

[2] The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

**RELIEF REQUESTED**

11. Pursuant to section 365(d)(4) of the Bankruptcy Code, a debtor has an initial 120-day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of nonresidential real property under which the debtor is a lessee. *See* 11 U.S.C. § 365(d)(4). Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that, upon a motion by the debtor, the Court may extend the initial 120-day deadline by 90 days "for cause." *See* 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the deadline to assume or reject unexpired leases of non-residential real property under which the debtor is a lessee may only be granted with the prior written consent of the affected lessors. *See* 11 U.S.C. § 365(d)(4)(B)(ii). Under section 365(d)(4) of the Bankruptcy Code, if the debtor fails to assume or reject an unexpired lease of nonresidential real property under which the debtor is a lessee prior to the applicable deadline, such lease will automatically be deemed rejected. *See* 11 U.S.C. § 365(d)(4)(A).

12. Pursuant to section 365(d)(4) of the Bankruptcy Code, the period to assume or reject the Real Property Leases (the "**Assumption/Rejection Period**") currently extends through October 5, 2024.

13. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Assumption/Rejection Period by ninety (90) days, through and including January 3, 2025, pursuant to section 365(d)(4) of the Bankruptcy Code. Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request a further extension of the Assumption/Rejection Period with the consent of an affected lessor(s) (the "**Lessors**").

4874-5317-2439, v. 2

**BASIS FOR RELIEF**

14. Ample cause exists to extend the Assumption/Rejection Period as requested herein. The Debtors are parties to one or more Real Property Leases, including leases for pharmacy and compounding facilities operated by the Debtors. Certain of the Real Property Leases are critical to the operation of the Debtors' businesses and are necessary to the Debtors reorganization under their proposed Chapter 11 plan of reorganization (the "**Plan**"). The Debtors are in the process of carefully reviewing all Real Property Leases to determine which leases are in their best interest to assume or reject pursuant to the Plan. It is critical that the Debtors retain their ability to assume or reject the Real Property Leases for a sufficient period of time to make informed decisions. Accordingly, the requested extension of the Assumption/Rejection Period is consistent with the rehabilitative goals of the Bankruptcy Code and will not unduly prejudice any Lessor for the reasons described herein.

15. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the Court may extend the 120-day period "for 90 days . . . for cause." 11 U.S.C. § 365(d)(4)(B). Courts have considered the following non-exclusive factors in evaluating whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property:

    (i) whether the leases are an important asset of the estate;

    (ii) whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;

    (iii) whether the debtor continues to make rental payments to the landlords under the leases; and

    (iv) whether the lessor would be damaged beyond compensation available under the Bankruptcy Code.

*See, e.g., In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); *see also Legacy, Ltd. v. Channel*

*Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471-472); *In re GST Telecom Inc.*, No. 00-1982-GMS, 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

16. The Debtors submit that the *Wedtech* factors are readily satisfied in these Chapter 11 Cases. First, the Real Property Leases are important assets for the Debtors reorganization efforts in these Chapter 11 Cases – without these leases, the Debtors would not be able to continue to operate their businesses and pursue their Plan of Reorganization. Moreover, the Debtors are working with the Committee, their prepetition secured lenders, and other parties to confirm the Plan, which will address the Debtors' Real Property Leases. Accordingly, the Debtors require an extension to preserve the value of these important assets during the Plan process.

17. Second, the Debtors have only been in these bankruptcy cases for a little more than two months. During that time, the Debtors were focused on stabilizing the Debtors' business operations, obtaining orders to facilitate their transition into Chapter 11, obtaining debtor-in-possession financing, seeking approval of their Disclosure Statement and pursing confirmation of a Plan. Given how busy the Debtors have been the first two months of these cases, they simply need more time to analyze how their different business operations are performing before making decisions on certain Real Property Lease locations.

18. Furthermore, there should be no prejudice to Lessors as a result of the requested extension of the Assumption/Rejection Period as the Debtors will continue to perform their

undisputed postpetition obligations in a timely fashion to the extent required by the Bankruptcy Code. As a result, the requested extension will afford the Debtors maximum flexibility in seeking to successfully prosecute these Chapter 11 Cases, without prejudicing the rights of the Lessors.

19. In light of the foregoing, the Debtors submit that the extension of the Assumption/Rejection Period to and including January 3, 2025, is in the best interests of the Debtors, their estates, their creditors, and all parties-in-interest, and should be granted.

## RESERVATION OF RIGHTS

20. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be, and should not be construed as, an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE AND NO PRIOR REQUEST

21. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) counsel to the DIP Lenders; and (d) any party that has requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

22.     No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court: (i) grant the relief requested in the Motion; and (ii) grant such further relief as is just and proper.

Dated: August 23, 2024　　　　　　　　　**CHIPMAN BROWN CICERO & COLE, LLP**
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Mark D. Olivere*
　　　　　　　　　　　　　　　　　　　　William E. Chipman, Jr. (No. 3818)
　　　　　　　　　　　　　　　　　　　　David W. Carickhoff (No. 3715)
　　　　　　　　　　　　　　　　　　　　Mark D. Olivere (No. 4291)
　　　　　　　　　　　　　　　　　　　　Alan M. Root (No. 5427)
　　　　　　　　　　　　　　　　　　　　Hercules Plaza
　　　　　　　　　　　　　　　　　　　　1313 North Market Street, Suite 5400
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone:    (302) 295-0191
　　　　　　　　　　　　　　　　　　　　Email:          chipman@chipmanbrown.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　carickhoff@chipmanbrown.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　olivere@chipmanbrown.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　root@chipmanbrown.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Debtors and*
　　　　　　　　　　　　　　　　　　　　*Debtors in Possession*