# <u>EXHIBIT A</u>

## *Proposed* Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No.** |

### ORDER APPROVING THE SETTLEMENT AGREEMENT AND RELEASE AMONG OPTIO RX, LLC, CRESTVIEW PHARMACY, LLC, BRYAN HENDERSON, HOMETOWN PHARMACY, INC. FKA CRESTVIEW CITY PHARMACY, INC., JENNIFER RESHAY DENSMAN, AND CHRISTOPHER NEIL DENSMAN

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the *Settlement Agreement and Release* attached hereto as **Exhibit 1** (the "**Settlement Agreement**"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this case and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court if needed (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

   1.   The Motion is **GRANTED** as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled with prejudice.

   2.   The Settlement Agreement is **APPROVED** in its entirety.

   3.   The Parties are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Motion.

   4.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4878-7707-8998, v. 1

# Exhibit 1

**Settlement Agreement**

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("<u>Agreement</u>") is made and entered into, effective as of the Effective Date (defined below), by and among Optio Rx, LLC ("<u>Optio</u>") and Crestview Pharmacy, LLC ("<u>Crestview</u>") (collectively, the "<u>Plaintiffs</u>" or "<u>Plaintiff Parties</u>") each a debtor and debtor-in-possession in the Chapter 11 Cases (as defined below); Bryan Henderson ("<u>Henderson</u>"); and Hometown Pharmacy, Inc. fka Crestview City Pharmacy, Inc. ("<u>Hometown</u>"), Jennifer Reshay Densman ("<u>Reshay Densman</u>"), and Christopher Neil Densman ("<u>Neil Densman</u>") (Hometown, Reshay Densman, and Neil Densman collectively, the "<u>Densman Defendants</u>" and collectively with Henderson, the "<u>Defendants</u>" or "<u>Defendant Parties</u>"). Each of the Plaintiffs and Defendants may be individually referred to herein as a "<u>Party</u>" and collectively, as the "<u>Parties</u>."

## <u>RECITALS</u>

A.  The Parties are parties to a civil action pending in the United States District Court for the Northern District of Florida, Pensacola Division, captioned *Optio Rx, LLC & Crestview Pharmacy, LLC v. Crestview City Pharmacy, Inc., Jennifer Reshay Densman, Christopher Neil Densman & Bryan Henderson*, Case No. 3:23-cv-8993-MCR-HTC (the "<u>Florida Litigation</u>"), in which the Plaintiffs have asserted certain claims against the Defendants, and Henderson and the Densman Defendants have each asserted certain counterclaims against the Plaintiffs, and the respective Parties have denied and vigorously defended the claims against them;

B.  The Plaintiffs, together with affiliated entities, have filed Chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), all of which are being jointly administered in one proceeding captioned *In re: Optio Rx, LLC, et al.*, Case No. 24-11188 (TMH) (the "<u>Bankruptcy Case</u>");

C.  Prior to the commencement of the Bankruptcy Case, the Parties had agreed to attend a settlement conference with the U.S. Magistrate Judge in the Florida Litigation, with the aim of settling and resolving their claims without the need for further litigation or proceeding to trial;

D.  Defendants' counterclaims in the Florida Litigation have been automatically stayed due to the pendency of the Bankruptcy Case, but not Plaintiffs' claims;

E.  Counsel for the Parties have continued settlement discussions, and pursuant to those discussions, the Parties wish to enter into this Agreement for reasons including the desire to avoid further expense, uncertainty, and risk involved in continuing the Florida Litigation to the point of judgment on any claims, whether stayed or unstayed, and to avoid the necessity of proceeding with any claims in the Bankruptcy Case or related adversary proceedings;

F.  The Parties desire and agree to settle, release, and waive all claims and disputes between

1

the Plaintiffs, on one hand, and Defendants, on the other hand, including, but not limited to, those asserted in the Florida Litigation; and

G. The Parties, subject to and conditional upon obtaining the approval of the Bankruptcy Court, agree to settle and resolve all such claims as provided in this Agreement, on the following terms and as further provided herein:

1. All complaints and counterclaims asserted in the Florida Litigation will be dismissed with prejudice.

2. All pending motions filed by any Party in the Florida Litigation will be withdrawn, if not resolved by dismissal with prejudice of that Party's claims.

3. All litigation of any kind between the Parties will end effective as of the Effective Date (defined below).

4. All third-party subpoenas issued by any Party in the Florida Litigation will be withdrawn.

5. Upon demand by the producing Party, such demand to be made no later than five (5) business days following the Effective Date, any confidential records produced by any Party to any other Party in connection with the Florida Litigation will be returned or appropriately disposed of to protect confidentiality concerns, including personal identifying data.

