IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No.** |

### ORDER (I) AUTHORIZING THE DEBTORS TO IMPLEMENT KEY EMPLOYEE INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF

This matter coming before the Court upon the *Debtors' Motion for Entry of an Order (i) Authorizing the Debtors to Implement Key Employee Incentive Plan and (ii) Granting Related Relief* (the "**Motion**")[2] filed by the above-captioned debtors (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) approving and authorizing the implementation of the KEIP; (ii) authorizing (but not directing) the Debtors to make payments under the KEIP to the Participant under the terms contained therein; (iii) granting administrative expense priority status to all payments to be made by the Debtors thereunder; and (iv) granting related relief, all as further described in the Motion; and upon consideration of the *Declaration of Scott Avila in Support of Debtors' Motion for Entry of Order (I) Authorizing the Debtors to Implement Key Employee*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

*Incentive Plan and (II) Grating Related Relief* (the "**Avila Declaration**"), and the record of these Chapter 11 Cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, and property of their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the Avila Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KEIP as described in the Motion is hereby approved, and the Debtors are authorized to implement the KEIP at their discretion.

3. The total amount of payments due to the KEIP Participant shall be capped at $100,000.00.

4. The Debtors are further authorized, but not directed, to take any and all actions they deem necessary, desirable, or appropriate to effect, implement, and/or consummate the KEIP,

including without limitation, making the Incentive Bonus payments that may become due thereunder, without further application or order of this Court.

5. All amounts earned and payable under the KEIP shall be afforded administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code for all purposes in these Chapter 11 Cases and in case of conversion or dismissal of these Chapter 11 Cases; provided, however, that notwithstanding the Court's approval of the KEIP, the KEIP Participant shall not have a claim against the Debtors for such amounts unless and until the Debtors actually determine to award such payments to the KEIP Participant.

6. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

7. This Order shall be binding upon any successors and assigns of the Debtors, including any trustee appointed in these Chapter 11 Cases or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

8. Notwithstanding Bankruptcy Rule 6004(h) or any other Bankruptcy Rule(s) to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4883-9995-3114, v. 1