N THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: September 13, 2024, at 10:00 a.m. (Eastern)<br><br>Related Docket Nos. 264 and 301 |

### DEBTORS' REPLY IN FURTHER SUPPORT OF MOTION
### TO ENFORCE THE AUTOMATIC STAY AND FOR RELATED RELIEF

Optio Rx, LLC ("**Optio**") and its affiliated debtors and debtors-in-possession (collectively, "**Debtors**") in the above-captioned chapter 11 cases, respectfully submits this reply (A) in further support of their request for entry of an order (the "**Motion**"), pursuant to sections 362(a)(1) and 362(k) of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) enforcing the automatic stay against state court plaintiff Rinku Patel ("**Patel**"), (ii) declaring Patel's state court action void *ab initio*, and (iii) awarding the Debtors attorneys' fees and expenses against Patel and any other party that may be responsible for having willfully violated the automatic stay [Docket No. 264], and (B) in response to *Dr. Rinku Patel's Response to Debtors' Motion to Enforce the Automatic*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

*Stay and for Related Relief* ("**Patel's Objection**") [Docket No. 301]. In support of their Reply, the Debtors state as follows:

## PATEL'S ADMITTED WILLFUL VIOLATION OF THE AUTOMATIC STAY WARRANTS STATUTORY DAMAGES

1. Nothing in Patel's Objection comes to grips with the uncontested fact that Patel *knew of and then voluntarily ignored* the Debtors' chapter 11 cases when she decided to commence her Cook County, Illinois State Court Action against Optio.

2. Patel also *knew of and then voluntarily ignored* the mandatory bankruptcy procedures through which she could have asserted her claims against Optio when she decided instead to file her State Court Action against Optio.

3. And Patel also *knew of and then voluntarily ignored* a written warning that any action filed against Optio in Cook County, Illinois would violate the automatic stay under 11 U.S.C. § 362.

4. Indeed, Patel cannot, and does not, dispute that:

   a. the Debtors served Patel by overnight mail with Notice of filing the Debtors' Chapter 11 Cases on June 9, 2024 [Docket No. 67];

   b. the Debtors served Patel with *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Petition Date* and *Notice of Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Petition Date* in which the Debtor identified Optio's Employment Agreement with Patel as a contract being rejected on June 11, 2024 [Docket No. 61];

   c. the Debtors served Patel with the Court's order granting its *First Omnibus Motion* on June 26, 2024 [Docket No. 138];

   d. the Debtors served Patel with a *Notice of Bar Date* setting forth the timing and procedure under which Patel could assert her claims on July 1, 2024 [Docket No. 197]; and

  e.  on July 3, 2024, Patel was notified, in writing, that her State Court Action, if commenced against Optio, would violate the automatic stay triggered by those same chapter 11 cases. [Docket No. 264, Ex. 3.].

5. Patel then waited nearly three (3) weeks and should have considered the Debtors' repeated notice and the warning she was provided, could have contacted the Debtors' counsel to resolve any potential stay infringement, and could have chosen to revise her proposed complaint she had threatened to file in Cook County, Illinois, to exclude Optio. But rather than do so, Patel voluntarily chose to thumb her nose at the notice and warning and instead commence her State Court Action against Optio on July 22, 2024.

6. Indeed, Patel at the very start admitted her knowledge that her State Court Action would violate the automatic stay by including a footnote in her State Court Action complaint conceding she knew the automatic stay had already been triggered and that she had not sought relief from the automatic stay in this Court.[2]

7. Section 362(k) of the Bankruptcy Code provides, in relevant part, that "an individual injured by any willful violation of a stay provided by this section *shall recover actual damages*, including costs and attorneys' fees . . . ." 11 U.S.C. § 362(k) (emphasis added).

