**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: August 29, 2024 at 10:00 a.m. (ET) |
| | Related D.I.: 294, 332, 333, 341 |

**MOTION OF LOAN ADMIN CO LLC FOR
LEAVE TO FILE A SUR-REPLY**

Loan Admin Co LLC (the "Admin Agent"), in its capacity as administrative agent under the Prepetition Credit Agreement and DIP Credit Agreement, by and through its undersigned counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "Proposed Order"), for leave under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 7007-2(b)(ii) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to file a sur-reply, a copy of which is attached to this Motion as **Exhibit B**, (the "Sur-Reply") to the *Reply in Support of Motion of Official Committee of Unsecured*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60061.

*Creditors for Entry of an Order: (1) Granting Derivative Standing to the Committee of Unsecured Creditors to Commence, Prosecute and Resolve Certain Claims and Causes of Action; and (2) Extending Challenge Period Pending Consideration of Request for Derivative Standing* [D.I. 341] (the "Reply"). In support of this Motion, the Admin Agent respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157 (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The Admin Agent does not consent to entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

4. On August 15, 2024, the Official Committee of Unsecured Creditors (the "Committee") filed the *Motion of Official Committee of Unsecured Creditors for Entry of an Order: (1) Granting Derivative Standing to the Committee of Unsecured Creditors to Commence, Prosecute and Resolve Certain Claims and Causes of Action; and (2) Extending Challenge Period Pending Consideration of Request for Derivative Standing* [D.I. 294] (the "Standing Motion").

5. On August 22, 2024, the Admin Agent filed an objection to the Standing Motion [D.I. 332] (the "Objection").[2]

6. On August 26, 2024, the Committee filed the Reply, attaching new evidence and asserting new arguments relative to the Standing Motion.

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings given to such terms in the Objection.

**RELIEF REQUESTED**

7. By this Motion, the Admin Agent seeks entry of an order, substantially in the form of the Proposed Order, under section 105(a) of the Bankruptcy Code and Local Rule 7007-2(b)(ii), granting the Admin Agent leave to file the Sur-Reply to the Committee's Reply.

**BASIS FOR RELIEF**

8. Local Rule 7007-2(b)(ii) provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Recognizing the potential for "impermissible 'sandbagging'" when movants reserve "crucial arguments for a reply brief to which an opponent cannot respond," the Delaware District Court has found that the appropriate remedy for violations of this rule is to allow leave to file a sur-reply. *Fifth Mkt., Inc. v. CME Grp., Inc.*, No. CIV.A. 08-520-GMS, 2013 WL 3063461, at *1 n.2 (D. Del. June 19, 2013). "[P]ermission for leave to file a sur-reply is a matter 'committed to the District Court's sound discretion.'" *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014); *see also Walsh v. Irvin Stern's Costumes*, No. CIV.A. 05-2515, 2006 WL 166509, at *12 (E.D. Pa. Jan. 19, 2006) (granting leave to file sur-reply when "brief was only four pages long and responded to new arguments posited in [adversary's] Reply brief").

9. Additionally, the equitable powers of the Court allow it to issue any order that "is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. The Committee filed the Standing Motion on 14-days' notice, providing the Admin Agent and other parties in interest only seven (7) calendar days to object. Regardless of whether that comports with the Local Rules, the Committee's Reply pushes the bounds of permissible motions practice. The Reply attaches a declaration with hundreds of pages of exhibits upon information and belief that the Committee had in its possession before filing the Standing Motion

and also raises new factual assertions and legal arguments. All of this should have been introduced and/or raised in the Standing Motion notwithstanding the legal infirmities of such new arguments.

11. In light of the foregoing, the Admin Agent should be afforded an opportunity to respond to the Reply. The Admin Agent believes that its brief Sur-Reply will aid the Court in its consideration of the relevant issues. Specifically, the Sur-Reply emphasizes certain facts that the Committee ignores or otherwise overlooks and refutes the Committee's new legal arguments.

**WHEREFORE**, the Admin Agent respectfully requests that the Court enters an order, substantially in the form of the Proposed Order, granting the Admin Agent leave to file its Sur-Reply, and grant such other and further relief as the Court deems just and proper.

Dated: August 27, 2024
       Wilmington, Delaware

Respectfully submitted,

 */s/ Stuart M. Brown*
Stuart M. Brown (DE No. 4050)
Matthew S. Sarna (DE No. 6578)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone:   (302) 468-5700
Facsimile:   (302) 394-2341
Email: stuart.brown@us.dlapiper.com
       matthew.sarna@us.dlapiper.com

*Counsel for Loan Admin Co LLC*