## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: September 13, 2024, at 10:00 a.m. (Eastern Time)**<br>**Objection Deadline: September 6, 2024, at 4:00 p.m. (Eastern Time)** |

### DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE REJECTION DATE, (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, AND (II) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR LEASES(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).**

Optio Rx, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, by and through their undersigned counsel, hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a), 362(d), 365(a), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) authorizing the Debtors to (a) reject certain unexpired leases (including any guarantees thereof and any amendments or modifications thereto or assignments or subleases thereof, collectively, the "**Leases**") of nonresidential real property located at the addresses set forth on **Schedule 1** to **Exhibit A** attached hereto (collectively, the "**Properties**"), effective as of the Rejection Date (*as defined below*), (b) abandon certain Remaining Property (*as defined below*) at the Properties, effective as of the Rejection Date, and (ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested in this Motion are sections 105(a), 362(d), 365(a), and 554(a) of the Bankruptcy Code, and Bankruptcy Rules 6006 and 6007.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

- 2 -

# BACKGROUND

## I.    THE CHAPTER 11 CASES.

4.      On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5.      The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[2]   No trustee or examiner has been appointed in the Chapter 11 Cases.

7.      On July 29, 2024, the Debtors filed the *Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 257] (the "**Plan**") and the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 258] (the "**Disclosure Statement**").

8.      On August 1, 2024, the Court entered the *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and*

---

[2]     The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

*Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276].  The hearing to consider confirmation of the Plan is scheduled for September 13, 2024.

9.      Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

## II.      ABANDONMENT OF PERSONAL PROPERTY REMAINING AT THE PREMISES.

10.      In connection with the Debtors' use of the Properties subject to the Leases, the Debtors currently own certain furniture, fixtures, and equipment (collectively, the "**Remaining Property**").  The Debtors have evaluated such Remaining Property and have determined that (a) it is of inconsequential value or (b) the cost of removing and storing the Remaining Property for future use, marketing, or sale exceeds the value of the Remaining Property to the Debtors' estates.  Accordingly, to reduce postpetition administrative costs and, in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of any Remaining Property that may be located at each of the Premises as of the applicable Rejection Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## III.      THE LEASES.

11.      In the months leading up to the Petition Date and as part of their efforts to reorganization as contemplated under the Plan, the Debtors, together with their advisors, conducted an extensive review of their nonresidential real property leases.  As part of that analysis, the Debtors considered, among other things, the historical and projected revenue and profits of each of their Retail Pharmacies, Compounding Pharmacies, Hospice Pharmacies, the Fertility Pharmacy (each, as defined in the First Day Declaration), and how a particular pharmacy fits within the

- 4 -

optimal footprint for a go-forward business. The Debtors have determined that the Leases identified on Schedule 1 to the Order do not provide meaningful value to the estates and are burdensome to the Debtors. For each of the Leases, the Debtors have already ceased ongoing operations at the lease location (the "**Premises**") and have given notice of surrender to the applicable landlord (each, a "**Landlord**," and collectively, the "**Landlords**") stating that the Landlord may enter and re-let the Premises. When feasible, the Debtors have sent or otherwise returned any keys, key codes, and alarm codes with respect to the applicable surrendered Premises to the affected Landlords.

12.     Each Lease is for one of the Debtors' Hospice Pharmacies. The Debtors have determined that the costs of the Leases outweigh any marginal benefits that could possibly be achieved from assignments or subleases of the Leases (to the extent permitted by the terms thereunder). By rejecting the Leases, the Debtors anticipate that they will save more than $25,000.00 per month in anticipated rent and associated costs, thereby preserving significant value for the Debtors' estates.

## **RELIEF REQUESTED**

13.     By this Motion, the Debtors respectfully request entry of the Proposed Order, (i) authorizing the Debtors to (A) reject the Leases set forth on **Schedule 1** to **Exhibit A** attached hereto, effective as of the date set forth on **Schedule 1** to the Proposed Order (the "**Rejection Date**"), (B) abandon the Remaining Property effective as of the Rejection Date, and (ii) granting related relief. The Debtors reserve all rights to modify the schedule of Leases, including by removing one or more Leases from **Schedule 1**, without prejudice to their rights to reject such Leases at a later date.

- 5 -

## BASIS FOR RELIEF REQUESTED

I.    **REJECTION OF THE LEASES IS IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES AND SHOULD BE APPROVED.**

14.    The Debtors have determined that the Leases are not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors' estates and present potentially burdensome liabilities and/or obligations.  Accordingly, the Debtors' decision to reject the Leases is a proper exercise of business judgment, and the rejection should be approved.

15.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization." *In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010); *NLRB* v. *Bildisco & Bildisco* (*In re Bildisco*), 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

16.    The Debtors' rejection of an unexpired lease is governed by the "business judgment" standard, which requires a debtor to have determined that the requested rejection would benefit its estate. *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Sharon Steel Corp.* v. *Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *see also In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("In general, motions to reject executory contracts are evaluated under the business judgment

test."); *In re HQ Glob. Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) ("Under the business judgment standard, the sole issue is whether the rejection benefits the estate.").

17.    In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject contracts. *See, e.g.*, *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126 ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice."). Courts defer to a debtor's business judgment in rejecting an executory contract, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB*, 465 U.S. at 523 (recognizing "business judgment" standard used to approve rejection of executory contracts).

18.    Moreover, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)). Section 105(a) therefore provides additional authority for the Court to grant the relief requested herein.

