# **EXHIBIT A**

**(*Proposed* Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket No.** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE REJECTION DATE, (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") (i) authorizing the Debtors to (a) reject certain unexpired leases (including any amendments or modifications thereto or assignments or subleases thereof, collectively, the "**Leases**") of nonresidential real property located at the addresses set forth on **Schedule 1** attached hereto (collectively, the "**Properties**"), and (b) abandon certain furniture, fixtures, equipment, and other assets at the Properties (collectively, the "**Remaining Property**"), each effective as of the date set forth on **Schedule 1** attached hereto (the "**Rejection Date**"), and (ii) granting related relief, all as further described in

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, the Leases set forth on the attached **Schedule 1** are rejected effective as of the Rejection Date. Any personal property located at the Properties after the Rejection Date is deemed abandoned.

3. The Debtors are authorized, but not directed, to abandon any Remaining Property located at the Properties subject to the Leases, in the Debtors' sole discretion, free and clear of all liens, claims, encumbrances, and rights of third parties with such abandonment being effective as of the Rejection Date. The counterparties under the Leases are authorized to dispose of any

Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors. The automatic stay is modified to the extent necessary to allow the disposition of any Remaining Property.

4. Within two (2) business days after entry of this Order, the Debtors shall serve a copy of this Order and the attached **Schedule 1** on the counterparties under the Leases.

5. After the Rejection Date, any counterparty to a Lease may relet or otherwise use or dispose of the premises that were the subject of such Lease without limitation or further obligation to the Debtor. The counterparty to any rejected Lease is granted relief from the automatic stay to take all actions necessary to take possession of the Premises and enforce its rights under the Lease.

6. If a Lease counterparty wishes to assert a claim arising from the rejection of the Lease, the Lease counterparty shall file with the Debtors' claims and noticing agent a proof of claim on or before the date that is thirty (30) days from the date of entry of this Order. The proof of claim form and instructions for submission may be obtained on the website of the Debtors' claims and noticing agent.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay a particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law other than a claim in respect to an interest in the Remaining Property; or (g)

a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) are valid and the Debtors' and all other parties-in-interest rights are expressly reserved to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

8. By entry of this Order, the Debtors do not waive any claims that they may have against any counterparty to the Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Leases.

9. Nothing herein shall prejudice the rights of the Debtors or any other party-in-interest to argue that any of the Leases were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b), as the relief granted by this Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

11. Notice of the Motion is deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are waived by such notice.

12. The terms and conditions of this Order are effective immediately and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4874-7029-0909, v. 2

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# **EXHIBIT 1**

**(List of Leases)**

# Leases[1]

| COUNTERPARTY NAME | COUNTERPARTY ADDRESS | DEBTOR COUNTERPARTY | CONTRACT DESCRIPTION | PROPERTY ADDRESS | REJECTION DATE |
|---|---|---|---|---|---|
| GOHAYKLR, LLC | 16662 Pineridge Drive<br>Granada Hills, CA 91344<br>Attn: Ayk Dzhraget Spanyan | Dr. Ike's PharmaCare LLC | Lease Agreement and Addendum | 15853 Monte Street<br>Suite 101<br>Los Angeles, CA 91342 | August 31, 2024 |
| Indermohan Luthra MD | 14 Buckingham Way<br>Rancho Mirage, CA 92270 | Rose Pharmacy RM LLC | Lease Agreement | 35400 Bob Hope Drive<br>Suite 207<br>Rancho Mirage, CA 92270 | August 31, 2024 |
| Hemlock Way, LLC | P.O. Box 18329<br>Anaheim, CA 92818<br>Attn: David Nelson | Rose Pharmacy SA LLC | Lease Agreement | 1220 Hemlock Way<br>Suite #110<br>Santa Ana, CA 92707 | August 31, 2024 |

---

[1] The Leases listed herein include all amendments, modifications, and addenda thereto.