# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPTIO RX, LLC, *et al.*,[1]<br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>September 13, 2024, at 10:00 a.m. (ET)<br><br>Re: D.I. 257 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SKIN MEDICINALS LLC TO CONFIRMATION OF THE AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF OPTIORX, LLC, ET. AL.**

Skin Medicinals LLC ("Skin Medicinals") hereby submits this limited objection and reservation of rights (the "Limited Objection") to confirmation of the *Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC,* et al. (D.I. 257) (as amended or supplemented, the "Plan"). In support of this Limited Objection, Skin Medicinals states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60061.

**PRELIMINARY STATEMENT**

1. Skin Medicinals submits this Limited Objection to the Plan to clarify the scope of the Plan's release, exculpation, injunction, and discharge provisions (the "Release Provisions"), and protect Skin Medicinals' rights and claims, including those asserted in the pending adversary proceeding (the "Adversary Proceeding") captioned *Skin Medicinals LLC v. Optio Rx, LLC, et. al.*, Case No. 24-50079 (TMH) (Bankr. D. Del. 2024), Skin Medicinals' proofs of claim, and its Administrative Expense Motion (as defined below, and as any may be amended or supplemented, and collectively, "Skin Medicinals' Claims").

2. First, Skin Medicinals seeks language providing that confirmation of the Plan and the Release Provisions therein will not result in any form of preclusion or estoppel of Skin Medicinals' Claims (whether through res judicata, collateral estoppel, or otherwise) as against the Debtors. The Debtors cannot deprive Skin Medicinals of its substantive and procedural due process rights by attempting to dispose of or prejudice Skin Medicinals' Claims through the Plan. To that end, Skin Medicinals seeks protective language in the Debtors' proposed confirmation order to make clear that Skin Medicinals' Claims will be fully adjudicated by a court of competent jurisdiction.

3. Second, with respect to Skin Medicinals' Claims against non-debtor third parties, including against Ben David, Arun Suresh Kumar, and Lisa Bassett Ippolito (collectively, the "Non-Debtor Defendants") in the Adversary Proceeding, Skin Medicinals seeks language providing that Skin Medicinals' Claims will not be released, exculpated, discharged or otherwise impaired by the Release Provisions. Under *Harrington v. Purdue Pharma L.P.*, *In re PWS Holding Corp.*, and related cases, the Debtors cannot release or exculpate any non-debtor third parties from liability arising from Skin Medicinals' Claims brought in the Adversary Proceeding (or in any

2

other proceeding). Skin Medicinals requests protective language in the proposed confirmation order to make clear that Skin Medicinals' Claims against the Non-Debtor Defendants (or any other third parties) are not impaired by the Release Provisions found in the Plan.

4. Finally, Skin Medicinals seeks clarifying language that the Plan will not release or discharge any of Skin Medicinals' Claims, if any, that arise after the confirmation date of the Plan. Under bedrock principles of bankruptcy law, confirmed plans cannot discharge or release claims, other than for acts to implement the Plan's terms, that arise after the confirmation date of a Plan.

## **BACKGROUND**

5. Since 2018, Skin Medicinals has maintained a private online web portal through which physicians can prescribe, and patients can receive, affordable and customized oral and topical medications for skin conditions. In March 2024, one or more of the Debtors' management or employees were using fraudulent login credentials to access Skin Medicinals' private-access web portal. After learning of the unauthorized access, Skin Medicinals immediately began an investigation to identify suspicious login patterns, determine the source of the incursion, and attempt to remediate the breach.

6. On June 17, 2024, Skin Medicinals commenced the Adversary Proceeding against Debtor OptioRx, LLC ("OptioRx") and the Non-Debtor Defendants in this Court, alleging, among other things, misappropriation of Skin Medicinals' trade secrets and violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Florida Computer Abuse and Data Recovery Act, Fla. Stat. § 668.801 *et seq*.[2] By the complaint, Skin Medicinals seeks injunctive relief and monetary, exemplary and punitive damages for losses sustained as a result of the

---

[2] The allegations of the *Complaint* are incorporated herein by reference. *See Complaint* (A.D.I. 3, 14).

defendants' conduct, as well as pre- and post-judgment interest and attorneys' fees.[3]  At this point in the Adversary Proceeding, the parties have engaged in some initial discovery.  The defendants in the Adversary Proceeding have also moved to dismiss the Complaint.[4]

7.    On July 29, 2024, the Debtors filed their Plan and *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* (D.I. 260).  The Plan contains release, exculpation, injunction, and discharge provisions that are standard and of the kind typically found in chapter 11 plans filed in this District.  The hearing for the Court to consider confirmation of the Plan is currently scheduled for September 13, 2024.

