**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: October 23, 2024, at 10:00 a.m. (Eastern Time)**<br>**Objection Deadline: September 26, 2024, at 4:00 p.m. (Eastern Time)** |

**DEBTORS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 9006(b) FOR AN ORDER EXTENDING THE TIME TO**
**FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, hereby move this Court (the "**Motion**") for an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the Debtors' time to file notices or motions for removal of related proceedings pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), through and including December 4, 2024. In support of this Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory predicate for the relief requested herein is 28 U.S.C. § 1452. The relief is also appropriate under Bankruptcy Rules 9006(b) and 9027, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

5.      On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.   The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.      The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[2]   No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      On June 24, 2024, the Debtors filed the *Motion for Entry of an Order (I) Approving Debtors' Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to the Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Plan* [Docket No. 76] (the "**Solicitation Procedures Order**").

9.      On July 29, 2024, the Debtors filed the *Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 257] (the "**Plan**") and the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 258] (the "**Disclosure Statement**").

10.     On August 1, 2024, the Court entered the *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276].  The hearing to consider confirmation of the Plan is scheduled for September 13, 2024.

11.     Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

---

[2]    The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

**RELIEF REQUESTED**

12.    By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, extending the time by which the Debtors may file notices of removal for any proceedings that are eligible for removal under section 1452 of the Bankruptcy Code from September 5, 2024 (the "**Current Deadline**")[3] by ninety (90) days through and including December 4, 2024.  The Debtors request that the proposed December 4, 2024 deadline to file removal actions apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

**BASIS FOR RELIEF**

13.    Section 1452 of title 28 of the United States Code governs the removal of pending civil actions related to bankruptcy cases. Specifically, Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14.    Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action.  Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

---

[3]    The current time period within which the Debtors may file any removal notices under Bankruptcy Rule 9027(a)(2) expires on September 5, 2024.  Pursuant Local Rule 9006-2, the filing of this Motion prior to the Current Deadline serves to extend automatically the Current Deadline until such time as the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

Fed. R. Bankr. P. 9027(a)(2).  With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

15.     Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

16.     It is well settled that this Court is authorized to extend the removal periods provided under Bankruptcy Rule 9027. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), *effectively overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 49-50 (Bankr. S.D.N.Y. 1989) (stating that the removal period may be extended under Bankruptcy Rule 9006); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103

B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

17.    The Debtors are party to various civil lawsuits and proceedings and are evaluating whether they may seek to remove certain of these actions.  Since the commencement of these Chapter 11 Cases, the Debtors' limited resources have been focused on numerous pressing matters associated with (a) administering their bankruptcy estates, including filing their schedules of assets and liabilities and statements of financial affairs, (b) stabilizing and maintaining operations, (c) preparing and filing their Plan and Disclosure Statement, and (d) seeking Court approval of the Solicitation Procedures Order.  Consequently, the Debtors have had insufficient time to properly analyze whether removing any civil actions is in the best interests of their estates, and the Debtors require a reasonable amount of additional time to complete the evaluation of whether removal is appropriate in any litigation matters.

18.    Accordingly, the Debtors seek an extension of the Current Deadline under Bankruptcy Rule 9027(a) to protect their rights to remove those civil actions for which the Debtors may determine that removal is appropriate.  The extension sought will afford the Debtors additional time to determine whether to remove any pending civil action and will ensure that the Debtors do not forfeit valuable rights under section 1452 of the Bankruptcy Code. Critically, the rights of other parties to the relevant litigation will not be prejudiced by the extension, because any party to an action that is removed may seek to have the litigation remanded to the state court pursuant to section 1452(b) of the Bankruptcy Code.

19.    The Debtors further request that the Order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors and (b) the right of the Debtors to seek further extensions of the period during which it may remove civil actions pursuant to Bankruptcy Rule 9027.

20.    The Debtors submit that cause exists to grant the relief requested herein, which relief is in the best interest of the Debtors' estate.  Furthermore, the relief is appropriate and similar to granted relief for extensions of the removal period in other large chapter 11 cases in this jurisdiction. *See, e.g., In re F+W Media, Inc.*, No. 19-10479 (KG) (Bankr. D. Del. June 12, 2019); *In re Samuels Jewelers, Inc.*, No. 18-11818 (KJC) (Bankr. D. Del. Nov. 26, 2018); *In re J&M Sales Inc.*, No. 18-11801 (LSS) (Bankr. D. Del. Nov. 13, 2018); *In re New MACH Gen, LLC*, No. 18-11368 (MFW) (Bankr. D. Del. Sept. 26, 2018); *In re The Rockport Company, LLC*, No. 18-11145 (LSS) (Bankr. D. Del. Aug. 22, 2018).

## RESERVATION OF RIGHTS

21.    Nothing contained in this Motion is intended to, nor shall be deemed to, be a waiver of any rights, claims, or defenses with respect to *Plaintiff Skin Medicinals LLC's Motion to Withdraw the Reference* [Docket No. 364].

## NOTICE AND NO PRIOR REQUEST

22.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) counsel to the DIP Lenders; and (d) all persons and entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

23.     No prior request for the relief sought in this Motion has been made to this or any

other Court.

**WHEREFORE**, the Debtors respectfully request that the Court: (i) grant the relief

requested in the Motion; and (ii) grant such further relief as is just and proper.

Dated: September 5, 2024          **CHIPMAN BROWN CICERO & COLE, LLP**
       Wilmington, Delaware


                                 _/s/ Mark D. Olivere_
                                 William E. Chipman, Jr. (No. 3818)
                                 David W. Carickhoff (No. 3715)
                                 Mark D. Olivere (No. 4291)
                                 Alan M. Root (No. 5427)
                                 Hercules Plaza
                                 1313 North Market Street, Suite 5400
                                 Wilmington, Delaware 19801
                                 Telephone:     (302) 295-0191
                                 Email:         chipman@chipmanbrown.com
                                                carickhoff@chipmanbrown.com
                                                olivere@chipmanbrown.com
                                                root@chipmanbrown.com

                                 *Counsel for Debtors and*
                                 *Debtors in Possession*