**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* <br><br> OPTIO Rx LLC, *et al.*,[1] <br><br><br>                                    Debtors. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br><br> Case No. 24-11188 (TMH) <br> (Jointly Administered) <br><br> **Hearing Date: Sept. 13, 2024 at 11:30 a.m. ET** <br> **Objections Due: Sept. 3, 2024 at 4:00 p.m. ET** <br> **(extended for U.S. Trustee to Sept. 9)** <br><br> **Re:  D.I. 293** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME FOR THE DEBTORS TO COMPLY WITH 11 U.S.C. § 345(b)**

In support of his objection (the "Objection") to the *Debtors' Motion for Entry of an Order Extending the Time for Debtors to Comply With 11 U.S.C. § 345(b)* (the "Motion") [D.I. 293], Andrew R. Vara, the United States Trustee for Region Three ("U.S. Trustee"), states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**PRELIMINARY STATEMENT**

1.  The U.S. Trustee objects to the Motion, pursuant to which the Debtors seek an extension to comply with the requirements of 11 U.S.C. §345(b) to maintain multiple accounts at Wintrust Bank in amounts exceeding $2 million, because the relief requested would leave the Debtors' funds unprotected.

**JURISDICTION AND STANDING**

2.  This Court has jurisdiction to hear the above-referenced Objection.

3.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Moreover, 11 U.S.C. § 345 sets forth a statutory role for the U.S. Trustee in ensuring compliance with the obligations imposed on the Debtors to protect estate funds.

4.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regards to the Motion.

**FACTUAL BACKGROUND**

5.  On June 7, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court [D.I. 1].

6.  On June 21, 2024, the U.S. Trustee has appointed a statutory committee of

unsecured creditors in these cases **[**D.I. 67**]**.

7.     On August 14, 2024, the Debtors filed the Motion [D.I. 293]. The Debtors maintain various customer accounts at Wintrust Bank (the "Wintrust Accounts"). Mot. ¶ 15. The Debtors have advised the U.S. Trustee's office that there is over $2 million in the Wintrust Accounts. Wintrust is unwilling to execute a Uniform Depositary Agreement ("UDA") with the U.S. Trustee to protect the funds in the Wintrust Accounts. Mot. ¶ 14. While amounts deposited by the Debtors at Wintrust Bank are insured up to the applicable FDIC limit, the amounts in the Wintrust Accounts at times exceed the FDIC limit. *Id.*

8.     On March 23, 2022, the Court entered an interim order approving the Motion (the "Interim Order") [D.I. 23], which provided the Debtors a thirty (30)-day extension of time from the date of entry of that order to meet the requirements of Code section 345(b), without prejudice to seeking a further extension of time. For those banks not party to a UDA, the Interim Order required the Debtors to use good faith efforts to cause such bank to execute a uniform depository agreement within 30 days of the date of the Interim Order.

9.     On July 1, 2024, the Court entered the Final Cash Management Order [D.I. 128]. Pursuant to the Final Cash Management Order, the Debtors were granted a forty five (45)-day extension to comply with the requirements of section 345(b).

## ARGUMENT

10.     The Debtors seek a further 45-day extension of the statutory requirements of 11 U.S.C. § 345(b) while certain funds in the Wintrust Accounts remain uninsured, potentially jeopardizing estate funds. Under the facts and circumstances, the request to waive the requirements of section 345 should be denied. Requiring the Debtors' compliance with section 345 is necessary to protect this substantial amount of estate property and to provide the appropriate oversight of the

3

Debtors' post-petition financial transactions as contemplated and required by the Chapter 11 process.

11. The U.S. Trustee has been advised that Wintrust is not amenable to executing a UDA. Compliance with section 345 will not only help ensure that all estate cash is properly collateralized pursuant to section 345(b); it will also facilitate the U.S. Trustee's oversight responsibilities in these cases.

A.  **Statutory Standard**

12. Section 345(b)[2] of the Bankruptcy Code imposes certain requirements as to where estate funds can be held in order to protect the funds for the benefit of all creditors. Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United States, the trustee or debtor in possession must require from an entity with whom estate funds are deposited to post

---

[2] Section 345(b) provides:

> (b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—
>
> (1) a bond—
>
> (A) in favor of the United States;
>
> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
> (C) conditioned on—
>
> (i) a proper accounting for all money so deposited or invested and for any return on such money;
>
> (ii) prompt repayment of such money and return; and
>
> (iii) faithful performance of duties as a depository; or
>
> (2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

a bond in favor of the United States or, in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit. *See* 11 U.S.C. § 345(b). *Id.* Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return. . . [while] taking into account the safety of such deposit or investment." *Id.* A court may waive the requirements of § 345 upon the showing of "cause." *Id.*

13. Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," *i.e.*, those that have entered into a Uniform Depository Agreement with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), §§ 7-1.1 – 7-1.2.[3]

14. The UDA between the depository and the United States Trustee requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. Manual, § 7-1.2.1. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. Manual, § 7-1.3.2.

