## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. 412** |

### DEBTORS' LIMITED OBJECTION TO
### DR. RINKU PATEL'S MOTION TO PRESERVE RIGHT TO PERFORM SETOFF

Optio Rx, LLC and its debtor affiliates (collectively, the "**Debtors**") in the above-captioned bankruptcy cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, hereby submit this Limited Objection ("**Objection**") with respect to *Dr. Rinku Patel's Motion to Preserve Right to Perform Setoff* [Docket No. 412] (the "**Motion**"). In support of this Objection, Debtors respectfully state as follows:

## I.    BACKGROUND

1.    On June 7, 2024 (the "**Petition Date**"), each Debtor commenced a case under chapter 11 of the title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors are authorized to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On July 22, 2024, Dr. Rinku Patel ("**Patel**") commenced an action against Optio Rx, LLC ("**Optio**") along with its non-debtor affiliates: CBC Pharma Holdco LLC, Insperity Holdings, Pharmacy Management LLC, certain members of Pharmacy Management LLC's board of directors, and another person affiliated with Loan Admin Co., LLC, the prepetition and DIP Agent for the secured prepetition and DIP lenders, in the Circuit Court of Cook County, Illinois, County Department, Law Division (the "**State Court Action**").[2]

3.    On July 30, 2024, Debtors filed a Motion to Enforce the Automatic Stay against Patel's State Court Action [Docket No. 264] (the "**Motion to Enforce**").  A hearing to consider the issue was held on September 13, 2024.  Following the hearing, the Court entered the *Order Granting Debtors' Motion to Enforce the Automatic Stay and for Related Relief* [Docket No. 406] (the "**Order**").

4.    Pursuant to the Order, the Court enforced the automatic stay against Patel and declared her State Court Action void *ab initio* as to Optio only.  Additionally, the Court found that Patel willfully violated the automatic stay, and sanctioned Patel by way of awarding Debtors attorneys' fees and expenses relating to the Motion to Enforce (the "**Sanctions**").

5.    In accordance with the Court's Order, on September 27, 2024, the Debtors submitted a Certification of Costs Regarding Debtors' Motion to Enforce the Automatic Stay and for Related Relief [Docket No. 419] (the "**Certification of Costs**").  The Certification of Costs

---

[2]    The action is titled *Rinku Patel, PharmD v. OptioRx, LLC, CBC Pharma Holdco LLC, Insperity Holdings, Pharmacy Management LLC, Ashok Nayyar, an individual, Jeffrey Kelly, an individual, Jonathan Tunis, an individual, Barry Best, an individual*, Case No. 2024L008031.

4888-0561-6618, v. 3

documented the Sanctions due from Patel at the amount of $21,569.00 related to the Motion to Enforce.

6.      On September 10, 2024, the Debtors filed their Second Amended Joint Chapter 11 Plan of Reorganization of Optio RX, LLC, et al., as such plan may be further amended or modified [Docket No. 382] (the **"Plan"**).  On September 13, 2024, the Court held a hearing confirming the Plan.  Under the Plan, parties asserting a right to setoff are required to file a motion prior to the Effective Date.  On September 19, 2024, Patel filed their Motion.

## II.    <u>LIMITED OBJCTION</u>

7.      The Debtors do not object to Patel preserving only her rights to setoff her alleged prepetition claims against Debtor Optio RX (as set forth in her proof of claim) (the **"Patel Claims"**) against any prepetition claims that Optio RX has against Patel.  However, the Motion seeks relief broader than that by asking this Court to preserve setoff rights that are not *mutual* obligations.  Patel may not setoff the Patel Claims against any other Debtor or any post-petition claims of the Debtors against Patel, including the Sanctions awarded by the Court.

### A.      **Legal Standard to Assert a Right of Setoff Under Section 553.**

8.      Section 533 of the Bankruptcy Code recognizes the right of set off, "allow[ing] entities that owe each other money to apply their *mutual* debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Md. v. Strumpf*, 116 S. Ct. 286, 289 (1995) (*quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)) (emphasis added).

9.      To assert a right of setoff, the party asserting such right must show:

> (1) The creditor owes a debt to the debtor which arose prior the commencement of the bankruptcy case;

  (2) The creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case;

  (3) The debt and the claim are mutual; and

  (4) The debt and claim are each valid and enforceable.

*In re Garden Ridge Corp.*, 338 B.R. 627, 633 (Bankr. D. Del. 2006) (citations omitted); *see also Braniff Airways, Inc. v. Exxon Co. U.S.A.*, 814 F.2d 1030, 1034 (5th Cir. 1987).

**B. Patel Cannot Setoff Her Prepetition State Court Action Against Debtors' Post-Petition Claims Against Her.**

  10. The authorities are uniform that for setoff purposes under Section 533, a claim "arises when all transactions [or acts] necessary for liability occur." *In re WL Homes LLC*, 471 B.R. 349, 352 (Bankr. D. Del. 2012) (*citing U.S. v. Gerth*, 991 F.2d 1428, 1433 (8th Cir. 1993); *In re Lehman Bros. Holdings Inc.*, 404 B.R. 752, 759 (Bankr. S.D.N.Y. 2009). This is regardless of whether the claim is "contingent, unliquidated, or unmatured" when the petition is filed. *Braniff*, 814 F.2d at 1036. Therefore, "[t]he mutuality element is lacking if a party attempts to setoff a prepetition debt against a post-petition claim." *Id.*; *see In re Braniff Airways, Inc.*, 42 B.R. 443, 449 (N.D. Tex. 1984) ("As a general rule, neither a creditor nor a debtor may offset prepetition debts and claims against post-petition debts and claims because of the absence of mutuality of the parties."); *In re Virginia Block Co.*, 16 B.R. 771, 775 (Bankr. W.D. Va. 1982) ("A post-petition debt cannot be set off against a prepetition claim.").

