IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF ADAM D. COLE, ESQ. IN SUPPORT OF DEBTORS'
MOTION FOR SUMMARY JUDGMENT ON DEBTORS' OBJECTION
TO MOTION OF SKIN MEDICINALS LLC FOR ENTRY OF AN ORDER
GRANTING AN ALLOWED ADMINISTRATIVE EXPENSE
PURSUANT TO SECTION 503(B) OF THE BANKRUPTCY CODE**

ADAM D. COLE, ESQ declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1.  I am a partner with the firm Chipman Brown Cicero & Cole, LLP, attorneys for the Debtors Optio Rx, LLC, *et al*. I am familiar with the facts set forth herein.

2.  For the Court's convenience, attached hereto as **Exhibit 1** is a print copy of Illinois statute 765 ILCS § 1065/7, which I obtained from the Westlaw database.

3.  For the Court's convenience, attached hereto as **Exhibit 2** is a print copy of Florida statute Fla. Stat. Ann. § 688.007, which I obtained from the Westlaw database.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

4. A copy of the Order of Hon. John T. Dorsey in *In re Mallinckrodt PLC, et al.*, Case No 20-12522 (JTD), dated November 8, 2021, is attached hereto as **Exhibit 3**.

5. For these reasons and for the reasons set forth in the accompanying Memorandum of Law, the Court should grant summary judgment sustaining the Debtors' Objection and disallowing Skin Medicinals' Administrative Claim.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 9, 2024.

/s/ Adam D. Cole
Adam D. Cole

# **EXHIBIT 1**

**1065/7. Limitations, IL ST CH 765 § 1065/7**

West's Smith-Hurd Illinois Compiled Statutes Annotated
  Chapter 765. Property
    Miscellaneous Property
      Act 1065. Illinois Trade Secrets Act (Refs & Annos)

765 ILCS 1065/7
Formerly cited as IL ST CH 140 ¶ 357

1065/7. Limitations

Currentness

§ 7. An action for misappropriation must be brought within 5 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this Act, a continuing misappropriation constitutes a single claim.

**Credits**

P.A. 85-366, § 7, eff. Jan. 1, 1988.

**Formerly** Ill.Rev.Stat.1991, ch. 140, ¶ 357.

Notes of Decisions (4)

765 I.L.C.S. 1065/7, IL ST CH 765 § 1065/7
Current through P.A. 103-817 of the 2024 Reg. Sess. Some statute sections may be more current, see credits for details.

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# **<u>EXHIBIT 2</u>**

**688.007. Statute of limitations, FL ST § 688.007**

West's Florida Statutes Annotated
 Title XXXIX. Commercial Relations (Chapters 668-688) (Refs & Annos)
  Chapter 688. Uniform Trade Secrets Act (Refs & Annos)

West's F.S.A. § 688.007

688.007. Statute of limitations

Currentness

An action for misappropriation must be brought within 3 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim.

**Credits**

Added by Laws 1988, c. 88-254, § 7.

Notes of Decisions (8)

West's F. S. A. § 688.007, FL ST § 688.007
Current with laws, joint and concurrent resolutions and memorials through July, 1 2024, in effect from the 2024 first regular session. Some statute sections may be more current, see credits for details. The statutes are subject to change as determined by the Florida Revisor of Statutes. (These changes will be incorporated later this year.)

End of Document    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# **<u>EXHIBIT 3</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| | ) Case No. 20-12522 (JTD) |
| MALLINCKRODT PLC, *et al.* | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) Re: Docket Nos. 4675, 4820, 4988 & 5207 |

ORDER IN CONNECTION WITH EXPEDITED MOTION FOR
PRE-CONFIRMATION DETERMINATION THAT DEBTORS
CANNOT REJECT OR DISCHARGE POST-CONFIRMATION
ROYALTY OBLIGATIONS RELATED TO SALE OF ACTHAR GEL

Upon the motion (the "**Motion**")[2] of sanofi-aventis U.S. LLC ("**Sanofi**"), for entry of an order determining that the Debtors cannot reject or discharge their post-confirmation Royalty obligations to Sanofi under the Debtors' proposed joint plan of reorganization (the "**Plan**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and good and sufficient cause appearing therefor and upon the record of this

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

contested matter including the hearing on November 4, 2021, at which the Court provided findings of fact and conclusions of law supporting its determinations below, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED in part and DENIED in part, as set forth herein.

2. The Court hereby determines that the APA is not executory for purposes of Section 365 of the Bankruptcy Code and cannot be rejected under Section 365 of the Bankruptcy Code.

3. The Court also hereby determines, however, that Sanofi's claims for post-Petition Date breaches of the APA, including for any payment of any royalties thereunder, by the Debtors constitute pre-Petition Date unsecured claims that may be discharged under the Bankruptcy Code.

4. This Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order. This Order finally resolves the dispute presented by the Motion and is final and appealable.

Dated: November 8th, 2021  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE