# **EXHIBIT B**

# mixlab

**Letter of Intent**

October 21, 2024

Optio Rx, LLC
SBH Medical, LLC
Ben David – bdavid@optiorx.com
Leo LaFranco – llafranco@optiorx.com

Ben, Leo,

Mixlab, Inc. ("Mixlab") is pleased to submit this Letter of Intent ("LOI") for the acquisition, free and clear of all liens, claims, encumbrances, and interests under 11 U.S.C. § 363(f) (the "Proposed Transaction") of the veterinary files of SBH Medical, LLC ("SBH" or the "Company"), a debtor in the jointly administered bankruptcy case styled as *In re Optio, Rx, LLC, et. al*, Case No. 24-11188 (the "Bankruptcy Case"), currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")

Subject to an acceptable purchase and sale agreement and entry of a Sale Order (defined below) in the Bankruptcy Case, and Bankruptcy Court approval, the primary business terms of the Proposed Transaction are as follows:

1. Valuation: Based on the information we have been provided to date, we are prepared to acquire the Company's veterinary files on a cash-free and debt-free basis for an aggregate purchase price of **$1,383,000** (the "Purchase Price").

2. Structure: The Proposed Transaction contemplates the sale to Mixlab of the veterinary files, including compounded prescriptions, commercial prescriptions, compound formulations, processes, studies and other relevant compounding records.

    a. The Purchase Price will be comprised of the following:

        i. Upfront Fixed Cash Payment (80% of Purchase Price): **$1,106,000 in cash** to be paid at time of close;

        ii. 1-year Retention Earnout (20% of Purchase Price): **$277,000** in cash to be paid upon maintaining sales volume from current customers over a 12-month period post close, with upward or downward adjustment based on performance.

3. Funding. Mixlab intends to fund the Purchase Price with existing cash from Mixlab's balance sheet.

4. Closing. We are prepared to immediately work expeditiously in good faith towards signing a definitive

asset purchase agreement with respect to the Proposed Transaction (the "Purchase Agreement"), and thereafter finalizing and seeking Court (as defined below) approval of a proposed Sale Order (as defined below) no later than November 15, 2024. The parties will endeavor to close the Proposed Transaction on or about thirty (30) days after such approval, or such other date as the parties shall agree in writing.

5. Purchase Agreement. We expect that Mixlab and the Company will enter into the Purchase Agreement. The Purchase Agreement will contain customary terms and conditions, including indemnification provisions for a transaction of this type and size, as well as non-solicitation and non-competition as it relates to dispensing veterinary prescriptions, veterinary clinics, customers, and veterinary over-the-counter products, and will be in form and substance acceptable to the Company and Mixlab. Among other things, the Purchase Agreement will provide that the sale is subject to Bankruptcy Court ("Court") approval in SBH's pending Chapter 11 bankruptcy case through an Order of the Bankruptcy Court (a "Sale Order") in form and substance acceptable to Mixlab. OptioRx will refer all future veterinary prescriptions, customers and leads across all OptioRx locations to Mixlab. Upon execution of the Purchase Agreement, the terms of the Purchase Agreement will supersede the terms and conditions of this LOI.

6. Due Diligence Requirements. Mixlab's financial and accounting due diligence are completed. The Proposed Transaction is contingent upon satisfactory completion of due diligence (including customary legal due diligence) and negotiation, execution, and delivery of acceptable definitive Purchase Agreement and ancillary documents for the Proposed Transaction. To facilitate in the due diligence process, SBH agrees to use commercially reasonable efforts to provide Mixlab with any necessary access and information to complete customer reference calls, contract review, employment review, management and pharmacy operations team reference calls, regulatory, litigation, insurance review and medication sales history review.

7. Fees and Expenses. Both SBH and Mixlab will bear their own fees and expenses in connection with the Proposed Transaction.

8. Private Sale. SBH will pursue approval of the Proposed Transaction through a private bankruptcy sale under 11 U.S.C. § 363(f). The Proposed Transaction will be subject to higher and better bids, as required by the Bankruptcy Code, but it will not be subject to auction and bidding procedures.

9. Conduct of Business. During the period from the execution of this LOI through the Closing, the Company will conduct business in the ordinary course in a manner consistent with past practices including but not limited to, collection of receivables, disbursements on payables, employee compensation, pricing, capital expenditures, acquisitions, and divestitures.

10. Intentionally Omitted.

11. Non-Binding Proposal. This LOI and the content hereof is not to be considered as an agreement of purchase and sale but is a non-binding letter of intent in connection with the Proposed Transaction generally on the terms outlined herein. Except for this Section 11 (Non-Binding Proposal) and the provisions of Section 7 (Fees and Expenses), Section 8 (Private Sale), Section 9 (Conduct of Business), Section 10 (Confidentiality), and Section 12 (Miscellaneous), which are intended to be binding on the parties hereto, this LOI is intended to be non-binding. Neither party hereto shall be bound or obligated to enter into or to perform any agreement with any person or entity or proceed with any degree of effort unless and until written definitive Purchase Agreement is executed by all parties thereto and, in such event, only to the extent set forth in such Purchase Agreement. For the avoidance of doubt, Mixlab may elect to abandon the transaction at any time and for any reason.

12. Miscellaneous. The parties hereto agree that as of this date there are no oral or written representations,

agreements or understandings concerning the subject matter of this LOI or the Proposed Transaction. No person other than the parties hereto shall have any rights under this LOI. This LOI may be amended only in a written agreement executed by all parties hereto. This LOI shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to any choice of law principles that would dictate the application of the laws of another jurisdiction. This LOI may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via electronic mail or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes. This LOI will automatically terminate and be of no further force and effect upon the earlier of (i) execution of the Purchase Agreement by Mixlab, the Company and the owners of the Company, (ii) mutual agreement of Mixlab and the Company, and (iii) upon the expiration of the Exclusivity Period (as extended). Notwithstanding anything in the previous sentence, Sections 11 and 12 shall survive the termination of this LOI.

13. <u>Contacts.</u> Please direct all correspondence regarding this LOI to:

| Fred Dijols, Founder / CEO | Tom MacLean, VP of Finance |
|---|---|
| fred@mixlabrx.com | tom@mixlabrx.com |
| (650) 862-6748 | (917) 636-0448 |

Thank you for the opportunity to present this LOI. We are prepared to move quickly to regarding the Proposed Transaction and this LOI, and we look forward to working with you. Please do not hesitate to contact us with any questions.

Best Regards,

**MIXLAB, INC.**

By: _____
    Name: Frederic Dijols
    Title: CEO

[*Signatures Continued Below*]

**Agreed and accepted this 21st day of October, 2024**

**By: Optio Rx, LLC**

By: *Ben David*
Name: Ben David
Title: CEO

By: *Leo LaFranco*
Name: Leo LaFranco
Title: CFO

**By: SBH Medical, LLC**

By: *Ben David*
Name: Ben David
Title: CEO

-4-

[*Seller Signature Page to SBH Letter of Intent*]