**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket No.** |

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF (a) SUBSTANTIALLY ALL OF THE ASSETS OF THE PET APOTHECARY, LLC AND (b) THE VETERINARY FILES AND RELAED ASSETS OF SBH MEDICAL, LLC, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (II) GRANTING OTHER RELATED RELIEF**

This matter coming before the Court upon the Motion of the Debtors for Entry of an Order (I) Authorizing the Private Sale of the TPA Assets[2] and the Subject SBH Assets, Free and Clear of All Liens, Claims, Encumbrances and Other Interests, and (II) and Granting Other Related Relief (the "**Motion**"), filed by Optio Rx, LLC (**"Optio"**) and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, **"Debtors"**), for entry of an order (this "**Order**") (i) approving the private sale of the Assets to the Purchaser for cash consideration equal to the Purchase Price, as set forth in the Purchase Agreements; and (ii) granting other related relief; all as further described in the Motion; notice of the purchase

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

agreements having been docketed at [ ] and [ ] (**"Purchase Agreements"**); and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, if any; the Effective Date under the Confirmed Plan has not occurred; and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth in this Order.

2. Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

4867-8974-7441, v. 3

3.	Based upon the record before the Court, the Purchaser's offer for the Assets, as embodied in the Purchase Agreements, is the highest or otherwise best offer for the Assets.

4.	The private sale transaction and the terms and conditions and transactions contemplated by the Purchase Agreements, are hereby authorized and approved pursuant to sections 363(b) and 365 of the Bankruptcy Code.

5.	The Debtors are authorized to consummate the sale of the Assets pursuant to and in accordance with the terms and conditions of the Purchase Agreements and this Order.

6.	The Debtors are authorized to execute and deliver, and empowered to perform under, and consummate the Purchase Agreements, together with all additional instruments and documents that may be reasonably necessary to consummate the sale of the Assets.

7.	This Order shall be binding in all respects upon (a) the Debtors, (b) the Debtors' estates, (c) the Debtors' creditors, (d) all holders of liens whether known or unknown against the Assets, and (e) the Purchaser and all of its successors and assigns.

8.	This Order and the Purchase Agreements shall inure to the benefit of the Debtors, their estates, their creditors, the Purchaser, and the Purchaser's respective successors and assigns of each of the foregoing.

9.	The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors may sell the Assets free and clear of any liens, claims, encumbrances and other interests.

10.	Pursuant to section 363(f) of the Bankruptcy Code, upon the consummation of the transactions contemplated by the Purchase Agreements, the Assets and all of the Debtors' rights, title, and interest therein shall be transferred to the Purchaser free and clear of all liens with all the Liens of Loan Admin Co. automatically attaching to and perfecting in the net cash proceeds

4867-8974-7441, v. 3

- 4 -

of the sale of the Assets with the same priority, validity, force and effect which they now have as against the Assets. Debtors reserve all rights and objections respecting any other party asserting a lien or other interest in the Assets or proceeds thereof.

11. The transfer of the Assets to the Purchaser pursuant to the Purchase Agreements constitutes a legal, valid, and effective transfer of the Assets for fair value and in good faith, and shall vest the Purchaser with all right, title, and interest of the Debtors in and to the Assets.

12. The fourteen (14) day stay contemplated by Bankruptcy Rule 6004(h) is hereby waived, and the Debtors and the Purchaser are authorized to implement immediately the relief granted by this Order.

13. The Debtors and the Purchaser are authorized and empowered to take all actions necessary to implement the relief granted by this Order.

14. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

4867-8974-7441, v. 3