# **Exhibit A**

Glickstein Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OPTIO RX, LLC, *et al.*,<br><br>*Debtors.*[7] | Chapter 11<br><br>Case No. 24-11188-TMH<br><br>(Jointly Administered) |

**DECLARATION OF JED W. GLICKSTEIN IN SUPPORT OF**
**SKIN MEDICINALS LLC'S OPPOSITION TO THE DEBTORS'**
**MOTION FOR SUMMARY JUDGMENT**

I, Jed W. Glickstein, am a partner at the law firm of Kaplan & Grady LLC and represent Skin Medicinals LLC ("Skin Medicinals") in this matter. I offer this declaration in support of Skin Medicinal's opposition to the debtors' motion for summary judgment on their objection to Skin Medicinals' motion for entry of an order granting an allowed administrative expense pursuant to Section 503(b) of the Bankruptcy Code (D.I. 468). The statements in this declaration are based on my personal knowledge, and if called to testify about the contents of this declaration, I could and would testify competently thereto.

---

[7] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60061.

1.  Skin Medicinals initiated an adversary proceeding in the United States Bankruptcy Court for the District of Delaware on June 17, 2024, naming as defendants Optio Rx LLC, a debtor in the above-captioned bankruptcy cases; its Chief Executive Officer, Ben David; and its Director of Engineering, Arun Suresh Kumar, (together, "OptioRx"), and non-debtor Lisa Bassett Ippolito. *See Skin Medicinals LLC v. OptioRx, LLC et al*, No. 24-50079-TMH.

2.  Skin Medicinals served its first set of requests for production OptioRx on August 3, 2024. OptioRx served its first set of requests for production and first interrogatories on Skin Medicinals on the same date.

3.  The parties exchanged written responses to the discovery on September 9, 2024. OptioRx objected to each of Skin Medicinals' discovery requests. Among its objections, OptioRx stated that it would not produce discovery until a confidentiality order had been entered and Skin Medicinals provided a trade secret statement.

4.  On September 20, 2024, I sent a OptioRx's counsel a letter outlining deficiencies in OptioRx's discovery responses. I also sent a draft protective order for counsel's consideration.

5.  On September 24, 2024, I met and conferred with OptioRx's counsel via telephone.

6.  On October 1, 2024, I served Skin Medicinals' amended responses and objections to OptioRx's first set of requests for production and first set of interrogatories. Among other changes, and in the spirit of compromise, the amended responses

supplemented interrogatory answers related to the identification of Skin Medicinals' trade secrets in the hopes of keeping the discovery process moving.

7. On October 8, 2024, I met and conferred with OptioRx's counsel again. Counsel stated that, in light of Skin Medicinals' amended interrogatory responses, OptioRx would not assert the lack of a trade secret statement as a basis to withhold responsive discovery. Counsel also stated that OptioRx intended to propose edits to the draft protective order.

8. As of the date of this declaration, OptioRx has not produced any documents in response to Skin Medicinals' requests for production and has not proposed edits to the draft protective order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: October 23, 2024                    /s/ *Jed Glickstein*
Chicago, Illinois                          Jed W. Glickstein