**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| | (Jointly Administered) |
| Debtors.[1] | **Related Docket Nos. 496 and 536** |

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF (a) SUBSTANTIALLY
ALL OF THE ASSETS OF DEBTOR THE PET APOTHECARY, LLC AND (b) THE
VETERINARY FILES AND RELATED ASSETS OF DEBTOR SBH MEDICAL, LLC,
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER
INTERESTS AND (II) GRANTING OTHER RELATED RELIEF**

This matter coming before the Court upon the *Debtors' Motion for Entry of an Order (I) Authorizing the Private Sale of (a) Substantially All of the Assets of Debtor The Pet Apothecary, LLC and (b) the Veterinary Files and Related Assets of Debtor SBH Medical, LLC, Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Other Related Relief* [Docket No. 496] (the "**Motion**"), filed by Optio Rx, LLC ("**Optio**") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, "**Debtors**"), including Debtors The Pet Apothecary LLC ("**TPA**") and SBH Medical, LLC ("**SBH Medical**"), for entry of an order (this "**Order**") (i) approving the private sale of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

substantially all of the assets of TPA (the "**TPA Assets**") to Mixlab WI, LLC ("**Purchaser/TPA Assets**") and the private sale of the veterinary files and related assets of SBH Medical (the "**Subject SBH Assets**") to Mixlab, Inc. ("**Purchaser/SBH Assets**") for cash consideration under the terms and conditions stated in those proposed Asset Purchase Agreements filed with the Court at [Docket No. 536] (the "**Purchase Agreements**"); and (ii) granting other related relief, all as further described in the Motion.[2] (For purposes of this Order, the TPA Assets and the Subject SBH Assets are referred to collectively as the "**Assets**," the Purchaser/TPA Assets and the Purchaser/SBH Assets are referred to collectively as "**Purchasers**", and TPA and SBH Medical are referred to collectively as "**Selling Debtors**".)

Upon consideration of the First Day Declaration and the record of these chapter 11 cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, and (v) proper and sufficient notice of the Motion has been provided to creditors and parties in interest of the Debtors in the above-captioned Chapter 11 cases, and no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, if any; the Effective Date under the Confirmed Plan has not occurred; and having determined that the legal and factual bases set forth

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in the Motion establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth in this Order.

2. Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3. Based upon the record before the Court: (i) the Purchasers' offers for the Assets of the Selling Debtors, as embodied in the Purchase Agreements, are the highest or otherwise best offers for the Assets; (ii) the consideration provided by Purchasers under the Purchase Agreements is fair and reasonable; and (iii) Purchasers are purchasers in good faith and are entitled to the protections provided to good-faith purchasers under section 363(m) of the Bankruptcy Code.

4. The private sales of the Assets by the Selling Debtors and the terms and conditions and transactions contemplated by the Purchase Agreements are hereby authorized and approved pursuant to sections 363(b) and 365 of the Bankruptcy Code.

5. The Debtors are authorized to consummate the sale of the Assets to Purchasers pursuant to and in accordance with the terms and conditions of the Purchase Agreements and this Order.

6. The Debtors are authorized to (i) execute and deliver, and empowered to perform under, and consummate the Purchase Agreements, together with all additional instruments and

documents that may be reasonably necessary to consummate the sale of the Assets; and (ii) to perform such other acts and execute and deliver such other documents as are consistent with and necessary or appropriate to implement, effectuate and consummate the Purchase Agreements and other related agreements, including making any non-material modifications thereto as may be agreed to in writing by the Debtors and the Purchasers.

7. This Order shall be binding in all respects upon (a) the Debtors, (b) the Debtors' estates, (c) the Debtors' creditors, (d) all holders of liens whether known or unknown against the Assets, and (e) the Purchasers, and all of their respective successors and assigns.

8. This Order and the Purchase Agreements shall inure to the benefit of the Debtors, their estates, the Purchasers, and the respective successors and assigns of each of the foregoing.

9. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full with respect to the sales of the Assets; therefore, the Debtors may sell the Assets to the Purchasers pursuant to the Purchase Agreements and this Order free and clear of any liens, claims, encumbrances and other interests.

10. Pursuant to section 363(f) of the Bankruptcy Code, effective as of the closings of the sales under the Purchase Agreements, the Assets and all of the Debtors' rights, title, and interest therein shall be transferred to the Purchasers free and clear of all liens, claims, encumbrances and other interests, with all of the Liens of Loan Admin Co. automatically attaching to and perfecting in the net cash proceeds of the sale of the Assets with the same priority, validity, force and effect which they now have as against the Assets. Debtors reserve all rights and objections respecting any other party asserting a lien or other interest in the Assets or proceeds thereof.

11. Purchasers shall not be deemed, as a result of any action taken in connection with the Purchase Agreements, the consummation of the transactions contemplated by the Purchase Agreements and this Order, or the transfer or operation of the Assets, to be a legal successor, or otherwise be deemed a successor to any of the Debtors, and the Purchasers shall not be liable in any way (as a successor entity or otherwise) for any claims or liens that any creditor or other third party may have against any of the Debtors or the Assets.

12. The transfer of the Assets to the Purchasers pursuant to the Purchase Agreements constitutes a legal, valid, and effective transfer of the Assets for fair value and in good faith, and shall vest the Purchasers with all right, title, and interest of the Debtors in and to the Assets.

13. Nothing contained in any chapter 11 plan confirmed in any of the Debtors' bankruptcy cases, any order confirming any such chapter 11 plan or any order approving wind-down or dismissal of any of the bankruptcy cases or any subsequent chapter 7 case shall conflict with or derogate from the provisions of the Purchase Agreements or this Order, and to the extent of any conflict or derogation between this Order or the Purchase Agreements and such plan or order, the terms of this Order and the Purchase Agreements shall control.

14. The fourteen (14) day stay contemplated by Bankruptcy Rule 6004(h) is hereby waived, and the Debtors and the Purchasers are authorized to implement immediately the relief granted by this Order.

15. The Debtors and the Purchasers are authorized and empowered to take all actions necessary to implement the relief granted by this Order.

16. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

**Dated: November 13th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

4867-8974-7441, v. 5