**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: January 9, 2025, at 11:00 a.m. (Eastern Time)** **Objection Deadline: December 16, 2024, at 4:00 p.m. (Eastern Time)** |

**DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE**

**THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR CONTRACT(S) ARE SET FORTH IN THE MOTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR CONTRACT(S).**

Optio Rx, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their undersigned counsel, hereby submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy**

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**Code**") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to (a) reject certain executory contracts set forth on Exhibit 1 to the Order (each, a "**Contract**," and collectively, the "**Contracts**"), effective as of December 2, 2024 (the "**Rejection Date**") and (b) take such action as may be necessary to implement and effectuate the rejection of the Contracts. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### I. THE CHAPTER 11 CASES.

4. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter

11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[2] No trustee or examiner has been appointed in the Chapter 11 Cases.

7. On August 1, 2024, the Court entered the *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276].

8. On September 10, 2024, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 382] (the **"Second Amended Plan**").

9. A hearing to consider confirmation of the Second Amended Plan was held on September 13, 2024 (the "**Hearing**").

10. At the Hearing, the Court approved confirmation of the Second Amended Plan, subject to certain language (the **"Proposed Language"**) being added at the request of the Ad Hoc Group of Mezz Lenders (the **"Ad Hoc Group"**) related to intercreditor and subordination rights under the Plan.

[2] The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

11. The Ad Hoc Group, Baybridge Pharmacy Corp, Central Pharmacy Corp, and Delco Pharmacy Corp (collectively, the "**Seller Noteholders**"), Loan Admin Co and the Committee ultimately reached an agreement on revised Proposed Language.

12. On October 17, 2024, the Debtors filed a modified *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the **"Modified Second Amended Plan"**), as directed by the Court at the Hearing, including the revised Proposed Language.

13. On October 17, 2024, the Court entered *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 484] (the **"Confirmation Order"**).

14. The Debtors expect the Second Amended Plan to become effective once all conditions precedent to the Effective Date (as defined on the Second Amended Plan) have been satisfied.

15. Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

## II. THE CONTRACTS.

16. The Debtors and their advisors are in the process of reviewing and analyzing the contracts to which the Debtors are parties. Based upon this analysis, the Debtors have determined, in their business judgment, that there is no longer a need for, or benefit to, the Debtors or their estates to maintain the Contracts going forward. Rejection of each of the Contracts as of the Rejection Date would benefit the Debtors' estates.

17. The Contracts are each employment agreements with certain employees of Debtors Firstcare Pharmacy LLC and SMC Pharmacy LLC that do not provide a material benefit to the Debtors' or their estates and are not necessary to the Debtors' reorganization process. By rejecting the Contracts, the Debtors are relieving the estates of any potential burdensome liabilities and/or obligations with respect thereto. [3]

## RELIEF REQUESTED

18. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit 1**, authorizing the Debtors to (i) reject the Contracts, effective as of the Rejection Date and (ii) take such actions as may be necessary to implement and effectuate the rejections of the Contracts. The Debtors and their estates reserve any and all rights to assert that the Contracts are not executory contracts, and nothing included in, or omitted from, this Motion shall impair, prejudice, waive or otherwise affect such rights.

## BASIS FOR RELIEF REQUESTED

### I. REJECTION OF THE CONTRACTS REFLECTS THE DEBTORS' BUSINESS JUDGMENT.

19. The Debtors have determined that the Contracts are not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors' estates and present potentially burdensome liabilities and/or obligations. Accordingly, the Debtors' decision to reject the Contracts is a proper exercise of business judgment, and the rejection should be approved.

20. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

---

[3] The Debtors do not concede that the Debtors or their estates have any liabilities or obligations with respect to the Contracts or that the counterparties to the Contracts have any claims of any nature or priority against the Debtors or their estates whether arising under, in connection with, or related to the Contracts, the counterparties' employment by the Debtors or otherwise. As set forth more fully below, the Debtors reserve and do not waive: (i) all rights, arguments and defenses with respect to any and all claims asserted by any counterparty to the Contracts and (ii) all claims and causes of action of any nature against all counterparties to the Contracts.

