# EXHIBIT A

## (*Proposed* Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No.** |

## ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE

Upon the Motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") authorizing the Debtors to (i) reject certain executory contracts set forth on **Exhibit 1** to this Order (the "**Contracts'**), effective as of December 2, 2024 (the "**Rejection Date**") and (ii) take such actions as may be necessary to implement and effectuate the rejection of the Contracts; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2]    All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, each of the Contracts set forth on **Exhibit 1** attached hereto is hereby rejected effective as of the Rejection Date.

3.      Within two (2) business days after entry of this Order, the Debtors shall serve a copy of this Order and the attached **Exhibit 1** on the counterparties under the Contracts.

4.      If a Contract counterparty wishes to assert a claim arising from the rejection of the Contract, the Contract counterparty shall file with the Debtors' claims and noticing agent a proof of claim on or before the date that is thirty (30) days from the date of entry of this Order.  The proof of claim form and instructions for submission may be obtained on the website of the Debtors' claims and noticing agent.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim asserted against a Debtor entity (including any claims asserted by

any counterparties to the Contracts whether arising under, in connection with, or related to the Contracts, the counterparties' employment by the Debtors or otherwise); (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay a particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) to waive or otherwise affect the rights of the Debtors or their estates with respect to any claims or causes of action against any party (including the counterparties to the Contracts) or (f) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) are valid and the Debtors' and all other parties-in-interest rights are expressly reserved to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

6.     By entry of this Order, the Debtors do not waive (i) any claims or causes of action that they may have against any counterparty to the Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Contracts or (ii) the right to object to any claim filed by any Contract counterparty, whether or not such claims arise under, are related to the rejection of, or are independent of the Contracts.  Moreover, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract was terminated, expired, or otherwise not an executory contract as of the Rejection Date.

7.     The requirements in Bankruptcy Rule 6006 are satisfied.

8.     The terms and conditions of this Order are effective immediately and enforceable upon its entry and any stay under Bankruptcy Rule 6006 or otherwise is hereby waived.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

- 3 -

10.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation or enforcement of this Order.

4933-6192-1793, v. 3

# EXHIBIT 1

**(List of Contracts)**

## **Contracts**[1]

| # | Non-Debtor Counterparty | Debtor Counterparty | Non-Debtor Counterparty Address | Description Of Agreement |
|---|---|---|---|---|
| 1 | Farzadfar, Pouya | Firstcare Pharmacy LLC | [Address on File] | Employment Agreement dated as of January 8, 2020 |
| 2 | Tizabgar, Payam | SMC Pharmacy LLC | [Address on File] | Employment Agreement dated as of January 8, 2020 |

---

[1]    The Contracts listed herein include all amendments, modifications, and addenda thereto.