**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: To be Determined<br>Objection Deadline: To be Determined |

**OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER:
(I) AUTHORIZING AND CONFIRMING THE ASSUMPTION OF NON-RESIDENTIAL
REAL PROPERTY LEASES, (B) FIXING CURE COSTS WITH RESPECT THERETO,
AND (II) GRANTING RELATED RELIEF**

> **YOUR RIGHTS MAY BE AFFECTED. THIS IS AN OMNIBUS MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 6006(f). PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASE(S) LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER (EXHIBIT A TO THE MOTION). YOU MAY OBTAIN A COPY OF THE MOTION FREE OF CHARGE ON THE WEBSITE OF THE DEBTORS' NOTICING AND CLAIMS AGENT AT HTTPS://CASES.STRETTO.COM/OPTIORX/ OR BY CONTACTING ANY OF THE COUNSEL BELOW.**

Optio Rx, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") file this motion ("**Motion**") for an order, substantially in the form attached as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**Exhibit A** ("**Proposed Order**"): (i) authorizing and confirming the Debtors' assumption of each of the unexpired leases of nonresidential real property listed on Schedule 1 to the Proposed Order (collectively, the "**Assumed Leases**" and each, an "**Assumed Lease**"), (ii) fixing the Cure Costs (*as defined below*) and (iii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

On October 17, 2024 the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint chapter 11 Plan of Reorganization of Optio Rx, et al.* (the "**Confirmation Order**").  Under the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Modified Second Amended Plan**" or the "**Plan**"),[2] and Confirmation Order, the Debtors obtained entry of an order authorizing the assumption of the Assumed Leases (as defined below).  The effective date for such assumption however, is the Effective Date of the Plan (as defined in the Plan, the "**Effective Date**").  For the reasons described below, the Plan has not yet become effective or substantially consummated, but the Debtors unequivocally intend to assume the Assumed Leases and have them vest in the Reorganized Debtors on and following the Effective Date.  The Debtors file this motion out of an abundance of caution as the deadline to assume the Assumed Leases is approaching and the Debtors seek to avoid the uncertainty of the passing of that date relying only on the terms of the Bankruptcy Code, the Plan and the Confirmation Order.  Rather, the Debtors seek entry of a "comfort order" confirming that, under the Bankruptcy Code, the Plan and Confirmation Order and the unequivocable intent demonstrated hereby, the Debtors have assumed the Assumed Leases.

---

[2]  Capitalized terms used but not otherwise defined shall have the meaning ascribed in the Modified Second Amended Plan.

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested in this Motion are sections 105(a) and 365(a) of the Bankruptcy Code, and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

A. **THE CHAPTER 11 CASES.**

5. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[3] No trustee or examiner has been appointed in the Chapter 11 Cases.

8. On August 1, 2024, the Court entered the *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276] (the "**Solicitation Procedures Order**").

9. On September 10, 2024, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 382] (the "**Second Amended Plan**").

10. A hearing to consider confirmation of the Second Amended Plan was held on September 13, 2024 (the "**Hearing**"). In support of confirmation of the Second Amended Plan (and the Plan), the Debtors submitted (i) the *Declaration of Gary Lembo in Support of Confirmation of Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 385]; and (ii) the *Certification of Stretto, Inc. Regarding Solicitation of Votes and Tabulation of Ballots in Connection with the Amended Joint Chapter 11 Plan of Reorganization*

---

[3] The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

*of Optio Rx, LLC, et al.* [Docket No. 378], which demonstrated the overwhelming support for the Debtors' Plan.

11. On October 17, 2024, the Debtors filed the Modified Second Amended Plan, as directed by the Court at the Hearing.

12. On October 17, 2024, the Court entered the Confirmation Order.

13. The Debtors expect the Plan to become effective once all conditions precedent to the Effective Date have been satisfied. Specifically, the conditions precedent to the Effective Date includes, without limitation:

> All (i) governmental and regulatory approvals, clearances and consents necessary and legally required, if any, under applicable non-bankruptcy law and (ii) material third-party consents and approvals, if any, in each case in connection with the transactions provided for in the Plan shall have been obtained, are not subject to unfulfilled conditions, and are in full force and effect, and all applicable waiting periods have expired without any action having been taken by any competent authority that restrains, prevents or enjoins the Restructuring Transactions.

