IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION TO EXPEDITE HEARING AND OBJECTION DEADLINE WITH RESPECT TO OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER: (I) AUTHORIZING AND CONFIRMING THE ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (B) FIXING CURE COSTS WITH RESPECT THERETO, AND (II) GRANTING RELATED RELIEF**

Optio Rx, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), by and through their counsel, hereby submit this Motion (the "**Motion**") for entry of an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), setting an expedited hearing for and shortening the notice and objection periods, if necessary, on the *Omnibus Motion of the Debtors for Entry of an Order: (I) Authorizing and Confirming the Assumption of Non-Residential Real Property Leases, (B) Fixing Cure Costs with*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

*Respect Thereto, and (II) Granting Related Relief* (the "**Omnibus Motion**").[2]  In support of this Motion, the Debtors respectfully represents as follows:

## PRELIMINARY STATEMENT

1. As set forth more fully below and in the Omnibus Motion, the Debtors are seeking expedited consideration of the Omnibus Motion to assume the Debtors' nonresidential real property leases that were assumed under the Plan, effective as of the Effective Date.

2. On October 17, 2024 the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint chapter 11 Plan of Reorganization of Optio Rx, et al. (the "**Confirmation Order**").  Under the Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al. [Docket No. 480] (the "**Modified Second Amended Plan**" or the "**Plan**"), and Confirmation Order, the Debtors obtained entry of an order authorizing the assumption of the Assumed Leases (as defined below).

3. The effective date for such assumption, however, is the Effective Date of the Plan (as defined in the Plan, the "**Effective Date**").  For the reasons described below, the Plan has not yet become effective or substantially consummated, but the Debtors unequivocally intend to assume the Assumed Leases and have them vest in the Reorganized Debtors on and following the Effective Date.  The Debtors filed the Omnibus Motion out of an abundance of caution as the deadline to assume the Assumed Leases is approaching and the Debtors seek to avoid the uncertainty of the passing of that date relying only on the terms of the Bankruptcy Code, the Plan and the Confirmation Order.  Rather, the Debtors seek entry of a "comfort order" confirming that, under the Bankruptcy Code, the Plan and Confirmation Order and the unequivocable intent demonstrated in the Omnibus Motion, the Debtors have assumed the Assumed Leases.

---

[2]  Capitalized terms used but not defined herein shall have the same meanings ascribed to such terms in the Omnibus Motion.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

5. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The relief requested herein is warranted under Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

**BACKGROUND**

8. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these

Chapter 11 Cases [Docket No. 67].[3]   No trustee or examiner has been appointed in the Chapter 11 Cases.

11.   On September 11, 2024, the Court entered the *Order (I) Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Docket No. 397] extending the deadline to January 3, 2025 (the "**Extension Order**").

12.   On October 17, 2024, the Court entered the Confirmation Order.  The Debtors expect the Plan to become effective once all conditions precedent to the Effective Date (as defined in the Modified Second Amended Plan) have been satisfied.

13.   The Debtors are currently parties to thirteen (13) Assumed Leases, which, under the Confirmation Order and Plan, have been assumed upon the entry of the Confirmation Order effective as of the plan Effective Date.  The Debtors and Online Pharmacy Holdings LLC have been working diligently since the Confirmation Order was entered in mid-October to satisfy all conditions precedent ("**Conditions Precedent**") to the Effective Date, including obtaining governmental and regulatory approvals, clearances and consents necessary and legally required, under applicable non-bankruptcy law to transfer all of the Debtors' licenses to the Reorganized Debtor (the "**License Transfers**").

14.   As of the date hereof, the Debtors are uncertain exactly when all required License Transfers will be obtained from the various state agencies governing the Debtors' business operations required to satisfy the Conditions Precedent to the Effective Date pursuant to Section 8.02 of the Plan.  The Debtors are hopeful that the License Transfers will be finalized soon but cannot be certain they will be will completed by the January 3, 2025 section 365(d)(4) deadline

---

[3]   The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

set forth in the Extension Order. Accordingly, concurrently with the filing of this Motion the Debtors have filed the Omnibus Motion[4], out of an abundance of caution, to confirm to its landlords the Debtors unequivocal intent to assume the Assumed Leases, effective as of entry of the Confirmation Order, to fix Cure Costs in accordance with Section 5.03 of the Modified Second Amended Plan, and to waive Debtors' and Reorganized Debtors' rights to reject any of the Assumed Leases.

## RELIEF REQUESTED

15. By this Motion, the Debtors respectfully request entry of an Order scheduling an expedited hearing on the Omnibus Motion at the Court's earliest convenience and setting a deadline to object or otherwise respond to the Omnibus Motion as the Court deems appropriate.

## BASIS FOR RELIEF

16. Local Rule 9006-1 (c) provides that all motions not governed by other federal or local rule must be filed and served at least 14 days prior to the hearing, with an objection deadline of at least 7 days before the hearing. *See* Del. Bankr. L.R. 9006-1(c). Local Rule 9006-1(e), however permits the Court to shorten notice "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." *Id.* 9006-1(e).

17. The Debtors understand that the Court has a very busy calendar and limited availability, and the next omnibus hearing in the Chapter 11 Cases is scheduled for January 9, 2025. The Debtors respectfully request consideration of the Omnibus Motion in advance of the January 3, 2025 deadline under section 365(d)(4) of the Bankruptcy Code, to avoid any risk that the Assumed Leases could be deemed not assumed under the Plan. The leases are essential to the operation of the Debtors' businesses. By comparison, the landlords, under the respective

---

[4] The Debtors incorporate the Omnibus Motion herein by reference.

4921-6476-4677, v. 2

Assumed Leases, will suffer no prejudice if the Omnibus Motion is scheduled on shortened notice because they did not object to the assumption under the Plan and the Omnibus Motion only provides further assurance to the landlords.

### STATEMENT PURSUANT TO LOCAL RULE 9006-1(e)

18. Pursuant to Local Rule 9006-1(e), undersigned counsel avers that, prior to filing this Motion, the undersigned contacted counsel for the U.S. Trustee, the Committee, and the DIP Lenders. The DIP Lenders support the relief requested, however counsel has not received word as of the filing of this Motion with respect to the position of the U.S. Trustee or the Committee regarding the relief requested hearing.

19. In light of the foregoing, the Debtors respectfully submit that the present circumstances satisfy the requirements of cause under Bankruptcy Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

### CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court (A) enter an order, in substantially the form attached hereto, (i) scheduling an expedited hearing on the Omnibus Motion and (ii) setting a deadline as the Court deems appropriate to object or otherwise respond to the Omnibus Motion, and (B) grant the Debtors such other and further relief as the Court deems just and proper.

[SIGNATURE TO FOLLOW]

4921-6476-4677, v. 2

Dated: December 13, 2024  
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*

William E. Chipman, Jr. (No. 3818)  
Mark D. Olivere (No. 4291)  
Hercules Plaza  
1313 North Market Street, Suite 5400  
Wilmington, Delaware 19801  
Telephone:   (302) 295-0191  
Email:       chipman@chipmanbrown.com  
               olivere@chipmanbrown.com

*Counsel for Debtors and Debtors in Possession*