IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: January 10, 2025, at 4:00 p.m. (Eastern Time)** |

**SIXTH MONTHLY APPLICATION OF CHIPMAN BROWN CICERO & COLE, LLP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM NOVEMBER 1, 2024 THROUGH AND INCLUDING NOVEMBER 30, 2024**

| | |
|---|---|
| *Name of Applicant:* | Chipman Brown Cicero & Cole, LLP |
| *Authorized to Provide Professional Services to:* | Debtors and Debtors in Possession, Effective as of June 7, 2024. |
| *Period for Which Compensation and Reimbursement is Sought:* | November 1, 2024 through November 30, 2024 |
| *Amount of Compensation Sought as Actual, Reasonable and Necessary:* | $37,873.50[2] (80% = $30,298.80) |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:* | $896.29 |

This is a(n) _____ Interim __√__ Monthly _____ Final Fee Application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] The total time expended in connection with the preparation of this fee application is not included herein as such time was expended after the Application Period. Through this fee application, CBCC does seek reimbursement for 4.4 hours, with a value of $1,745.00 in connection with the preparation of the fee application for October 2024.

Prior Applications:

| Date Filed | Period Covered | REQUESTED | | APPROVED | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees (100%) | Expenses | Fees (80%) | Expenses | Holdback (20%) |
| 07.31.2024 [Docket No. 270] | 06.07.2024 — 06.30.2024 | $260,532.00 | $2,956.35 | $208,425.60 | $2,956.35 | $52,106.40 |
| 08.13.2024 [Docket No. 291] | 07.01.2024 — 07.31.2024 | $136,845.50 | $2,297.38 | $109,476.40 | $2,297.38 | $27,369.10 |
| 09.24.2024 [Docket No. 415] | 08.01.2024 — 08.31.2024 | $174,411.50 | $1,554.28 | $139,529.20 | $1,554.28 | $34,882.30 |
| 10.15.2024 [Docket No. 474] | 09.01.2024 — 09.30.2024 | $139,864.00 | $1,404.72 | $111,891.20 | $1,404.72 | $27,972.80 |
| 11.19.2024 [Docket No. 548] | 10.01.2024 — 10.31.2024 | $61,747.00 | $414.56 | $49,397.60 | $414.56 | $12,349.40 |
| | TOTAL: | $773,400.00 | $8,627.29 | $618,720.00 | $8,627.29 | $154,680.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: January 10, 2025, at 4:00 p.m. (Eastern Time)** |

**SIXTH MONTHLY APPLICATION OF CHIPMAN BROWN CICERO & COLE, LLP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM NOVEMBER 1, 2024 THROUGH AND INCLUDING NOVEMBER 30, 2024**

Pursuant to sections 330 and 331 of title 11 of the United States Code §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Chipman Brown Cicero & Cole, LLP ("**CBCC**"), counsel to the debtors and debtors in possession (the "**Debtors**"), hereby submits its sixth monthly application (the "**Application**") for compensation and reimbursement of expenses for the period from November 1, 2024 through and including November 30, 2024 (the "**Application Period**"). By this Application, CBCC seeks a monthly interim allowance of compensation in the amount of $37,873.50 and actual expenses in the amount of $896.29, for an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

- 2 -

aggregate total of $38,769.79 in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 266] entered July 31, 2024 (the "**Interim Compensation Order**"). CBCC hereby seeks payment of $30,298.80 (80% of the allowed fees) and reimbursement of $896.29 (100% of allowed expenses), for an aggregate total payment of $31,195.09 for the Application Period upon the filing of a certificate of no objection. In support thereof, CBCC respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Debtors, their estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. § 1408.

3. Pursuant to Local Rule 9013-1(f), CBCC consents to the entry of a final order by the Court in connection with this Application, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

A.   **GENERAL BACKGROUND.**

5. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter

11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6. The Debtors are authorized to continue operating their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[2] No trustee or examiner has been appointed in the Chapter 11 Cases.

8. On July 31, 2024, the Court signed the Interim Compensation Order, authorizing certain professionals ("**Professionals**") to submit monthly applications for compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Interim Compensation Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

B. **THE RETENTION OF CHIPMAN BROWN CICERO & COLE, LLP.**

9. On June 28, 2024, the Debtors filed the *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of Chipman Brown Cicero & Cole, LLP as Counsel to the Debtors Effective as of the Petition Date* [Docket No. 116] (the "**Retention Application**").

10. On July 29, 2024, the Court entered the *Order Authorizing the Retention and Employment of Chipman Brown Cicero & Cole, LLP as Counsel to the Debtors Effective as of the Petition Date* [Docket No. 252] (the "**Retention Order**").

---

[2] The U.S. Trustee subsequently filed an *Amended Notice of Appointment of Creditors' Committee* [Docket Nos. 81 and 130].

- 4 -

**RELIEF REQUESTED**

11. Subject to Court approval, CBCC seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by CBCC during the Application Period. With the exception of copy charges (which are charged at a lower rate), the rates charged by CBCC in these Chapter 11 Cases do not differ from the rates charged to CBCC's non-bankruptcy clients.

12. This Application is the sixth monthly fee application filed by CBCC in these Chapter 11 Cases. In connection with the professional services described below, by this Application CBCC seeks allowance of compensation in the amount of $37,873.50 and reimbursement of actual and necessary expenses in the amount of $896.29 for the Application Period.

