IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket No. 600** |

## ORDER GRANTING OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER: (I) AUTHORIZING AND CONFIRMING THE ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (B) FIXING CURE COSTS WITH RESPECT THERETO, AND (II) GRANTING RELATED RELIEF

Upon the Motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of this Order pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, (i) authorizing and confirming the Debtors' assumption of each of the unexpired leases of nonresidential real property listed on Schedule 1 to the Proposed Order (collectively, the "**Assumed Leases**" and each, an "**Assumed Lease**"), (ii) fixing the Cure Costs, and (iii) granting related relief, as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing held to consider the relief requested in the Motion; and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to assume the Assumed Leases set forth on **Schedule 1** to this Order, with such assumption being effective as of entry of the Confirmation Order. The Leases are deemed to be assumed by the Debtors pursuant to section 365(a) of the Bankruptcy Code.

3. The Debtors are authorized to cure any existing defaults that exist under the Assumed Leases in accordance with the Modified Second Amended Plan.

4. The Cure Costs under section 365(b) of the Bankruptcy Code in connection with the assumption of the Assumed Leases is hereby final as set forth in **Schedule 1**, or as otherwise agreed to by the parties or ordered by the Court (including any Assumed Lease for which there is a pending objection as to the cure amount only as of the date hereof).

5.  The Debtors shall pay the Cure Costs in connection with the assumption in accordance with the Modified Second Amended Plan.  Any claims for additional amounts as a cure obligation with respect to the Assumed Leases are forever barred.

6.  Debtors hereby waive any right to reject the Assumed Leases under section 365(g)(2) of the Bankruptcy Code.

7.  Notwithstanding the relief granted herein, nothing contained in this Order is intended to be or should be construed as (a) an admission of the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth in this Motion, a request for authorization to assume, adopt or reject any contract pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors, or any other party in interest's, rights under the Confirmation Order, the Modified Second Amended Plan, the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any lien (contractual, common law, statutory, or otherwise) may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of the parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not

4920-0383-7705, v. 1

intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors or any party in interest's rights to subsequently dispute such claim.

8. The requirements in Bankruptcy Rule 6006(e), to the extent applicable, are waived.

9. This Order shall be immediately effective and enforceable upon its entry.

10. The notice described in the Motion is sufficient and any requirement of further or different notice is hereby waived.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The Debtors are directed, within three (3) business days of the entry of this Order, to serve a copy hereof upon all the parties that were served with the Motion, along with any parties that have filed notices of appearance in these Cases and all parties whose rights are affected by this Motion.

13. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

**Dated: December 26th, 2024**  
**Wilmington, Delaware**

*Thomas M. Horan*  
**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

4920-0383-7705, v. 1