IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket Nos. 589 and 651** |

### DECLARATION OF LEO LAFRANCO IN SUPPORT OF DEBTORS' REPLY IN SUPPORT OF DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE

I, Leo LaFranco, hereby declare (this **"Declaration"**) under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I have been employed with Optio Rx, LLC (**"Optio Rx"** and together with certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the **"Debtors,"** or the **"Company"**) since 2022, when I joined the Company to become its Chief Financial Officer ("CFO"). I hold a BBA in Accounting from the University of Notre Dame and an MBA from the University of Chicago, Booth School of Business. I am also a certified public accountant.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

- 2 -

2. In my capacity as CFO of the Debtors, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am above 18 years of age, competent to testify, and authorized to submit this declaration on behalf of the Debtors.

3. I submit this Declaration in support of the Debtors' *Reply in Support of Debtors' Second Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* (the "**Reply**").[2]

4. All facts set forth in this Declaration are based upon my own personal knowledge, and my review of relevant documents.

5. The Contracts that the Debtors seek to reject are prepetition employment agreements with the Objecting Parties. As noted in the Objections, Mr. Farzadfar has served as President of FirstCare Pharmacy, EasyCare Pharmacy, and PrimeCare Pharmacy, and Mr. Tizabgar has served as President of SMC Pharmacy LLC and Vice President of Pharma. Both Mr. Farzadfar and Mr. Tizabgar currently serve in these capacities. Notably, both of the Contracts identified in the Rejection Motion expire by their own terms on January 8, 2025. Absent the relief sought in the Rejection Motion, when these Contracts expire, in addition to other potentially significant amounts, the Debtors could be obligated to pay more than $300,000 to the Objecting Parties for severance.

6. Prior to filing the Rejection Motion, the Debtors met individually with each of Mr. Farzadfar and Mr. Tizabgar, at which time they were informed of the Debtors' decision to reject their employment agreements while also retaining each of Mr. Farzadfar and Mr. Tizabgar on an at-will basis. The Debtors believe that they could have terminated both of the Objecting Parties for cause under their Contracts, entitling them to no severance. However, rather than

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 3 -

terminating the Objecting Parties, the Debtors believed it was in the best interests of the company and the Objecting Parties to offer each of them a revised employment structure moving forward. Under this new arrangement, each of Mr. Farzadfar and Mr. Tizabgar were informed that their base pay would remain the same, however a new reporting and incentive structure would be utilized by the Debtors, and they were both placed on performance improvement plans.

7. I do not believe that the Objecting Parties assert any legitimate bases on which to deny the Rejection Motion. As an initial matter, both of the Contracts are set to expire by their own terms on January 8, 2025. Thus, the Objections appear to be nothing more than attempts to leverage negotiations with respect to potential severance obligations that would unduly burden the Debtors and their estates. Further, the Debtors and their advisors have reviewed and analyzed the various contracts to which the Debtors are parties. Based upon this analysis, the Debtors exercised their reasonable business judgment and determined that the incentive structures contained in the Contracts are not appropriate, would be detrimental to the Debtors' reorganization under the Plan, and do not provide a material benefit to the Debtors' or their estates. The Debtors have agreed to retain Mr. Farzadfar and Mr. Tizabgar on an at-will basis, each retaining their original salary, with a revised incentive structure. The Debtors believe rejecting the Contracts utilizing this revised payment structure is best for the Debtors go-forward business once the Plan becomes effective. Absent granting the Rejection Motion as of the Rejection Date, the Debtors face potential significant liabilities to the detriment of their creditors. Accordingly, the Debtors believe that rejecting the Contracts as of the Rejection Date is in the best interests of the Debtors, their creditors, and the estates. Doing so will allow the Debtors to avoid the accrual of unnecessary expenses with no commensurate benefits to the Debtors' estates. Further, the Debtors determined in consultation with their advisors that any benefits

provided by these Contracts do not equal or exceed the potential costs and/or obligations associated with the Contracts. By rejecting the Contracts, the Debtors are relieving the estates of any potential burdensome liabilities and/or obligations with respect thereto.[3]

8. I submit that the Debtors have met the Business Judgment Standard by evaluating the Contracts in consultation with their professional advisors and determining that any benefits provided by these Contracts do not equal or exceed the potential costs and/or obligations associated with the Contracts. Accordingly, the decision to reject the Contracts is a proper exercise of the Debtors' business judgment, and rejection of the Contracts therefore should be approved pursuant to section 365(a) of the Bankruptcy Code.

**WHEREFORE**, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  January 6, 2025                              **OPTIO RX, LLC**

*/s/ Leo LaFranco*
Leo LaFranco
Chief Financial Officer

---

[3] The Debtors do not concede that the Debtors or their estates have any liabilities or obligations with respect to the Contracts or that the counterparties to the Contracts have any claims of any nature or priority against the Debtors or their estates whether arising under, in connection with, or related to the Contracts, the counterparties' employment by the Debtors or otherwise. As set forth more fully below, the Debtors reserve and do not waive: (i) all rights, arguments and defenses with respect to any and all claims asserted by any counterparty to the Contracts and (ii) all claims and causes of action of any nature against all counterparties to the Contracts.