**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OPTIO RX, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188-TMH<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**January 21, 2025, at 4:00 p.m. (ET)**<br><br>**Hearing Date:**<br>**January 29, 2025, at 2:00 p.m. (ET)** |

**PLAINTIFF SKIN MEDICINALS' MOTION**
**FOR LEAVE TO FILE AMENDED PROOFS OF CLAIM**

Plaintiff Skin Medicinals LLC ("Skin Medicinals"), by and through its undersigned

counsel, hereby moves as follows:

**RELIEF REQUESTED**

1.      Skin Medicinals requests entry of an order, substantially in the form attached hereto

as **Exhibit A** (the "Proposed Order"), granting it leave to amend the Proofs of Claim (defined

below) submitted in the above-captioned chapter 11 cases of Optio Rx, LLC ("OptioRx") and its

affiliated debtors and debtors in possession (the "Debtors"). The proposed form of amended Proof

of Claim to be submitted in each Debtor's case (the "Amended Proof of Claim Form") is attached

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers,
are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237);
(4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205);
(7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H
Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons
Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro
Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding
LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21)
Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24)
Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645);
and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial
Avenue, Suite 14, Northbrook, Illinois 60061.

as **Exhibit B**.  A redline of the Amended Proof of Claim Form compared to the Proof of Claim

form is attached as **Exhibit C**.  Skin Medicinals provided a draft of its Amended Proof of Claim

Form to the Debtors.  The Debtors do not oppose the relief requested in this Motion.

## BACKGROUND

2.      Skin Medicinals is dedicated to making dermatology medications and healthy skin

more accessible. In pursuit of that goal, the company created its web portal (the "Web Portal" or

"Site"), an online platform that allows medical providers to prescribe, and customers to purchase,

prescription oral medications and compounded topical medications online through partner

pharmacies.

3.      OptioRx is a brick-and-mortar compounding pharmacy chain with eighteen

locations nationwide. OptioRx does not currently have a platform allowing physicians to prescribe

medications online.

4.      In late March 2024, Skin Medicinals learned through a whistleblower that someone

at OptioRx was using an unknown medical provider's login credentials to access the Skin

Medicinals Web Portal without authorization and build a competing website.

5.      The Skin Medicinals team promptly began an investigation to identify the source

of the incursion. It identified Lisa Bassett Ippolito, a Florida-based nurse practitioner, as the likely

source of the misappropriated credentials and Ben David, OptioRx's CEO, as the credentials'

likely user. Skin Medicinals retained outside counsel to author and send cease and desist letters to

OptioRx, Mr. David, and Ms. Ippolito.

6.      In a good-faith effort to avoid litigation, Skin Medicinals entered into a Standstill

Agreement with OptioRx on April 15, 2024, hoping to gain a better understanding of the scope

and extent of OptioRx's unlawful access.

7.      During the Standstill, OptioRx turned over minimal—but still incriminating—documents, including documents confirming that Mr. David and Arun Suresh Kumar, OptioRx's Director of Engineering, had, in fact, conspired with Ms. Ippolito, to gain repeated and unauthorized access to Skin Medicinals' Web Portal and use the information found therein to build a competing site.

8.      Despite this evidence, Defendants continued to minimize the gravity of their misconduct and were not forthcoming with information. As a result, Skin Medicinals terminated the Standstill Agreement effective June 7, 2024.

9.      Thereafter, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On June 17, 2024, Skin Medicinals commenced the Adversary Proceeding against OptioRx, Mr. David, Mr. Kumar, and Ms. Ippolito in the Bankruptcy Court, alleging misappropriation of Skin Medicinals' trade secrets and violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Florida Computer Abuse and Data Recovery Act, Fla. Stat. § 668.801 et seq.

