**Exhibit C**

Redline

**Fill in this information to identify the case:**

Debtor 1      Optio Rx, LLC

Debtor 2      _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Delaware

Case number   24-11188

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Skin Medicinals LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

See Exhibit A
Name

_____
Number    Street

_____
City         State      ZIP Code

Contact phone  _____

Contact email  _____

**Where should payments to the creditor be sent?** (if different)

Skin Medicinals LLC Attn: Natasha Hennessy
Name

788 Morris Turnpike, Floor 3
Number    Street

Short Hills         NJ         07078
City         State      ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.  Claim number on court claims registry (if known) 83      Filed on 08/06/2024
                                                                                                 MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                                    **Proof of Claim**                                    page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

6. **Do you have any number you use to identify the debtor?**

   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**   $_____Unliquidated_____.   **Does this amount include interest or other charges?**
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   See Exhibit A

9. **Is all or part of the claim secured?**

   ☑ No
   ☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                        $_____
   **Amount of the claim that is secured:**      $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**    $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410                              **Proof of Claim**                              page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☒ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☒ Other. Specify subsection of 11 U.S.C. § 507(a)(_2_) that applies. | $___Unliquidated___ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date __08/06/2024__
MM / DD / YYYY

Signature: __/s/ Natasha Hennessy__

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | First name: Natasha | Last name: Hennessy |
| Title | Chief Executive Officer | |
| Company | Apotheco Pharmacy Group | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | Number Street: 788 Morris Turnpike, Floor 3 | |
| | City: Short Hills   State: NJ   ZIP Code: 07078 | |
| Contact phone | _____ | Email _____ |

Official Form 410    **Proof of Claim**    page 3

**ADDENDUM TO AMENDED PROOF OF CLAIM OF SKIN MEDICINALS LLC**

Skin Medicinals LLC ("Skin Medicinals") hereby submits this amended proof of claim (this "Amended Proof of Claim") against Debtor Optio Rx, LLC ("OptioRx," and together with its debtor affiliates, as debtors and debtors in possession, the "Debtors") and each of its affiliated Debtors in the jointly administered chapter 11 cases captioned *In re Optio Rx, LLC, et al.*, Case No. 24-11188 (TMH), pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**I.    CLAIM AND BASIS FOR CLAIM**

Starting in early 2024, Ben David, the Chief Executive Officer of OptioRx, led and executed an illegal scheme to access a private web portal owned by Skin Medicinals (the "Web Portal") to use Skin Medicinals' trade secrets to build a competing web-based dermatologic business. The Web Portal is unique in the dermatology industry and allows medical providers to prescribe, and patients to purchase, compounded topical dermatologic medications and oral medications online. Mr. David and OptioRx used this illegal access to the Web Portal to gain invaluable insight into Skin Medicinals' compounded medications and platform, downloading proprietary materials such as Skin Medicinals' carefully crafted compounded formulations, which are designed to allow customized care for a wide variety of dermatologic needs.

Though Skin Medicinals attempted to resolve the dispute without commencing litigation by entering into a Standstill Agreement, OptioRx refused to produce full information about its actions and development process. Consequently, Skin Medicinals terminated the Standstill Agreement on June 7, 2024 prior to the commencement of the chapter 11 cases.

On June 17, 2024, Skin Medicinals commenced an adversary proceeding against Mr. David, OptioRx, and others in the Bankruptcy Court captioned *Skin Medicinals LLC v. Optio Rx, LLC, et al.*, Adv. No. 24-50079 (TMH) (the "Adversary Proceeding,") alleging misappropriation of Skin Medicinals' trade secrets and violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Florida Computer Abuse and Data Recovery Act, Fla. Stat. § 668.801 *et seq*. The allegations of the *Complaint* (D.I. 14) are incorporated herein by reference.

In December 2024, Skin Medicinals learned through its own efforts that OptioRx's agents illegally accessed Skin Medicinals' Web Portal *after* the parties signed the Standstill Agreement, in flagrant violation of that agreement. Accordingly, on January [●], 2025, Skin Medicinals filed its *First Amended Complaint* (A.D.I. [●]) after receiving Bankruptcy Court approval. Skin Medicinals' *First Amended Complaint* outlines additional actions taken by OptioRx in furtherance of the very same scheme alleged in the original Complaint, adding a new claim for OptioRx's evident breach of the Standstill Agreement. The allegations set forth in the *First Amended Complaint* are incorporated herein by reference.

Skin Medicinals hereby asserts all claims and rights under applicable law, equity, court orders, regulations, insurance policies, agreements, or any other documents, whether such claims and rights are contingent, liquidated, unliquidated, matured, unmatured, known, unknown, determined, undetermined or otherwise, that Skin Medicinals has or may have against each of the Debtors, including, without limitation, (i) those claims and rights asserted in the Adversary Proceeding, and any and all claims and causes of action arising out of the same or related events, (ii) for damages and legal and equitable relief, including injunctive relief, (iii)

arising under a constructive trust, reimbursements, indemnification and contribution, (iv) for attorneys' fees and legal expenses, and (v) of setoff and recoupment.

