# **EXHIBIT A**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN AND AMONG DEBTORS AND AMERISOURCEBERGEN DRUG CORPORATION REGARDING SETOFFS, CREDITS AND RELATED RELIEF**

This stipulation (this "**Stipulation**") is entered into between and among: (i) Optio Rx, LLC ("**Optio**") and its affiliated debtors and debtors-in-possession (collectively, "**Debtors**") and (ii) AmerisourceBergen Drug Corporation ("**ABDC**"). Debtors and ABDC are collectively referred to herein as the "**Parties**" and each a "**Party**."

## RECITALS

WHEREAS, on June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

- 2 -

WHEREAS, Debtors are authorized to continue operating their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on August 1, 2024, the Court entered an *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276].

WHERAS, on October 17, 2024, the Debtors filed a modified *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Modified Second Amended Plan**"), as directed by the Court, which included certain revised proposed language requested by creditors.

WHEREAS, on October 17, 2024, the Court entered *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 484] (the "**Confirmation Order**"). The Modified Second Amended Plan has not yet gone effective, as not all conditions precedent to the effective date have occurred as of the date hereof.

WHEREAS, prior to the Petition Date, ABDC provided the Debtors with certain products and supplies, under terms which, in the ordinary course of business generated debits and credits. Pre-petition, in the ordinary course of their business, the Parties would effectuate setoffs of debits and credits, as appropriate. If credits exceeded debits, the Debtors could use those credits to purchase new products. If debits exceeded credits, the Debtors would pay ABDC the net amount of the debits.

WHEREAS, post-petition, the Parties have continued to do business in the ordinary course generating debits and credits and would like to continue their practice of setting off debits and credits in the ordinary course of business, consistent with pre-petition practice.

WHEREAS, to avoid any potential issues regarding the applicability of the automatic stay, with respect to prepetition or post-petition set-offs the Parties have entered into this Stipulation.

## **STIPULATIONS**

NOW THEREFORE, it is hereby stipulated and agreed by and among the Parties, subject to Court approval, as follows:

1. <u>Incorporation of Recitals</u>.  The Recitals set forth above are incorporated herein by reference and are made an integral part of this Stipulation.

2. <u>Effective Date</u>.  This Stipulation shall be effective (the "**Effective Date**") upon the entry of an Order by the Court approving this Stipulation.  The Stipulation shall be null and void if the Effective Date fails to occur for any reason.

3. <u>Stay Relief</u>.  The Parties are authorized to set-off pre-petition debits against pre-petition credits among themselves, as well as post-petition debits against post-petition credits.  Court approval of this Stipulation shall provide stay relief, as needed.

4. <u>Reservation of Rights</u>.  ABDC reserves and preserves all rights and remedies it may have, including but not limited to, the defense of recoupment and its rights to administrative claims under section 503(b)(9) of the Bankruptcy Code, if any, and its rights as a secured creditor, if any.  The Debtors reserve and preserve all defenses, if any, to such claims.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous

oral and written agreement and discussions. This Stipulation may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

6. Representations by the Parties. The Parties acknowledge that they are entering into this Stipulation knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to the Stipulation and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

7. Successors and Assigns. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors, legal representatives, and estate of each Party.

8. Authority of Signatories. The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority to do so.

9. Non-Reliance and Construction. The Parties have decided to execute this Stipulation based on information developed independently and, except as otherwise set forth herein, not in reliance on representations of any other party and have consulted with or had the opportunity to consult with counsel of their choosing. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

- 5 -

10. <u>Jurisdiction</u>.  The Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation.  Each of the Parties hereby irrevocably consents to the exclusive jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any other forum.

11. <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

| **CHIPMAN BROWN CICERO & COLE, LLP** | **KLEHR HARRISON HARVEY BRANZBURG LLP** |
|---|---|
| /s/ *William E. Chipman, Jr.* | /s/ *Michael W. Yurkewicz* |
| William E. Chipman, Jr. (No. 3818) | Michael W. Yurkewicz (No. 4165) |
| David W. Carickhoff (No. 3715) | 919 North Market Street, Suite 1000 |
| Mark D. Olivere (No. 4291) | Wilmington, Delaware 19801 |
| Alan M. Root (No. 5427) | Telephone: (302) 426-1189 |
| Hercules Plaza | Email: myurkewicz@klehr.com |
| 1313 North Market Street, Suite 5400 | |
| Wilmington, Delaware 19801 | —and— |
| Telephone: (302) 295-0191 | |
| Email: chipman@chipmanbrown.com | Morton R. Branzburg |
| carickhoff@chipmanbrown.com | 1835 Market Street, Suite 1400 |
| olivere@chipmanbrown.com | Philadelphia, Pennsylvania 19103 |
| root@chipmanbrown.com | Telephone: (215) 569-3007 |
| | Email: mbranzburg@klehr.com |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for AmerisourceBergen Drug Corporation* |