**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| Optio Rx, LLC, *et al.*,[1] | Case No. 24-11188 (TMH) |
| Debtors. | (Jointly Administered) |
|  | Objection Deadline: February 19, 2025 at 4:00 p.m. (ET)<br>Hearing Date: Only if an objection is filed |

**SUMMARY COVER SHEET TO THE SIXTH MONTHLY FEE**
**APPLICATION OF SAUL EWING LLP, COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**FROM DECEMBER 1, 2024 THROUGH DECEMBER 31, 2024**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Optio Rx, LLC, *et al.* |
| Date of Retention: | July 26, 2024, *nunc pro tunc* to June 26, 2024 |
| Period for which compensation and reimbursement is sought: | December 1, 2024 through December 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $7,375.00<br>(80% of which is $5,900.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $13.20 |

This is an: **X** monthly ___ interim ___ final application.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses[2] | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/03/2024 D.I. 361 | 06/26/2024 through 07/31/2024 | $224,263.00 | $4,653.08 | $224,263.00 | $4,653.08 | $0/00 | 9/26/24 D.I. 417 |
| 10/03/2024 D.I. 458 | 08/01/2024 through 08/31/2024 | $87,653.00 | $2,434.64 | $87,653.00 | $2,434.64 | $0.00 | 10/25/2024 D.I. 529 |
| 10/16/2024 D.I. 475 | 09/01/2024 through 09/30/2024 | $62,336.50 | N/A | $49,869.20 | N/A | $12,467.30 | 11/07/2024 D.I. 535 |
| 11/15/2024 D.I. 543 | 10/01/2024 Through 10/31/2024 | $33,540.00 | N/A | $26,832.00 | N/A | $6,708.00 | 12/09/2024 D.I. 596 |
| 12/19/2024 D.I. 609 | 11/01/2024 Through 11/30/2024 | $10,231.00 | N/A | $8,184.80 | N/A | $0.00 | 1/10/2024 D.I. 666 |
| | **TOTAL** | **$418,023.50** | **$7,087.72** | **$396,802.00** | **$7,087.72** | **$19,175.30** | |

---

[2] These figures represent the 20% holdback required for the monthly fee applications.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>                          Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br><u>Objection Deadline</u>: February 19, 2025 at 4:00 p.m.<br><u>Hearing Date</u>: Only if an objection is filed |

### SIXTH MONTHLY FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>FROM DECEMBER 1, 2024 THROUGH DECEMBER 31, 2024</u>

Saul Ewing LLP ("**Saul Ewing**"), counsel to the Official Committee (the "**Committee**") of Unsecured Creditors of Optio Rx, LLC, *et al.* (the "**Debtors**"), hereby applies to the Court for monthly allowance of compensation for the period December 1, 2024 through December 31, 2024 (the "**Application Period**") with respect to its retention as counsel to the Committee.  In support of this Application, Saul Ewing represents as follows:

### <u>JURISDICTION</u>

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

2.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein includes section 1103(a) of title 11 of the United States Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

## **BACKGROUND**

4.    On June 7, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

5.    The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6.    On June 21, 2024, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee pursuant to Bankruptcy Code section 1102. The *Notice of Appointment of Committee of Unsecured Creditors* was filed on June 21, 2024 [D.I. 67], followed by the *Amended Notice of Appointment of Creditors' Committee* filed on June 25, 2024 [D.I. 81], and a second *Amended Notice of Appointment of Creditors' Committee* filed on July 1, 2024 [D.I. 103].

7.    On July 31, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 266] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 cases.

**RETENTION OF SAUL EWING**

8.    On July 26, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of June 26, 2024* [D.I. 244].

**PROFESSIONAL SERVICES RENDERED**

9.    During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 13.4 hours of professional services to the Committee, for which Saul Ewing requests allowance of interim compensation in the amount of $7,375.00.  The blended hourly rate for the hours included in this Application is equal to $550.37 per hour, calculated as to attorneys, paralegals, and paraprofessionals.  At all times, work was assigned to the attorney, paralegal, or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility, and expertise needed to do the work efficiently.

10.    Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals, and paraprofessionals, and to cover fixed and routine expenses.  The hourly rates and corresponding hourly rate structure utilized by Saul Ewing in these Chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

11.    Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 cases on behalf of the Committee.  Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended

3

during the Application Period along with a detailed, chronological itemization covering all the services performed by Saul Ewing.  This detailed itemization complies with Local Rule 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Saul Ewing.

