IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Objection Deadline: February 24, 2025 at 4:00 pm. (Eastern Time)<br>Hearing Date: March 26, 2025 at 10:00 a.m. (Eastern Time) |

**COVER SHEET TO THE FIRST AND FINAL APPLICATION OF PALADIN MANAGEMENT GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 7, 2024 TO AND INCLUDING SEPTEMBER 14, 2024**

| | |
|---|---|
| *Name of Applicant:* | Paladin Management Group, LLC |
| *Authorized to Provide Professional Services to:* | Debtors and Debtors in Possession, Effective as of June 7, 2024. |
| *Period for Which Compensation and Reimbursement is Sought:* | June 7, 2024 through September 14, 2024 |
| *Amount of Compensation Sought as Actual, Reasonable and Necessary:* | $373,906.50 |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:* | $10,276.73 |
| *Courtesy Discounts Applied* | ($42,877.00) |
| *Apply Retainer (upon Court approval):* | ($47,792.40) |
| *Total Fees and Expenses Due:* | $293,513.83 |

This is a(n) _____ Interim _____ Monthly __√__ Final Fee Application.

Prior Applications:    None.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**FIRST AND FINAL FEE APPLICATION OF PALADIN MANAGEMENT GROUP, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**SUMMARY OF HOURS BY PROFESSIONAL**
**June 7, 2024 – September 14, 2024**

| Professional | Title | Rate Per Hour | Total Hours* | Total Amount |
|---|---|---|---|---|
| Scott Avila | Managing Partner | $825 | 65.60 | $54,120.00 |
| Gary Lembo | Partner | $695 | 12.70 | $7,436.50 |
| Tadd Crane | Partner | $625 | 38.90 | $23,531.25 |
| Paula Sosamon | Director | $575 | 215.40 | $120,405.00 |
| Michael Lang | Director | $525 | 196.20 | $101,167.50 |
| Liz Gonzalez | Director | $525 | 104.90 | $51,266.25 |
| Carla Cooper | Director | $425 | 17.60 | $7,480.00 |
| Administrative Hours | | | | $8,500.00 |
| **Total Billed** | | | **651.30** | **$373,906.50** |
| Discount Administrative Hours[1] | | | | ($8,500.00) |
| Courtesy Discount[2] | | | | ($34,377.00) |
| **Net Fees Due:** | | | | **$331,029.50** |

---

[1] Paladin voluntarily reduced its fees in the amount of $8,500.00 for administrative hours incurred during the period of June 7, 2024 through September 14, 2024.

[2] Paladin voluntarily reduced its fees in the amount of $34,377.00 for billable hours incurred during the period of June 7, 2024 through September 14, 2024. The net fees due as actual, reasonable and necessary professional services rendered reflects these voluntary discounts.

**SUMMARY OF HOURS BY CATEGORY**
**June 7, 2024 – September 14, 2024**

| Task Description | Hours | Amount |
|---|---|---|
| BK-Case Administration | 34.30 | $22,242.50 |
| BK-Cash Flow Projections | 66.80 | $38,935.00 |
| BK-Communications | 3.50 | $1,837.50 |
| BK-Court App/Prep | 17.10 | $10,886.50 |
| BK-Creditor Interaction | 27.50 | $15,932.50 |
| BK-DIP Financing | 47.30 | $35,482.50 |
| BK-Firm Retention | 1.70 | $1,077.50 |
| BK-First Day Motions | 7.00 | $4,635.00 |
| BK-Information Requests | 14.00 | $8,140.00 |
| BK-MOR | 41.10 | $22,012.50 |
| BK-Non Working Travel | 40.00 | $11,265.00 |
| BK-Prep of Fee Apps | 22.90 | $10,622.50 |
| BK-Schedules-SOFA | 317.50 | $176,347.50 |
| BK-US Trustee Reporting | 10.60 | $5,990.00 |
| Administrative Hours |  | $8,500.00 |
| **Total Billed** | **651.30** | **$373,906.50** |
| Discount Administrative Hours[3] |  | ($8,500.00) |
| Courtesy Discount[4] |  | ($34,377.00) |
| **Net Fees Due:** |  | **$331,029.50** |

---

[3] Paladin voluntarily reduced its fees in the amount of $8,500.00 for administrative hours incurred during the period of June 7, 2024 through September 14, 2024.

