## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: April 30, 2025, at 11:00 a.m. (Eastern Time)**<br>**Objection Deadline: April 4, 2025, at 4:00 p.m. (Eastern Time)** |

### DEBTORS' SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their counsel, hereby object (the "**Objection**") to each of the claims listed on **Schedule 1** through **Schedule 3** (collectively, the "**Disputed Claims**") to the proposed form of order, a copy of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and request entry of an order disallowing each of the Disputed Claims as indicated in further detail below.  In support of this Objection, the Debtors rely on the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

*Declaration of Leo LaFranco in Support of the Debtors' Second (Non-Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "**LaFranco Declaration**"), attached hereto as **Exhibit B**.  In further support of the Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to these matters if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code.  The relief is also appropriate in accordance with Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.      GENERAL BACKGROUND.**

4.      On June 7, 2024 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5.     The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     On June 21, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed a creditors' committee (the "**Committee**") in these Chapter 11 Cases [Docket No. 67].[2]   No trustee or examiner has been appointed in the Chapter 11 Cases.

7.     On July 3, 2024, the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "**Schedules and Statements**") [Docket Nos. 141 through 194].

8.     On August 1, 2024, the Court entered the *Order (I) Approving Amended Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of the Amended Plan* [Docket No. 276].

9.     On October 17, 2024, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Modified Second Amended Plan**" or the "**Plan**").

10.    On October 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint chapter 11 Plan of Reorganization of Optio Rx, et al.* [Docket No. 484] (the "**Confirmation Order**").

---

[2]     The U.S. Trustee subsequently filed an Amended Notice of Appointment of Creditors' Committee [Docket Nos. 81 and 130].

11.     Additional factual background regarding the Debtors' business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Leo LaFranco in Support of First Day Pleadings* [Docket No. 3] (the "**First Day Declaration**"), which is incorporated herein by reference.[3]

**B.      BAR DATES AND PROOFS OF CLAIM.**

12.     On June 26, 2024, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 104] (the "**Bar Date Order**"), (i) requiring any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than a governmental unit, to file a proof of claim based on prepetition claims against the Debtors, including a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code, on or prior to August 7, 2024, at 5:00 p.m. (*prevailing* Eastern Time), and (ii) establishing December 4, 2024, at 5:00 p.m. (*prevailing* Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) was required to file a proof of claim based on prepetition claims against the Debtors (the "**Bar Date**").

## RELIEF REQUESTED

13.     By this Objection, the Debtors respectfully request entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing in full the claims listed in Schedules 1, 2, and 3 to the Proposed Order.

---

[3]     Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the First Day Declaration.

**BASIS FOR RELIEF**

14.     Section 502(a) of the Bankruptcy Code provides that a claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects.  Bankruptcy Rule 3007 provides that an objection must be in writing and filed with at least thirty (30) days' notice of any hearing regarding the objection.  In turn, Local Rule 3007-1 sets forth the specific procedures for categorizing objections to claims and what information must be included in the motion.

15.     When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim."  *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).  Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity. *Allegheny*, 954 F.2d at 173.

16.     As a result, a party wishing to dispute such a claim must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*.  The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of such claim by a preponderance of the evidence. *Id*.  The burden of persuasion is always on the claimant. *Id*.

17.     Bankruptcy Code section 502(b) provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or

unmatured.

11 U. S. C. § 502(b)(1).

18.     For the reasons set forth below, and in the Schedules to the Proposed Order, the Debtors believe that the Disputed Claims are not enforceable against the Debtors and their estates. Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtors submit that the Court should disallow each Disputed Claim in its entirety.

19.     As set forth in the LaFranco Declaration, the Debtors (through Mr. LaFranco or one of its other employees or professionals) spent considerable time reviewing and reconciling the proofs of claim filed or pending against the Debtors in these Chapter 11 Cases, including the Disputed Claims that are the subject of this Objection.  The Debtors reviewed and analyzed the Disputed Claims in good faith utilizing due diligence by the appropriate personnel, including, where necessary, review of the Debtors' ledger and direct contact with representatives of the entities (or the persons themselves) filing the Disputed Claims that are the subject of the Objection. These efforts resulted in the identification of the Disputed Claims that are the subject of the Objection.

A.     **AMENDED / SUPERSEDED CLAIMS.**

20.     The Bankruptcy Rules and Local Rules specifically provide for the disallowance of the amended and superseded claims.  Bankruptcy Rule 3007(d)(2)(C) provides for omnibus claims objections based on the ground that the claims should be disallowed because "they have been amended by later proofs of claim."  Fed. R. Bankr. R. 3007(d)(2)(C).

21.     The Debtors have reviewed the Disputed Claims on **Schedule 1** to the Proposed Order (the "**Amended Claim**") and have determined that such claims have been amended and superseded by a subsequently filed proof of claim identified under the column titled "Remaining

- 6 -

Claim Number" on **Schedule 1** to the Proposed Order (the "**Surviving Claim**").  The Amended Claim, thus, no longer represents a valid claim against an estate of the Debtors and should be disallowed.  By filing the Surviving Claims, the claimants modified the liability originally identified in the Amended Claims.

22.     If the Objection is granted, the Surviving Claims will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object to the Surviving Claims on any other applicable grounds.  The claimants will suffer no prejudice because the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved.

