## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related D.I. 692** |

**MOTION OF THE DEBTORS FOR LEAVE TO FILE LATE OBJECTION TO FIRST AND FINAL APPLICATION OF PALADIN MANAGEMENT GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 7, 2024 TO AND INCLUDING SEPTEMBER 14, 2024**

Optio Rx, LLC and its affiliated debtors (collectively, the "Debtors"), by and through their undersigned counsel, hereby submits this motion (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order), granting the Debtors leave to file a late objection, attached hereto as **Exhibit B** (the "Objection"), to the *First and Final Application of Paladin Management Group, LLC for Compensation for Services Rendered and for Reimbursement of Expenses as Financial Advisor to the Debtors and Debtors in Possession for the Period from June 7, 2024 to and including September 14, 2024* (the "Paladin Fee Application"),

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

filed by Paladin Management Group, LLC.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 12, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Under Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested in this Motion are Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(a).

## RELEVANT BACKGROUND

5.      On June 7, 2024 (the "Petition Date"), Optio Rx, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed voluntary cases for relief under chapter 11 of the Bankruptcy Code.

6.      On June 28, 2024, the Debtors filed a retention application for Paladin Financial Management Group, LLC ("Paladin") to act as financial advisor to the Debtors [D.I. 118].  On July 29, 2024, the Court entered the *Order Authorizing the Employment and Retention of Paladin Management Group, LLC as Financial Advisor to the Debtors Effective as of the Petition Date* [D.I. 254] (the "Retention Order").

7.    On October 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio, Rx, LLC, et al.* [D.I. 484] (the "<u>Confirmation Order</u>"), confirming the Debtors' Plan [D.I. 480].

8.    On February 3, 2025, Paladin filed the Paladin Fee Application, setting objections for February 24, 2025 and a hearing date of March 26, 2025.  On February 25, 2025, Paladin filed a certificate of no objection with respect to the Paladin Fee Application [D.I. 738].

9.    After communications with Paladin's counsel regarding potential issues regarding the fees and expenses requested in the Paladin Fee Application, on March 12, 2025, Paladin withdrew its certificate of no objection [D.I. 772].

**RELIEF REQUESTED**

10.    By this Motion, the Debtors respectfully request leave to file the attached Objection despite the expiration of the objection deadline set forth in the Paladin Fee Application.

**BASIS FOR RELIEF REQUESTED**

11.    Bankruptcy Rule 9006(b)(1) provides authority for the Court to extend the deadline to file an objection at any time within its discretion, in relevant part, "for cause shown … on motion made after the expiration of the specified period … where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).

12.    Bankruptcy Rule 9006(b)(1) "grants a reprieve to out-of-time filings that were delayed by 'neglect.'"  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  The determination of what constitutes "excusable neglect" falls to equity; some of the considerations may include: (i) the danger of prejudice; (ii) the length of the delay and its potential

impact on judicial proceedings; (iii) the reason for the delay, including whether it was within reasonable control of the movant; and (iv) whether the party acted in good faith. *Id.* at 395.

13.     Here, Paladin will suffer no prejudice if the Debtors are permitted to weigh in on the requested fees and expenses. As set forth in the Objection, and in reliance on the declaration attached thereto from the Debtors' CFO, the Debtors have identified significant issues with Paladin's representation and billing. It should not be deemed prejudice for Paladin to justify the reasonableness of its fees under section 330 of the Bankruptcy Code in light of these issues, notwithstanding the delay in objection.

14.     Second, the length of delay has little impact on the proceedings. As noted above, the Debtors' Plan contemplated 45 days for estate professionals to file final fee applications from the effective date (which has not yet occurred). Paladin's early filing (noting its apparent unilateral termination of its services at least six months before the Debtors will have gone effective under their Plan), should not weigh in its favor. Assuming emergence before the hearing on this matter, the Debtors will have escrowed the fees and expenses requested under the Paladin Fee Application; no prejudice will result from an adjudication of the Objection.

15.     Third, the Debtors had been focused intently since the Court's entry of the Confirmation Order on satisfying the conditions precedent to the effective date under their Plan, including significant financial modeling regarding exit financing and other organizational issues, claims analysis, updates to the Debtors' schedules and statements, and material litigation with Skin Medicinals LLC. As noted above, this was done without the assistance of Paladin, who stopped working as of September 14, 2024.

16.     Finally, the Debtors have acted in good faith. Immediately upon becoming aware of material issues with the fees and expenses requested in the Paladin Fee Application, counsel for

the Debtors reached out to Paladin's counsel and sought to resolve the matter without litigation. Unsuccessful, the parties both acted in good faith to withdraw the certificate of no objection and bring to the attention of the Court the inadvertent entry of an order granting the Paladin Fee Application.

17.    Accordingly, the Debtors submit that there was excusable neglect in failing to timely object to the Paladin Fee Application, and accordingly, there is cause to grant leave under Bankruptcy Rule 9006(b)(1).

## **NOTICE**

18.    The Debtors will provide notice of this Motion and the Objection to (i) counsel to Paladin, (ii) the Office of the United States Trustee for Region 3, (iii) counsel to the Official Committee of Unsecured Creditors, and (iv) such other parties entitled to notice of this Motion.

*[Remainder of Page Intentionally Left Blank]*

128299554.1 0082862-00006

**WHEREFORE**, the Debtors respectfully request that Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting the Debtors leave to file the Objection, and grant such other and further relief as is just and proper.

Dated:  March 19, 2025

Respectfully submitted,

 */s/ Steven T. Lovett*
STEVEN T. LOVETT
steve.lovett@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

128299554.1 0082862-00006