**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Related D.I. 692 |

**OBJECTION OF THE DEBTORS TO FIRST AND FINAL APPLICATION OF PALADIN MANAGEMENT GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 7, 2024 TO AND INCLUDING SEPTEMBER 14, 2024**

Optio Rx, LLC and its affiliated debtors (collectively, the "Debtors"), by and through their undersigned counsel, hereby submits this objection (the "Objection") to the *First and Final Application of Paladin Management Group, LLC for Compensation for Services Rendered and for Reimbursement of Expenses as Financial Advisor to the Debtors and Debtors in Possession for the Period from June 7, 2024 to and including September 14, 2024* (the "Paladin Fee Application"), filed by Paladin Management Group, LLC ("Paladin"). In support of this Motion, the Debtors submit the *Declaration of Leo LaFranco in Support of Objection* (the "LaFranco Declaration"), attached hereto as **Exhibit A**, and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

1

**JURISDICTION**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 12, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court expressly retained jurisdiction with respect to disputes over Professional Fee Claims (as defined in the Plan).

2. Under Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this Motion are section 330 of the Bankruptcy Code and Local Rule 2016-1.

**BACKGROUND**

5. On June 7, 2024 (the "Petition Date"), Optio Rx, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed voluntary cases for relief under chapter 11 of the Bankruptcy Code.

6. On June 28, 2024, the Debtors filed a retention application for Paladin Financial Management Group, LLC ("Paladin") to act as financial advisor to the Debtors [D.I. 118]. On July 29, 2024, the Court entered the *Order Authorizing the Employment and Retention of Paladin Management Group, LLC as Financial Advisor to the Debtors Effective as of the Petition Date* [D.I. 254] (the "Retention Order").

7. On October 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio, Rx, LLC, et al.* [D.I. 484] (the "Confirmation Order"), confirming the Debtors' Plan [D.I. 480].

8. On February 3, 2025, Paladin filed the Paladin Fee Application, setting objections for February 24, 2025 and a hearing date of March 26, 2025. On February 25, 2025, Paladin filed a certificate of no objection with respect to the Paladin Fee Application [D.I. 738].

9. After communications with Paladin's counsel regarding potential issues regarding the fees and expenses requested in the Paladin Fee Application, on March 12, 2025, Paladin withdrew its certificate of no objection [D.I. 772].

## OBJECTION

10. "The question of what fees should be awarded to professionals hired to assist with a bankruptcy or management of a bankrupt estate is governed by 11 U.S.C. § 330." *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 257–58 (3d Cir. 1995). The Court has broad discretion over the award of fees to estate professionals. *See, e.g.*, *Staiano v. Cain* (*In re Lan Assocs. XI, L.P.*), 192 F.3d 109, 122 (3d Cir. 1999). Section 330(a)(3) of the Bankruptcy Code provides that courts shall consider all relevant factors surrounding nature, extent, and value of the services rendered, taking into accounts:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether such services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

3

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

11. In reliance on the LaFranco Declaration, the Debtors submit that Paladin's fees and expenses requested in the Paladin Fee Application are not reasonable in accordance with section 330 of the Bankruptcy Code. The Paladin Fee Application seeks allowance of $331,029.50 in fees and $10,276.73 in expenses for services rendered for the roughly three-month period of June 7, 2024 through September 14, 2024. However, Paladin's engagement with the Debtors was plagued by three overarching themes: poor communication, inefficiency, and unnecessary costs. LaFranco Decl., ¶ 5.

12. First, Paladin's poor communication consistently caused the Debtors to duplicate its work in gathering data and compiling records to prepare the Debtors' reports and schedules and statements. *Id.* at ¶ 6. For example, after the Debtors pulled the data and completed their initial monthly operating reports at the direction of Paladin, Paladin advised that the Debtors needed to change the methodology used to generate the reports. *Id.* This happened on multiple occasions and caused both delays and tension in the review and submission process, especially as it required both the Debtors and Paladin to double-review each of the reports. *Id.* Further, as to the August MORs, Paladin failed to respond on numerous occasions to the Debtors' inquiries, causing significant delay to the filing. *Id.*

13. Second, Paladin significantly overbilled for its assistance in preparing the Debtors' schedules and statements. Despite billing $176,347.50 in the aggregate (which comprises almost half of all fees billed), Paladin merely advised the Debtors on how to fill out the schedules and statements. *Id.* at ¶ 7. The Debtors, not Paladin, had to handle filling out the schedules, validating vendor mailing addresses, and translating data into usable form themselves. *Id.* Naturally, this consumed a significant amount of the Debtors' time, detracting from other operational concerns. *Id.* Under the circumstances, on top of the unclear guidance and poor communication, the compensation requested for time spent on preparing schedules and statements is not reasonable. *Id.*

14. Third, other than its initial meeting with the Debtors, Paladin's in-person meetings were wholly unnecessary and served only to enlarge Paladin's fees and expenses. *Id.* at ¶ 8. Despite the Debtors' requests that meetings be conducted virtually, Paladin insisted on continuous in-person meetings. *Id.* Having three Paladin professionals billing for their time on site, coupled with the expenses generated from hotel stays, travel, and meals, was not necessary or beneficial to the administration of the estate or the consummation of the Debtors' Plan. *Id.*

15. Finally, inexplicably, Paladin ceased providing services to the Debtors as of September 14, 2024. The Court did not enter the Confirmation Order until October 17, 2024. Since then, the Debtors and their other professionals had to expend considerable time and effort to not only satisfy the conditions precedent to effectiveness under the Plan, but the Debtors still had to operate, file monthly operating reports, calculate distributions to creditors, and amend their schedules and statements. Paladin did not assist with these tasks. *Id.* at 9. Nor does the Paladin Fee Application explain why Paladin cut short its engagement. *Id.*

16. At bottom, the significant fees and expenses requested for services rendered during a roughly three-month period are not reasonable in light of the factors considered under section 330 of the Bankruptcy Code. While the Debtors are not seeking to wholly disallow Paladin's fees, the Debtors respectfully request that the Court exercise its wide discretion to significantly discount such fees and expenses and grant such other relief as the Court deems just and proper.

Dated: March 19, 2025

Respectfully submitted,

/s/ Steven T. Lovett
STEVEN T. LOVETT
steve.lovett@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480