# **EXHIBIT A**

**LaFranco Declaration**

128299609.1 0082862-00006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related D.I. 692** |

### DECLARATION OF LEO LAFRANCO IN SUPPORT OF OBJECTION

I, Leo LaFranco, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief.

1. I have been employed with Optio Rx, LLC (the "Company" and together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") since 2022, when I joined the Company to become its Chief Financial Officer.

2. As the CFO of the Debtors, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, the Debtors' progression through the chapter 11 cases, and the Debtors' engagement with Paladin Management Group, LLC ("Paladin") as their financial advisor.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

3. On April 24, 2024, the Company entered into an engagement agreement with Paladin. Prepetition, the Company provided Paladin with three retainer payments totaling $256,201.46. I understand from the Paladin Fee Application that $47,792,40 of this retainer remained as of the Petition Date.

4. After the Petition Date, the Debtors filed an application to formally retain Paladin as their financial advisor [D.I. 118] in accordance with the Bankruptcy Code and on July 29, 2024, the Court entered their retention order [D.I. 254].

5. I have reviewed the Paladin Fee Application and do not believe that the fees and expenses requested therein are reasonable in light of the myriad issues surrounding Paladin's engagement. Throughout their short engagement, the working relationship between Paladin and the Debtors was marred by Paladin's poor communication, inefficiency, and incurrence of unnecessary costs and expenses.

6. First, Paladin's poor communication and contradictory instructions frequently caused me and my team to redo our work and waste valuable time and resources. Among other examples, our discussions surrounding the generation of monthly operating reports was particularly troubling. After taking the time to understand the methodology for preparing the reports, pulling data, and inputting all of the data into the forms, Paladin went back on its previous guidance and required us to redo all of our work in line with a different calculation methodology. Further, Paladin failed to respond to numerous inquiries regarding our preparation of the August MOR, forcing significant delays in filing those reports.

7. Second, the amount of fees requested with respect to Paladin's assistance with preparing the schedules of assets and liabilities and statements of financial affairs is unreasonable. For having billed over $175,000 toward such schedules and statements, it was the Debtors, not

Paladin, that had to, among other things, fill out the schedules, validate vendor mailing addresses, and translate our system's data into usual data for the schedules. This consumed a significant amount of my team's time and resources, which could not be used toward addressing pressing operational concerns.

8. Third, Paladin's insistence on in-person meetings was unnecessary and burdened estate resources. Aside from our kickoff meeting, having Paladin personnel on site did not serve a material purpose. Instead, Paladin racked up additional hourly fees and corresponding expenses with hotel stays, travel, and meals.

9. Finally, Paladin's abandonment of the Debtors on September 14, 2024, more than six months before the Debtors will have gone effective under their Plan, left my team in the lurch. Without financial advisor guidance, over the past six months, we have had to address the conditions precedent to effectiveness under the Plan, generate and file monthly operating reports, go through the claims reconciliation process and calculate distributions to creditors under the Plan, and file amended schedules and statements. Paladin did not provide a reason for the termination of its services. Paladin's inaction over the past six months is unreasonable and has served to burden the estate, its professionals, and its resources.

10. Accordingly, I do not believe Paladin's fees and expenses are reasonable and ask that the Court either deny the Paladin Fee Application or otherwise require a material reduction to more adequately match the services rendered and the pervasive issues with their engagement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ *Leo LaFranco*  
Leo LaFranco  
Chief Financial Officer, Optio Rx, LLC

128299609.1 0082862-00006