# EXHIBIT A

**(*Proposed* Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Related Docket No. 692 |

**ORDER GRANTING FIRST AND FINAL APPLICATION OF PALADIN MANAGEMENT GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 7, 2024 TO AND INCLUDING SEPTEMBER 14, 2024**

Upon the application (the "**Final Fee Application**")[2] of Paladin Management Group, LLC ("**Paladin**") for final approval and allowance of compensation for services rendered and reimbursement of expenses incurred as financial advisor for the Debtors for the period from June 7, 2024 to and including September 14, 2024 (the "**Final Compensation Period**"); and the Court having reviewed the Final Fee Application and the Debtors' objection to the Final Fee Application [Docket No. 793] (the "**Objection**"); and the Court having been advised that the parties have resolved the Objection and agreed to entry of this Order; and all applicable requirements of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Final Fee Application.

Bankruptcy Code, the Bankruptcy Rules and the Local Rules having been satisfied; and the compensation earned and expenses incurred by Paladin during the Final Compensation Period as approved herein having been actual, reasonable and necessary; and sufficient notice of the Final Fee Application having been provided such that no other or further notice is required; and all persons with standing having been afforded an opportunity to be heard on the Final Fee Application; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. Paladin's fees and expenses are allowed on a final basis in the amount of $327,792.40.

3. Upon entry of this Order, Paladin is authorized to apply its remaining prepetition retainer of $47,792.40 to the fees owing under the Final Fee Application.

4. The Debtors are authorized and directed to pay Paladin, from the Professional Fee Escrow Account, the amount of $280,000 (the "**Final Fee Payment**") in full and final satisfaction all remaining unpaid amounts under the Final Fee Application.

5. The Debtors shall make the Final Fee Payment within five (5) business days of entry of this Order.

6. Paladin is discharged as financial advisor to the Debtors. Paladin agrees it will not file any further additional, amended or supplemental applications for the approval of fees or expenses in connection with its services as financial advisor to the Debtors.

7. The Reorganized Debtors have not assumed Paladin's retention agreement, and this Order constitutes an order on Paladin's Final Fee Application as provided for under the Debtors'

- 3 -

Second Amended Joint Chapter 11 Plan of Reorganization.  The Final Fee Payment shall be paid exclusively from the Professional Fee Escrow Account.

8. The Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

9. This Order shall be effective immediately upon entry.