## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | **Docket Nos. 729 and 731** |

## <u>OMNIBUS ORDER GRANTING INTERIM FEE APPLICATIONS</u>

Upon consideration of the interim applications for compensation and reimbursement of expenses (collectively, the "**Fee Applications**") of the professionals employed in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (the "**Debtors**") listed on **<u>Exhibit A</u>** attached hereto (each a "**Professional**"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Fee Applications in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Professionals having provided appropriate notice of the Fee Applications; and the Court having reviewed the Fee Applications; and after due deliberation and sufficient cause appearing therefor;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

**IT IS HEREBY ORDERED THAT:**

1.      The Fee Applications are APPROVED in the amounts set forth on **Exhibit A**.

2.      The Professionals are granted, on an interim basis, allowance of compensation and reimbursement of expenses in the amounts set forth on **Exhibit A**.

3.      The Debtors are authorized and directed, as provided herein, to remit, or cause to be remitted, payment in the amounts set forth on **Exhibit A**, less any and all amounts previously paid on account of such fees and expenses and any agreed reductions.  All parties' rights to object to final approval of the Fee Applications are reserved.

4.      Pursuant to the UCC Settlement Agreement (as defined in the Second Amended Joint Plan of Reorganization (the "**Amended Plan**") [Docket No. 480], ten percent (10%) of the Committee's Professional Fee Claims shall be contributed towards the UCC Settlement Amount (as defined in the Amended Plan).  Accordingly, and subject to meeting and conferring among the Committee and Debtors, the Committee's Professionals may direct a portion of any payment to the Committee's Professionals resulting from this Interim Order towards the UCC Settlement Amount, with the net amount being paid to the Committee's Professionals. Any ultimate contribution or reconciliation with respect to the UCC Settlement Amount shall be subject to a subsequent order of this Court approving the Committee's Professional Fees on a final basis.

5.      This Order shall be deemed a separate order for each Professional, and the appeal of any order with respect to any Professional shall have no effect on the authorized fees and expenses of any other Professional.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.


**Dated: March 25th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**