**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Optio Rx, LLC, et. al., | ) | Case No. 24-11188 (TMH) |
| | ) | |
| Debtors. | ) | Related to Docket No. 776 |

**DR. RINKU PATEL'S OPPOSITION TO DEBTORS' THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

Dr. Rinku Patel ("*Dr. Patel*"), by and through her undersigned counsel, submits this response in opposition to the *Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, And Local Rule 3007-1* (the "*Claim Objection*") [Docket No. 776] filed by the above-captioned Debtors (the "*Debtors*"),[1] and in support states as follows:

**INTRODUCTION**

1. Pursuant to the Debtors' Claim Objection, the Debtors claim that Dr. Patel's priority claim for $15,150.00 in unpaid wages and severance earned within the 180 days preceding the Petition Date, pursuant to 11 U.S.C. § 507(a)(4), should be disallowed. The Debtors claim that Dr. Patel's priority claim "should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or this claim was otherwise resolved post-petition." *See* Schedule 1 to Proposed Order Allowing Claim Objection, at p. 11.

---

[1] Capitalized terms not defined in this response shall have the meaning ascribed to them in the Claim Objection.

2.	The Debtors' objection is misleading or simply incorrect. Dr. Patel's Employment Agreement clearly provided for the amounts due in the proof of claim (the "*Proof of Claim*"), including the $15,150.00 priority amount pursuant to 11 U.S.C. § 507(a)(4), to which she is entitled under the statute; and (ii) no post-petition resolution of this issue has been reached and no payments have been made to Dr. Patel.

3.	For the reasons discussed in detail below, Dr. Patel opposes the Claim Objection and requests that the Court overrule the Claim Objection as it relates to Dr. Patel's claim.

## FACTUAL BACKGROUND

a.	**Background of Dr. Patel's Claim**

4.	Dr. Patel served as the Chief Executive Officer of Debtor OptioRx, LLC ("*OptioRx*") from February 1, 2022, until her wrongful termination on February 5, 2024, when OptioRx fired her after Dr. Patel raised various concerns about OptioRx's regulatory compliance with the federal and state statutes governing its operations.

5.	There is currently pending Illinois state court litigation against non-debtor related parties in which Dr. Patel seeks: (1) her earned, but unpaid, severance pay and 2023 annual bonus, and (2) contractually guaranteed legal fees. Dr. Patel filed her Complaint in the Circuit Court of Cook County, Illinois in July 2024, a copy of which (before being amended to exclude OptioRx) is attached to the Proof of Claim.

6.	Dr. Patel's Employment Agreement (the "*Employment Agreement*") contains provisions which guaranteed her severance payments. A copy of the Employment Agreement is attached as an exhibit to the Complaint. Her contractually guaranteed severance included:

- Base salary for a total of twelve (12) months, equaling $400,000; *See* <u>Exhibit A</u>, Ex. 1-A § 4(a) and § 15 (b)(iii).

2

- A portion of the Management Profit Participation Plan, which Dr. Patel does not know the value of due to OptioRx's failure to provide her with the required financials to assess her portion;

- COBRA premium payments for one year of $10,688.64. *See* <u>Exhibit A</u>, Ex. 1-A § 15 (b)(iv); *see also* the COBRA Enrollment Form, attached in <u>Exhibit A</u> under <u>Exhibit 2</u>.

Thus, her severance payment should have equaled not less than $410,688.64, plus the unknown amounts under the Management Profit Participation Plan (collectively, the "*Severance Pay*").

7. The Employment Agreement also obligates OptioRx to pay Dr. Patel a 2023 bonus equal to 200% of her $400,000 annual salary, or $800,000, upon meeting certain objective goals. *See* Exhibit A, Ex. 1-A § 4(d). These goals were met, and she should have been entitled to this 2023 Bonus Amount of $800,000 (the "*2023 Bonus Pay*"). *See* <u>Exhibit A</u>, Ex-1-B.

8. Dr. Patel also participated in a deposition on behalf of OptioRx. OptioRx agreed to reimburse Dr. Patel for legal fees associated with that participation. The legal fees amounted to $11,925.00, which are also now due to Dr. Patel (the "*Legal Fees*"). *See* <u>Exhibit A</u>, Ex.1-D; *see also* the Vedder Price Invoice for Crestview Pharmacy Deposition, attached to <u>Exhibit A</u> as Exhibit 3.

9. As illustrated in Dr. Patel's Proof of Claim Dr. Patel, she is entitled to not less than $1,222,613.64 for the Severance Pay, the 2023 Bonus Pay, and the Legal Fees incurred on OptioRx's behalf.

10. In addition, the Illinois Wage Payment and Collection Act ("*IWPCA*") imposes a 5% per month interest penalty per underpayment. Dr. Patel would be entitled to such penalties that accrued between March 2024 and the Petition Date.

