## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Optio Rx, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11188 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: May 6, 2025, at 2:00 p.m. (ET)<br>Objection Deadline: April 29, 2025 at 4:00 p.m. (ET) |

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF
### AN ORDER CLOSING CERTAIN OF THE CHAPTER 11 CASES

The above-captioned reorganized debtors (the "**Reorganized Debtors**") hereby file this motion (the "**Motion**"), pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order and final decree, substantially in the form attached hereto (the "**Proposed Order**") closing the chapter 11 cases of each of the Reorganized Debtors other than the case of The Pet Apothecary LLC, Case No. 24-11192 (TMH) (the "**Remaining Case**") and seeking related relief. In support of this Motion, the Reorganized Debtors respectfully state as follows:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Reorganized Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

## JURISDICTION, VENUE, AND PREDICATES

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. In the Confirmation Order and the Plan (each, defined below), this Court retained jurisdiction to, among other things, "determine any and all matters that may arise in connection with, relate to or be necessary to execute, implement or consummate, the Plan, the Plan Supplement, the Disclosure State, [or] the Confirmation Order" and to "enter any order and/or final decree concluding or closing the Chapter 11 Cases." *See* Plan[2] Art. X (14), (22); Confirmation Order ¶ 35. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested in this Motion are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1, and the applicable provisions of the Confirmation Order and Plan.

## GENERAL BACKGROUND

3. On June 7, 2024 (the "**Petition Date**"), Optio Rx, LLC and its affiliates commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the Bankruptcy Code.

4. On June 11, 2024, the Court entered an order [Docket No. 26] directing the joint administration of the Chapter 11 Cases for procedural purposes under Optio Rx, LLC's case No. 24-11188 (TMH).

---

[2] *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Plan**")

5. On June 21, 2024, the Office of the United States Trustee for the District of Delaware appointed a creditors' committee in these Chapter 11 Cases [Docket No. 67]. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. On October 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, et al.* [Docket No. 484] (the "**Confirmation Order**"). The Effective Date occurred on March 21, 2025 [Docket No. 797].

7. A detailed description of the Reorganized Debtors' and their businesses, including the facts and circumstances giving rise to the Reorganized Debtors' Chapter 11 Cases, is set forth in the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 258] (the "**Disclosure Statement**").[3]

## RELIEF REQUESTED

8. By this Motion, the Reorganized Debtors request entry of the Proposed Order, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, closing the following chapter 11 cases (collectively, the "**Closed Cases**"):

| SUBSIDIARY DEBTOR | CASE NO. |
|---|---|
| Optio Rx, LLC | 24-11188 (TMH) |
| Braun Pharma, LLC | 24-11189 (TMH) |
| HCP Pharmacy LLC | 24-11190 (TMH) |
| Pet Apothecary LLC | 24-11191 (TMH) |
| Crestview Holdings, LLC | 24-11193 (TMH) |
| Crestview Pharmacy, LLC | 24-11194 (TMH) |
| Dr. Ike's PharmaCare LLC | 24-11195 (TMH) |
| Enovex Pharmacy LLC | 24-11196 (TMH) |
| H&H Pharmacy LLC | 24-11197 (TMH) |
| SMC Pharmacy LLC | 24-11198 (TMH) |

---

[3] Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the Disclosure Statement or Plan, as applicable.

