**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Optio Rx, LLC, *et al.*,³<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11188 (TMH)<br>(Jointly Administered)<br><br>**Monthly Fee Application**:<br><br>**Objection Deadline:** May 21, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:**  Only in the Event of Objection<br><br>**Final Fee Application:**<br><br>**Objection Deadline:** May 21, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** June 2, 2025, at 10:00 a.m. (ET) |

**SUMMARY COVER SHEET TO THE  COMBINED NINTH MONTHLY AND FINAL FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE (I) MONTHLY PERIOD FROM MARCH 1, 2025 THROUGH MARCH 21, 2025 AND (II) FINAL PERIOD FROM JUNE 26, 2024 THROUGH MARCH 21, 2025**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Optio Rx, LLC, et al. |
| Monthly Period for which compensation and reimbursement is sought: | *Start:* March 1, 2025<br>*End:*  March 21, 2025 |
| Total compensation sought for the monthly period: |  $9,160.00 |
| Total expenses sought for the monthly period: | $0.00 |

---

³　　　　The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

| | |
|---|---|
| Final Period for which compensation and reimbursement is sought: | *Start:* June 26, 2024<br>*End:*  March 21, 2025 |
| Total compensation sought for the final period: | $446,608.50 |
| Total expenses sought for the final period: | $5,822.92 |
| Total compensation for the estimated fees related to this Final Fee Application | $5,000.00 |
| Petition Date: | June 7, 2024 |
| Retention Date: | June 26, 2024 |
| Date of order approving employment: | July 26, 2024 |
| Total compensation approved by interim order to date: | $418,023.50 |
| Total expenses approved by interim order to date: | $5,809.72[4] |
| Total allowed compensation paid to date: | $362,751.20 |
| Total allowed expenses paid to date: | $5,809.72 |
| Blended rate in this application for all attorneys: | $611.99 |
| Blended rate in this application for all timekeepers: | $589.12 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Number of Professionals Included in this Application: | 16 |
| Number of professionals billing fewer than 15 hours to the case during this period: | 10 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Are rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total | No |

---

[4] The correct expense amount for Saul's First Monthly Fee Application is $3,375.08, not $4,653.08. Accounting for this $1,278.00 difference, the correct expense amount approved by interim order to date is $5,809.72.

5

| | compensation sought in this application using the rates originally disclosed in the retention application. | |

This is an: **X** monthly     ___ interim **X** final application.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses[5] | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 09/03/2024 D.I. 361 | 06/26/2024 through 07/31/2024 | $224,263.00 | $4,653.08[6] | $224,263.00 | $3,375.08 | $0/00 | 9/26/24 D.I. 417 |
| 10/03/2024 D.I. 458 | 08/01/2024 through 08/31/2024 | $87,653.00 | $2,434.64 | $87,653.00 | $2,434.64 | $0.00 | 10/25/2024 D.I. 529 |
| 10/16/2024 D.I. 475.00 | 09/01/2024 through 09/30/2024 | $62,336.50 | N/A | $62,336.50 | N/A | $0.00 | 11/07/2024 D.I. 535 |
| 11/15/2024 D.I. 543 | 10/01/2024 Through 10/31/2024 | $33,540.00 | N/A | $33,540.00 | N/A | $0.00 | 12/09/2024 D.I. 596 |
| 12/19/2024 D.I. 609 | 11/01/2024 Through 11/30/2024 | $10,231.00 | N/A | $10,231.00 | N/A | $0.00 | 1/10/2025 D.I. 666 |
| 01/29/2025 D.I. 687 | 12/01/2024 Through 12/31/2024 | $7,375.00 | $13.20 | $5,900.00 | $13.20 | $1,475.00 | 02/20/2025 D.I. 733 |
| 03/05/2025 D.I. 766 | 01/01/2025 Through 01/31/2025 | $7,537.50 | N/A | $6,030.00 | N/A | $1,507.50 | 03/27/2025 D.I. 812 |
| 03/19/2025 D.I. 790 | 02/01/2025 Through 02/28/2025 | $4,512.50 | N/A | $3,610.00 | N/A | $902.50 | 4/10/2025 D.I. 855 |
| Contained Herein | 03/01/2025 Through 03/21/2025 | $9,160.00 | N/A | $0.00 | N/A | $9,160.00 | N/A |
| | TOTAL | $446,608.50 | $7,100.92 | $433,563.50 | $5,822.92 | $13,045.00 | |

---

[5] These figures represent the 20% holdback required for the monthly fee applications.