6. All Parties will pay their own costs and fees incurred in connection with the Florida Litigation and the Bankruptcy Case.

NOW THEREFORE, in consideration of the mutual benefits to be derived and the representations and warranties, conditions and promises herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

1. <u>Recitals</u>: The above Recitals are true and correct and incorporated herein.

2. <u>Henderson and Florida Board of Pharmacy</u>: Contemporaneously with the execution of this Agreement, an authorized representative of Plaintiffs will deliver executed correspondence with the language in **Ex. A** to counsel for Henderson. The correspondence will be addressed to the Florida Dept. of Health (Board of Pharmacy) and will confirm Plaintiffs are no longer pursuing the Florida litigation or any complaint against Henderson's license. The correspondence will be on letterhead with the signature of an authorized executive of Optio RX, LLC.

3. <u>Bankruptcy Court Approval</u>: This Agreement shall become effective on the date on which the Bankruptcy Court enters an order (the "<u>Order</u>") approving this Agreement (the "<u>Effective Date</u>"). The Parties will in good faith exercise all reasonable efforts required to obtain the entry of the Order, including executing and delivering any motions, declarations or other items of support

2

reasonably required in connection therewith. Consistent with the preceding sentence, the Plaintiffs will prepare a motion to approve a compromise of controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). The Plaintiffs shall promptly file the Motion with the Bankruptcy Court and serve the Motion upon those parties entitled to notice thereof.

4.     Dismissal of Florida Litigation: Within ten (10) business days following the Effective Date, the Parties shall cause their counsel to file in the Florida Litigation a stipulation dismissing, with prejudice, all claims asserted therein, with each Party to bear its own fees and costs.

5.     General Release by Defendants: As one of the material inducements to the Plaintiff Parties to enter into this Agreement, effective automatically on the Effective Date, each of Henderson, Hometown, Reshay Densman, and Neil Densman, on behalf of themselves and each and every of their heirs, agents, attorneys, legal representatives, affiliates, predecessors, successors, and assigns and anyone claiming by, through, or under them (collectively, the "Releasing Parties"), hereby fully and forever remises, releases, acquits, waives, disclaims, surrenders, satisfies, and discharges each of the Plaintiffs, Plaintiffs' affiliates, their respective bankruptcy estates and lenders, and its and their respective agents, attorneys, legal representatives, current and former employees, members, officers, directors, supervisors, consultants, contractors, insurers, investors, clients, fiduciaries, representatives, businesses they currently or formerly own or owned any interest in, current or former business partners, shareholders, members, managers, partners, predecessors, and each of its and their respective successors and assigns and all persons acting by, through, under, or in concert with any of them (collectively, the "Plaintiff Released Parties") of and from any and all manner of claims, debts, equity or ownership interests, rights, dues, sums of money, accountings, bonds, warranties, representations, covenants, promises, contracts, controversies, agreements, liabilities, obligations, reckonings, expenses, damages, judgments, executions, objections, defenses, setoffs, actions, liens, suits, proceedings, claims, counterclaims, losses, costs, expenses, attorneys' fees, demands, and causes of action of any kind or nature whatsoever, whether contingent, whether disputed or undisputed, whether or not well-founded in fact or law, whether in law, equity or otherwise, whether known or unknown, and whether now accrued or hereafter maturing, which any of the Releasing Parties ever had, now has or hereafter can, shall or may have against any of the Plaintiff Released Parties, from the beginning of the world until the Effective Date, for or by reason of any matter, cause, omission, or thing whatsoever, including, but not limited to, any matter, cause, omission, or thing, including any such matter, cause, omission or thing related to, arising out of or in connection with the Florida Litigation. Nothing contained in this Section or elsewhere in this Agreement shall release any of the Plaintiff Released Parties from their respective obligations set forth in this Agreement.

6.     General Release by the Plaintiffs: As a material inducement to Defendant Parties to enter into this Agreement, effective automatically on the Effective Date, each of the Plaintiff Parties, on behalf of themselves and their bankruptcy estates, and anyone claiming by, through, or under them (collectively, the "Plaintiff Releasing Parties"), hereby fully and forever remises, releases, acquits, waives, disclaims, surrenders, satisfies, and discharges each of Henderson, Hometown, Reshay Densman, and Neil Densman on behalf of themselves and each and every of their heirs, agents,