8. Patel's commencement of the State Court Action was indisputably willful because she admits she *knew* of Optio's chapter 11 case, she *knew* of the appropriate process through which to assert her claims in this Court, and she *knew* that commencing her State Court Action against Optio risked violating the automatic stay. *See In re Denby-Peterson*, 941 F.3d 115, 122 (3d Cir. 2019) (""It is a willful violation of the automatic stay when a creditor violates the stay with

---

[2] Patel had good reason to have never sought relief from the automatic stay after having commenced her State Court Action against Optio. Patel's State Court Action was filed willfully in violation of the automatic stay—a circumstance that disqualified her from any such *nunc pro tunc* relief. *See Wells Fargo Bank N.A. v. Johnson*, No. CIV. 11-1205-SLR, 2012 WL 1203427, at *2 (D. Del. Apr. 4, 2012) (courts only grant *nunc pro tunc* relief from the automatic stay "when the action was taken without knowledge of the bankruptcy filing, and cause to grant relief from the stay would have otherwise existed").

knowledge that the bankruptcy petition has been filed. Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional.'") (quoting *In re Lansdale Family Rest., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992)); *In re Lansaw*, 853 F.3d 657, 664 n.4 (3d Cir. 2017) (same).

9.  Given Patel's commencement of the State Court Action was an indisputably willful violation of the automatic stay, Optio is "entitled" to damages under Section 362(k) of the Bankruptcy Code. *Denby-Peterson*, 941 F.3d at 123. The statutory damages Optio seeks are those expressly provided in Section 362(k)—the "costs and attorneys' fees" associated with contesting Patel's willful stay violation. 11 U.S.C. § 362(k); *see In re Healthcare Real Est. Partners, LLC Healthcare Real Est. Partners, LLC v. Summit Healthcare Reit, Inc*., No. 15-11931 (CTG), 2023 WL 7786065, at *6 (Bankr. D. Del. Nov. 14, 2023).

10. Patel's principal objection is that despite her ignoring both repeated notice of the Debtors' chapter 11 cases and a specific warning to avoid violating the automatic stay, it is Optio that is at fault for having incurred the expense of moving to enforce the stay Patel willfully violated. (Patel's Objection ¶¶8-11.) Patel seems to assert that she would have acted differently and withdrawn her complaint had she simply received even more notice and warnings from the Debtors than she had already received.

11. Patel's argument, however, begs the actual question. Patel *knew long before filing her complaint* that avoiding a violation of the automatic stay required either dropping Optio as a party or first moving for relief from the automatic stay in this Court; Patel admitted as much on the face of her Complaint including in a footnote in which she stated her intent to seek relief in this Court. Patel did neither and thereby knowingly caused the statutory damages from which she now contends she should be relieved notwithstanding her willful actions and the Bankruptcy Code.

12. Patel also could have "attempted to contact" Optio's counsel to "resolve" any potential stay violation before filing her complaint. (Patel's Objection ¶8.) Rather than engage in the very mitigation Patel now accuses Optio of having avoided, Patel filed her complaint without contacting Optio's counsel and thus placed the onus on Optio to incur otherwise unnecessary expenses to enforce the automatic stay. Patel's assertion that Optio was somehow in the wrong for seeking to enforce its rights after Patel knowingly failed to "contact" Optio's counsel and thereby avoid statutory damages is contrary to the fundamental concept of mitigation. *See Toyota Indus. Trucks U. S. A., Inc. v. Citizens Nat. Bank of Evans City*, 611 F.2d 465, 471 (3d Cir. 1979) ("'(w)here both the plaintiff and the defendant have had equal opportunity to reduce the damages by the same act and it is equally reasonable to expect a defendant to minimize damages, the defendant is in no position to contend that the plaintiff failed to mitigate.'") (quoting *S. J. Groves & Sons v. Warner Co.*, 576 F.2d 524, 530 (3d Cir. 1978)).