19.    The Debtors submit that rejection of the Leases is within the Debtors' business judgment and an appropriate step in furtherance of their efforts to reorganize as contemplated in their

4814-7029-0909, v. 2

proposed Plan.  As set forth in the First Day Declaration and proposed Plan, through the bankruptcy process, the Debtors are restructuring their core business operations.  As part of this restructuring, the Debtors have considered, among other things, the historical and projected revenue and profits of each of their Hospice Pharmacies, and how each particular pharmacy fits within the optimal footprint for a go-forward business.  The Debtors evaluated the Leases in consultation with their professional advisors and determined that any benefits provided by these Leases do not equal or exceed the potential costs and/or obligations associated with the Leases.  Accordingly, the Leases no longer provide any value to the Debtors and their estates.  The Debtors are requesting authority to reject the Leases to avoid the incurrence of any additional, unnecessary administrative expenses in connection with the restructuring.  For the foregoing reasons, the Debtors believe that rejecting the Leases is a reasonable exercise of their business judgment and should be approved.

## II.     DEEMING EACH CONTRACT REJECTED EFFECTIVE AS OF THE REJECTION DATE IS APPROPRIATE.

20.     The Debtors also respectfully submit that it is appropriate for the Court to deem the Contracts rejected effective as of the Rejection Date.

21.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See SCS Co.* v. *Peter J. Schmitt Co.*, 1995 WL 1772010, at *2 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection); *see also In re Rupari Holding Corp.*, 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017) (authorizing rejection of employment agreements as of prior retroactive date).

22.     Courts in this district and elsewhere have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date before entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d

1021, 1029 (1st Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

23.     Furthermore, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

24.     In this instance, the balance of the equities favors the rejection of the Leases effective as of the Rejection Date. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary administrative costs for Leases that do not provide any benefits to the Debtors and their estates.

25.     Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Carbonlite Holdings LLC*, 21-10527 (JTD) (July 14, 2021) [D.I. 714] (authorizing debtors to reject certain executory contracts effective as of the rejection date); *In re Lighthouse Resources Inc.*, 20-13056 (JTD) (Jan. 26, 2021) [D.I. 270] (authorizing debtors to reject certain executory contracts and unexpired leases effective as of the rejection date); *In re Lucky's Market Parent Company, LLC*, 20-10166 (JTD) (April 9, 2020) [D.I. 587] (same); *In re THG Holdings LLC*, 29-11689 (JTD) (Oct. 10, 2019) [D.I. 343] (same).

### III.   ABANDONMENT OF THE REMAINING PROPERTY AS OF THE REJECTION DATE IS APPROPRIATE.

26.    The Debtors also request that the Remaining Property at the Premises as of the applicable Rejection Date be deemed abandoned as of the Petition Date.  The Remaining Property is of inconsequential value or benefit to the Debtors' estates, and the Debtors have determined that any benefits of removing such Remaining Property would be far outweighed by the attendant removal, storage, and carrying costs.

27.    The abandonment of the Remaining Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.*  The right to abandon property is, except for certain exceptions inapplicable in the present case, unfettered. *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506-07 (1986) (noting one such exception and holding that section 554(a) does not preempt state laws aimed at protecting the public's health and safety). Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g., In re HRI Holding Corp.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Dec. 5, 2019) [Docket No. 160] (allowing debtor to abandon property); *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) [Docket No. 329] (same); *In re RUI Holding Corp.*, Case No. 19-11509 (JTD) (Aug. 6, 2019) [Docket No. 111] (same); *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.*  As set forth in the Proposed Order, any Landlord or other designee will be free to dispose of any Remaining Property as of the applicable Rejection Date without notice or liability

- 10 -

to any party. As such, abandonment of any Remaining Property at the Premises as of the applicable Rejection Date should be approved.

28.     Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g., In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing, but not directing, the debtors to abandon personal property that may be located at the debtors' leased premises that are subject to a rejected lease); *In re Highpoint Resources Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. March 31, 2021) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. Apr. 15, 2020) (same); *In re BL Restaurants Holding, LLC*, Case No. 20-10156 (MFW) (Bankr. D. Del. Feb. 28, 2020) [Docket No. 225] (authorizing abandonment of certain equipment, fixtures, furniture or other personal property that may be located at the premises of the Debtors' leased locations subject to rejection); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re RUI Holding Corp.*, Case No. 19-11509 (JTD) (Bankr. D. Del. Aug. 6, 2019) [Docket No. 111] (same).

## IV.     COMPLIANCE WITH BANKRUPTCY RULE 6006(F).

29.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties.  The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

30.     Nothing in this Motion: (a) is intended or shall be deemed to an admission as to the validity of any  asserted claim against the Debtors or their estates (including any claims asserted by any counterparties to the Leases whether arising under, in connection with, or related to the Leases, the counterparties' former employment by the Debtors or otherwise); (b) shall impair,

- 11 -

prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any party (including the counterparties to the Leases); or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.

### NO PRIOR REQUEST

31.     No prior request for the relief sought in the motion has been made to this or any other court.

### NOTICE

32.     Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) counsel to the DIP Lenders; (d) the Landlords and notice parties to the Leases; and (e) any party that has requested notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

4874-7029-0909, v. 2

Dated: August 30, 2024
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*

William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:        chipman@chipmanbrown.com
             carickhoff@chipmanbrown.com
             olivere@chipmanbrown.com
             root@chipmanbrown.com

*Counsel for Debtors and*
*Debtors in Possession*

- 13 -