8.    On August 6, 2024, Skin Medicinals filed its Proofs of Claim against each of the Debtors for all claims related to and arising out of OptioRx's illegal scheme.[5]  On September 3, 2024, Skin Medicinals also filed its *Motion of Skin Medicinals LLC for Entry of an Order Granting an Allowed Administrative Expense Pursuant to Section 503(b) of the Bankruptcy Code* (D.I. 362) (the "Administrative Expense Motion") seeking entry of an order allowing Skin Medicinals an administrative expense for damages arising from OptioRx's unlawful, postpetition acts.

9.    Additionally, on September 3, 2024, Skin Medicinals filed the *Plaintiff Skin Medicinals LLC's Motion to Withdraw the Reference* (D.I. 364) (the "Motion to Withdraw").  By

---

[3]    Under compulsion of the claims bar date order entered in these cases (D.I. 104), Skin Medicinals also timely filed proofs of claims against each of the Debtors (Proof of Claim Nos. 83, 87, 89, 102, 103, 105–15, 117–21, 123–26, 128–29).

[4]    *See Defendant OptioRx, LLC's Partial Motion to Dismiss* (A.D.I. 86); *Defendant OptioRx, LLC's Opening Brief in Support of its Partial Motion to Dismiss* (A.D.I. 87); *Defendants Ben David and Arun Suresh Kumar's Partial Motion to Dismiss Plaintiff's Complaint* (A.D.I. 88); *Defendants Ben David and Arun Suresh Kumar's Joinder to Co-Defendant Optio Rx, LLC's Opening Brief in Support of its Partial Motion to Dismiss* (A.D.I. 89); *Defendant, Lisa Bassett Ippolito's, Motion to Dismiss Complaint on Jurisdictional Grounds* (A.D.I. 90).

[5]    *See* Proof of Claim Nos. 83, 87, 89, 102, 103, 105–15, 117–21, 123–26, 128–29.

the Motion to Withdraw, Skin Medicinals seeks to have its claims adjudicated in the District Court for the District of Delaware.

## **LIMITED OBJECTION**

10. Skin Medicinals submits that the following language (the "Proposed Confirmation Order Language") is necessary to protect and clarify its rights concerning Skin Medicinals' Claims and must be included in the confirmation order to assure that its rights as described above are sufficiently protected:

> Except as otherwise provided in this paragraph, nothing in this Confirmation Order, the Plan (including sections 7.04, 7.05 and 7.06 of the Plan), or any related document (i) discharges, releases, or exculpates any entity or individual other than the Debtors, including any of the Exculpated Parties or Released Parties, Ben David, Arun Suresh Kumar or Lisa Basset Ippolito, from any claim or cause of action held by Skin Medicinals LLC ("Skin Medicinals"), including the claims and causes of action asserted in the pending adversary proceeding (the "Adversary Proceeding") captioned *Skin Medicinals LLC v. Optio Rx, LLC, et. al.*, Case No. 24-50079 (TMH) (Bankr. D. Del. 2024), Skin Medicinals' proofs of claim, and any motion by Skin Medicinals for allowance of an administrative expense, (as any may be amended or supplemented, and collectively, the "Skin Medicinals Claims"), (ii) results in any form of preclusion or estoppel of the Skin Medicinals Claims (whether through res judicata, collateral estoppel, or otherwise), (iii) enjoins the Skin Medicinals Claims, (iv) discharges any claims, rights and causes of action against the Debtors or Reorganized Debtors accruing or arising after confirmation of the Plan that may be asserted by Skin Medicinals. For the avoidance of doubt, any claims or causes of action asserted by Skin Medicinals against the Debtors or Reorganized Debtors that are determined by final nonappealable order to accrue or arise (x) before the Petition Date shall be treated as Class 6 Claims in accordance with the Plan and shall be subject to discharge; (y) on or after the Petition Date but before the Plan confirmation date shall be treated as administrative expenses and paid in full in accordance with the Plan; and (z) after the Plan confirmation date shall be post-bankruptcy claims that are unaffected by the Plan.

11. First, Skin Medicinals seeks language providing that confirmation of the Plan and the Release Provisions therein will not result in any form of preclusion or estoppel of Skin Medicinals' Claims (whether through res judicata, collateral estoppel, or otherwise) as against the

Debtors. The Debtors cannot deprive Skin Medicinals of its substantive and procedural due process rights by attempting to dispose of or prejudice Skin Medicinals' Claims through the Plan. Skin Medicinals' Proposed Confirmation Order Language in subsections (ii) and (iii) protects Skin Medicinals from any form of preclusion or estoppel being asserted in the future with respect to its claims and causes of action, including those it asserts in the Adversary Proceeding.