15. Pursuant to the U.S. Trustee's responsibilities under 11 U.S.C. § 345 and

---

[3] Available at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download

28 U.S.C. § 586, the U.S. Trustee has entered into UDAs with multiple financial institutions. The UDA requires the signatory bank to collateralize or obtain a surety bond for all estate monies exceeding FDIC insurance limits, pursuant to Code section 345(b). The UDA also requires banks to provide the U.S. Trustee with reports of all accounts that a debtor maintains at the bank on a monthly or quarterly basis.

16. The UDA also aims to safeguard estate monies on deposit at UDA banks if those banks encounter difficulties during a case. Specifically, the UDA makes all estate monies on deposit immediately due and payable if the depository bank fails, suspends active operations or becomes insolvent, or if a receiver, conservator or liquidator is appointed for the bank. In such events, the UDA gives the U.S. Trustee the immediate right to seek recourse against any surety bond the bank obtained, or unilaterally demand turnover and take actual or constructive possession of all securities the bank had pledged as collateral with the Federal Reserve, without notice to the bank. The U.S. Trustee would then pay such surety bonds or pledged securities to the debtor or hold them in trust for the debtor. Without the depository bank's compliance with a UDA, the U.S. Trustee would be unable to proceed as expeditiously to protect estate assets.

**B. The Debtors Have Not Shown "Cause" for Relief From Section 345's Requirements**

17. This Court may exercise its discretion to waive the requirements under 11 U.S.C. § 345(b), but only for "cause."

18. The Bankruptcy Code does not define the term "cause" under section 345(b). The Debtors cite *In re Service Merchandise Co., Inc.*, 240 B.R. 894 (M.D. Tenn. 1999) and its "totality of circumstances" test[4] as justification for a section 345 waiver for cause. The

---

[4] The factors considered in *Service Merchandise* under the "totality of circumstances" test include: (1) the sophistication of the debtor's business; (2) the size of the debtor's business operations; (3) the amount of investments involved; (4); the bank ratings (Moody's and Standard and Poor) of the financial institutions

United States Trustee submits that a waiver of the requirements under section 345(b) is not appropriate because the Debtors have failed to demonstrate that the totality of circumstances weighs in favor of such waiver.  Although the Debtors state that requiring them to "transfer these funds to other banks or new accounts would be unduly burdensome to Debtors' operations," the Debtors have relationships with many banks in its cash management system which are Authorized Depositories.  Mot. ¶ 14.  Moreover, it has been aware since early June of the need to make alternative arrangements if Wintrust was not willing to enter a UDA.

19. In the Motion, the Debtors do not indicate what, if any, particular safeguards the Debtors have in place to ensure the accounts' ongoing safety, how the Debtors' ability to reorganize would be affected by the Wintrust Accounts' loss, nor do they explain the potential harm to the Debtors' estates if it were to suffer the loss of the accounts.

20. The Debtors have not demonstrated that the funds at Wintrust will be sufficiently protected in the absence of collateralization through a UDA.  The U.S. Trustee leaves the Debtors to their burden to establish that (a) the accounts are sufficiently protected and (b) cause exists for non-compliance with the requirements of section 345(b).

---

where debtor funds are held; (5) the complexity of the case; (6) the safeguards in place within the debtor's own business of insuring the safety of the funds; (7) the debtors' ability to reorganize in face of a failure of one or more of the financial institutions; (8) the benefit to the debtor; (9) the harm, if any, to the estate; and (10) the reasonableness of the debtor's request for relief from 345(b) requirements in light of the overall circumstances of the case. *Service Merchandise*, 240 B.R. at 896.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion and/or granting other relief that this Court deems appropriate and just.

        Respectfully submitted,

        **ANDREW R. VARA**
        **UNITED STATES TRUSTEE**
        **REGIONS 3 AND 9**

        **By:** */s/ Jonathan W. Lipshie*
           Jonathan W. Lipshie
           Trial Attorney
           U.S. Department of Justice
           Office of the U.S. Trustee
           844 N. King Street, Room 2207
           Wilmington, DE 19801
           (202) 567-1124
           Jon.Lipshie@usdoj.gov

Dated:  September 9, 2024