  11. The Patel Claims arose out of her prepetition former employment with Optio. Patel was hired as Optio's Chief Executive Officer on December 10, 2021, and she was later terminated on February 5, 2024. In her State Court Action, she alleges that Optio violated the Illinois Whistleblower Act, breached their Employment Agreement, and claimed that her termination constituted retaliatory discharge. Therefore, consistent with established precedents, the Patel

Claims arose prepetition, because the Employment Agreement was executed prepetition (and Optio's alleged conduct also occurred prepetition).

12.     The Court ordered the Sanctions against Patel post-petition for Patel's post-petition conduct in willful violation of the stay, a claim that only arises upon and following the Petition Date.  To the extent Patel is attempting to preserve any rights of setoff of the Patel Claims against the Sanctions, the Motion should be denied because she has failed to meet Section 533's mutuality requirement. *See Reich v. Davidson Lumber Sales Emp. Ret. Plan*, 154 B.R. 324, 325 (D. Utah 1993) (mutuality requires that both claims or debts be prepetition; mutuality is determined with reference to the time the underlying debt arose, not with reference to the time the petition was filed).

**C.     There is Limited Mutuality of Parties.**

13.     Pursuant to the Motion, Patel seeks to preserve "her right to perform a setoff and to assert counterclaims against the Debtors to the extent any actions are brought against her by the Debtors or their Estates."  As this Court is aware, in addition to the mutuality requirement that both claims be either prepetition or post-petition, mutuality also requires that the claims "are due to and from the same persons in the same capacity." *In re SemCrude, L.P.*, 399 B.R. 388, 394 (Bankr. D. Del. 2009) (*citing Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 149 (2d Cir. 2002); *In re Westchester Structures, Inc.*, 181 B.R. 730, 740 (S.D.N.Y. 1995)).  Thus, mutuality exists when "each party [owns] his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally." *Braniff*, 814 F.2d at 1036 (citations omitted).  "[M]utuality is strictly construed against the party seeking setoff." *SemCrude*, 399 B.R. at 396 (*quoting In re Bennett Funding Group, Inc.*, 212 B.R. 206, 212 (2d Cir. BAP 1997).

14.     As mentioned above, the Patel Claims are only asserted against Debtor Optio RX. Therefore, there is no right to setoff against any of the other Debtors or their Estates, as requested in the Motion.  To the extent Patel seeks to preserve any right of setoff as against the Debtors or their Estates, other than Optio RX, the Motion should be denied  .

**D.      Debtors are Entitled to Collect the Sanctions Awarded by the Court.**

15.     "Courts will not authorize a setoff if the setoff would be contrary to the policy behind the Bankruptcy Code or if its effects will be inconsistent with the Bankruptcy Code provisions." *In re Banderas*, 236 B.R. 841, 848 (M.D. Fla. 1999) (*citing In re Evatt*, 112 B.R. 405 (Bankr. W.D. Okla. 1989), *aff'd* 112 B.R. 417 (W.D. Okla. 1990); *In re Acequia, Inc.*, 34 F.3d 800 (9th Cir. 1994). The court in *Banderas* further explained:

> If an entity who violates the automatic stay could escape sanctions with impunity by claiming the right of setoff against his prepetition claim, the entity would in effect render the remedy provided for by [Section] 362(h) of the Bankruptcy Code worthless.  This is so because the entity who is charged with violating the automatic stay is inevitably a creditor who is holding a prepetition claim.  If such creditor is permitted to offset the sanctions against the prepetition claim, the Debtor whose rights have been violated will be left without remedy.

*Id.*

16.     A civil contempt serves two purposes: (1) a remedial purpose to coerce the wrongdoer to comply with a court order; and (2) "a compensatory purpose to reimburse the injured party for losses and expenses sustained due to noncompliance with the order." *In re Village Craftsman, Inc.*, 160 B.R. 740, 743 (D.N.J. 1993) (citations omitted).  "Accordingly, there can be little doubt that in a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized." *Id.* (citations and quotation marks omitted).

17.     The Court's Sanction order recognized that Patel "*willfully* violated the automatic stay and, despite her actual knowledge of the pendency of these Chapter 11 Cases and a warning

that commencing her state court action would violate the automatic stay, commenced the State Court Action in bad faith[.]" *See* Docket No. 406.

18.      Similar to the creditors' claims in *Banderas* and *Village Craftsman*, Patel's Motion is improper to the extent she seeks to preserve any right of setoff against the Sanctions.  As this Court ruled, the Debtors are entitled to be reimbursed for the fees and expenses they incurred related to the Motion to Enforce.  Preserving for Patel a right to setoff against the Sanctions would leave Debtors without remedy for Patel's willful violation of the automatic stay in violation of the Bankruptcy Code.

**WHEREFORE**, for the foregoing reasons, Debtors respectfully request the Court deny Patel's Motion, unless any relief is limited only to the preservation of setoff rights related to the prepetition Patel Claims against any prepetition claims that Optio RX has against Patel.

Dated: October 3, 2024          **CHIPMAN BROWN CICERO & COLE, LLP**
      Wilmington, Delaware


      */s/ William E. Chipman, Jr.*
      William E. Chipman, Jr. (No. 3818)
      David W. Carickhoff (No. 3715)
      Mark D. Olivere (No. 4291)
      Alan M. Root (No. 5427)
      Hercules Plaza
      1313 North Market Street, Suite 5400
      Wilmington, Delaware 19801
      Telephone:     (302) 295-0191
      Email:          chipman@chipmanbrown.com
                  carickhoff@chipmanbrown.com
                  olivere@chipmanbrown.com
                  root@chipmanbrown.com

      *Counsel for Debtors and Debtors in Possession*