11 U.S.C. § 365(a). "Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization." *In re Exide Techs*., 607 F.3d 957, 967 (3d Cir. 2010); *NLRB* v. *Bildisco & Bildisco* (*In re Bildisco*), 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

21. The Debtors' rejection of an executory contract is governed by the "business judgment" standard, which requires a debtor to have determined that the requested rejection would benefit its estate. *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Sharon Steel Corp*. v. *Nat'l Fuel Gas Distrib. Corp*., 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *see also In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003) ("In general, motions to reject executory contracts are evaluated under the business judgment test."); *In re HQ Glob. Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) ("Under the business judgment standard, the sole issue is whether the rejection benefits the estate.").

22. In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject contracts. *See, e.g.*, *In re Fed. Mogul Glob., Inc.*, 293 B.R. at 126 ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *In re Caribbean Petroleum Corp*., 444 B.R. 263, 268 (Bankr. D. Del. 2010) (quoting *In re Trans World Airlines, Inc*., 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim

or caprice."). Courts defer to a debtor's business judgment in rejecting an executory contract, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB*, 465 U.S. at 523 (recognizing "business judgment" standard used to approve rejection of executory contracts).

23. Moreover, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)). Section 105(a) therefore provides additional authority for the Court to grant the relief requested herein.

24. The Debtors submit that rejection of the Contracts is within the Debtors' business judgment, and an appropriate step in furtherance of their efforts to preserve and maximize the value of their estates for all stakeholders. The Debtors evaluated the Contracts in consultation with their professional advisors and determined that any benefits provided by these Contracts do not equal or exceed the potential costs and/or obligations associated with the Contracts.

25. The Contracts are not necessary for the administration of the Debtors' chapter 11 cases and are not necessary or beneficial to the Debtors' reorganization efforts.

26. Accordingly, the decision to reject the Contracts is a proper exercise of the Debtors' business judgment, and rejection of the Contracts therefore should be approved pursuant to section 365(a) of the Bankruptcy Code.

## II. DEEMING EACH CONTRACT REJECTED EFFECTIVE AS OF THE REJECTION DATE IS APPROPRIATE.

27. The Debtors also respectfully submit that it is appropriate for the Court to deem the Contracts rejected effective as of the Rejection Date.

28. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See SCS Co.* v. *Peter J. Schmitt Co.*, 1995 WL 1772010, at *2 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection); *see also In re Rupari Holding Corp*., 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017) (authorizing rejection of employment agreements as of prior retroactive date).

29. Courts in this district and elsewhere have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date before entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp*., 67 F.3d 1021, 1029 (1st Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc*., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

30. Furthermore, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

31. In this instance, the balance of the equities favors the rejection of the Contracts effective as of the Rejection Date. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary administrative costs for Contracts that do not provide any benefits to the Debtors and their estates.

32. Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Carbonlite* Holdings *LLC*, 21-10527 (JTD) (July 14, 2021) [D.I. 714] (authorizing debtors to reject certain executory contracts effective as of the rejection date); *In re Lighthouse Resources Inc.*, 20-13056 (JTD) (Jan. 26, 2021) [D.I. 270] (authorizing debtors to reject certain executory contracts and unexpired leases effective as of the rejection date); *In re Lucky's Market Parent Company, LLC*, 20-10166 (JTD) (April 9, 2020) [D.I. 587] (same); *In re THG Holdings LLC*, 29-11689 (JTD) (Oct. 10, 2019) [D.I. 343] (same).

## III. COMPLIANCE WITH BANKRUPTCY RULE 6006(F).

33. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

34. Nothing in this Motion: (a) is intended or shall be deemed to an admission as to the validity of any asserted claim against the Debtors or their estates (including any claims asserted by any counterparties to the Contracts whether arising under, in connection with, or related to the Contracts, the counterparties' employment by the Debtors or otherwise); (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice,

waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any party (including the counterparties to the Contracts); or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.

## NO PRIOR REQUEST

35. No prior request for the relief sought in the motion has been made to this or any other court.

## NOTICE

36. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) counsel to the DIP Lenders; (d) the counterparties to the Contracts; and (e) any party that has requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: December 2, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ William E. Chipman, Jr.
William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
carickhoff@chipmanbrown.com
olivere@chipmanbrown.com
root@chipmanbrown.com

*Counsel for Debtors and Debtors in Possession*