Plan § 8.02(4). The Debtors have been working diligently with their professionals toward satisfying this licensure and approval requirement. However, the process remains ongoing and may progress into 2025 and past the relevant assumption deadline under section 365(d)(4), as discussed further below.

14. Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.

B.    **THE DEBTORS' NON-RESIDENTIAL REAL PROPERTY LEASES.**

15.    On August 23, 2024, the Debtors timely filed the *Debtors' Motion for Entry of an Order (I) Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Property and (II) Granting Related Relief* [Docket No. 337] (the "**Extension Motion**").

16.    On September 11, 2024, the Court entered the *Order (I) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Docket No. 397] extending the deadline to January 3, 2025 (the "**Extension Order**").

17.    Pursuant to Section 5.01 of the Modified Second Amended Plan, each of the Debtors' "Unexpired Leases":

> shall be deemed assumed (or assumed and assigned to the respective Reorganized Debtor, as applicable) pursuant to sections 365(a) and 1123 of the Bankruptcy Code as of the Effective Date, unless such … Unexpired Lease: (i) was previously assumed or rejected by a Debtor, pursuant to a Final Order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject filed on or before the Effective Date; or (iv) is identified on the Rejected Executory Contract and Unexpired Lease List.  Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the assumptions, assumptions and assignments, or rejections of such … Unexpired Leases as set forth in the Plan … pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Unless otherwise indicated, all assumptions or assumptions and assignments of … Unexpired Leases pursuant to the Plan are effective as of the Effective Date ….

*See* Modified Second Amended Plan at Sect. 5.01.

18.    The Modified Second Amended Plan also provides, in relevant part, the following with respect to cure amounts for Unexpired Leases to be assumed pursuant to the Plan:

> Any monetary defaults under each … Unexpired Lease to be assumed (or assumed and assigned to the respective Reorganized Debtor, as applicable) pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash upon the Effective Date or in the ordinary course of business, subject to the limitation described

> below, or on such other terms as the parties to such … Unexpired Leases may otherwise agree.  The Debtors shall provide notices of proposed cure amounts (if any) to counterparties to … Unexpired Leases to be assumed reflecting the Debtors' intention to assume or assume and assign the … Unexpired Lease in connection with the Plan and setting forth the proposed cure amount (if any) or the Reorganized Debtors' ability to provide "adequate assurance of future performance thereunder" (within the meaning of section 365 of the Bankruptcy Code). … Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or related cure amount must be filed, served and actually received by counsel to the Debtors on the confirmation objection deadline or other deadline that may be set by the Bankruptcy Court.  Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption or cure amount.

*See* Modified Second Amended Plan at Sect. 5.03.

19. The Debtors are currently parties to thirteen (13) Assumed Leases, which, under the Confirmation Order and Plan, have been assumed upon the entry of the Confirmation Order effective as of the plan Effective Date with no cure owing.  As noted above, the Debtors and Online Pharmacy Holdings LLC have been working diligently since the Confirmation Order was entered in mid-October to satisfy all conditions precedent ("**Conditions Precedent**") to the Effective Date, including obtaining governmental and regulatory approvals, clearances and consents necessary and legally required, under applicable non-bankruptcy law to transfer all do the Debtors' licenses to the Reorganized Debtor (the "**License Transfers**").

20. As of the date hereof, the Debtors are uncertain exactly when all required License Transfers will be obtained from the various state agencies governing the Debtors' business operations required to satisfy the Conditions Precedent to the Effective Date, pursuant to Section 8.02 of the Plan.  The Debtors are hopeful that the License Transfers will be finalized soon, but cannot be certain they will be will completed by the January 3, 2025 Section 365(d)(4) deadline set forth in the Extension Order.  Accordingly, the Debtors have filed this Motion, out of an

abundance of caution, to confirm to its landlords the Debtors unequivocal intent to assume the Assumed Leases identified on **Schedule 1**, effective as of entry of the Confirmation Order, to fix Cure Costs (as defined below) in accordance with Section 5.03 of the Modified Second Amended Plan, and to waive Debtors' and Reorganized Debtors' rights to reject any of the Assumed Leases.