A. **COMPENSATION REQUESTED.**

13. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Debtor during the Application Period, the regular customary billing rates and the total value of time incurred by each of the CBCC attorneys rendering services to the Debtor is attached hereto as **Exhibit A**.

14. A copy of the computer-generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "**Guidelines**"), is attached hereto as **Exhibit B**.

**B.     EXPENSE REIMBURSEMENT.**

15.     CBCC incurred out-of-pocket expenses during the Application Period in the amount of $896.29.  A statement of expenses incurred by CBCC during the Application Period is attached as **Exhibit C**.  All time entries and requested expenses are in compliance with Rule 2016-2 of the Local Rules.[3]

16.     Pursuant to Local Rule 2016-2, CBCC represents as follows with regard to its charges for actual and necessary costs and expenses incurred during the Application Period:

(a)     Copy charges and photocopying expenses were $.10 per page, which charge is reasonable and customary in the legal industry and represents the costs of copy material, acquisition, maintenance, storage and operation of copy and printer machines, together with a margin for recovery of related expenditures.  In addition, CBCC often utilizes outside copier services for high volume projects, and this Application seeks the recovery of those costs, if applicable;

(b)     Incoming facsimiles are not billed;

(c)     Outgoing facsimiles are billed at the rate of $.25 per page;

(d)     Toll telephone charges are not billed; and

(e)     Computer assisted legal research charges are billed at actual costs.

## RESPONSES TO FEE GUIDELINES QUESTIONNAIRE

| QUESTION | RESPONSE | EXPLANATION |
| --- | --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No | N/A |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | N/A |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | N/A |

---

[3]    CBCC has also attempted to ensure that this Application complies with the Guidelines.  To the extent that the Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, CBCC has chosen to comply with such Local Rule. CBCC will supplement this Application with additional detail or information upon request.

| QUESTION | RESPONSE | EXPLANATION |
|---|---|---|
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes | CBCC reviewed the Fifth Monthly Application for October 1, 2024 through October 31, 2024 |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes | CBCC reviewed the Fifth Monthly Application for October 1, 2024 through October 31, 2024 |
| If the fee application includes any rate increases since retention:<br><br>i. Did your client review and approve those rate increases in advance?<br><br>ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | N/A | N/A |

**LEGAL STANDARD**

17. Section 330(a)(l) of the Bankruptcy Code allows the payment of:

(A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) Reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and cost of comparable services in the non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

- 7 -

18. In accordance with its practices in non-bankruptcy matters, CBCC has calculated its compensation requested in this Application by applying its standard hourly rates. CBCC's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, CBCC's rates should be determined to be reasonable under section 330 of the Bankruptcy Code.

19. CBCC's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity, accelerated deadlines, and size of the Debtors' Chapter 11 Cases. CBCC's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, CBCC's fees are reasonable pursuant to section 330 of the Bankruptcy Code.

20. Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. CBCC's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Debtors' estates. CBCC properly requested reimbursement of only actual, necessary and appropriate legal expenses.

21. Except as permitted by Bankruptcy Rule 2016, no agreement or understanding exists between CBCC and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Debtors.

22. Pursuant to the standards set forth in sections 330 and 331 of the Bankruptcy Code, CBCC submits that the compensation requested is for actual and necessary services and expenses,

and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

23. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which CBCC actually rendered these services. The considerable challenges of this case have been attended to and managed by CBCC at all levels, promptly, expertly, and often to the exclusion of the other matters in CBCC's office. CBCC submits, therefore, that its fees and expenses were actual, necessary, reasonable, and justified, and should be allowed in full.

## RESERVATION OF RIGHTS

24. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed prior to the preparation of this Application, or CBCC has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period, CBCC reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## CERTIFICATE OF COMPLIANCE AND WAIVER

25. The undersigned representative of CBCC certifies that he has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, CBCC believes that such deviations are not material and respectfully requests that any such requirements be waived.

## CONCLUSION

**WHEREFORE**, CBCC respectfully requests (a) that it be allowed compensation in the amount of $37,873.50 for professional services rendered (80% or $30,298.80) of which is to be paid upon the filing of a certificate of no objection), and reimbursement of expenses in the amount of $896.29 (100% of which is to be paid upon the filing of a certificate of no objection) for the Application Period; and (b) that the Court authorize and direct the Debtors to pay CBCC the amounts due and owing hereunder in accordance with the Interim Compensation Order.

Dated: December 20, 2024  
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
David W. Carickhoff (No. 3715)
Mark D. Olivere (No. 4291)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:       chipman@chipmanbrown.com
               carickhoff@chipmanbrown.com
               olivere@chipmanbrown.com
               root@chipmanbrown.com

*Counsel for Debtors and*
*Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**<u>VERIFICATION</u>**

STATE OF DELAWARE    )
                     )   SS
COUNTY OF NEW CASTLE )

I, William E. Chipman, Jr., being duly sworn according to law, deposes and says:

1. I am a partner in the law firm of Chipman Brown Cicero & Cole, LLP, counsel to Optio Rx, LLC and its affiliated Debtors.

2. I have read the foregoing Application of Chipman Brown Cicero & Cole, LLP for allowance of compensation and reimbursement of expenses and know the contents thereof, and the same are correct to the best of my knowledge, information and belief.

3. I have reviewed the requirements of Local Rule 2016-2 of the United States Bankruptcy Court for the District of Delaware, and to the best of my knowledge, information and belief this Application complies with Local Rule 2016-2.

Dated: December 20, 2024

/s/ *William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.