10.      On August 6, 2024, under compulsion of the claims bar date order (D.I. 104), Skin Medicinals submitted proofs of claim (the "Proofs of Claim") against each of the Debtors for all claims related to and arising out of OptioRx's illegal scheme, "including, without limitation, (i) those claims and rights asserted in the Adversary Proceeding, and any and all claims and causes of action arising out of the same or related events, (ii) for damages and legal and equitable relief, including injunctive relief, (iii) arising under a constructive trust, reimbursements, indemnification and contribution, (iv) for attorneys' fees and legal expenses, and (v) of setoff and recoupment." *See, e.g., Addendum to Proof of Claim of Skin Medicinals LLC*, Claim No. 83 (Case No. 24-11188). Given that discovery may reveal wrongdoing by Debtors other than OptioRx, Skin Medicinals

filed substantially identical, protective Proofs of Claim against each Debtor.[2] *See Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 237–38 (3d Cir. 2021) ("[a] creditor does not even have to know the amount or validity of the claim, for he can easily file a 'protective' claim putting the debtor on notice without conceding any issues.").

11.    Skin Medicinals continues to learn more about OptioRx's illegal activity through its own efforts. In particular, Skin Medicinals learned just this month that other OptioRx agents—in addition to Mr. David—had illegally accessed Skin Medicinals' Web Portal both before and *after* the parties entered the Standstill Agreement, in violation of that agreement. In fact, Skin Medicinals uncovered twenty additional fraudulent prescriber accounts created by OptioRx employees—including software programmers Shehzad Shaikh and Nikhil Futane—from February 2024 onward.

12.    Shortly after learning of OptioRx's additional misconduct, on December 20, 2024, Skin Medicinals notified opposing counsel of its intent to amend its Complaint to include allegations related to these discoveries. Skin Medicinals further stated that it intended to amend the Proofs of Claim consistent with the Amended Complaint.  On December 23, 2024, counsel for OptioRx responded that it would not oppose the amendment in the Adversary Proceeding.

13.    On December 24, 2024, Skin Medicinals filed in the Adversary Proceeding *Plaintiff Skin Medicinals LLC's Motion for Leave to File Amended Complaint* (A.D.I. 154) and accompanying letter in support thereof (A.D.I. 155) (together, the "Motion to Amend"). The Motion to Amend and the arguments set forth therein are incorporated into the Motion by reference.

---

[2]    Following are the Proofs of Claim numbers: 83, 87, 89, 102, 103, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 121, 123, 124, 125, 126, 128, 129,

**ARGUMENT**

14.     As Skin Medicinals has stated throughout the Adversary Proceeding and the Debtors' chapter 11 cases, the claims asserted in its Proofs of Claim relate to the claims and causes of action it has asserted in the Complaint. Consistent with that position, and as shown in the Amended Proof of Claim Form attached hereto, Skin Medicinals seeks to amend the Proofs of Claim solely to reference the Amended Complaint and additional cause of action set forth therein. Just as amendment of the Complaint is appropriate pursuant to Bankruptcy Rule 7015 as set forth in the Motion to Amend, so too is amendment of the Proofs of Claim.

15.     The Third Circuit has held that "Bankruptcy Rule 7015 provides that amendments to claims shall be governed by Rule 15 of the Federal Rules of Civil Procedure, Fed. R. Bankr. P. 7015, which commits the decision to grant or deny leave to amend to the trial court's sound discretion." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998). Consistent with the application of the rule to amendments to complaints, courts that have addressed Rule 15 in the context of amendments to proofs of claim have been clear that such amendments should be "liberally allowed." *See In re Orion Ref. Corp.,* 317 B.R. 660, 664 (Bankr. D. Del. 2004) ("[A]mendments to timely proofs of claim are liberally allowed").