As of the date of this Amended Proof of Claim, discovery in the Adversary Proceeding ~~has just commenced~~is still in process, and, therefore, Skin Medicinals' investigation and knowledge as to whether Debtors other than OptioRx are or may be liable for the claims and causes of action asserted herein and in the Adversary Proceeding is still developing. Accordingly, Skin Medicinals files this Amended Proof of Claim on a protective basis as against Debtors other than OptioRx. *See Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 237–38 (3d Cir. 2021) ("[a] creditor does not even have to know the amount or validity of the claim, for he can easily file a 'protective' claim putting the debtor on notice without conceding any issues."). Skin Medicinals may supplement this Amended Proof of Claim with additional information concerning the liability of any Debtor as it learns new information through discovery or otherwise. Skin Medicinals may withdraw this Amended Proof of Claim with respect to any Debtor that it determines is not liable to Skin Medicinals.

## II.     RESERVATION OF ADMINISTRATIVE EXPENSE CLAIMS

This Amended Proof of Claim is without prejudice to Skin Medicinals' claims and rights for payment of any administrative expenses allowable under the Bankruptcy Code, whether or not such amounts are included in this Amended Proof of Claim, and Skin Medicinals' rights to assert such claims or any similar claims are expressly reserved.

## III.    SUPPORTING DOCUMENTS

Documents pertaining to this claim are included in the filings in the Adversary Proceeding or are otherwise in the possession of the Debtors. Skin Medicinals reserves the right to attach, produce and/or rely upon such documentation and any additional documentation that supports the claims set forth herein or that may become available after further investigation or discovery.

## IV.    RESERVATION OF RIGHTS

This ~~proof of claim~~Amended Proof of Claim is filed with (a) full reservation of rights and remedies, including (i) the right to assert additional, modified, supplementary and/or amended proofs of claim and (ii) requests for administrative expenses, including those based on, inter alia, events, information and/or documents obtained from the Debtors or others through discovery or otherwise, and (b) full reservation of (i) Skin Medicinals' rights and/or claims against any party other than the Debtors and (ii) Skin Medicinals' interests in any property, including proceeds of any insurance policy and property of the estate(s). Without in any way limiting the foregoing, Skin Medicinals reserves its right to assert any claim it may have against the Debtors or against any other party or property other than the Debtors and their estates. This ~~proof of claim~~Amended Proof of Claim is conditional only and is not intended, nor should it be construed, as Skin Medicinals' consent to jurisdiction in the United States Bankruptcy Court, or as a waiver of Skin Medicinals' right to a trial by jury in any action or proceeding. This ~~proof of claim~~Amended Proof of Claim is filed without prejudice to any cause of action against the Debtors not constituting a "claim" under 11 U.S.C. §101(5). Skin Medicinals expressly reserves any and all rights it may have under applicable law or equity, including to assert claims for set-off or recoupment against the Debtors. Without in any way limiting the generality of the foregoing, to the extent that any of the Debtors or any other party takes any action that would give rise to rights or claims that Skin Medicinals may have against any of the Debtors, Skin

Medicinals reserves all of its rights. Nothing in this Amended Proof of Claim shall be deemed to constitute a waiver or admission regarding any rights, claims, or defenses of Skin Medicinals, including those related to the Adversary Proceeding.

Further, Skin Medicinals does not waive any rights with respect to any portion of its claim that is contingent, unliquidated, or that cannot reasonably be calculated at this time by not asserting a specific amount with respect thereto. Skin Medicinals reserves the right to amend this Amended Proof of Claim to set forth such liquidated and unliquidated amounts to which it may be entitled as damages, including damages in the full amount of the harm incurred as a result of the illegal scheme described above and that is the subject of the Adversary Proceeding.

## V.  NOTICES

All notices concerning this ~~proof of claim~~Amended Proof of Claim should be sent to:

> Kaplan & Grady LLC
> Attn: Howard Kaplan, Esq.
>       Jed W. Glickstein, Esq.
>       Annie Garau Kelly, Esq.
> 2071 N. Southport Ave., Ste. 205
> Chicago, IL 60614
> (312) 852-2641
> howard@kaplangrady.com
> jglickstein@kaplangrady.com
> annie@kaplangrady.com

– and –

> Morris, Nichols, Arsht & Tunnell LLP
> Attn: Matthew B. Harvey, Esq.
>       Matthew O. Talmo, Esq.
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> (302) 658-9200
> mharvey@morrisnichols.com
> mtalmo@morrisnichols.com