12.    Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Saul Ewing with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

13.    Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

14.    Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as Counsel to the Official Committee of Unsecured Creditors of Optio RX, LLC, *et al*. during the Application Period. These costs for which reimbursement is requested total $13.20, which is for legal research. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

15.    Attached hereto as **Exhibit E** is a Declaration of Saul Ewing with respect to the compensation requested.

### SUMMARY OF LEGAL SERVICES BY PROJECT CATEGORY

16.    The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fee/Employment Applications (Other Professionals) | 0.2 | $143.00 |
| Fee/Employment Applications (Saul Ewing) | 9.8 | $4,906.00 |
| Litigation: Contested Matters and Adversaries | 0.1 | $71.50 |
| Preparation for and Attendance at Hearings | 0.4 | $272.00 |
| Executory Contracted and Unexpired Leases | 2.9 | $1,982.50 |
| TOTAL | 13.4 | $7,375.00 |

17.    These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

(a)    Fee/Employment Applications (Other Professionals)  This category includes all time spent on fee applications for other professionals. Time in this category includes correspondence regarding Alvarez & Marsal's fee applications and related footnotes in proposed orders. Saul Ewing spent 0.2 hours of attorney time on these services. Said services have a value of $143.00, for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| Michelle G. Novick | Partner | 0.2 | $143.00 |
| Total | | 0.2 | $143.00 |

(b)    Fee/Employment Applications (Saul Ewing).  This category includes all time spent preparing and addressing Saul Ewing's fee applications and invoices. Time in this category includes correspondence with clients and other parties regarding fee payments, drafting and filing monthly fee applications, and addressing issues related to invoicing. Saul Ewing spent 9.8 hours of

attorney time on these services. Said services have a value of $4,906.00, for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| Michelle G. Novick | Partner | 4.2 | $3,003.00 |
| Evan T. Miller | Partner | 0.8 | $544.00 |
| Jorge Garcia | Associate | 1.5 | $675.00 |
| Aida McLaughlin | Paraprofessional | 1.5 | $315.00 |
| Sean F. Kenny | Paraprofessional | 1.8 | $369.00 |
| Total | | 9.8 | $4,906.00 |

(c)    Litigation; Contested Matters and Adversary Proceedings.  This category includes all time spent on matters related to contested litigation and adversary proceedings. Time in this category includes correspondence regarding attendance at hearings and case updates. Saul Ewing spent 0.1 hours of attorney time on these services. Said services have a value of $71.50, for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| Michelle G. Novick | Partner | 0.1 | $71.50 |
| Total | | 0.1 | $71.50 |

(d)    Preparation for and Attendance at Hearing.  This category includes all time spent preparing for and attending hearings. Time in this category includes reviewing agendas for relevance and corresponding with colleagues regarding the same. Saul Ewing spent 0.4 hours of attorney time on these services. Said services have a value of $272.00, for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| Evan T. Miller | Partner | 0.4 | $272.00 |
| Total | | 0.4 | $272.00 |

6

(e)     Executory Contracts and Unexpired Leases.  This category includes all time spent reviewing and addressing motions, assumption notices, and related communications. Time in this category includes reviewing motions for relevance, assumption papers, and objections, as well as email correspondence about these issues. Saul Ewing spent 2.9 hours of attorney time on these services. Said services have a value of $1,982.50, for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| Evan T. Miller | Partner | 2.6 | $1,768.00 |
| Michelle G. Novick | Partner | 0.3 | $214.50 |
| **Total** | | **2.9** | **$1,982.50** |

(f)     Expenses.  **Exhibit D** lists expenses, such as legal research.  Saul Ewing seeks $13.20 in expenses.

| Expenses | | |
|---|---|---|
| Expense Category | Service Provider (if applicable) | Total Expenses |
| Legal Research | PACER | $13.20 |
| **Total** | | **$13.20** |

## COMPENSATION SHOULD BE ALLOWED

18.     The foregoing services in the total amount of $7,375.00 provided by Saul Ewing on behalf of the Committee during the Application Period were reasonable, necessary, and appropriate to the administration of the Chapter 11 cases.

19.     The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 cases.

20.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award

of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a)      the time spent on such services;
>
> (b)      the rates charged for such services;
>
> (c)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.      The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Committee.  Saul Ewing submits that the compensation sought is reasonable.

22.      Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 cases were necessary and appropriate given the complexity of these Chapter 11 cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the

Bankruptcy Code. Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

23. Saul Ewing has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with the requirements.

## **NOTICE**

24. Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

25. No prior request for the relief sought by this Application has been made to this or any other court.

**WHEREFORE**, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of **$7,375.00** (80% of which is $5,900.00) for legal services rendered on behalf of the Committee during the Application Period, together with reimbursement of disbursements in the amount of $13.20; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 29, 2025
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Nicholas Smargiassi (DE Bar No. 7265)
1201 N. Market St, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6864
evan.miller@saul.com
nicholas.smargiassi@saul.com

-and-

Michelle G. Novick, Esq. (admitted *pro hac vice*)
**SAUL EWING LLP**
161 North Clark St., Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
michelle.novick@saul.com

*Counsel to the Official Committee of Unsecured*
*Creditors of Optio Rx, LLC, et.al.*