[4] Paladin voluntarily reduced its fees in the amount of $34,377.00 for billable hours incurred during the period of June 7, 2024 through September 14, 2024. The net fees due as actual, reasonable and necessary professional services rendered reflects these voluntary discounts.

ii

**SUMMARY OF EXPENSES BY CATEGORY**
**June 7, 2024 – September 14, 2024**

| Expense Description | Amount |
|---|---:|
| Airfare[5] | $2,425.85 |
| Dues/Subscriptions | $959.40 |
| Ground Transportation | $1,442.98 |
| Internet Services | $72.00 |
| Lodging | $3,666.43 |
| Meals | $1,304.26 |
| Mileage | $136.68 |
| Office Supplies | $269.13 |
| **Total** | **$10,276.73** |

---

[5] Paladin seeks the lowest coach airfare or economy airfare at the time of travel.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Objection Deadline: February 21, 2025, at 4:00 pm. (Eastern Time)<br>Hearing Date: March 26, 2025 at 10:00 a.m. (Eastern Time) |

**FIRST AND FINAL APPLICATION OF PALADIN MANAGEMENT GROUP, LLC
FOR COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
<u>FROM JUNE 7, 2024 TO AND INCLUDING SEPTEMBER 14, 2024</u>**

Paladin Management Group, LLC ("**Paladin**"), as financial advisor for the above-captioned debtors and debtors in possession (the "**Debtors**"), hereby submits this first and final fee application (this "**Final Fee Application**"), requesting entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Proposed Order**"), pursuant to sections 328 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (a) granting final allowance of compensation for professional services to the Debtors during the period from June 7, 2024 to and including September 14, 2024 (the "**Final**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**Compensation Period**") in the amount of $331,029.50[2], (b) granting final allowance of Paladin's expenses incurred during the Final Compensation Period in connection with such services in the amount of $10,276.73 and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.  In support of this Final Fee Application, Paladin respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested in this Final Fee Application are sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and the Retention Order (as defined below).

## BACKGROUND

3. On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. The Debtors are authorized to continue operating their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Paladin voluntarily reduced its fees in the amount of $8,500.00 for administrative hours incurred during the period of June 7, 2024 through September 14, 2024. Additionally, Paladin voluntarily reduced its fees in the amount of $34,377.00 for billable hours incurred during the period of June 7, 2024 through September 14, 2024. The amount of compensation sought as actual, reasonable and necessary professional services rendered reflects these voluntary discounts.

- 2 -

5. On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[3] No trustee or examiner has been appointed in the Chapter 11 Cases.

6. On June 28, 2024, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Paladin Management Group, LLC as Financial Advisor to the Debtors Effective as of the Petition Date* [Docket No. 116] (the "**Retention Application**").

7. On July 29, 2024, the Court entered the *Order Authorizing the Retention and Employment of Paladin Management Group, LLC as Financial Advisor to the Debtors Effective as of the Petition Date* [Docket No. 254] (the "**Retention Order**").

## TERMS OF PALADIN RETENTION

8. As compensation for the Services, Paladin will be paid an hourly rate. Paladin's hourly rates range from $375 to $825 per hour, depending on the personnel performing the work.

9. The Retention Order approved the payment of the following fees to Paladin under the Engagement Letter:

   (a) <u>Hourly and Weekly Billing.</u>  Unless stated otherwise herein, the Company will be billed for Services provided by Paladin Personnel on an hourly basis at the hourly rate of the Paladin Personnel performing the Services based on the ranges set forth above. Paladin's fees and expenses will be billed to the Company monthly and are payable upon receipt. Billable Services include services provided to the Company by Paladin Personnel commencing with the date hereof and continuing after termination of the engagement.

   (b) <u>Flat Fee Services.</u>  If the parties have agreed to a Flat Fee, the Flat Fee shall be paid in full in advance and shall be deemed earned upon receipt. The Flat Fee will constitute payment for all services performed by Paladin Personnel within the scope of the Flat Fee ("Flat Fee Services"). Services performed by Paladin Personnel at the Company's request that are outside the scope of the Flat Fee Services will be billed on an hourly basis.

---

[3]  The U.S. Trustee subsequently filed an *Amended Notice of Appointment of Creditors' Committee* [Docket Nos. 81 and 130].