**B.     DUPLICATE CLAIMS.**

23.     The claims identified under the column titled "Duplicate Claim to be Disallowed" on **Schedule 2** to the Proposed Order (the "**Duplicate Claims**") duplicates at least one other Proof of Claim filed against the Debtors by the same claimant in the same amount that the Debtors believe relates to the same subject matter. Creditors are not entitled to multiple recoveries for a single liability against any single debtor.  If the Duplicate Claims are not disallowed and expunged, the parties that filed these Proofs of Claim would receive an excessive recovery to the detriment of other creditors in these cases.  Accordingly, the Debtors respectfully request that the Court disallow and expunge the Duplicate Claims.

24.     The claimant will suffer no prejudice because the Surviving Claim identified on **Schedule 2** will be unaffected by the relief sought in this Objection, and the claimant's right to assert the liability against the Debtors' estates will be preserved, subject to the Debtors' right to file additional objections to such Surviving Claim.

4932-2884-8163, v. 2

C.     LATE CLAIMS.

25.     Bankruptcy Rule 3003(c)(3) provides that "[t]he court must set the time to file a proof of claim or interest and may, for cause, extend the time.  If the time has expired, the proof of claim or interest may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (3), (4), and (7)."   Fed. R. Bankr. P. 3003(c)(3).   Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that … proof of such claim is not timely filed," with certain limited exceptions that are not applicable here.  11 U.S.C. § 502(b)(9).  Bar date's serve the important function of "finality and debtor rehabilitation."  *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007); *see also Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

26.     The Bar Date Order required proofs of claim to be actually received on or before the applicable Bar Date.  The claims listed on **Schedule 3** to the Proposed Order (the "**Late Filed Claims**") were filed after the applicable Bar Date.  The holders of Late Filed Claims received notice of the Bar Date Order, and the Bar Date, and a warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claims.  Accordingly, the Debtors request that the Court disallow and expunge in their entirety each of the Late Filed Claims from the claims register.

## NOTICE OF RIGHTS OF CLAIMANTS AFFECTED

27.     Holders of Disputed Claims (each a "**Claimant**" and, collectively, the "**Claimants**") receiving this Objection should review the exhibits attached to the Proposed Order to locate their name, the corresponding Disputed Claim or Disputed Claims that is or are the subject of this Objection, and the specific basis for the Debtors' Objection to such Disputed Claims.

28.     The rights of each Claimant receiving this Objection may be affected by this Objection and by any further objection that may be filed with respect to any claim listed on Schedule 1, Schedule 2, or Schedule 3.

## RESPONSES TO THE OBJECTION

29.     *Content of Responses*.  Every response to this Objection must contain at a minimum the following information:

A.     a caption setting forth the name of this Court, the name of the Debtor, the case number, and the title of this Objection;

B.     the Claimant's name, the claim number, and a description of the basis for the amount of the claim;

C.     the specific factual basis and supporting legal argument upon which the Claimant will rely in opposing this Objection;

D.     any supporting documentation, to the extent it was not included with the Disputed Claim previously filed with the Court or with Stretto ("**Stretto**") the Debtors' claims and noticing agent, upon which the Claimant will rely to support the basis for and amounts asserted in the Disputed Claim; and

E.     the name, address, telephone number and email address of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

30.     *Service Address*.  If a Response contains an address for the claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the Claimant with respect to the Objection unless or until the

4932-2884-8163, v. 2

Debtors receive written notice from the Claimant or the Claimant's counsel of a changed service address.

31.     *Timely Response Required; Hearing; Replies*. If a Response is filed properly and timely and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the Claimant.  If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on April 30, 2025, at 11:00 a.m. (*prevailing* Eastern Time), or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtors reserve the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

32.     If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Disputed Claims without further notice to the claimant.

33.     The Debtors may, at their option, file and serve a reply to a claimant's Response no later than three (3) days prior to any hearing on the Objection. This Objection shall constitute a request to the Court for leave to file such reply.

## **RESERVATION OF RIGHTS**

34.     In this Objection, the Debtors have raised certain objections to claims filed against the Debtors.  By this reservation of rights, the Debtors reserve the right to amend, modify, or supplement this Objection.  Furthermore, should one or more of the grounds for objection stated herein be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims on other grounds.  The Debtors further reserve any and all claims, rights or remedies they

4932-2884-8163, v. 2

may have against the Claimants with respect to any amounts owed to the Debtors pursuant to Chapter 5 of the Bankruptcy Code.

## <u>COMPLIANCE WITH LOCAL RULE 3007-1</u>

35.    The Debtors submit that, to the best of their knowledge, the information contained in the Objection and in the exhibits to the Proposed Form of Order is true and correct.  Furthermore, the attorneys for the Debtors certify that they have reviewed Local Rule 3007-1, and this Objection complies with such Local Rule.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order, disallowing the claims as set forth therein, and grant the Debtors such other and further relief as is just and proper.

Dated:  March 14, 2025        **CHIPMAN BROWN CICERO & COLE, LLP**
          Wilmington, Delaware


                                     */s/ Mark D. Olivere*
                                     William E. Chipman, Jr. (No. 3818)
                                     Mark D. Olivere (No. 4291)
                                     Hercules Plaza
                                     1313 North Market Street, Suite 5400
                                     Wilmington, Delaware 19801
                                     Telephone:    (302) 295-0191
                                     Email:        chipman@chipmanbrown.com
                                                   olivere@chipmanbrown.com

                                     *Counsel for Debtors and Debtors in Possession*

4932-2884-8163, v. 2