11. The combined amount of the foregoing amounts totals not less than $1,527,074.55.

   b. **The Debtors' Chapter 11 Filing and Claims Process**

12. The Debtors (including OptioRx) filed their petitions for Chapter 11 Bankruptcy on June 7, 2024.

13. The Debtors have not paid Dr. Patel any amounts related to this claim before or after the Petition Date.

14. On August 2, 2024, Dr. Patel timely filed her Proof of Claim and the accompanying Statement in this matter. Per the Proof of Claim, Dr. Patel is owed a total unsecured debt amount of $1,527,074.55. Exhibit A, Proof of Claim.

15. As a portion of this total, Dr. Patel claimed $15,150.00 as a priority amount under 11 U.S.C. § 507(a)(4) for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual" within 180 days before the Petition Date. *Id*.

16. On March 14, 2025, the Debtors filed their Claim Objection. Per their Claim Objection, the Debtors objected to the Proof of Claim, but only expressly objected to the priority amount of $15,150.00 rather than the entire unsecured claim.

## ARGUMENT

17. Dr. Patel requests that the Court overrule the Claim Objection because Dr. Patel is entitled to the priority amount of $15,150.00 under 11 U.S.C. § 507(a)(4) for unpaid severance accruing within 180 days of the filing.[2]

18. Under 11 U.S.C. § 507(a)(4)(A):

   the following expenses and claims have priority . . . allowed unsecured claims, but only to the extent of [$15,150] for each individual . . . earned within 180 days before

---

[2] Furthermore, to the extent that the Objection is construed to apply to the entire unsecured claim, it should be overruled.

**Error! Unknown document property name.**

> the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—
>
> wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual;

11 U.S.C. § 507(a)(4)(A). As noted in 11 U.S.C. § 507(a)(4)(A), "wages, salaries, or commissions" expressly includes "severance." *Id.*

19. As the Petition Date was June 7, 2024, 180 days before this date was December 10, 2023.

20. As noted above, the Employment Agreement between Dr. Patel and OptioRx entitles Dr. Patel to Severance Pay of an amount not less than $410,688.64, plus the unknown amounts under the Management Profit Participation Plan. This amount should have been paid "in accordance with the Company's regular payroll schedule" beginning on her termination date of February 5, 2024 (which was within the 180-day statutory priority period). Exhibit A, Ex. 1(b)(iii). She should have received approximately $136,896.21 of her Severance Pay by the Petition Date. *Id.*

21. In addition, she was entitled to her 2023 Bonus Pay of $800,000, which also should have been paid within the 180 days priority period preceding the Petition Date.

22. Her Severance Pay and 2023 Bonus Pay, totaling $1,222,613.64, were earned within 180 days of the Petition Date, and she should be entitled to priority under 11 U.S.C. § 507(a)(4)(A). These amounts due to Dr. Patel are far greater than the statutory limit of $15,150.00, so Dr. Patel should be entitled to the full statutory priority amount of $15,150.00 for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" in the 180 days preceding the Petition Date. *Id.*

23. The Debtors offer two reasons for objecting to this claim, neither of which have any basis.

24. First, the Debtors assert the amount claimed by Dr. Patel "should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records." This objection is without merit because of the substantial claim for severance and bonus payments (among other entitlements) that Dr. Patel has against the Debtors, as explained more fully above. The Debtors have proffered no basis for their assertion that Dr. Patel is not owed these amounts, and any assertion that these amounts are not owed would be baseless and in direct contravention of the Employment Agreement.

25. Second, the Debtors claim that "this claim was otherwise resolved post-petition." Claim Objection, *p. iv*. This second objection is baseless because Dr. Patel has not received any remuneration from the Debtors or otherwise resolved the claim in any way. Again, this objection simply has no factual basis.

26. Finally, while the Debtors' Claim Objection does not appear to object to the full unsecured claim filed by Dr. Patel, to the extent that the Debtors' Claim Objection should be construed as an objection to the amount in full, the objection should be denied. There is no basis for such an objection, and the Debtors have proffered none which could overcome Dr. Patel's well-supported Proof of Claim.

[remainder of page intentionally left blank]

Error! Unknown document property name.

WHEREFORE, Dr. Patel requests that the Court overrule the Claim Objection, and grant such other relief as is just.

| | |
|---|---|
| Dated: April 4, 2025 | **GOLDSTEIN & MCCLINTOCK LLLP**<br><br>*/s/ Maria Aprile Sawczuk*<br>Maria Aprile Sawczuk (DE 3320)<br>501 Silverside Road, Suite 65<br>Wilmington, DE 19809<br>Tel: 302.444.6710<br>E-mail: marias@goldmclaw.com<br><br>*Counsel for Dr. Rinku Patel* |

**Error! Unknown document property name.**