| SUBSIDIARY DEBTOR | CASE NO. |
|---|---|
| SMC Lyons Holdings LLC | 24-11199 (TMH) |
| SBH Medical LLC | 24-11200 (TMH) |
| SBH Medical, Ltd. | 24-11201 (TMH) |
| Rose Pharmacy RM LLC | 24-11202 (TMH) |
| Rose Pharmacy SA LLC | 24-11203 (TMH) |
| Rose Pharmacy SF LLC | 24-11204 (TMH) |
| Baybridge Pharmacy, LLC | 24-11205 (TMH) |
| Central Pharmacy, LLC | 24-11206 (TMH) |
| Pro Pharmacy, LLC | 24-11207 (TMH) |
| Healthy Choice Compounding LLC | 24-11208 (TMH) |
| Health Choice Compounding LLC | 24-11209 (TMH) |
| Oakdell Compounding Pharmacy LLC | 24-11210 (TMH) |
| Concierge Pharmacy LLC | 24-11211 (TMH) |
| Firstcare Pharmacy LLC | 24-11212 (TMH) |
| Easycare Pharmacy LLC | 24-11213 (TMH) |
| Primecare Pharmacy LLC | 24-11214 (TMH) |

9. The chapter 11 case of The Pet Apothecary LLC, Case No. 24-11192 (TMH) will remain open to provide the Reorganized Debtors the opportunity to, among other things, reconcile any unresolved claims, and make any remaining distributions to holders of Allowed Claims, among other things.

10. Upon the filing of a further motion to close the Remaining Case, the Reorganized Debtors intend to file a final report with respect to all of the Reorganized Debtors' chapter 11 cases (including the Closed Cases) pursuant to Local Rule 3022-1(a). Accordingly, the Reorganized Debtors do not intend to file a final report in connection with this Motion and respectfully requests that the Court waive any requirement to file such a report in connection with the closing of the Closed Cases.

**BASIS FOR RELIEF REQUESTED**

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered, and the court has discharged the trustee, the court shall close the case." Bankruptcy

Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Local Rule 3022-1(a) provides that, "[a] motion for final decree must include a proposed final decree order that orders the closing of the case and identifies in the caption and in the body of the order the case name and case number of each case to be closed under the order."

12. The term "fully administered" is not defined in the Bankruptcy Code or Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 sets forth a non-exclusive list of factors to be considered to determine whether a case has been fully administered. These factors are: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

13. Courts have affirmed the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997)

(same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

14. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated in determining whether to enter a final decree. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

15. Moreover, a bankruptcy court's "entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act . . . ." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994). A final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the case file." *In re Indian Creek Ltd. P'Ship*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997).

16. Here, the foregoing factors weigh strongly in favor of closing the Closed Cases. As of the Effective Date, the Closed Cases have been "fully administered" and the Plan will have been substantially consummated. While the Debtors acknowledge that the reconciliation and payment of certain claims may still be pending in accordance with the Plan, the payment of these claims is not dependent upon the Closed Cases remaining open. Rather, such claims will be paid in accordance with applicable nonbankruptcy law and the Plan.  Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Furthermore, the entry of final decrees closing the Closed Cases is without prejudice to creditors' rights to petition the Court to reopen the Closed Cases pursuant to section 350(b) of the Bankruptcy Code.

4933-8874-7306, v. 6

- 7 -

17. Although the Reorganized Debtors will continue working to resolve the remaining matters, subsequent issues will likely pertain to the Remaining Case. The limited number of issues that will pertain to the Closed Cases can be handled under the Remaining Case without keeping the Closed Cases open. Closing the Closed Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest. Accordingly, closing the Closed Cases is appropriate.

18. Finally, closing the Closed Cases will relieve the Court of the administrative burdens relating to the Closed Cases, thus promoting judicial efficiency and preserving the assets of the estates.

19. Accordingly, the Reorganized Debtors submit the relief requested in this Motion is in the best interest of all parties in interest and should be granted.

**NOTICE**

20. No trustee or examiner have been appointed in these Chapter 11 Cases. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

21. No prior request for the relief sought in this Motion has been made to this Court or to any other court.

4933-8874-7306, v. 6

- 8 -

## **CONCLUSION**

**WHEREFORE** the Reorganized Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 10, 2025
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0191
Email:  chipman@chipmanbrown.com
      olivere@chipmanbrown.com
      maser@chipmanbrown.com

*Counsel for the Reorganized Debtors*

4933-8874-7306, v. 6