[6] The correct expense amount for Saul's First Monthly Fee Application should have been $3,375.08, which was the actual amount paid to Saul Ewing.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Optio Rx, LLC, *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11188 (TMH)<br>(Jointly Administered)<br><br>**Monthly Fee Application**:<br><br>**Objection Deadline:** May 21, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** Only in the Event of Objection<br><br>**Final Fee Application:**<br><br>**Objection Deadline:** May 21, 2025 at 4:00 p.m. (ET)<br>**Hearing Date:** June 2, 2025, at 10:00 a.m. (ET) |

**COMBINED NINTH MONTHLY AND FINAL FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE (I) MONTHLY PERIOD FROM MARCH 1, 2025 THROUGH MARCH 21, 2025 AND (II) FINAL PERIOD FROM JUNE 26, 2024 THROUGH MARCH 21, 2025**

Saul Ewing LLP ("**Saul Ewing**"), hereby submits this combined ninth monthly and final fee application (the "**Fee Application**") seeking payment of compensation for services rendered and reimbursement of expenses incurred as counsel to the Official Committee (the "**Committee**") of Unsecured Creditors of Optio Rx, LLC, *et al.* (the "**Debtors**"), under sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 266] (the "**Interim Compensation Order**"), and the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Optio Rx, LLC and Its Debtor Affiliates* [D.I. 484] (the "**Confirmation Order**").

By this Fee Application, Saul Ewing seeks: (i) a monthly allowance of compensation in the amount of $9,160.00, together with reimbursement of disbursements in the amount of $0.00, for the period from March 1, 2025 through March 21, 2025 (the "**Monthly Compensation Period**"), and (ii) final allowance of compensation in the amount of $446,608.50 together with reimbursement of expenses in the amount of $5,822.92, for a total of $452,431.42 for the period from June 26, 2024 through March 21, 2025 (the "**Final Compensation Period**"), plus estimated fees in the amount of $5,000.00 for the preparation of this Final Fee Application. In support of the Fee Application, Saul Ewing respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 1103(a) of title 11 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Local Rule 2014-1.

**Background**

4. On June 7, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

5. The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6. On June 21, 2024, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee pursuant to Bankruptcy Code section 1102. The *Notice of Appointment of Committee of Unsecured Creditors* was filed on June 21, 2024 [D.I. 67], followed by the *Amended Notice of Appointment of Creditors' Committee* filed on June 25, 2024 [D.I. 81], and a second *Amended Notice of Appointment of Creditors' Committee* filed on July 1, 2024 [D.I. 103].

7. On July 31, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 266] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 cases.

**Retention of Saul Ewing**

8. On July 26, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of June 26, 2024* [D.I. 244].

**Saul Ewing's Fee Statement**

9. The fee statements for the Final Compensation Period, excluding the Monthly Compensation Period, were attached to the previously filed monthly fee applications [D.I. 361,

3

458, 475, 543, 609, 687, 766 and 790 (collectively, the "**Monthly Fee Applications**")]. The Monthly Fee Applications contain the daily time logs describing the time spent by each attorney and paraprofessional for these periods. The fee statements for the Monthly Compensation Period are attached hereto as **Exhibit A**. Also attached as **Exhibit A** is a summary of compensation requested by project category during the Final Compensation Period.

## Summary of Services Rendered

10. A summary of the work that Saul Ewing performed for the Final Compensation Period is set forth below.

    (a) **Asset Disposition**. This category includes all matters relating to the disposition, and other post-petition uses of, property of the estates, including issues arising from sales of the Debtors' assets. Time in this category includes analysis of lease inherent value issues related to a potential sale; reviewing the Debtors' motion to sell the Pet/Vet business, corresponding with Committee members regarding the sale, and analyzing pleadings relating thereto;

    (b) **Business Operations**. This category includes all matters relating to the operation of the Debtors' businesses. Time in this category includes analysis of business value and critical vendor inquiries;

    (c) **Case Administration**. This category includes all matters related to work regarding the administration of the cases. Time in this category includes the analysis of first-day motions and orders, communications with the Debtors' counsel, and the review of related procedures regarding the case; updating critical date memoranda, preparing exhibit binders; and participating in internal meetings regarding case management; analyzing Committee responses and electronically docketing Committee documents; reviewing the status of hearings, email correspondence regarding attendance and discussions of open issues;

    (d) **Claims Analysis, Objections, Proofs of Claim and Bar Date**. This category includes all time spent on the analysis of claims, objections, and related matters. Time in this category includes reviewing and analyzing claims objections and motions; and communicating with attorneys regarding these issues.