3

attorneys, legal representatives, affiliates, current and former employees, shareholders, members, officers, directors, supervisors, consultants, contractors, insurers, investors, clients, fiduciaries, representatives, businesses they currently or formerly own or owned any interest in, current or former business partners, predecessors, and each of its and their respective successors, and assigns, and all persons acting by, through, under, or in concert with any of them (collectively, the "Defendant Released Parties") of and from any and all manner of claims, debts, equity or ownership interests, rights, dues, sums of money, accountings, bonds, warranties, representations, covenants, promises, contracts, controversies, agreements, liabilities, obligations, reckonings, expenses, damages, judgments, executions, objections, defenses, setoffs, actions, liens, suits, proceedings, claims, counterclaims, losses, costs, expenses, attorneys' fees, demands, and causes of action of any kind or nature whatsoever, whether contingent, whether disputed or undisputed, whether or not well-founded in fact or law, whether in law, equity or otherwise, whether known or unknown, and whether now accrued or hereafter maturing, which any of the Plaintiff Releasing Parties ever had, now has or hereafter can, shall or may have against any of the Defendant Released Parties, from the beginning of the world until the Effective Date, for or by reason of any matter, cause, omission, or thing whatsoever, including, but not limited to, any matter, cause, omission, or thing, including any such matter, cause, omission or thing related to, arising out of or in connection with the Florida Litigation. Henderson is specifically released from any remaining term for restrictive covenants in his Employment Agreement and/or Seller Note. Nothing contained in this Section or elsewhere in this Agreement shall release any of the Defendant Parties from their respective obligations set forth in this Agreement.

7.      No Admission of Liability: Each Party hereto expressly acknowledges and agrees this resolution is made for the purpose of avoiding expenses associated with litigating any issues related to the matters being released herein, and that the Parties individually and collectively deny any wrongdoing or liability.

8.      Authority: Each signatory to this Agreement represents and warrants that he or she has authority to enter into this Agreement on behalf of the Party he or she represents and can bind that Party hereto, subject to the provisions contemplated in this Agreement.

9.      Agreement is Legally Binding: Subject to the entry of the Order, the Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates.

10.     Entire Agreement: The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

11.     New or Different Facts: No Effect: Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence

4

of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

12.　　Interpretation.  Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against any Party as the author or drafter of the Agreement.

13.　　Reliance on Own Counsel. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, other than the representations and warranties contained in this Agreement, whether oral or written, made by any other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

14.　　Jurisdiction and Venue: This Agreement shall be interpreted and enforced pursuant to the laws of the State of Florida, without regard to its choice of law rules. Any and all lawsuits or other proceedings related to this Agreement or the transactions described herein shall be commenced and held in the Bankruptcy Court for the State of Delaware responsible for the Bankruptcy Case.

15.　　Counterparts: This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16.　　Time of Essence: Time shall be of the essence with respect to this Agreement.

*[SIGNATURES ON FOLLOWING PAGE –*

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

The signatures that follow were made on the ___day of July, 2024, and represent the respective Party consents to this Agreement.

| | |
|---|---|
| *Michael R. Durham*<br>Michael R. Durham (Jul 30, 2024 17:40 CDT)<br>Name: Michael R. Durham<br>AUTHORIZED REPRESENTATIVE<br>OF PLAINTIFFS OPTIO RX, LLC AND<br>CRESTVIEW PHARMACY, LLC | *[signature]*<br>Jennifer Reshay Densman<br>AUTHORIZED REPRESENTATIVE<br>OF CRESTVIEW CITY PHARMACY, INC<br>n/k/a HOMETOWN PHARMACY, INC. |
| *Bryan Henderson*<br>BRYAN HENDERSON | *[signature]*<br>JENNIFER RESHAY DENSMAN |
| | *Christopher Neil Densman*<br>CHRISTOPHER NEIL DENSMAN |

THE FOLLOWING COUNSEL OF RECORD LIKEWISE VERIFY THAT THEIR RESPECTIVE CLIENTS VOLUNTARILY AGREE TO THIS SETTLEMENT AND RELEASE.

| | |
|---|---|
| *[signature]*<br>COUNSEL FOR PLAINTIFFS OPTIO RX,<br>LLC AND CRESTVIEW PHARMACY, LLC | *Ruth Vafek*<br>COUNSEL FOR CRESTVIEW CITY<br>PHARMACY, INC n/k/a HOMETOWN<br>PHARMACY, INC., JENNIFER RESHAY<br>DENSMAN, and CHRISTOPHER NEIL<br>DENSMAN |
| *[signature]*<br>COUNSEL FOR BRYAN HENDERSON | |

6

**EX. A**

Case No. 2023-27429
In Re: Bryan D. Henderson, PH

To Whom It May Concern,

On behalf of Crestview Pharmacy, LLC and Optio RX, LLC and any successor entity, we advise that we are withdrawing our complaint related to Bryan Henderson.  We have dismissed the civil litigation against him and will not pursue or participate any further in these proceedings.

Sincerely,

[NAME]
[TITLE]
Optio RX, LLC
Crestview Pharmacy LLC (License Number PH18397)