13. The cases to which Patel points in which full adversary proceedings were commenced to enforce stay violations are not to the contrary. (Patel's Objection ¶¶8-11.) For instance, consistent with basic mitigation principles, the court in *Rosengren v. GMAC Mortg. Corp.*, No. CIV. 00-971(DSD/JMM), 2001 WL 1149478, at *3 (D. Minn. Aug. 7, 2001) rejected the creditor's argument that "there can be no violation where the debtor is equally at fault" because "once the creditor receives actual notice of the debtor's bankruptcy, the burden is on the creditor to prevent violations of the automatic stay."[3] And unlike the present case in which repeated notice and an advance warning had been provided, in *In re Docherty*, No. 15-14124, 2016 WL 675835,

---

[3] The Court then proceeded to calculate an award of damages in light of the debtor's failure in discovery to articulate a valid amount. *See Rosengren*, 2001 WL 1149478, at *4-*5. The same occurred in *In re Clayton*, 235 B.R. 801, 810–11 (Bankr. M.D.N.C. 1998) (Patel's Objection ¶8) in which the court awarded no attorney's fees because the debtor failed to submit any evidence of the amount of attorney's fees. Here, the Debtors advised Patel before filing her Objection that they incurred, as of filing the Motion, $12,651.00 in legal fees, a valid amount expressly permitted under 11 U.S.C.§ 362(k).

at *10 (Bankr. N.D. Ohio Feb. 18, 2016), the debtor's argument that she had notified the creditor of the bankruptcy case and the case number before the creditor's stay violation were "not supported by the evidentiary record"; "the debtor never mentioned her bankruptcy filing to the creditors until after her car was repossessed." Here, Patel long knew of the Debtors' chapter 11 cases before commencing her State Court Action.

14. Next, Patel's reliance upon court decisions in the Second Circuit for the proposition that attorneys' fees associated with enforcing the automatic stay are unrecoverable absent separate "actual injury" is misplaced. (Patel's Objection ¶¶12-14.) The Third Circuit rejected that very argument in *In re Aleckna*, in which the court confirmed its prior determination that "a debtor may suffer 'financial injury in the form of attorneys' fees' when they are incurred to 'enjoin further violations of the stay.'" 13 F.4th 337, 342 (3d Cir. 2021) (quoting *In re Lansaw*, 853 F.3d 657, 668 (3d Cir. 2017)). And as Judge Goldblatt further explained in *Healthcare Real Est. Partners*, unlike other fee shifting statutes that require a party to prevail in proving damages as part of the litigated claim before fees may be assessed, "that this is not how § 362(k) is written." 2023 WL 7786065, at *6. Instead, the statute's use of the word "including" "makes plain that in the context of a violation of the automatic stay, Congress viewed the costs and attorneys' fees associated with vindicating the protections of the automatic stay as part of the damages a debtor suffers when a creditor violates the stay." *Id*.

15. In short, Patel's willful violation of the automatic stay is uncontested. Optio is therefore "entitled" to an order enforcing the automatic stay and awarding statutory damages, including the legal fees and expenses attributable to the present Motion.

16. Finally, Patel argues that her willful violation of the automatic stay did not render her State Court Action *void ab initio*. (Patel's Objection ¶¶16-21.) The law is to the contrary. *See*

*Harrison v. Soroof Int'l, Inc*., 320 F. Supp. 3d 602, 628 (D. Del. 2018) (actions taken in violation of the automatic stay are "generally void *ab initio*"). Nevertheless, given that Patel has filed an amended complaint against only non-debtors and could, in any event, file a new and separate action against the same non-debtor parties, declaring the State Court Action *void ab initio* is, as a practical matter, unnecessary.

**WHEREFORE**, for the reasons set forth in the Debtors' Motion and herein, and because there is no dispute that Patel willfully violated the automatic stay, the Court should enforce the stay and order Patel to reimburse the Debtors' actual damages, including its attorney's fees and costs associated with the Motion, under 11 U.S.C. § 362(k), and grant such other relief as may be appropriate.

Dated: August 26, 2024  
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:   chipman@chipmanbrown.com
            carickhoff@chipmanbrown.com
            olivere@chipmanbrown.com
            root@chipmanbrown.com

*Counsel for Debtors and*
*Debtors in Possession*