12.     Second, the Plan's confirmation cannot extinguish or otherwise impact Skin Medicinals' Claims against non-debtor parties under the exculpation and release provisions in the Plan. Under prevailing case law, the Plan's exculpation provision, at section 7.05, can only extend to claims against estate fiduciaries that arise from and relate to the administration of the chapter 11 cases, and that do not constitute actual fraud, willful misconduct, or gross negligence. *See In re Wash. Mutual, Inc.*, 442 B.R. 314, 350 (Bankr. D. Del. 2011) (disapproving exculpation extending to all released parties and related persons under the plan); *In Re PWS Holding Corp.*, 228 F.3d 224, 246-47 (3d Cir. 2000) (noting an exculpation provision "sets forth the appropriate standard of liability" for estate fiduciaries); *In re Health Diagnostic Lab.*, 551 B.R. 218, 232 (E.D. Va. 2016) ("The practical effect of a proper exculpation provision is not to provide a release for any party, but to raise the standard of liability of fiduciaries for their conduct during the bankruptcy case.")

13.     Skin Medicinals' Claims against the Non-Debtor Defendants in the Adversary Proceeding involve allegations of trade secrets misappropriation and computer hacking violations, and other related state law claims like unfair competition and unjust enrichment. These are not claims that arise out of the administration of the chapter 11 cases, and even if they did, they would constitute claims of "actual fraud" and "willful misconduct." Therefore, the Non-Debtor

Defendants cannot be exculpated from liability for the conduct underlying the claims in the Adversary Proceeding.

14. The Plan cannot release Skin Medicinals' Claims against non-debtor parties without Skin Medicinals' consent under *Harrington v. Purdue Pharma L.P. See Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071, 2074 (2024). The Plan's section 7.03 release provision seeks to release all claims against "Released Parties," which is defined by the Plan to include, among others, the Debtors, the DIP Lenders[6], and their Related Parties, for claims arising before the Effective Date. *See* Plan, § 1.01(uuuuu); § 7.03. Both Ben David and Arun Suresh Kumar would constitute "Related Parties," as that term is defined in the Plan, since they are officers and employees of the debtors. *See* Plan, § 1.01(ttttt). Thus, the Plan appears to propose the release of Skin Medicinals' claims against these two individuals. Based on the above language in the Debtors' Plan, Skin Medicinals' Claims, especially those against the Non-Debtor Defendants in the Adversary Proceeding, could be affected, but under *Purdue Pharma*, clearly should not be. *See Purdue Pharma*, 144 S. Ct. at 2074.

15. Skin Medicinals' Proposed Confirmation Order Language in subsection (i) preserves Skin Medicinals' rights with respect to its claims and causes of action against non-debtor parties, including those held against the Non-Debtor Defendants in the Adversary Proceeding, because it explicitly states that the Plan's exculpation and release provisions will not affect Skin Medicinals' Claims.

16. Third and finally, Plan confirmation should not release or exculpate the Debtors or any non-debtor parties from liability for Skin Medicinals' Claims that arise after the confirmation date of the Plan. Skin Medicinals seeks assurance that to the extent its claims both against the

---

[6] Undefined terms used herein shall have the meanings ascribed to them in the Plan.

Debtors and any non-debtor parties arise after the Plan's confirmation date, nothing in the Plan will discharge or enjoin those claims nor will they exculpate or release any parties from liability for those claims. Under bedrock principles of bankruptcy law, confirmed plans cannot release, or exculpate individuals from liability for claims that arise after the confirmation date of a plan, nor otherwise discharge or enjoin such post-confirmation date claims. *See Holywell Corp. v. Smith*, 503 U.S. 47, 58–59 (1992) (§ 1141(a) cannot bind creditors with respect to postconfirmation claims); *Ohio v. Kovacs*, 469 U.S. 274, 284–85 (1985) (plan confirmation that discharges cleanup liability does not discharge postconfirmation duty to comply with environmental laws).

17. Skin Medicinals' Proposed Confirmation Order Language in subsection (iv) removes any uncertainty as to whether Skin Medicinals' Claims that arise after the Plan's confirmation date against the Reorganized Debtors will be preserved through the Plan's confirmation. Skin Medicinals' rights with respect to those post-confirmation date claims and causes of action are thereby fully reserved.

## **CONCLUSION**

WHEREFORE, Skin Medicinals respectfully requests that this Court: (i) enter an order conditioning confirmation of the Plan on the inclusion of Skin Medicinals' Proposed Confirmation Order Language to the Debtors' proposed confirmation order and (ii) grant such other and further relief as is just and proper.

Dated: September 4, 2024

                                      Respectfully submitted,

                                      */s/ Matthew O. Talmo*
Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
E-mail: mharvey@morrisnichols.com
        mtalmo@morrisnichols.com

-and-

Howard Kaplan
Jed W. Glickstein
Annie Garau Kelly
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
(312) 852-2641
howard@kaplangrady.com
jglickstein@kaplangrady.com
annie@kaplangrady.com

9