21. The Debtors have diligently reviewed each of the Assumed Leases in connection with their restructuring and concluded, in the exercise of their business judgment, that the Assumed Leases will continue to provide meaningful value to their estates and the Debtors' ongoing business operations. Further, according to the Debtors' books and records, there are no pre-petition amounts due and owing for the Assumed Lease as reflected on **Schedule 1** (generally, as to each Assumed Lease, the "**Cure Cost**") and no requests for payment of Cure Costs were asserted prior to entry of the Confirmation Order in accordance with the Solicitation Procedures Order. The Debtors have paid all amounts due under the Assumed Leases since entry of the Confirmation Order.

## RELIEF REQUESTED

22. By this Motion, the Debtors respectfully request entry of the Proposed Order, (i) pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006(a), authorizing the Debtors to assume the Assumed Leases listed on **Schedule 1** to the Proposed Order, effective as of entry of the Confirmation Order, (ii) fixing the Cure Costs as described in Schedule 1, and (iii) granting related relief. As set forth more fully below, the relief requested in this Motion is in the best interests of the Debtors and their estates and is consistent with the intent under the Confirmation Order and Modified Second Amended Plan.

**BASIS FOR RELIEF**

A.     **ASSUMPTION OF THE ASSUMED LEASES REFLECTS THE DEBTORS' SOUND BUSINESS JUDGMENT.**

23.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

24.     A debtor's assumption of an executory contract or unexpired lease is generally governed by the "business judgment" standard. Courts employ the lenient "business judgment" standard when determining whether to authorize the assumption of an unexpired lease or executory contract. *In re AbitibiBower Inc.*, 418 B.R. 815, 831 (Bankr D. Del. 2009) (finding that a debtor's decision to assume or reject an executory contract will stand so long as a "reasonable business person would make a similar decision under similar circumstances"); *In re Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that debtor's decision to reject executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). All that must be shown is some benefit to the estate. *Sharon Steel Corp.*, 872 F.2d at 39.

25.     The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or*

*Creditors v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions.").

26. In connection with the Debtors' Chapter 11 Cases that culminated in the Modified Second Amended Plan, the Debtors have exercised their business judgment in evaluating their Assumed Leases. To that end, the Debtors have previously obtained orders rejecting certain unexpired leases (*see* Docket Nos. 102, 398, 483, and the Plan Supplement at Exhibit C), and identified the Assumed Leases as essential to their go-forward business. But for the potential risk that the Effective Date may not occur before the January 3, 2025 deadline imposed by section 365(d)(4) of the Bankruptcy Code, the relief requested herein would not be necessary. Accordingly, the Debtors file the motion out of an abundance of caution to communicate a clear intent to its landlords to assume the Assumed Leases. *See e.g.*, *In re Rite Aid Corp.*, No. 23-18993 (MBK), 2024 WL 4715336 at *5 (Bankr. D.N.J. Nov. 6, 2024) (finding that the debtors communicated clearly and timely their intent to assume certain unexpired leases in compliance with the statutory language of section 365(d)(4) of the Bankruptcy Code, its purpose, and persuasive case law). The Debtors submit that they have exercised their sound business judgment in determining that assumption of the Assumed Leases, as set forth herein, is in the best interest of the Debtors, their estates and their creditors.

27. In light of the foregoing facts and circumstances, the Debtors respectfully submit that the assumption of each of the Assumed Leases under section 365(a) of the Bankruptcy Code as of entry of the Confirmation Order is a sound exercise of their business judgment, is necessary, prudent, and in the best interests of the Debtors, their estates and their creditors, and is in accordance with the principles of equity.

B. **THERE ARE NO DEFAULTS UNDER THE LEASES, THEREFORE THE DEBTORS HAVE NO CURE OBLIGATIONS OR ADEQUATE ASSURANCE REQUIREMENTS UNDER SECTION 365 OF THE BANKRUPTCY CODE.**

28. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, a debtor may not assume an executory contract or unexpired lease, unless, at the time of assumption, the debtor cures or provides adequate assurance that the debtor will promptly cure any existing default. 11 U.S.C. § 365(b)(1)(A); *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 444 (5th Cir. 2002) (holding that the debtor must provide adequate assurance that it will cure the default amount); *In re Rickel Home Ctrs.*, 209 F.3d 291, 298 (3d Cir. 2000) (finding that the debtor must cure defaults or provide adequate assurance of prompt cure). Further, pursuant to section 365(b)(1)(C) of the Bankruptcy Code, if a default is outstanding, a debtor seeking to assume an executory contract or unexpired lease must provide adequate assurance of future performance under such contract or lease.