16.     In particular, claim amendments are permissible where the claimant does not seek to assert new claims not encompassed by the initial proof of claim but rather seeks "to cure defects in a claim already filed, to describe a claim with greater particularity, or to plead a new theory of recovery on the facts of the original claim." *In re Exide Techs.,* 601 B.R. 271, 291 (Bankr. D. Del. 2019), *aff'd*, 613 B.R. 79 (D. Del. 2020); *see also* Fed. R. Civ. P. 15(c)(1)(B) (providing that an amendment relates back where it arises "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). In addition, courts often consider whether it

would be equitable to allow the amendment of the claim. *See, e.g.*, *In re Edison Bros. Stores, Inc.*, 2002 WL 999260, at *3 (Bankr. D. Del. May 15, 2002) (permitting post-bar date amendment and stating that a "court will deny leave to amend [,] only if there is undue delay, motivated by bad faith, or [it would be] prejudicial to [the] opposing party.").

17.     Granting Skin Medicinals leave to amend the Proofs of Claim consistent with the Amended Complaint is justified and appropriate. First, Skin Medicinals asserted in its Proofs of Claim, among others, all "claims and rights asserted in the Adversary Proceeding, ***and any and all claims and causes of action arising out of the same or related events*.**" *See, e.g., Addendum to Proof of Claim of Skin Medicinals LLC*, Claim No. 83 (Case No. 24-11188) (emphasis added). OptioRx's breaches of the Standstill Agreement—an agreement entered into by Skin Medicinals and OptioRx after Skin Medicinals uncovered OptioRx's illegal scheme—squarely arise out of the same or related events that are the subject of the Adversary Proceeding. The Proofs of Claim put the Debtors on notice of the nature of Skin Medicinals' claims, and amending the Proofs of Claim as requested herein simply allows Skin Medicinals to describe its claims with greater particularity.

18.     Further, granting Skin Medicinals leave is equitable because Skin Medicinals has not delayed in filing this Motion, the Motion is not motivated by bad faith, and the Motion does not prejudice OptioRx and its affiliated Debtors. As detailed in the Motion to Amend, Skin Medicinals informed the Defendants, including OptioRx, of its intention to amend the Complaint shortly after uncovering the additional misconduct arising out of OptioRx's illegal scheme that is the subject of the Adversary Proceeding and Proofs of Claim. To that end, Skin Medicinals filed the Motion to Amend on December 24—even though it has until February 14, 2025 under the Amended Scheduling Order to amend the Complaint—and now moves to amend its Proofs of Claim accordingly.  Resolution of the Adversary Proceeding is a prerequisite to the resolution of

the Proofs of Claim, and amendment of the Proofs of Claim will not delay resolution of the Adversary Proceeding. Discovery is ongoing and, provided that OptioRx complies with its discovery obligations, the parties should be able to comply with the deadlines set forth in the Amended Scheduling Order. And as OptioRx has agreed to amendment of the Complaint, Skin Medicinals' cause of action for breach of the Standstill Agreement will be litigated. Accordingly, there is no prejudice that could result from a corresponding amendment of the Proofs of Claim.

## **RESERVATION OF RIGHTS**

19.     Skin Medicinals reserves the right to amend its proofs of claim again, as needed, including once OptioRx produces materials in discovery and makes its witnesses available for deposition.

## **NOTICE**

20.     Notice of this Motion is being provided to: (i) the Debtors; (ii) counsel to the U.S. Trustee; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  Skin Medicinals respectfully submits that no further notice of this Motion is required under the circumstances.

## **CONCLUSION**

For the foregoing reasons, Skin Medicinals respectfully requests that the Court enter the Proposed Order attached hereto as **Exhibit A** granting Skin Medicinals leave to file the Amended Proofs of Claim.

Dated: January 7, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: mharvey@morrisnichols.com
      mtalmo@morrisnichols.com

- and -

**KAPLAN & GRADY LLC**
Howard Kaplan, Esq. (admitted *pro hac vice*)
Jed W. Glickstein, Esq. (admitted *pro hac vice*)
Annie Garau Kelly, Esq.
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: howard@kaplangrady.com
      jglickstein@kaplangrady.com
      annie@kaplangrady.com

*Counsel for Skin Medicinals LLC*