(c) <u>Retainer.</u> The Retainer ensures payment of Paladin's fees. Paladin may apply the Retainer to unpaid invoices without prior notice. Paladin may increase the Retainer to the extent required to ensure that the Retainer is sufficient to cover work in progress and outstanding invoices. The Company shall replenish the Retainer upon Paladin's request. The Retainer will not accrue interest. The balance of the Retainer after payment of Paladin's final invoice, if any, will be returned to the Company.

(d) <u>Travel.</u> The Company will be responsible for Paladin Personnel travel time and expenses, including travel time and expenses incurred in traveling to and from the Paladin Personnel's home offices to locations other than the Company's offices. Paladin will bill travel time at one-half of the applicable hourly rate; provided that Paladin will bill travel time at its normal hourly rates to the extent Paladin Personnel are performing Services while traveling.

(e) <u>Expenses.</u> The Company will pay or reimburse Paladin, as applicable, for all documented out-of-pocket expenses reasonably incurred by Paladin and Paladin Personnel in the performance of the Services through the termination date and the reasonable expenses incurred in connection with the Services after the termination date such as travel, and other expenses. Such expenses shall include travel, meals and lodging, delivery services, etc. In addition, in states where Paladin is obligated to collect sales taxes on professional services, such taxes will be billed to the Company.

## **SERVICES PROVIDED BY PALADIN**

10. The services rendered by Paladin were necessary and valuable and have assisted the Debtor in performing its duties under the Bankruptcy Code.

11. In general, Paladin has performed the following services for the Debtor in connection with the following aspects of the Chapter 11 Case:

- Prepared the Debtor to commence a proceeding ("**Bankruptcy Case**") under chapter 11 of Title 11 of the U.S. Code (the "**Bankruptcy Code**").

- Prepared and finalized a petition to commence the Bankruptcy Case and "first-day" motions to be filed in connection with the Bankruptcy Case (the "**Bankruptcy Preparation Efforts**").

- Prepared and maintained liquidity and cash projections.

- Prepared a Schedule of Assets and Liabilities, a Statement of Financial Affairs, Monthly Operating Reports, and other filings that may be appropriate or required in connection with the Bankruptcy Case.

- Prepared financial forecasts and reports required by the Debtor's Board, lenders, and stakeholders.

- Negotiations with the Debtor's stakeholders.

- Strategic communication services, which will include the assessment and development of a strategic communications plan, development of communications materials, coordination of media contacts, interviews and other placements, and guidance in interactions with media outlets, customers/clients, suppliers/vendors, and other business partners as appropriate.

- Administering the bankruptcy case once it commenced.

- Preparation of Reports.

- Advice and recommendations with respect to other related matters as the Debtor or its professionals may request from time to time, as agreed to by Paladin.

## RELIEF REQUESTED

12. By this Application, Paladin requests entry of the Proposed Order, substantially in the form attached hereto, (a) granting final allowance of compensation for professional services to the Debtors during the Final Compensation Period in the amount of $331,029.50[4]; (b) granting final allowance of Paladin's expenses incurred during the Final Compensation Period in connection with such services in the amount of $10,276.73; and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.

13. All services for which compensation is requested by Paladin were performed during the Final Compensation Period on behalf of the Debtors.

14. Paladin seeks allowance, on a final basis, of fees for professional services rendered during the Final Compensation Period in the amount of $331,029.50 and reimbursement of actual and necessary expenses incurred by Paladin in the amount of $10,276.73, for a total requested

---

[4] Paladin voluntarily reduced its fees in the amount of $8,500.00 for administrative hours incurred during the period of June 7, 2024 through September 14, 2024. Additionally, Paladin voluntarily reduced its fees in the amount of $34,377.00 for billable hours incurred during the period of June 7, 2024 through September 14, 2024. The amount of compensation sought as actual, reasonable and necessary professional services rendered reflects these voluntary discounts.

- 5 -

aggregate amount of $341,306.23.

15. Paladin received a pre-petition retainer for its pre-petition and post-petition services rendered and expenses incurred on behalf of the Debtors. As of the Petition Date, the balance of the retainer was $47,792.40 (the "**Retainer**"). Paladin seeks approval from the Court to apply the balance of the Retainer to pay allowed fee and expenses incurred during the Final Compensation Period. After application of the Retainer, the total additional amounts to be paid as a result of this Final Fee Application and the Final Compensation Period will be $293,513.83 ($341,306.23 less $47,792.40).