    (e) **Committee Matters**. This category includes all time spent in connection with issues involving the Committee. Time in this category includes

4

reviewing Committee-related correspondence, communicating with Committee members regarding the Debtors' case, communicating with Debtors' counsel regarding the Committee's position, and preparing for and participating in Committee calls and communicating with Committee members regarding case status;

(f) **Creditor Inquiries**.  This category includes all matters related to communications with creditors. Time in this category relates to correspondence with the senior secured lender and Aves;

(g) **Employee Benefits and Pensions**. This category includes all matters related to employee benefits and pensions. Time in this category relates to the analysis of the Debtors' employment agreements; reviewing the Key Employee Incentive Plan motion and related discussions with the Debtor and the U.S. Trustee;

(h) **Fee/Employment Applications (Other Professionals)**.  This category includes all matters related to the review and analysis and/or filing of retention and fee applications for other professionals in these Chapter 11 cases. Time in this category includes revising and filing the retention application for Alvarez and Marsal, the Committee's Financial Advisor; communicating with the Alvarez and Marsal team regarding the retention application; fee applications for Alvarez & Marsal; reviewing applications for Alvarez & Marsal, updating relevant dates and deadlines, and communicating with Committee members regarding fee-related issues;

(i) **Fee/Employment Applications (Saul Ewing)**.  This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing. Time in this category includes revising and filing Saul Ewing's retention application; internal Saul Ewing communications regarding a declaration in support of Saul Ewing's retention application; drafting and filing a supplemental declaration in support of Saul Ewing's retention application and a certification of counsel regarding Saul Ewing's retention application; communicating with the Saul Ewing team regarding the retention application; corresponding with the Committee regarding these applications; drafting, revising and filing monthly and interim fee applications; corresponding with Committee members regarding application details, and docketing fee-related filings; correspondence with clients and other parties regarding fee payments, drafting and filing monthly fee applications, and addressing issues related to invoicing; correspondence regarding fees due and received; and drafting and filing monthly fee applications.

(j) **Financing and Cash Collateral**. This category includes all matters relating to cash collateral issues. Time in this category includes the analysis of DIP financing, drafting the objection to the DIP, resolving DIP objection issues,

5

and communicating with the Debtors' counsel regarding the Committee's issues with financing;

(k) **Lien Review**. This category includes all matters relating to the liens and security interests asserted against the Debtors' assets, and the Committee's investigation and challenge rights. Time in this category includes reviewing the DIP financing filings and a lien review memorandum; reviewing and revising due diligence requests and a supplemental list of informal document requests; preparing lien-related documents for review; reviewing document production; drafting an analysis of the same and analyzing lien-related issues;

(l) **Litigation: Contested Matters and Adversary Proceedings**. This category includes all matters related to litigation. Time in this category includes reviewing and preparing pleadings, analyzing litigation strategy, preparing motions for standing and related issues, and corresponding with other attorneys regarding litigation deadlines and settlements; analyzing litigation strategy regarding motions filed in the case; analyzing the Committee's response to a Mezz lender brief; analyzing Skin Medicinal's administrative claim motion, reviewing pleadings, and participating in discussions on demand letters and retention applications; correspondence regarding attendance at hearings and case updates; review of Stipulation regarding setoff right; correspondences and review of docket regarding same; review of settlement motions and emails regarding same;

(m) **Plan and Disclosure Statement**. This category includes time related to plan and disclosure issues. Time in this category includes reviewing and commenting on a draft plan and disclosure statement; reviewing and commenting on solicitation order; draft Committee objection to disclosure statement; communicating with the Debtors' counsel regarding plan and disclosure statement issues; reviewing the plan, analyzing its provisions, discussing the plan's implications with the Committee and Debtors' counsel; disputes regarding plan language with Aves, discussing the plan's implications with the Committee and Debtors' counsel; related discussions regarding resolutions of issues that impact the Committee's rights; drafting responses to statements by the Ad Hoc Group of Mezz Lenders, preparing for and attending hearings, analyzing plan language; corresponding with Committee members regarding confirmation issues; correspondence regarding status of confirmed plan and effective date regarding same;

(n) **Preparation for and Attendance at Hearing**. This category includes time related to the preparation for and attendance at various court hearings. Time in this category includes preparation for the disclosure statement hearing and related docketing and service of the witness and exhibit list; reviewing hearing agendas, preparing hearing binders, and attending court proceedings;; reviewing agendas for relevance and corresponding with

6

colleagues regarding the same; preparation for and attendance omnibus hearings and correspondence regarding same and emails to Committee members regarding status of pending hearings;

(o) **Relief From Stay and Adequate Protection**. This category includes time related to relief from the automatic stay and adequate assurance. Time in this category includes reviewing the relief from the automatic stay motion filed in the case.