29. In accordance with section 365(b)(1)(A) of the Bankruptcy Code, the Debtors have determined that there are no potential payments necessary to cure any applicable defaults under the Assumed Leases. No requests for payment of Cure Costs were asserted prior to entry of the Confirmation Order in accordance with the Solicitation Procedures Order, and no objections to the Plan or entry of the Confirmation Order pertaining to assumption were made by any of the landlords. Further, the Debtors have paid all amounts due under the Assumed Leases since entry of the Confirmation Order. As provided in **Schedule 1** to the Proposed Order, the Debtors need not pay any cure amounts under the Leases in order to assume the same.

30. In accordance with section 365(b)(1)(C) of the Bankruptcy Code, the Debtors submit that they will continue to satisfy their obligations under the Assumed Leases in the ordinary course of business and have satisfied their obligations of providing adequate assurance of future performance, if any, through the confirmation of the Plan. Although there is no general definition of "adequate assurance", the term derives its meaning based upon the fact and circumstances of

each case. *In re Filene's Basement, LLC*, 2014 WL 1713416 at *11 (Bankr. D. Del. Apr. 29, 2014). The Debtors can and will continue to perform all of their obligations under each Assumed Lease moving forward.

31. Finally, section 5.01 of the Plan allows the Debtors to reject any executory contract or unexpired lease prior to the Effective Date. Pursuant to this Motion, the Debtors' and Reorganized Debtors waive any right to reject any of the Assumed Leases.

## **WAIVER OF BANKRUPTCY RULE 6006(e)**

32. Bankruptcy Rule 6006(e) provides that a debtor cannot assumed multiple unexpired leases in one motion unless "(1) all executory contracts or unexpired leases to be assumed or assigned are between the same parties or are to be assigned to the same assignee; (2) the trustee seeks to assume, but not assign to more than one assignee, unexpired leases of real property; or (3) the court otherwise authorizes the motion to be filed." Fed. R. Bankr. P. 6006(e).

33. To the extent that Bankruptcy Rule 6006(e) is deemed to be applicable, the Debtors respectfully request a waiver of that rule in order to efficiently allow the Debtors to address the common assumption issues raised by each of the Assumed Leases. If the Debtors are required to proceed by separate motion in order to obtain approval of the assumption of each of the Assumed Lease, the Debtors will incur unnecessary and unreasonable costs to little, if any, benefit. The Debtors have ensured that this Motion complies with Bankruptcy Rule 6006(f) (governing omnibus assumption motions) so that each landlord counterparty has proper notice of the proposed assumption of its Assumed Lease and related Cure Cost. Thus, there will be no harm to the landlord counterparties by the Debtors seeking to assume the Assumed Leases through the filing of this omnibus motion. Accordingly, for these reasons, the Debtors submit a waiver of

Bankruptcy Rule 6006(e), if applicable, is appropriate and in the best interest of the Debtors and their estates.

## RESERVATION OF RIGHTS

34. Nothing contained herein is intended to be or should be construed as (a) an admission of the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth in this Motion or the Plan, a request for authorization to assume, adopt or reject any contract pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors, or any other party in interest's, rights under the Plan, the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any lien (contractual, common law, statutory, or otherwise) may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of the parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors or any party in interest's rights to subsequently dispute such claim.

4929-6121-2165, v. 6

## NO PRIOR REQUEST

35. Other than through the Confirmation Order and the Plan, the Debtors have not previously sought the relief requested herein from this or any other Court.

## NOTICE

36. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) counsel to the DIP Lenders; (d) the counterparties to the Assumed Leases; and (e) any party that has requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtor such other relief as the Court deems appropriate.

Dated: December 13, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
olivere@chipmanbrown.com

*Counsel for Debtors and Debtors in Possession*