16. Summaries of the fees and expenses requested hereunder are attached hereto as Exhibits B through F, inclusive. Specifically, **Exhibit B** contains a summary of fees by professional, **Exhibit C** contains a summary of requested compensation by project category, **Exhibit D** contains detailed time entries, **Exhibit E** contains an expense summary, and **Exhibit F** contains detailed expenses entries. During the Final Compensation Period, Paladin professionals spent approximately 651.3 hours providing financial advisory services to the Debtors.

17. The fees charged by Paladin have been billed in accordance with the Engagement Letter and the Retention Order and are comparable to those fees charged by Paladin for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. Paladin submits that such fees are reasonable based upon the customary compensation charged by similarly skilled professionals in comparable bankruptcy cases and non-bankruptcy matters in the competitive national investment banking market.

18. There is no agreement or understanding between Paladin and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

**ACTUAL AND NECESSARY EXPENSES**

19.     In addition to the compensation earned by Paladin during the Final Compensation Period, Paladin has also incurred reasonable, actual, and necessary expenses in connection with its engagement by the Debtors in the aggregate amount of $10,276.73, for which it is entitled to reimbursement under the Engagement Letter. Paladin records all expenses incurred in connection with its performance of professional services. Detailed records of the expenses incurred by Paladin during the Final Compensation Period are set forth on **Exhibit F** attached hereto. In addition, the summary sheets prefixed to this Application specify the categories of expenses that Paladin incurred in connection with these chapter 11 cases and for which Paladin requests reimbursement, as well as the total amount of expenses requested in each category.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

20.     Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. *See* 11 U.S.C. § 328(a). Under § 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate, and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. *See In re Fed. Mogul-Glob., Inc.*, 348 F.3d 390, 397 (3d Cir. 2003) (citing, *inter alia*, *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862–63 (5th Cir. 1997)). Section 328(a) explicitly contemplates court approval of contingent fees. *See* 1 U.S.C. § 328(a) ("The trustee . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on a fixed or percentage fee basis, or on a contingent fee basis.").

21.     If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (*e.g.*, specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of

Section 328(a)," the court is constrained to apply only the "improvident" standard of § 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

22. Under the § 328(a) standard, a bankruptcy court wishing to render a previously approved fee arrangement "improvident" must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. *Daniels v. Barron* (*In re Barron*), 225 F.3d 583, 585 (5th Cir. 2000).

23. Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under § 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the following non-exclusive criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

  (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3); *see also In re XO Commc'ns, Inc.*, 398 B.R. 106, 113 (Bankr. S.D.N.Y. 2008) ("In considering a transaction fee, courts recognize that certain of these factors do not apply, such as 'time spent' or the 'rates charged.'") (quoting *In re Intelogic Trace, Inc.*, 188 B.R. 557, 559 (Bankr. W.D. Tex. 1995)).

  24. Here, the Retention Order approved Paladin's compensation under § 328(a) of the Bankruptcy Code as to all parties except the Office of the United States Trustee for the District of Delaware, which retained the right to review Paladin's compensation based on the reasonableness standard of §§ 330 and 331.

  25. Each component of Paladin's compensation of fees and expenses earned during the Final Compensation Period, was earned under the terms of the Court-approved Engagement Letter, as modified by the Retention Order. Paladin submits that the services it performed on behalf of the Debtors, as summarized above and as more fully described in Paladin's time records, were necessary for and beneficial to the Debtors' estates. Moreover, Paladin's services were consistently performed in a timely, expert, and considered manner commensurate with the complexity and importance of the issues involved.

## **CERTIFICATION**

  26. The undersigned professional has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information, and belief, this Application complies with that rule.

*[Remainder of page intentionally left blank]*

WHEREFORE, Paladin respectfully requests entry of an order (a) granting final allowance of compensation for professional services to the Debtors during the Final Compensation Period in the amount of $331,029.50; (b) granting final allowance of Paladin' expenses incurred during the Final Compensation Period in connection with such services in the amount of $10,276.23; and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.

Dated:  February 3, 2024

Respectfully submitted,

Paladin Management Group, LLC

*/s/ Scott Avila*
Scott Avila
Managing Partner