(p) **Statements and Schedules**. This category includes time related to the Debtors' schedules and statements of financial affairs. Time in this category includes reviewing and summarizing the schedules and statements of financial affairs filed by each of the Debtors.

(q) **UST Reports, Meetings, and Issues**. This category includes time related to the preparation of operating reports and other information required by the UST or the Court. Time in this category includes attendance and participation at Debtors' meeting of creditors and reviewing monthly operating reports;

(r) **Executory Contracts and Unexpired Leases**. This category includes all time spent on issues relating to the Committee's review of executory contracts and unexpired leases. Time in this category includes reviewing the Debtors' rejection motions relevant to Committee interests; reviewing motions for relevance, assumption papers, and objections, as well as email correspondence about these issues;

(s) **Post Confirmation**. This category includes all time spent on issues relating to the Committee's review of Post Confirmation status. Time in this category includes multiple emails and review of same regarding issues relating to the post-effective date of plan and Flagstar escrow account.

11. A summary of the actual and necessary expenses and daily logs of expenses incurred by Saul Ewing during the Final Compensation Period were attached to the Monthly Fee Applications. For the Monthly Compensation Period Saul Ewing did not incur any expenses. Attached as **Exhibit B** is a description of the costs actually expended by the Applicant during the Final Compensation Period. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($1.00/page – outgoing transmission only), telephone charges, postage, overnight delivery, travel expenses, meals, messenger service,

outside photocopying, teleconferencing and legal research, all of which Saul Ewing normally bills to its non-bankruptcy clients at rates calculated to compensate Saul Ewing for only the actual cost of the expense.

12. Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

**Compliance with Bankruptcy Code, Local Rules, Interim Compensation Order, Confirmation Order and Revised UST Guidelines**

13. To the best of Saul Ewing's knowledge, this Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Rule 2016-2 of the Local Rules, the Interim Compensation Order, and the Confirmation Order, and, to the extent applicable, complies with the *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**").

14. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given (a) the complexity of these Chapter 11 Cases; (b) the time expended; (c) the issues involved; (d) the nature and extent of services

8

provided, (e) the value of such services; and (f) the cost of comparable services outside of bankruptcy.

15. Attached hereto as **Exhibit C** is Applicant's customary and comparable compensation disclosures.

16. Attached hereto as **Exhibit D** is a summary of compensation for each professional of the Applicant that worked on the Chapter 11 Cases during the Monthly and Final Compensation Periods.

17. Attached hereto as **Exhibit E** is a declaration of Applicant with respect to the Fee Application.

### Additional Disclosures and Representations

18. During the Final Compensation Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

19. None of the professionals included in this Combined Ninth Monthly and Final Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

20. This Combined Ninth Monthly and Final Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices unless otherwise stated.

21. This Combined Ninth Monthly and Final Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

22. In accordance with section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the sharing of compensation received or to be received for services rendered in or in connection with

this case.

23. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

24. Notice of this Combined Ninth Monthly and Final Fee Application has been provided in accordance with the Interim Compensation Order. Saul Ewing submits that no other or further notice need be provided.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order providing: (i) that, for the period of June 26, 2024 through March 21, 2025, a final allowance be made to Saul Ewing in the amount of $446,608.50 as compensation for reasonable and necessary professional services rendered to the Committee together with reimbursement of expenses in the amount of $5,822.92, and fees for the preparation of this Final Fee Application in the estimated amount of $5,000.00, for a total of 457,431.42[2]; (ii) that the Debtors are authorized and directed to pay to Saul Ewing the outstanding amount of all such sums; and (iii) such other and further relief as the Court deems just and proper.

Dated: April 30, 2025
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
Nicholas Smargiassi (No. 7265)
1201 N. Market St, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6864
evan.miller@saul.com
nicholas.smargiassi@saul.com

---

[2] As stated above, pursuant to the terms of the Plan, the Committee's professionals have agreed to contribute 10% of their fees to the UCC Settlement. Accordingly, once Saul Ewing's Final Fee Application is approved by this Court, the Debtors will retain $45,743.14 of the approved fees, due to Saul Ewing, to fund Saul Ewing's portion of the UCC Settlement.

-and

Michelle G. Novick, Esq. (admitted *pro hac vice*)
**SAUL EWING LLP**
161 North Clark St., Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
michelle.novick@saul.com

*Counsel to the Official Committee of Unsecured Creditors of Optio Rx, LLC, et.al.*